**Pages 1 - 27**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

ERICA FRASCO, individually )
and on behalf of all others )
similarly situated, )
                            )
          Plaintiff,        )
                            )
  VS.                       )   **NO. C 21-00757 JD**
                            )
FLO HEALTH, INC.,           )
                            )
          Defendant.        )
_____)
                            )
SARAH WELLMAN, individually )
and on behalf of all others )
similarly situated,         )
                            )
          Plaintiff,        )
                            )
  VS.                       )   **NO. C 21-01099 JD**
                            )
FLO HEALTH, INC.,           )
                            )
          Defendant.        )
_____)

(Caption continued on next page)

San Francisco, California
Thursday, August 12, 2021

**TRANSCRIPT OF REMOTE ZOOM VIDEO CONFERENCE PROCEEDINGS**

Reported By:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official U.S. Reporter

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

JUSTINE PIETRZYK,                )
individually and on behalf of    )
all others similarly situated,   )
                                 )
          Plaintiff,             )
                                 )
  VS.                            )   **NO. C 21-01141 JD**
                                 )
FLO HEALTH, INC., a Delaware     )
corporation,                     )
                                 )
          Defendant.            )
_____)
                                 )

JENNIFER CHEN, individually      )
and on behalf of all others      )
similarly situated,              )
                                 )
          Plaintiff,            )
                                 )
  VS.                            )   **NO. C 21-01485 JD**
                                 )
FLO HEALTH, INC.,                )
                                 )
          Defendant.            )
_____)
                                 )
TESHA GAMINO, individually       )
and on behalf of all others      )
similarly situated,              )
                                 )
          Plaintiff,            )
                                 )
  VS.                            )   **NO. C 21-02551 JD**
                                 )
FLO HEALTH, INC.,                )
                                 )
          Defendant.            )
_____)

(Caption continued on next page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

LEAH C. RIDGWAY and AUTUMN N.    )
MEIGS, individually and on       )
behalf of all others similarly  )
situated,                        )
                                 )
            Plaintiffs,          )
                                 )
  VS.                            )   **NO. C 21-03031 JD**
                                 )
FLO HEALTH, INC.,                )
                                 )
            Defendant.           )
_____  )
                                 )
MADELINE KISS, individually      )
and on behalf of all others      )
similarly situated,              )
                                 )
            Plaintiff,           )
                                 )
  VS.                            )   **NO. C 21-04333 JD**
                                 )
FLO HEALTH, INC., GOOGLE,        )
LLC, FACEBOOK, INC.,             )
APPSFLYER, INC., and FLURRY,     )
INC.,                            )
                                 )
            Defendants.          )
_____  )


**APPEARANCES VIA ZOOM:**

For Plaintiffs Erica Frasco, Sarah Wellman, and Madeline Kiss:
                    LABATON SUCHAROW LLP
                    140 Broadway
                    New York, New York  10005
            **BY:  CAROL C. VILLEGAS, ATTORNEY AT LAW**


        **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**APPEARANCES VIA ZOOM:**   (CONTINUED)

For Plaintiff Erica Frasco:
                          LOWEY DANNENBERG
                          44 South Broadway, Suite 1100
                          White Plains, New York 10601
              BY:  **CHRISTIAN LEVIS, ATTORNEY AT LAW**


For Plaintiff Justine Pietrzyk:

                          SPECTOR ROSEMAN & KODROFF, P.C.
                          2001 Market Street, Suite 3420
                          Philadelphia, Pennsylvania 19103
              BY:  **DIANA J. ZINSER, ATTORNEY AT LAW**


For Plaintiffs Leah Ridgway and Autumn Meigs:
                          LAW OFFICE OF KENT M. WILLIAMS
                          1632 Homestead Trail
                          Long Lake, Minnesota 55356
              BY:  **KENT M. WILLIAMS, ATTORNEY AT LAW**


For Defendant Flo Health, Inc.:
                          DECHERT LLP
                          One International Place, 40th Floor
                          100 Oliver Street
                          Boston, Massachusetts 02110-2605
              BY:  **BRENDA R. SHARTON, ATTORNEY AT LAW**

                          DECHERT LLP
                          One Market
                          Steuart Tower, Suite 2500
                          San Francisco, California 94105
              BY:  **JONATHAN S. TAM, ATTORNEY AT LAW**

                          DECHERT LLP
                          US Bank Tower
                          633 West 5th Street, Suite 4900
                          Los Angeles, California 90071-2013
              BY:  **BENJAMIN SADUN, ATTORNEY AT LAW**


          **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**APPEARANCES VIA ZOOM:**   **(**CONTINUED)

For Defendant Google:
                         WILLKIE FARR & GALLAGHER LLP
                         787 Seventh Avenue
                         New York, New York 10019-6099
              BY:  **BENEDICT Y. HUR, ATTORNEY AT LAW**


For Defendant AppsFlyer:
                         LATHAM & WATKINS LLP
                         505 Montgomery Street, Suite 2000
                         San Francisco, California 94111
              BY:  **MELANIE M. BLUNSCHI, ATTORNEY AT LAW**


For Defendant Facebook:
                         GIBSON, DUNN & CRUTCHER LLP
                         2001 Ross Avenue, Suite 2100
                         Dallas, Texas 75201
              BY:  **ASHLEY ROGERS, ATTORNEY AT LAW**


For Defendant Flurry, Inc.:
                         HUNTON ANDREWS KURTH LLP
                         550 South Hope Street, Suite 2000
                         Los Angeles, California 90071
              BY:  **ANN MARIE MORTIMER, ATTORNEY AT LAW**

**Thursday - August 12, 2021**                              **11:21 a.m.**

                         **P R O C E E D I N G S**

                              ---o0o---

     **THE CLERK:**  Okay.  Calling Related Actions Civil 21-757, Frasco versus Flo Health, Inc.; Civil 21-1099, Wellman versus Flo Health, Inc., Civil 21-1141, Pietrzyk versus Flo Health, Inc.; Civil 21-1485, Chen versus Flo Health, Inc.; Civil 21-2551, Gamino versus Flo Health, Inc.; Civil 21-3031, Ridgway versus Flo Health, Inc.; and Civil 21-4333, Kiss versus Flo Health, Inc.

     Counsel for the plaintiffs, will you please state your appearance for the record.

     **MS. VILLEGAS:**  Good morning, Your Honor.  Carol Villegas from Labaton Sucharow on behalf of the Frasco, Wellman, and Kiss plaintiffs; and as we'd like to discuss with you today, one of the proposed interim co-lead counsel for the class, along with two of my other plaintiffs colleagues on the call today with us.  Good morning.

     **MR. LEVIS:**  Good morning, Your Honor.  Christian Levis from Lowey Dannenberg on behalf of plaintiff Frasco.

     **MS. ZINSER:**  Good morning, Your Honor.  Diana Zinser from Spector Roseman & Kodroff on behalf of Justine Pietrzyk.

     **THE COURT:**  Others on the screen, jump in.

     **MR. WILLIAMS:**  Your Honor, Kent Williams on behalf of Leah Ridgway and Autumn Meigs.

THE CLERK:  Counsel for the defense, if you'll please state your appearances.

MS. SHARTON:  Sure.

Good morning, Your Honor.  My name is Brenda Sharton from Dechert, and I represent Flo Health.  With me today, although not on the screen, are Jonathan Tam and Benjamin Sadun, also from Dechert's California offices.

THE COURT:  Okay.  Has everybody appeared?  Has everybody appeared, Ms. Clark?

THE CLERK:  No.  There's more.

Go ahead, Mr. Hur.

MR. HUR:  Good morning, Your Honor.  Ben Hur from Willkie Farr & Gallagher for defendant Google in the Kiss matter.

MS. BLUNSCHI:  Good morning, Your Honor.  Melanie Blunschi from Latham & Watkins on behalf of AppsFlyer in the Kiss matter.

MS. ROGERS:  Good morning, Your Honor.

MS. MORTIMER:  Good morning -- go ahead.

MS. ROGERS:  Good morning, Your Honor.  Ashley Rogers from Gibson, Dunn & Crutcher on behalf of Facebook in the Kiss matter.

MS. MORTIMER:  Good morning, Your Honor.  Ann Marie Mortimer from Hunton Andrews Kurth on behalf of defendant Flurry, Inc., in the Kiss matter.

THE CLERK:  That's everyone, Your Honor.

**THE COURT:**  Okay.  All right.  Who's going to take the lead on the plaintiff side?

**MS. VILLEGAS:**  I'll be taking the lead, Your Honor.  Carol Villegas from Labaton Sucharow.

**THE COURT:**  So, Ms. Villegas, right now these are all Northern District of California cases.

Do you know of any being filed outside of our district?

**MS. VILLEGAS:**  No, Your Honor.  But I do know that a case was filed, I believe, two nights ago by Mr. Williams' firm that -- and I believe they filed a motion to relate, but that case has not yet been related.

I am speaking on behalf of all plaintiffs and all lawyers, including that case, which, in addition to the cases we have before you today, we are going to seek to consolidate into one action.

**THE COURT:**  Yes.  We'll get to that in a moment.  But I just -- this is not heading to the JPML, as far as you can tell.  Is that right?

**MS. VILLEGAS:**  No, Your Honor.  Although separately, in the Cambridge Analytica/Facebook case, a motion to relate a portion of this case was filed, we do not believe the cases should be related, and we'll be responding to that motion. I believe our response is due in two weeks.

But that's not something that the Court needs to handle today.

**THE COURT:** A portion of this case?  What portion would be related to Cambridge Analytica?

**MS. VILLEGAS:** Well, that's a good question, Your Honor.

And I believe in that case, the plaintiffs are alleging that claims against Facebook should be related to their case, which we disagree.  It's different classes.  It's different claims.

**THE COURT:** All right.

**MS. VILLEGAS:** But, again, we'll --

**THE COURT:** You're handling that --

**MS. VILLEGAS:** -- respond to that.

**THE COURT:** That's all in front of the JPML?

**MS. VILLEGAS:** No.  I believe the motion to relate was filed in this Court.

**THE COURT:** Oh.

**MS. SHARTON:** If I may, Your Honor, this is counsel for Flo Health, Brenda Sharton.

**THE COURT:** Oh, yes.

**MS. SHARTON:** Yes, if I may.

I believe that was filed just yesterday, or at least that's when we received it.  And that was a motion that was filed in the In Re:  Facebook MDL matter in front of Judge Chhabria.

And the portion that they seek to relate is, you have in front of you now, as of two days ago, eight almost identical

complaints.  The Clements one was just two days ago.

The only complaint that has what we call "the analytics defendants," which is Google, Facebook, Flurry and AppFlyer, are in the Kiss case.  And so the motion that was filed in front of that judge seeks to take the Kiss case and move it over into the In Re:  Facebook case because of those defendants.  So that's where that comes in.

THE COURT:  Okay.  All right.

MS. ROGERS:  Your Honor, may I be heard as well?

THE COURT:  Sure.

MS. ROGERS:  Just to clarify, the motion was styled as an administrative motion.  So our response and opposition is due on Monday.  And Facebook intends to oppose that motion to relate.

I'm happy to summarize.

THE COURT:  Oh.  I thought the defendants brought the motion to relate.  Who filed the motion to relate?

MS. ROGERS:  So the plaintiffs in the MDL before Judge Chhabria moved to relate the Kiss action alone.

THE COURT:  Oh.  So nobody here talking to me asked for this.  Is that right?

MS. ROGERS:  That's correct.

THE COURT:  Oh, okay.  So you're all going to oppose that? Flo and -- defendants and, well, at least Facebook.  I'm sorry. Ms. Rogers, are you Facebook, or are you --

**MS. ROGERS:**  Yes, I'm Facebook.

**THE COURT:**  Okay.

**MS. ROGERS:**  Yes, at least Facebook intends to oppose the motion.

**THE COURT:**  All right.  So you're going to link arms with your plaintiffs colleagues and oppose the motion.  Is that right?

**MS. ROGERS:**  That is correct.

**THE COURT:**  Good.  That's good.  Work together.  That would be a good start to the case.

Okay.  All right.  I think consolidation is a fine idea. Why don't you go ahead and do that.

I just -- I guess there's some issue about pretrial versus trial.  Why don't we just defer that for a little bit.  Okay? Let's get the consolidated complaint, see what it looks like, and then we can talk a little bit more about it.

I'm inclined not to have more than one trial, but if it's necessary, I'm certainly open to hearing why.  But let's consolidate first.

Ms. Villegas, how much time do you want to do that?

**MS. VILLEGAS:**  Your Honor, we're asking for 21 days to file our consolidated complaint.

**THE COURT:**  That sounds fine with me.

And then defendants, here's what I'd like to do.  Now, I have a kind of a standardized approach to consolidation.  I

will post it in my order ordering consolidation.

The whole point of consolidation is to get everything done in one step per side -- okay? -- as much as we possibly can. So what I do is, all of the legal arguments and everything else that are shared in common by defendants, you produce one brief for that.

If you need to, I have a little outlet.  You can have a separate five-page supplement.  If there are any facts that you believe I should take into account -- it's not really for a motion to dismiss but for other things as you go down the road -- you can file a five-page supplement, saying:  Here are some special things with respect to Google or Facebook, unique to us.

Now, you cannot -- this will all be spelled out in the order.  You cannot reproduce any legal arguments.  It's not five pages of:  Here are some further thoughts on the point in the main brief.  It is only an opportunity if there's something unique about your circumstances and you just can't get it into a consolidated brief, you have a five-page outlet to share that with me.  Okay?

This has worked very well in my MDL cases and in other, what I call, intradistrict MDLs.  They're not formal JPML ones. But there are a lot of cases like this.

And then, obviously, you're going to have to work together.  I don't think that's going to be an issue here.  But

make sure that there's a single set of requests for production to everybody.  Make it as unified and unitary as you can.

I would like to see a single set of responses by the defendants, to the extent you can do that.

Okay.  I mean, you're all experienced lawyers.  You understand what I'm saying.  Just keep everything as much as you can to one filing per side.  All right?  If you can't do it, that's fine.  I will take that into account.  But let's not -- the target is one per side as much as possible.

Okay.  Is there anything else you would like to achieve today, Ms. Villegas?

**MS. VILLEGAS:**  Yes, Your Honor.  If I could just be heard quickly on the consolidation issue.

I agree and appreciate that we should be consolidating all the cases now and moving the case forward.  That is our goal.

One of the issues we brought up in the CMC was that we did want to front the issue of whether the case should be consolidated for all purposes because we think it informs our litigation strategy which plaintiffs go on the consolidated complaint.  If it's not consolidated for all purposes, then maybe all plaintiffs have to go on there, and that might not be efficient.  If they don't go on there, will there be tolling issues, et cetera?

Obviously, you mentioned before that you would probably like to have one trial.  So would we.  We think that knowing

now whether we're going to have eight or nine trials, again, may inform what we do during discovery, expert discovery, and class certification.

So that's why we were asking for the Court to consider whether the case should be consolidated for all purposes now.

**THE COURT:**  I understand.  But let's just see the complaint first.  Okay?  I will decide quickly after that.  But just draft the complaint as if -- draft the complaint as you would like the case to be.  So if you want to have everybody going to one trial, draft it that way.  And I'll take a look at it.  And the defendants will let me know if there are any issues about why it can't go to trial, and we'll take it from there.  But you'll know well before any serious discovery starts.

**MS. VILLEGAS:**  Thank you, Your Honor.

Another issue we wanted to address today was the leadership structure.  As I alluded to when I introduced myself and my colleagues, you'll be happy to hear that the plaintiffs firms have all been working together very cooperatively since the beginning of the case when it was filed.  We worked together on the consolidation motion, on the CMC, and we've had numerous conversations about the strategy of the case and how we want the case to proceed forward.

And so, you know, what we thought made sense would be to propose to Your Honor a leadership structure so that we would

have three firms co-leading the case, and we would be able to make sure the cases run efficiently and without duplication.

And the three firms that we would propose -- be proposing for Your Honor would be Labaton Sucharow, with me being the responsible partner from that firm; Lowey Dannenberg, with Christian Levis, who is on the Zoom here with us today; and Diana Zinser from Spector Roseman.

I think you've had experience with our firms before, Your Honor.  I know our firms --

**THE COURT:**  Well, let me just jump in.

**MS. VILLEGAS:**  Sure.

**THE COURT:**  Yes.  You're going in the right direction.  That's fine.  But I want you to put down a proposal in writing for me and spell everything out.

**MS. VILLEGAS:**  Sure.

**THE COURT:**  There are two goalposts.

And you should please look at my appointment of counsel issues in prior MDLs and my other larger cases.  The most recent one -- what would that be?

(Discussion off the record.)

**THE COURT:**  You might try the Zoom Securities case I have and also the Google MDL, In Re:  PlayStation -- Play Store, not PlayStation.  In Re:  Google Play Store Antitrust Litigation.

So here are the two touchstones:  diversity and economy.  Okay?  You might be okay on diversity, given what I've seen on

the screen.  I don't know.  But take that into account.  And I am a little skeptical of having three co-lead firms, but I'm willing to listen to why that might make sense.

I really disfavor -- this case is not so sprawling that you need to have liaison committees and executive committees and all these other things.  There may be some structure you want to propose.  But lean and mean and diverse, those are the two things.

So you put it down on paper.  And defendants can also have a chance because they -- it's not their case.  It's your side.  You get to organize it largely how you want to.  But there may come a time when they're asked to pay for it.  So I don't exclude defendants from making comments, if they want to.

But just do that and draft it up, and I'll take a look at it.  Okay?

**MS. VILLEGAS:**  Okay.  Thank you, Your Honor.

**THE COURT:**  I'd rather do it that way than on the fly.

So --

**MS. VILLEGAS:**  Sure.

**THE COURT:**  -- also, for case management, I want you all to get back together.

The schedule -- I do dates.  I can't keep track of things when it says two months from when the judge files things and 60 days after that.

Just do a schedule for dates.  All right?  Just pick a

trial date about 18 months from now.  Okay?  And we will work backwards from that.

And there's a lot of detail here that I don't really use in my case management orders.  That's fine.

But here are the basics:  last day to amend with new parties or pleadings -- and this is how I like to have it paced -- fact discovery cutoff, expert discovery cutoff, Rule 23 and dispositive motions, and *Daubert* motions.  Okay?

So get all your discovery done before you start filing things, because then I don't have to get motions saying:  Oh, it's too early.  We need to finish X before we can propose summary judgment, or we need to finish Y before we can ask to certify a class.

Just get it all done and pace it out that way.  And leave at least three months between the last day for *Dauberts* and dispositive motions and the pretrial conference.  Okay?

**MS. SHARTON:**  Your Honor --

**THE COURT:**  Now, whether you want to do -- these are all last days.  You can do it before, if you want to.  That's fine. These are just the cutoffs.  Okay?  So it's not saying you can't file it before.  If there's a last day for X, you can beat that.  If you feel like you're ready to roll, that's fine. But the last days are just, can't do it after.

All right.  Yes, Ms. Sharton.  Is that you?

**MS. SHARTON:**  Yes.  I just wanted to be clear on the

sequence so -- because I would assume that lead counsel would need to -- or at least interim lead counsel would need to be appointed before a consolidated complaint can be filed.

And then also --

**THE COURT:**  Oh, no, no, no.  Listen, most judges -- and I'm one of them.  I don't really favor this whole interim class counsel thing.

**MS. SHARTON:**  Okay.  Or --

**THE COURT:**  I'll tell you why.  I don't think it's a concern here so much, but in other cases, people run in; they use a race to the courthouse thing; they file a request for interim counsel.  It's kind of a preemptive way of getting a jump on appointment of class counsel when that time comes.

So you all are working together well.  I'm not going to start designating interim class counsel.  I may not do it at all.  But I'll certainly approve a leadership structure and things like that, because the defendants need to know -- defendants want to know who to work with, and you all want to know who to work with on your side too.

So just get the complaint done.  You can file your request for how you want to structure your side at the same time. That's fine.  But we don't have to wait on that for you to get your complaint done.

**MS. VILLEGAS:**  Thank you, Your Honor.

There's another issue I'd like to raise from the competing

schedules, which is, I think defendants would like fact discovery to be stayed pending the complaint being filed and the motion to dismiss being addressed by the Court.

And we believe that fact discovery should proceed in the normal course and there's no reason to stay fact discovery here.

So I think --

THE COURT:  Well, you're having --

MS. SHARTON:  -- this is going to inform our schedule --

THE COURT:  -- your Rule 26(f) conference right now.

So we're going to proceed in the normal order, which is -- what is it?  Two weeks after today?  These are practice details I don't do anymore.  But what is it?  You can start serving discovery two weeks after today or something like that?

MS. VILLEGAS:  Yes, Your Honor.  That would be our proposal as well.

THE COURT:  That's what we do.

MS. SHARTON:  Your Honor, I would just ask to keep in mind sort of the context of this case, in that we have -- we're not sure at this point -- we haven't seen a consolidated complaint, so we don't know what the claims are.  We don't have all the parties because we don't know what's going to happen.  We think we might, but we don't know what's going to happen.  Are the Kiss defendants going to be in the other MDL or here?  So we don't know the parties.  We didn't have a proper meet and

confer with all of the parties in the case.

And so I just think it's premature at this point, where we don't even have a complaint.  I think that takes it out of the normal course.

THE COURT:  You all didn't have a 26(f) conference before today?

MS. SHARTON:  We had -- only five of the cases were on the case management conference.  So we did have one with those five cases.  That did not include any of the analytics defendants and Kiss.  And they have not -- they were not part of putting together the joint statement and have not conferred -- we have not conferred on the schedule --

THE COURT:  Oh, all right.

MS. SHARTON:  -- with them.

So I think it's just premature to do that.

THE COURT:  Well, yes and no.

But why don't you do that.  Have your 26(f) conference. That's what the rule anticipates.  Okay?  Get that done.  And then, two weeks after that, discovery will start.

Whatever happens with relation happens.  I'm not holding things up for that.

And you already have a very long complaint.  I don't think a consolidated -- Ms. Villegas, is the consolidated complaint going to be wildly different?

MS. VILLEGAS:  No, Your Honor.

**THE COURT:** I'm not tying your hands. But do you expect it to be wildly different?

**MS. VILLEGAS:** Not wildly different, no, Your Honor.

**THE COURT:** Okay. All right. You've got enough to work with.

But get everybody on board with that 26(f) conference first.

**MS. VILLEGAS:** We will, Your Honor. We'll plan to have that by next Thursday and get you a schedule and start serving discovery requests two weeks thereafter.

There's one more issue that I wanted to address that was in our CMC, which is that Flo Health did produce documents to the FTC in connection with the allegations of this case, and we'd like those documents to be produced to us immediately. We don't think it's a burden on Flo Health to do so.

**THE COURT:** Well, they may have a different perspective. So you're just going to have to ask in the ordinary course and see how it goes. Okay?

**MS. VILLEGAS:** Okay.

**MS. SHARTON:** And with respect to the schedule, Your Honor, while we have you -- and this will come up, I'm sure, in the meet and confer. But we have a situation with Flo Health where more than -- virtually all of the witnesses and everything is overseas. But more complicating than that, we have two -- more than two-thirds of the workforce are in

Minsk in Belarus.  And so we may need --

THE COURT:  Belarus?

MS. SHARTON:  In Belarus, Your Honor.  And so not only between COVID, but between the diplomatic situation, we may need some time.  And so we will come back -- we're going to work with the plaintiffs and hope that they are understanding about some of the challenges that we may face.  But I wanted to flag that for you today as well.  So we'll work with them on the schedule, but if you see something that's a little longer than you're used to, we'll work towards that 18th --

THE COURT:  That's fine.  But where are all the documents, Ms. Sharton?

MS. SHARTON:  The IT folks are in Minsk as well.

But we're working with the plaintiffs on an ESI and trying to negotiate something like that so we can work together on that.  But they're not here.

THE COURT:  Where's Flo's U.S. office?

MS. SHARTON:  They have one employee, Your Honor, in the U.S., in Northern California, who's newer.

THE COURT:  I didn't appreciate this.

MS. SHARTON:  It's not where the documents are.

THE COURT:  All the documents and witnesses are in Belarus?

MS. SHARTON:  Yes, or in Lithuania or London.  They're in various parts -- various places in Europe.  But more than

two-thirds of the workforce is in Minsk.

So it just is an added challenge in the case that I wanted to flag while we had everybody.  We'll work with them.

**THE COURT:**  Here's the thing.  I want you to all work out -- we're not going to get hung up on Hague Convention and other things.  So you make sure you cover all that in your 26(f) conference.  Okay?

The days when these were serious problems are largely behind us, but there are some occasional technicalities here and there.  In my experience, they're mainly with East Asian countries that put severe restrictions on depositions and other things.

I don't know about Belarus.  Certainly, things are not great in Belarus right now.  But you all deal with that.  Okay?  But don't just -- I'm sure you're way ahead of me, but just make sure you talk about how you're going to handle any international discovery issues, including depositions.  Okay?  Because I don't know what Belarus is -- what treaties it belongs to, what it does for litigation.  I'm going to rely on all of you to at least give me some introduction to that.  Okay?

But I'm glad you raised that, Ms. Sharton.

**MS. SHARTON:**  Thank you.

**MS. VILLEGAS:**  Your Honor, just one more point on something Ms. Sharton said, which is, we did circulate an ESI

protocol and a protective order, pursuant to your model, to all the defendants on this call back towards the end of July.

So we'd like to, obviously, move forward in getting those on file, and we'll hope to get something on file maybe within the next two weeks and after we've had a chance to have our 26(f) conference.

**THE COURT:** Okay. That's fine.

Here's my rule: I don't really read them, but I do tell you that anything that is contrary to my standing orders is trumped by my orders. So you all put down whatever you want, but if there's any conflict between that and what my court orders, standing orders say, those orders are going to prevail.

All right. Anything else from anybody?

(No response.)

**THE COURT:** Is it too early, Ms. Villegas and -- I'll just pick Ms. Rogers or Ms. Sharton.

Is it too early to have you start thinking about ADR, how you might talk about informal resolution?

Let me start with Ms. Sharton.

**MS. SHARTON:** We did have -- we have had that discussion as per the rule, Your Honor. I think it's a little premature for that, but we're always open.

**THE COURT:** All right. Well, just do this. That's fine. I'm not surprised.

Just in your 26(f) conference, pick something, pick what

you want.  Okay?  There are three main options, as you know. You can use our Court ADR service; you can hire somebody privately; or you can suggest that I propose a magistrate judge.

That's a scarce and rare resource.  I don't do it lightly. This case, however, might be a candidate for it.  So if you want to do that, that's fine.  And you can certainly name a magistrate if there's someone you'd like to have me consider specifically.  Okay?

Just make sure you cover that in your conference.

Okay.  Anything else from anybody?

**MS. MORTIMER:**  One other issue, Your Honor.  This is Ann Marie Mortimer for Flurry.

Your Honor, mindful of your admonition about efficiency and the escape valve of the extra five pages, of course we don't know what the consolidated complaint looks like; but if, as counsel's represented, it's not wildly different from the existing complaint, then there's substantial differences between the non-Flurry defendants, the four defendants -- pardon me -- the non-Flo Health defendants, the analytics defendants, and Flo Health.

So we'll meet and confer with the plaintiffs, Your Honor, but it may be that we come back and ask the Court to consider those defendants and a separate briefing for those defendants as opposed to the Flo Health defendant.

**THE COURT:**  That's fine.  If you want to do sort of groupings, that's fine.

Here's the thing.  I'm not going to take 90 pages of briefing.

**MS. MORTIMER:**  Of course.

**THE COURT:**  I'm just not going to do that.  Okay?

**MS. MORTIMER:**  Understood absolutely, Your Honor.

**THE COURT:**  Actually, that would be 45.  Under my standing, you get 15 pages each.

These are legal issues, and it's on the four corners of the complaint.

So I'm fine with that.  If you have a good reason to propose that that be divided in some way, that's perfectly fine.

But just, that's the bottom line, is I will be surprised if the legal issues in the 12(b)(6) motion, maybe 12(b)(1) if there's some jurisdictional issue -- maybe on jurisdiction.  Maybe there's a personal jurisdiction or something else that needs a little side briefing.  That's fine.  But the sufficiency of the complaint is almost always a common question.

But I leave it up to you, Ms. Mortimer.

**MS. MORTIMER:**  Thank you, Your Honor.

**THE COURT:**  I'm not going to call for any more comments.

Are we good?  Everybody's good?

Okay.  Great.  Welcome to court.  Looking forward to the case.  So, thanks very much.

**MS. SHARTON:**  Thank you.

**MS. VILLEGAS:**  Thank you, Your Honor.

(Proceedings adjourned at 11:48 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:  Tuesday, August 17, 2021

_Ana Dub_

_____

Ana Dub, CSR No. 7445, RDR, RMR, CRR, CCRR, CRG, CCG
Official United States Reporter