UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>FLO HEALTH, INC., et al.,<br><br>   Defendants. | Case No. 3:21-cv-00757-JD<br><br>**ORDER RE CO-LEAD COUNSEL**<br><br>Re: Dkt. No. 63 |

Plaintiffs in this consolidated class action have requested the appointment of interim lead counsel under Federal Rule of Civil Procedure 23(g). As a general proposition, the Court is reluctant to appoint interim counsel because it is rarely necessary for case management and can preempt the question of who should be named as class counsel when certification is granted. Even so, each case is considered on its own, and plaintiffs have proposed a leadership structure that will promote the fair and efficient management of this litigation. Dkt. No. 63. The proposal also accommodates the Court's strong interest in diversifying lead counsel appointments. Dkt. No. 59.

Consequently, pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Carol C. Villegas of Labaton Sucharow LLP, Diana J. Zinser of Spector Roseman & Kodroff, P.C., and Christian Levis of Lowey Dannenberg, P.C. to serve as interim co-lead class counsel ("Co-Lead Counsel") in the Consolidated Action. While the factors in Rule 23(g)(1) are not, strictly speaking, applicable to interim counsel, they provide a useful framework to evaluate appointments. In that respect, plaintiffs' motion and supporting materials indicate that Co-Lead Counsel have performed substantial work on behalf of the proposed class to date, have worked toward streamlining the cases in this Court, and have sufficient experience and applicable knowledge necessary to effectively represent the proposed class. The Court declines to make any

other appointments at this time, and entrusts staffing decisions to Co-Lead Counsel's discretion, as guided by the following requirements.

## AUTHORITY AND RESPONSIBILITIES

1. Co-Lead Counsel have full authority over, and responsibility for, plaintiffs' participation in the following matters: (1) the initiation, response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope, order, and conduct of all discovery proceedings; (3) expert retention and reports; (4) designating the appearance of plaintiffs' counsel at hearings and conferences; (5) leading common settlement negotiations and entering into prospective agreements with defendants; (6) receiving and distributing among plaintiffs' counsel, as appropriate, notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and plaintiffs' counsel; and (7) all other matters concerning the efficient and economical conduct of the consolidated action. Defendants' counsel may rely on the conduct and representations of Co-Lead Counsel for any issue in the litigation.

2. Co-Lead Counsel are also responsible for: (a) assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (b) implementing time and expense record keeping policies; (c) collecting time and expense reports from all plaintiffs' counsel on a monthly basis; (d) acting as the treasurer for any litigation fund assessments and expenses; and (e) otherwise ensuring that plaintiffs' counsel not perform common benefit work, bill for unnecessary read and review time, or attend hearings, depositions, or other events without Co-Lead Counsel's authorization.

## FEES, COSTS, AND EXPENSES

3. Co-Lead Counsel are expected to be vigilant in ensuring the efficient and economical prosecution of this matter. A request for an award of fees and costs may be based only on records that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or a mini-trial on fees and costs are to be avoided. To that end, Co-Lead Counsel will ensure that the following practices are adhered to by all counsel who perform work on behalf of the putative class:

      a.     At the close of each calendar month, Co-Lead Counsel will make sure that all time has been entered by all timekeepers in final form.  By 14 days after each month's end, Co-Lead Counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by Interim Co-Lead Class Counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like.  These final bills for each month will be segregated and kept by Co-Lead Counsel, and may not be altered.  Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

      b.     Time will be recorded in one-tenths of an hour.

      c.     Block-billing time records are not permitted.  Timekeepers must itemize the time expended on specific tasks in sufficient detail to ascertain whether the amount of time spent performing those tasks was reasonable.

      d.     Co-Lead Counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work.  For example, barring an unusual circumstance, no more than two lawyers should bill for attendance at most fact depositions.  The Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case.  While each attorney should stay informed about the litigation, only the attorneys designated by Co-Lead Counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

      e.     Domestic air travel of less than six hours should be billed at coach class rates regardless of the class flown.  Travel exceeding six hours of flight time may be booked in business class.  In all cases, flights should be booked at the lowest available fare.

      f.     When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants.  Per diem expenses for travel days should not exceed $125 per person exclusive of lodging and transportation.

Co-Lead Counsel understand that a failure to adhere to these guidelines, or the spirit animating them, will result in the exclusion of consideration for the relevant fee or cost request.

**IT IS SO ORDERED.**

Dated: October 12, 2021

JAMES DONATO
United States District Judge