UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FLO HEALTH, INC., et al.,<br><br>  Defendants. | Case No. 3:21-cv-00757-JD<br><br>**ORDER RE MOTIONS TO DISMISS** |

Defendant Flo Health's motion to dismiss the consolidated complaint is granted for the Stored Communications Act claim and denied for all other claims. Dkt. No. 64 (complaint); Dkt. No. 93 (motion). The non-Flo defendants' (Facebook, Inc., Google LLC, and Flurry, Inc.) motion is granted for the unjust enrichment claim and denied for all other claims. Dkt. No. 93. The claims against AppsFlyer, Inc., which joined the non-Flo defendants' motion, are dismissed *in toto*.

1. <u>Article III Standing</u>.  Named plaintiffs have Article III standing to sue because they plausibly alleged the disclosure of private information and intrusion upon seclusion. *See, e.g.*, Dkt. No. 64 ¶¶ 5-16, 136, 262; *Heeger v. Facebook, Inc.*, No. 18-cv-6399-JD, 2019 WL 7282477, at *1 (N.D. Cal. Dec. 27, 2019).  The well-pleaded factual allegations include, among others: (1) Flo knowingly disclosed sensitive health information to the non-Flo defendants and other parties through software development kits (SDKs) (Dkt. No. 64 at ¶ 14); (2) the SDKs provided this information to the non-Flo defendants when certain app events occurred (*id*. at ¶¶ 140-42); and (3) the non-Flo defendants used the information for research, development, marketing, and advertising purposes (*id*. at ¶¶ 128, 149).

2. <u>AppsFlyer</u>.  In distinction to Facebook, Google, and Flurry, which are alleged to "maintain an extensive marketing and advertising practice," Dkt. No. 64 at ¶ 149, defendant AppsFlyer is not said to have used the data collected from the Flo App for advertising and marketing purposes.  Plaintiffs say only that AppsFlyer used the data provided to it through its SDK for "AppsFlyer's own purposes," without any specificity of what those purposes were.  *Id*. at ¶ 108.  Consequently, plaintiffs have not adequately alleged a concrete and particularized injury caused by AppsFlyer, and so plaintiffs lack standing to sue it.  The claims against AppsFlyer are dismissed with leave to amend.

3. <u>Statute of Limitations</u>.  Flo and the non-Flo defendants say that the case is time barred because plaintiffs knew or should have known of their claims no later than the publication of a Wall Street Journal article in February 2019, but did not file this lawsuit until over two years later.  Dkt. No. 93 at 5 (Flo); Dkt. No. 86 at 8 (non-Flo).  The point is not well taken.  Under the discovery rule, accrual of a cause of action, which typically happens when the wrongful conduct occurs, is postponed "until the plaintiff discovers, or has reason to discover, the cause of action."  *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 358 (2008).  California law is clear that "public awareness of a problem through media coverage alone" does not create "constructive suspicion for purposes of discovery."  *Id*. at 364.  Plaintiffs also allege that Flo did not notify its users of any privacy concerns until July 2021, after reaching a settlement with the FTC, Dkt. No. 64 at ¶ 231-32, at which time they became aware of their claims, *id*. at ¶ 243.  Nothing on the face of the complaint indicates that plaintiffs knowingly waited too long to file this action.

It may be that discovery yields facts that might support a limitations defense.  This is why statute of limitations disputes are "rarely appropriate for resolution at the motion to dismiss stage."  *Beier v. Int'l Bhd. of Teamsters*, No. 18-CV-06632-JD, 2020 WL 1929225, at *3 n.1 (N.D. Cal. Apr. 21, 2020).  Defendants may raise the defense later in the case as warranted by the record.

4. <u>Stored Communications Act</u>.  The Stored Communications Act (SCA) claim is dismissed with leave to amend.  The complaint does not plausibly allege that Flo was an electronic communication service provider within the meaning of the SCA.  An "electronic communication

service is "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). The complaint did not allege facts showing this to be true of Flo.

5. <u>Unjust Enrichment Against Non-Flo Defendants</u>. The unjust enrichment claim against the non-Flo defendants is dismissed with leave to amend. Unjust enrichment applies when "plaintiffs, having no enforceable contract, nevertheless have conferred a benefit on defendant which defendant has knowingly accepted under circumstances which make it inequitable for the defendant to retain the benefit without paying for its value." *Lebrun v. CBS Television Studios, Inc.*, 68 Cal. App. 5th 199, 209 (2021). Notwithstanding plaintiffs' wholly conclusory suggestion to the contrary, *see* Dkt. No. 64 at ¶ 316, the complaint indicates that Facebook, Google, and Flurry did not receive a benefit from plaintiffs. No relationship between plaintiffs and the non-Flo defendants is plausibly alleged, nor is it plausibly alleged that plaintiffs conferred an unjust benefit on them.

6. <u>Requests for Judicial Notice</u>. All of defendants' requests for judicial notice of ostensible facts well outside the complaint are denied. Dkt. Nos. 87, 94; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

## CONCLUSION

For the claims dismissed with leave to amend, plaintiffs may file an amended complaint on those claims only by June 23, 2022. No new claims or parties may be added without the Court's prior approval. A failure to meet this deadline will result in a dismissal of the claims with prejudice under Federal Rule of Civil Procedure 41(b). In all other respects, dismissal is denied.

**IT IS SO ORDERED.**

Dated: June 6, 2022

JAMES DONATO
United States District Judge