1  GIBSON, DUNN & CRUTCHER LLP
   ASHLEY ROGERS, SBN 286252                JOSEPH R. ROSE, SBN 279092
2  ARogers@gibsondunn.com                   JRose@gibsondunn.com
   2001 Ross Avenue, Suite 2100             555 Mission Street, Suite 3000
3  Dallas, TX 75201                         San Francisco, CA 94105
   Telephone:    214.698.3316               Telephone:    415.393.8200
4  Facsimile:    214.571.2975               Facsimile:    415.393.8306

5  CHRISTOPHER CHORBA, SBN 216692           CHRISTINA STELLA CERNAK (*pro hac vice*)
   CChorba@gibsondunn.com                   SCernak@gibsondunn.com
6  333 South Grand Avenue                   200 Park Avenue, Fl. 47
   Los Angeles, CA 90071                    New York, NY 10166
7  Telephone:    213.229.7503               Telephone:    212.351.4000
   Facsimile:    213.229.6503               Facsimile:    212.716.0898

8

9  *Attorneys for Defendant Meta Platforms, Inc.*
   *(formerly known as Facebook, Inc.)*
10

11

12

13                     UNITED STATES DISTRICT COURT

14

15                    NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17
   ┌─────────────────────────────────────┬──────────────────────────────
18  ERICA FRASCO, individually and on behalf of all │ Case No.:  3:21-cv-00757-JD
    others similarly situated,
19                                                  │ **DEFENDANT META
                    Plaintiff,                       │ PLATFORMS, INC.'S ANSWER
20  v.                                              │ TO CONSOLIDATED CLASS
                                                    │ ACTION COMPLAINT**
21  FLO HEALTH, INC., META PLATFORMS, INC.,
    GOOGLE, LLC, FLURRY, INC., and
22  APPSFLYER, INC.,

23                  Defendants.
   └─────────────────────────────────────┴──────────────────────────────
24

25

26

27

28

Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.) ("Meta") answers Plaintiffs' Consolidated Class Action Complaint ("CAC") as follows:

Meta answers the allegations in the CAC on behalf of itself only, and not on behalf of any other party. To the extent allegations pertain to other parties, including Flo Health, Google, AppsFlyer, Flurry, or any third party, Meta lacks information sufficient to admit or deny those allegations. Except as otherwise expressly stated below, Meta denies each and every allegation contained in the CAC. Meta states that the headings, subheadings, and footnotes throughout the CAC do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is required, Meta denies the allegations in the headings, subheadings, and footnotes in the CAC. Meta reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## "SUMMARY OF ALLEGATIONS"

1.      The allegations in paragraph 1 pertain to Flo Health, not Meta, and no responsive pleading is required. To the extent a response is required, Meta admits that Flo Health owns and developed the Flo App. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 pertain to Flo Health, not Meta, and no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 2.

3.      The allegations in paragraph 3 pertain to Flo Health, not Meta, and no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 3 and footnote 2.

4.      The allegations in paragraph 4 pertain to Flo Health, not Meta, and no responsive pleading is required. To the extent a response is required, Meta admits that paragraph 4 and footnote 3 purport to quote from a document that speaks for itself. Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 4 and footnote 3.

5.      The allegations in paragraph 5 pertain to Flo Health, not Meta, and no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 5.

6.      The allegations in paragraph 6 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 6.

7.      The allegations in paragraph 7 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 8.

9.      The allegations in paragraph 9 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 9.

10.     The allegations in paragraph 10 contain arguments and conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies the allegations in paragraph 10 insofar as they pertain to Meta.  Meta otherwise lacks information sufficient to admit or deny those allegations.

11.     The allegations in paragraph 11 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 11 and footnote 4 purport to quote from documents that speak for themselves.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 11 and footnote 4.

12.     The allegations in paragraph 12 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 12 and footnote 5 purport to quote from documents that speak for themselves.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 12 and footnote 5.

13.     Meta denies the allegation that Flo Health "transmitted, and disclosed Plaintiffs' and Class members' intimate health data" to Meta.  To the extent the allegations in paragraph 13 pertain to the other parties, Meta lacks information sufficient to admit or deny those allegations.

14.     Meta denies the allegation that Flo Health disclosed "its users' highly sensitive health information" to Meta through an SDK or otherwise.  Meta admits SDKs can be used to "add functionality or features" to apps.  To the extent the allegations in paragraph 14 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

15.     Meta admits that developers may incorporate the Facebook SDK into an app to receive analytics and advertising services subject to Meta's Business Tools Terms, Data Policy, Platform Policy, Commercial Terms, and Custom Audiences Terms.  Except as expressly admitted, Meta denies the allegations in paragraph 15.

16.     Meta admits Flo Health used its analytics services, subject to Meta's Business Tools Terms, Data Policy, Platform Policy, Commercial Terms, and Custom Audiences Terms.  Meta further admits Flo Health used Facebook's SDK in connection with the Flo Health App.  Except as expressly admitted, Meta denies the remaining allegations in paragraph 16 insofar as they pertain to Meta.  To the extent the allegations in paragraph 16 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

17.     Meta denies the allegations in paragraph 17 insofar as they pertain to Meta.  To the extent the allegations in paragraph 17 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

18.     Meta denies the allegations in paragraph 18 insofar as they pertain to Meta.  To the extent the allegations in paragraph 18 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

19.     Meta denies the allegations in paragraph 19 insofar as they pertain to Meta.  To the extent the allegations in paragraph 19 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

20.     Meta denies the allegations in paragraph 20 insofar as they pertain to Meta.  To the extent the allegations in paragraph 20 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

21.     Meta admits that paragraph 21 purports to paraphrase a document that speaks for itself.  Meta otherwise denies the allegations in paragraph 21 insofar as they pertain to Meta.  To the extent

the allegations in paragraph 21 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

22.     Meta admits that paragraph 22 purports to paraphrase a document that speaks for itself. Meta otherwise denies the allegations in paragraph 22 insofar as they pertain to Meta.

23.     Meta admits that paragraph 23 and footnote 6 purport to refer to and quote from, in part and out of context, a document that speaks for itself.  Meta admits the New York State Department of Financial Services commenced an investigation into privacy concerns raised by a February 22, 2019 *Wall Street Journal* article.  Meta denies the characterization of that investigation and of Governor Cuomo's comments regarding that investigation in paragraph 23.  Except as expressly admitted, Meta denies the remaining allegations in paragraph 23 and footnote 6.

24.     Meta admits that paragraph 24 and footnote 7 purport to refer to and quote from, in part and out of context, a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the remaining allegations in paragraph 24 and footnote 7.

25.     The allegations in paragraph 25 and footnote 8 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, paragraph 25 and footnote 8 purport to refer to a document that speaks for itself.

26.     Meta admits that paragraph 26 refers to and characterizes a publicly available document that speaks for itself.  Meta admits it requires developers to agree to its Business Tools Terms, Data Policy, Platform Policy, Commercial Terms, and Custom Audiences Terms, which restrict the types of data developers can send to Meta.  Meta denies it collected "intimate health data" of Flo Health App users.  Meta further denies that it was "unwilling to review the data it previously collected and analyzed."  The remaining allegations in paragraph 26 contain characterizations or arguments to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies those allegations.

27.     Meta lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 with respect to Plaintiffs' knowledge and hypothetical behavior, and therefore denies those allegations.

28.     Paragraph 28 contains conclusions of law to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies those allegations.

### "JURISDICTION AND VENUE"

29.     Meta disputes that Plaintiffs and the putative class members have standing under Article III of the United States Constitution.  Meta admits that the amount in controversy exceeds $5 million, and that this is a proposed class action in which at least one member of the putative class is of diverse citizenship from Defendant pursuant to 28 U.S.C. § 1332.  The remaining allegations in paragraph 29 are conclusions of law for which no responsive pleading is required, and which are therefore denied.

30.     Meta disputes that Plaintiffs and the putative class members have standing under Article III of the United States Constitution.  Meta admits Plaintiffs purport to bring claims under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* and the Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*, in addition to state common law and statutory claims.  The remaining allegations in paragraph 30 are conclusions of law for which no responsive pleading is required and which are therefore denied.

31.     The allegations in paragraph 31 and footnote 9 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 31 and footnote 9 purport to quote from a document that speaks for itself.  The remaining allegations in paragraph 31 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent the allegations in paragraph 31 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

32.     Meta admits that it has a principal place of business in California.  The remaining allegations in paragraph 32 are conclusions of law, to which no responsive pleading is required and which are therefore denied.  Meta denies Plaintiffs' characterization of its conduct, and denies that its conduct provides the basis for any actionable claim.  To the extent the allegations in paragraph 32 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

33.     The allegations in paragraph 33 are conclusions of law for which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta lacks information sufficient to admit or deny those allegations.

34.     The allegations in paragraph 34 are conclusions of law for which no responsive pleading is required, and which are therefore denied.   To the extent a response is required, Meta denies them. Meta disputes that its conduct provides the basis for any actionable claim.

**"PARTIES"**

**A.     "Plaintiffs"**

> a.     **"Erica Frasco"**

35.     Meta lacks information sufficient to admit or deny the allegations in paragraph 35.

36.     Meta lacks information sufficient to admit or deny the allegations in paragraph 36.

37.     Meta lacks information sufficient to admit or deny the allegations in paragraph 37.

38.     Meta lacks information sufficient to admit or deny the allegations in paragraph 38.   Meta denies it received Plaintiff's "intimate health data."   To the extent the allegations in paragraph 38 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

39.     Meta denies the allegations in paragraph 39 insofar as they pertain to Meta.   To the extent the allegations in paragraph 39 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

40.     Meta denies the allegations in paragraph 40 insofar as they pertain to Meta.   To the extent the allegations in paragraph 40 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

41.     Meta lacks information sufficient to admit or deny the allegations in paragraph 41.   Meta denies it received Plaintiff's "intimate health data."   To the extent the allegations in paragraph 41 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

> b.     **"Sarah Wellman"**

42.     Meta lacks information sufficient to admit or deny the allegations in paragraph 42.

43.     Meta lacks information sufficient to admit or deny the allegations in paragraph 43.

44.     Meta lacks information sufficient to admit or deny the allegations in paragraph 44.

45.     Meta lacks information sufficient to admit or deny the allegations in paragraph 45.   Meta denies it received Plaintiff's "intimate health data."   To the extent the allegations in paragraph 45 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

46.     Meta denies the allegations in paragraph 46 insofar as they pertain to Meta.   To the extent the allegations in paragraph 46 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

47.     Meta denies the allegations in paragraph 47 insofar as they pertain to Meta.   To the extent the allegations in paragraph 47 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

48.     Meta lacks information sufficient to admit or deny the allegations in paragraph 48.  Meta further denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 48 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

c.     **"Justine Pietrzyk"**

49.     Meta lacks information sufficient to admit or deny the allegations in paragraph 49.

50.     Meta lacks information sufficient to admit or deny the allegations in paragraph 50.

51.     Meta lacks information sufficient to admit or deny the allegations in paragraph 51.

52.     Meta lacks information sufficient to admit or deny the allegations in paragraph 52.  Meta denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 52 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

53.     Meta denies the allegations in paragraph 53 insofar as they pertain to Meta.   To the extent the allegations in paragraph 53 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

54.     Meta denies the allegations in paragraph 54 insofar as they pertain to Meta.   To the extent the allegations in paragraph 54 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

55.     Meta lacks information sufficient admit or deny the allegations in paragraph 55.  Meta further denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 55 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

d.     **"Jennifer Chen"**

56.     Meta lacks information sufficient to admit or deny the allegations in paragraph 56.

57.     Meta lacks information sufficient to admit or deny the allegations in paragraph 57.

58.     Meta lacks information sufficient to admit or deny the allegations in paragraph 58.

59.     Meta lacks information sufficient to admit or deny the allegations in paragraph 59.  Meta denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 59 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

60.     Meta denies the allegations in paragraph 60 insofar as they pertain to Meta.  To the extent the allegations in paragraph 60 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

61.     Meta denies the allegations in paragraph 61 insofar as they pertain to Meta.  To the extent the allegations in paragraph 61 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

62.     Meta lacks information sufficient to admit or deny the allegations in paragraph 62.  Meta further denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 62 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

e.     **"Tesha Gamino"**

63.     Meta lacks information sufficient to admit or deny the allegations in paragraph 63.

64.     Meta lacks information sufficient to admit or deny the allegations in paragraph 64.

65.     Meta lacks information sufficient to admit or deny the allegations in paragraph 65.

66.     Meta lacks information sufficient to admit or deny the allegations in paragraph 66.  Meta denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 66 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

67.     Meta denies the allegations in paragraph 67 insofar as they pertain to Meta.  To the extent the allegations in paragraph 67 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

68.     Meta denies the allegations in paragraph 68 insofar as they pertain to Meta.  To the extent the allegations in paragraph 68 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

69.     Meta lacks information sufficient to admit or deny the allegations in paragraph 69.  Meta further denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 69 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

        f.     **"Leah C. Ridgway"**

70.     Meta lacks information sufficient to admit or deny the allegations in paragraph 70.

71.     Meta lacks information sufficient to admit or deny the allegations in paragraph 71.

72.     Meta lacks information sufficient to admit or deny the allegations in paragraph 72.

73.     Meta lacks information sufficient to admit or deny the allegations in paragraph 73.  Meta denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 73 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

74.     Meta denies the allegations in paragraph 74 insofar as they pertain to Meta.  To the extent the allegations in paragraph 74 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

75.     Meta denies the allegations in paragraph 75 insofar as they pertain to Meta.  To the extent the allegations in paragraph 75 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

76.     Meta lacks information sufficient to admit or deny the allegations in paragraph 76.  Meta further denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 76 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

        g.     **"Autumn N. Meigs"**

77.     Meta lacks information sufficient to admit or deny the allegations in paragraph 77.

78.     Meta lacks information sufficient to admit or deny the allegations in paragraph 78.

79.     Meta lacks information sufficient to admit or deny the allegations in paragraph 79.

80.     Meta lacks information sufficient to admit or deny the allegations in paragraph 80.  Meta denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 80 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

81.     Meta denies the allegations in paragraph 81 insofar as they pertain to Meta.  To the extent the allegations in paragraph 81 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

82.     Meta denies the allegations in paragraph 82 insofar as they pertain to Meta.  To the extent the allegations in paragraph 82 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

83.     Meta lacks information sufficient to admit or deny the allegations in paragraph 83.  Meta further denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 83 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

h.     **"Madeline Kiss"**

84.     Meta lacks information sufficient to admit or deny the allegations in paragraph 84.

85.     Meta lacks information sufficient to admit or deny the allegations in paragraph 85.

86.     Meta lacks information sufficient to admit or deny the allegations in paragraph 86.

87.     Meta lacks information sufficient to admit or deny the allegations in paragraph 87.  Meta denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 87 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

88.     Meta denies the allegations in paragraph 88.  To the extent the allegations in paragraph 88 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

89.     Meta denies the allegations in paragraph 89.  To the extent the allegations in paragraph 89 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

90.     Meta lacks information sufficient to admit or deny the allegations in paragraph 90.  Meta further denies it received Plaintiff's "intimate health data."  To the extent the allegations in paragraph 90 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

**B.     "Defendants"**

91.     The allegations in paragraph 91 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 91.

92.     Meta denies it received "Plaintiffs' and Class members' intimate health data." Meta otherwise lacks information sufficient to admit or deny the remaining allegations in paragraph 92.

93.     The allegations in paragraph 93 and footnote 10 pertain to Google, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 93 and footnote 10 purport to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 93 and footnote 10.

94.     The allegations in paragraph 94 and footnote 11 pertain to Google, not Meta, and no responsive pleading is required.  To the extent a response is required, paragraph 94 and footnote 11 purport to refer to a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 94 and footnote 11.

95.     The allegations in paragraph 95 pertain to Google and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 95 purports to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 95.

96.     The allegations in paragraph 96 pertain to Google and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 96.

97.     The allegations in paragraph 97 pertain to Google and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 97 purports to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 97.

98.     The allegations in paragraph 98 and footnote 12 pertain to Google and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 98 and footnote 12 purport to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 98 and footnote 12.

99.     The allegations in paragraph 99 pertain to Google and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 99.

100.    Meta admits that it is incorporated in Delaware and that it maintains executive offices at 1601 Willow Road, Menlo Park, California 94025.  Meta admits that its SEC Form 10-K for fiscal year ending December 31, 2020, states, in part, "We generate substantially all of our revenue from selling advertising placements to marketers," and that the revenue numbers reported in its SEC filings are accurate.  Meta otherwise denies the allegations in paragraph 100.

101.    Meta admits that it offers a Facebook SDK to developers and that the Facebook SDK was incorporated into the Flo Health App between June 2016 and April 2019.  Except as expressly admitted, Meta denies the allegations in paragraph 101.

102.    Meta admits that paragraph 102 and footnote 14 purport to quote from a document that speaks for itself.

103.    To the extent the allegations in paragraph 103 pertain to what Flo Health "knew," Meta lacks information sufficient to admit or deny those allegations.  Meta admits that paragraph 103 purports to quote, in part and out of context, the Business Tools Terms.  Paragraph 103 also purports to characterize a document that speaks for itself.  Meta otherwise denies the remaining allegations in paragraph 103.

104.    Meta admits developers must agree to its Business Tools Terms and Data Policy, both of which restrict the types of user data that can be transmitted to Meta.  Meta otherwise denies the allegations in paragraph 104.

105.    Meta denies the allegations in paragraph 105.

106.    The allegations in paragraph 106 and footnote 15 pertain to AppsFlyer, which has been dismissed from this case, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 106 and footnote 15 purport to refer to a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 106 and footnote 15.

107.    The allegations in paragraph 107 pertain to AppsFlyer, which has been dismissed from this case, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 107.

108.    The allegations in paragraph 108 pertain to Flo Health, not Meta, and AppsFlyer, which has been dismissed from this case, and no responsive pleading is required.  Meta admits that paragraph 108 purports to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 108.

109.    The allegations in paragraph 109 pertain to Flo Health, not Meta, and AppsFlyer, which has been dismissed from this case, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 109.

110.    The allegations in paragraph 110 pertain to AppsFlyer, which has been dismissed from this case, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 110.

111.    The allegations in paragraph 111 and footnote 16 pertain to Flurry, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 111 and footnote 16 purport to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 111 and footnote 16.

112.    The allegations in paragraph 112 pertain to Flurry and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 112.

113.    The allegations in paragraph 113 pertain to Flurry and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 113 purports to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 113.

114.    The allegations in paragraph 114 pertain to Flurry and Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 114.

## "FACTUAL BACKGROUND"

### A.    "Founding of Flo Health, Inc."

115.    The allegations in paragraph 115 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 115.

116.    The allegations in paragraph 116 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 116.

117.    The allegations in paragraph 117 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 117.

118.    The allegations in paragraph 118 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 118.

119.    The allegations in paragraph 119 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 119.

120.    The allegations in paragraph 120 and footnote 17 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 120 and footnote 17 purport to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 120 and footnote 17.

121.    The allegations in paragraph 121 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 121.

122.    The allegations in paragraph 122 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 122.

123.     The allegations in paragraph 123 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 123 purports to quote from a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 123.

124.     Meta admits that paragraph 124 and footnote 18 purport to refer to a document that speaks for itself.  Meta denies receiving Flo Health's "users' intimate health data."  To the extent the allegations in paragraph 124 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

125.     Meta admits it provided analytics and advertising services to Flo Health subject to Meta's Business Tools Terms, Data Policy, Platform Policy, Commercial Terms, and Custom Audiences Terms.  Meta denies receiving "consumers' intimate health data."  Except as expressly admitted, Meta denies the remaining allegations in paragraph 125 insofar as they pertain to Meta.  To the extent the allegations in paragraph 125 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

126.     Meta admits that paragraph 126 purports to quote from a document that speaks for itself.  Meta denies the allegations in paragraph 126 insofar as they pertain to Meta.  To the extent the allegations in paragraph 126 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

127.     Meta admits that paragraph 127 purports to quote from a document that speaks for itself.  Meta otherwise denies the allegations in paragraph 127 insofar as they pertain to Meta.  To the extent the allegations in paragraph 127 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

128.     Meta admits that paragraph 128 and footnote 19 purport to refer to documents that speak for themselves.  Meta otherwise denies the allegations in paragraph 128 and footnote 19 insofar as they pertain to Meta.  To the extent the allegations in paragraph 128 and footnote 19 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

129.     The allegations in paragraph 129 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them.

130.     The allegations in paragraph 130 are arguments and conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 130 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

**B.      "Flo Health Designed Its App to Facilitate the Collection of Users' Private Data"**

131.     The allegations in paragraph 131 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 131.

132.     The allegations in paragraph 132 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 132.

133.     The allegations in paragraph 133 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 133.

134.     The allegations in paragraph 134 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 134.

135.     The allegations in paragraph 135 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 135.

136.     Meta admits that it had a contractual relationship with Flo Health subject to Meta's Business Tools Terms, Data Policy, Platform Policy, Commercial Terms, and Custom Audiences Terms, which speak for themselves.   Except as expressly admitted, Meta otherwise denies the allegations in paragraph 136 insofar as they pertain to Meta.  To the extent the allegations in paragraph 136 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

137.    Meta admits Flo Health sent both Standard App Events and Custom App Events to Meta.   Meta admits Standard App Events are records of common actions taken in an app and that Custom App Events are records of certain in-app actions unique to a particular app, which are created and defined by the app's developer.   Except as expressly admitted, Meta otherwise denies the allegations in paragraph 137 insofar as they pertain to Meta.   To the extent the allegations in paragraph 137 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

138.    The allegations in paragraph 138 pertain to Flo Health, not Meta, and no responsive pleading is required.   To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 138.

139.    The allegations in paragraph 139 pertain to Flo Health, not Meta, and no responsive pleading is required.   To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 139.

140.    Meta admits it provided analytics services to Flo Health, and that Flo Health integrated Facebook's SDK from June 2016 to April 2019.   Meta further admits it received certain data in connection with the provision of those services based on Standard App Events and Custom App Events created by Flo Health.   Except as expressly admitted, Meta otherwise denies the allegations in paragraph 140 insofar as they pertain to Meta.   To the extent the allegations in paragraph 140 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

141.    Meta denies the allegations in paragraph 141 insofar as they pertain to Meta.   To the extent the allegations in paragraph 141 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

142.    Meta denies the allegations in paragraph 142 insofar as they pertain to Meta.   To the extent the allegations in paragraph 142 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

143.    Meta admits it received Custom App Events from Flo Health via the Facebook SDK between June 2016 and February 2019.   Meta otherwise denies the remaining allegations in paragraph 143 insofar as they pertain to Meta.   To the extent the allegations in paragraph 143 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

144. Meta lacks information sufficient to admit or deny the allegations in paragraph 144.

145. Meta lacks information sufficient to admit or deny the allegations in paragraph 145.

146. Meta lacks information sufficient to admit or deny the allegations in paragraph 146.

147. Meta lacks information sufficient to admit or deny the allegations in paragraph 147.

148. Meta admits that paragraph 148 and footnote 21 purport to refer to and characterize a publicly available document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 148 and footnote 21.

149. Meta admits that it provides advertising services.  Meta admits that paragraph 149 and footnote 22 purport to quote from (and misconstrue) a publicly available document that speaks for itself.  Meta otherwise denies the allegations in paragraph 149 and footnote 22 insofar as they pertain to Meta.  To the extent the allegations in paragraph 149 and footnote 22 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

150. Meta admits that paragraph 150 refers to and characterizes a publicly available document that speaks for itself.  Meta otherwise denies the remaining allegations in paragraph 150 insofar as they pertain to Meta.  To the extent the allegations in paragraph 150 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

151. Meta denies it "tracked users' behavior while using the app."  Meta admits it received device IDs in connection with its provision of services to Flo Health.  Meta otherwise denies the remaining allegations in paragraph 151 insofar as they pertain to Meta.  To the extent the allegations in paragraph 151 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

152. Meta denies the allegations in paragraph 152 insofar as they pertain to Meta.  To the extent the allegations in paragraph 152 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

153. Meta admits that Apple provides identifiers for advertisers and identifiers for vendors.  Meta denies the remaining allegations in paragraph 153 insofar as they pertain to Meta.  To the extent the allegations in paragraph 153 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

154.     Meta admits that Google provides identifiers for advertising and identifiers for devices. Meta denies the remaining allegations in paragraph 154 insofar as they pertain to Meta.  To the extent the allegations in paragraph 154 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

155.     Meta admits that devices can send information, including the device's make, model, operating system, network carriers, whether it is connected to Wi-Fi, and the device name.  Meta otherwise denies the allegations in paragraph 155.

156.     Meta admits that paragraph 156 and footnote 23 purport to quote from a document that speaks for itself, and no further responsive pleading is required.

157.     Meta admits that paragraph 157 and footnote 24 purport to quote from a document that speaks for itself, and no further responsive pleading is required.

158.     Meta denies the allegations in paragraph 158 insofar as they pertain to Meta.  To the extent the allegations in paragraph 158 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

159.     The allegations in paragraph 159 pertain to unidentified third parties, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 159 insofar as they pertain to Meta.  To the extent the allegations in paragraph 159 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

160.     Meta denies the allegations in paragraph 160 insofar as they pertain to Meta.  To the extent the allegations in paragraph 160 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

C.     **"Defendants' Failure to Obtain User Consent"**

161.     The allegations in paragraph 161 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 161.

162.     The allegations in paragraph 162 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 162.

163.    The allegations in paragraph 163 and footnote 25 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 163 and footnote 25 purport to quote from a document that speaks for itself.

164.    The allegations in paragraph 164 and footnote 26 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 164 and footnote 26 purport to quote from a document that speaks for itself.

165.    The allegations in paragraph 165 and footnote 27 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 165 and footnote 27 purport to quote from a document that speaks for itself.

166.    The allegations in paragraph 166 and footnote 28 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 166 and footnote 28 purport to quote from a document that speaks for itself.

167.    The allegations in paragraph 167 and footnote 29 pertain to Flurry and Flo Health, not Meta, and AppsFlyer, which has been dismissed from the case, and no responsive pleading is required. To the extent a response is required, Meta admits that paragraph 167 and footnote 29 purport to quote from a document that speaks for itself.

168.    The allegations in paragraph 168 pertain to Flo Health, not Meta, and AppsFlyer, which has been dismissed from the case, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 168.

169.    The allegations in paragraph 169 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 169.

170.    The allegations in paragraph 170 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 170.

171.    The allegations in paragraph 171 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 171.

172.    The allegations in paragraph 172 pertain to Flo Health, not Meta, and AppsFlyer, which has been dismissed from the case, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 172.

173.    The allegations in paragraph 173 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 173.

174.    The allegations in paragraph 174 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 174.

175.    The allegations in paragraph 175 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 175.

176.    The allegations in paragraph 176 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 176.

177.    The allegations in paragraph 177 and footnote 30 pertain to Flo Health, not Meta, and are arguments purporting to characterize a document that speaks for itself, to which no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 177 and footnote 30.

178.    The allegations in paragraph 178 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 178 purports to quote from and characterize a document that speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the remaining allegations in paragraph 178.

179.    The allegations in paragraph 179 pertain to Flo Health, not Meta, and are arguments to which no responsive pleading is required.  To the extent any further response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 179.  Meta admits footnote 31 purports to quote from and characterize a document that speaks for itself, and no further responsive

pleading is required.  To the extent any further response is required, Meta denies the allegations in footnote 31 insofar as they pertain to Meta.

180.     Meta admits that paragraph 180 and footnote 32 purport to quote from a document that speaks for itself.  Meta denies it was able to "use any user information communicated with, and obtained from Flo [Health] App users for [Meta's] own purposes."  Meta denies the remaining allegations in paragraph 180 and footnote 32 insofar as they pertain to Meta.  To the extent the allegations in paragraph 180 and footnote 32 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

181.     Meta admits that paragraph 181 and footnote 33 purport to characterize (inaccurately) a document that speaks for itself.  Meta otherwise denies the allegations in paragraph 181 and footnote 33.

182.     Meta denies the allegations in paragraph 182 insofar as they pertain to Meta.  To the extent the allegations in paragraph 182 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

183.     The allegations in paragraph 183 are arguments to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 183 insofar as they pertain to Meta.  To the extent the allegations in paragraph 183 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

184.     The allegations in paragraph 184 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 184.

185.     The allegations in paragraph 185 and footnote 34 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 185 and footnote 34.

186.     The allegations in paragraph 186 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 186.

**D.   "Plaintiffs and Class Members Have a Reasonable Expectation of Privacy, Especially With Respect to the Intimate Health Data That Users Shared Here"**

187.   The allegations in paragraph 187 are arguments and conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 187 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

188.   Meta admits that paragraph 188 purports to refer to documents that speak for themselves, and which contain arguments and legal conclusions.  To the extent a further response is required, Meta denies the allegations in paragraph 188 insofar as they pertain to Meta.  To the extent the allegations in paragraph 188 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

189.   Meta admits that paragraph 189 purports to refer to documents that speak for themselves, and no further responsive pleading is required.

190.   Meta admits that paragraph 190 and footnotes 35 and 36 purport to quote from documents that speak for themselves, and no further responsive pleading is required.

191.   Meta admits that paragraph 191 and footnote 37 purport to refer to documents that speak for themselves, and no further responsive pleading is required.

192.   Meta admits that paragraph 192 and footnote 38 purport to quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a further response is required, Meta denies the allegations in paragraph 192 and footnote 38 insofar as they pertain to Meta. To the extent the allegations in paragraph 192 and footnote 38 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

193.   Meta admits that paragraph 193 and footnote 39 purport to quote from and characterize a document that speaks for itself, and no further responsive pleading is required.  To the extent a further response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 193 and footnote 39.

194.   Meta admits that paragraph 194 and footnote 40 purport to quote from and characterize a document that speaks for itself, and no further responsive pleading is required.  To the extent a further

Gibson, Dunn &
Crutcher LLP

1     response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph

2     194 and footnote 40.

3          195.   Meta admits that paragraph 195 and footnotes 41 and 42 purport to quote from and

4     characterize a document that speaks for itself, and no further responsive pleading is required.  To the

5     extent a further response is required, Meta denies the allegations in paragraph 195 and footnotes 41

6     and 42 insofar as they pertain to Meta.  To the extent the allegations in paragraph 195 and footnotes 41

7     and 42 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

8          196.   Meta admits that paragraph 196 and footnote 43 purport to characterize a document that

9     speaks for itself, and no further responsive pleading is required.  To the extent a further response is

10    required, Meta lacks information sufficient to admit or deny the allegations in paragraph 196 and

11    footnote 43.

12         197.   Meta admits that paragraph 197 and footnotes 44 and 45 purport to characterize a

13    document that speaks for itself, and no further responsive pleading is required.  To the extent a further

14    response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph

15    197 and footnotes 44 and 45.

16         198.   The allegations in paragraph 198 pertain to Flo Health, not Meta, and no responsive

17    pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit

18    or deny the allegations in paragraph 198.

19         199.   The allegations in paragraph 199 are arguments and conclusions of law, to which no

20    responsive pleading is required.  To the extent a response is required, Meta denies the allegations in

21    paragraph 199 insofar as they pertain to Meta.  To the extent the allegations in paragraph 199 pertain

22    to other parties, Meta lacks information sufficient to admit or deny those allegations.

23         200.   Meta admits that paragraph 200 and footnote 46 purport to quote from a document that

24    speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph

25    200 are arguments and conclusions of law, to which no responsive pleading is required.  To the extent

26    a further response is required, Meta denies the allegations in paragraph 200 and footnote 46 insofar as

27    they pertain to Meta.  To the extent the allegations in paragraph 200 and footnote 46 pertain to other

28    parties, Meta lacks information sufficient to admit or deny those allegations.

E.     **"Plaintiffs' Information that Flo Health Disclosed is Plaintiffs' Property, has Economic Value, and its Illicit Disclosure Caused Economic Harm"**

201.     Meta admits that paragraph 201 and footnote 48 purport to characterize and quote from documents that speak for themselves, and no further responsive pleading is required.  Meta denies the remaining allegations in paragraph 201 and footnote 48 insofar as they pertain to Meta.  To the extent the allegations in paragraph 201 and footnote 48 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

202.     Meta lacks information sufficient to admit or deny the allegations in paragraph 202.

203.     Meta admits that paragraph 203 and footnotes 49 and 50 purport to characterize and quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a further response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 203 and footnotes 49 and 50.

204.     Meta admits that paragraph 204 and footnotes 51 through 53 purport to characterize and quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a further response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 204 and footnotes 51 through 53.

205.     Meta admits that paragraph 205 and footnote 54 purport to characterize and quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies the allegations 205 and footnote 54.

206.     Meta admits that paragraph 206 and footnotes 55 through 57 purport to characterize and quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a further response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 206 and footnotes 55 through 57.

207.     Meta admits that paragraph 207 and footnote 58 purport to characterize and quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a further response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 207 and footnote 58.

208.    Meta admits that paragraph 208 and footnotes 59 and 60 purport to characterize and quote from documents that speak for themselves, and no further responsive pleading is required.  To the extent a further response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 208 and footnotes 59 and 60.

209.    Meta admits that paragraph 209 and footnote 61 purport to characterize and quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 209 and footnote 61.

210.    Meta admits that paragraph 210 and footnote 62 purport to quote from a document that speaks for itself, and no responsive pleading is required.  To the extent a response is required, Meta responds that it lacks information sufficient to admit or deny the allegations in paragraph 210 and footnote 62.

211.    Meta denies the allegations in paragraph 211 insofar as they pertain to Meta.  To the extent the allegations in paragraph 211 pertain to other parties or unknown "individuals," Meta lacks information sufficient to admit or deny those allegations.

212.    Meta admits it had initiatives to compensate individuals for participating in certain programs, which included allowing Meta to record their voices or monitor how they use their phone—neither program is ongoing.  Meta admits that footnotes 63 and 64 purport to reference documents that speak for themselves, and no further responsive pleading is required.

213.    The allegations in paragraph 213 and footnotes 65 through 68 pertain to Google, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that the allegations in paragraph 213 and footnotes 65 through 68 purport to quote from documents that speak for themselves, and no responsive pleading is required.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 213 and footnotes 65 through 68.

214.    Meta lacks information sufficient to admit or deny the allegations in paragraph 214 and footnote 69.

215.     Meta denies the allegations in paragraph 215 insofar as they pertain to Meta.  To the extent the allegations in paragraph 215 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

216.     The allegations in paragraph 216 contain arguments and conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations insofar as they pertain to Meta.  To the extent the allegations in paragraph 216 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

**F.      "The FTC Has Filed Suit and Entered Into a Settlement Based on Flo Health's Privacy Violations"**

217.     Meta lacks information sufficient to admit or deny the allegations in paragraph 217.

218.     Meta admits that paragraph 218 purports to refer to and characterize a public filing, which speaks for itself, and no responsive pleading is required.  Meta denies the allegations in paragraph 218 insofar as they pertain to Meta.  To the extent the allegations in paragraph 218 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

219.     Meta denies the allegations in paragraph 219 insofar as they pertain to Meta.  To the extent the allegations in paragraph 219 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

220.     Meta denies the allegations in paragraph 220 insofar as they pertain to Meta.  To the extent the allegations in paragraph 220 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

221.     The allegations in paragraph 221 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 221 purports to refer to and characterize a public document, which speaks for itself.

222.     The allegations in paragraph 222 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 222 purports to refer to and characterize a public document, which speaks for itself.

223.    The allegations in paragraph 223 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 223 purports to refer to and characterize a public document, which speaks for itself.

224.    The allegations in paragraph 224 and footnote 70 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 224 and footnote 70 purport to refer to, characterize, and quote from a public document, which speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 224 and footnote 70.

225.    The allegations in paragraph 225 and footnote 71 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 225 and footnote 71 purport to refer to, characterize, and quote from a public document, which speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 225 and footnote 71.

226.    The allegations in paragraph 226 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 226 purports to refer and characterize a public document, which speaks for itself.

227.    The allegations in paragraph 227 and footnote 72 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 227 and footnote 72 purport to refer and characterize a public document, which speaks for itself.

228.    The allegations in paragraph 228 and footnotes 73 and 74 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 228 and footnotes 73 and 74 purport to refer to, characterize, and quote from a public document, which speaks for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 228 and footnotes 73 and 74.

229.    The allegations in paragraph 229 and footnote 75 pertain to Flo Health, not Meta, and no responsive pleading is required.  To the extent a response is required, Meta admits that paragraph 229 and footnote 75 purport to refer to, characterize, and quote from a public document, which speaks

Gibson, Dunn & Crutcher LLP

1   for itself.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph

2   229 and footnote 75.

3          230.    The allegations in paragraph 230 pertain to Flo Health, not Meta, and no responsive

4   pleading is required.  To the extent a response is required, Meta admits that paragraph 230 purports to

5   refer to, characterize, and quote from a public document, which speaks for itself.  Meta otherwise lacks

6   information sufficient to admit or deny the allegations in paragraph 230.

7          231.    Meta admits that paragraph 231 purports to refer to, characterize, and quote from a

8   public document, which speaks for itself, and no further responsive pleading is required.

9          232.    Meta admits that paragraph 232 purports to refer to, characterize, and quote from a

10  document, which speaks for itself, and no further responsive pleading is required.  To the extent a

11  response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph

12  232.

13       **G.     "The NYSDFS Found That Facebook Received Sensitive Health Information From**

14           **the Flo App"**

15         233.    Meta admits the NYSDFS opened an investigation into Facebook Payments, Inc., and

16  that Facebook Payments, Inc. is a subsidiary of Meta.  Except as expressly admitted, Meta lacks

17  information sufficient to admit or deny the remaining allegations in paragraph 233.

18         234.    Meta admits that paragraph 234 purports to quote from (and mischaracterizes)

19  documents that speak for themselves.  Meta admits it received Custom App Events from Flo Health

20  between June 2016 and February 2019.  Meta further admits its Business Tools Terms, which

21  developers including Flo Health were required to agree to in order to utilize Meta's Business Tools

22  including App Events via the SDK, prohibit developers from sending health, financial information, or

23  other categories of sensitive information to Meta.  Except as expressly admitted, Meta denies the

24  remaining allegations in paragraph 234.

25         235.    Meta admits that paragraph 235 purports to quote from a document that speaks for itself,

26  and no further responsive pleading is required.  Meta further admits that Facebook received Custom

27  App Events from Flo between June 2016 and February 2019.  Meta otherwise denies the allegations in

28  paragraph 235.

236.     Meta admits that paragraph 236 purports to quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 236.

237.     Meta denies the allegations in paragraph 237.

238.     Meta admits that paragraph 238 purports to quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 238.

239.     Meta denies the allegations in paragraph 239.

240.     Meta admits that paragraph 240 purports to refer to and quote from, in part and out of context, a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 240 insofar as they pertain to Meta.  To the extent the allegations in paragraph 240 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

### "TOLLING, CONCEALMENT, ESTOPPEL, AND DELAYED DISCOVERY"

241.     The allegations in paragraph 241 pertain to Flo Health, not Meta, and contain conclusions of law to which no responsive pleading is required, and which are therefore denied.

242.     The allegations in paragraph 242 pertain to Flo Health, not Meta, and contain conclusions of law to which no responsive pleading is required, and which are therefore denied.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 242.

243.     The allegations in paragraph 243 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent the allegations in paragraph 243 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

244.     The allegations in paragraph 244 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent the allegations in paragraph 244 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

### CLASS ACTION ALLEGATIONS

245.     Meta admits that Plaintiffs purport to bring this action as a class action.  The allegation in paragraph 245 that Plaintiffs' case may be properly maintained under Fed. R. Civ. P. 23 is a

conclusion of law, to which no responsive pleading is required, and which is therefore denied.  Meta denies that class certification is appropriate for this case.

246.    Meta admits Plaintiffs seek to exclude certain individuals and entities from the proposed class definitions.  Meta denies that class certification is appropriate for this case.

247.    The allegations in paragraph 247 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that class certification is appropriate for this case.

248.    The allegations in paragraph 248 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that class certification is appropriate for this case.

249.    The allegations in paragraph 249 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that class certification is appropriate for this case.

250.    The allegations in paragraph 250 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that class certification is appropriate for this case.

251.    The allegations in paragraph 251 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that class certification is appropriate for this case.

252.    The allegations in paragraph 252 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that class certification is appropriate for this case.

## "CALIFORNIA LAW APPLIES TO THE ENTIRE CLASS"

253.    Meta admits that paragraph 253 purports to refer to a document that speaks for itself. The allegations in paragraph 253 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.

254.     Meta admits that paragraph 254 and footnote 77 purport to refer to a document that speaks for itself.  The allegations in paragraph 254 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.

255.     The allegations in paragraph 255 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.

256.     The allegations in paragraph 256 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.

257.     Meta lacks information sufficient to admit or deny the allegations in paragraph 257 and footnote 78.

258.     The allegations in paragraph 258 are conclusions of law, to which no responsive pleading is required, and which are therefore denied.

**"CLAIMS FOR RELIEF"**

**"FIRST CLAIM FOR RELIEF"**
**"Violation Common Law Invasion of Privacy – Intrusion Upon Seclusion**
**Against Flo Health**
**(On Behalf of Plaintiffs and the Class and Subclass)"**

259.     Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

260.     Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

261.     Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

262.     Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

Gibson, Dunn & Crutcher LLP

META'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT

263.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

264.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

265.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

266.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

267.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

268.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

269.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

270.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

271.    Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

272.     Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

273.     Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

274.     Count 1 is not asserted against Meta, and therefore no response is required to paragraphs 259 through 274.  To the extent a response is required, Meta denies the allegations in paragraphs 259 through 274.

## "SECOND CLAIM FOR RELIEF"

**"Invasion of Privacy and Violation of the California Constitution, Art. 1, § 1
Against Flo Health
(On Behalf of Plaintiffs and the Class and Subclass)"**

275.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

276.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

277.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

278.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

279.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

280.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

281.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

282.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

283.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

284.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

285.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

286.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

287.     Count 2 is not asserted against Meta, and therefore no response is required to paragraphs 275 through 287.  To the extent a response is required, Meta denies the allegations in paragraphs 275 through 287.

1
2

## "THIRD CLAIM FOR RELIEF"
### "Breach of Contract against Flo Health
### (On Behalf of Plaintiffs and the Class and Subclass)"

3
4
5

288.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

6
7
8

289.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

9
10
11

290.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

12
13
14

291.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

15
16
17

292.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

18
19
20

293.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

21
22
23

294.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

24
25
26

295.    Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297.  To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

27
28

Gibson, Dunn &
Crutcher LLP

META'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT

296. Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297. To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

297. Count 3 is not asserted against Meta, and therefore no response is required to paragraphs 288 through 297. To the extent a response is required, Meta denies the allegations in paragraphs 288 through 297.

**"FOURTH CLAIM FOR RELIEF"**
**"Breach of Implied Contract Against Flo Health**
**(On Behalf of Plaintiffs and the Class and the Subclass)**
**(In the Alternative)"**

298. Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311. To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

299. Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311. To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

300. Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311. To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

301. Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311. To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

302. Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311. To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

303. Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311. To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

304.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

305.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

306.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

307.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

308.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

309.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

310.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

311.    Count 4 is not asserted against Meta, and therefore no response is required to paragraphs 298 through 311.  To the extent a response is required, Meta denies the allegations in paragraphs 298 through 311.

**"FIFTH CLAIM FOR RELIEF"**
**"Unjust Enrichment Against Flo Health, Facebook, Google, and Flurry**
**(On Behalf of Plaintiffs and the Class and Subclass)**
**(In the Alternative as to Flo Health)"**

312.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

313.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

314.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

315.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

316.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

317.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

318.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

319.     The allegations in paragraphs 312 through 319 are dismissed in accordance with the Court's June 6, 2022 Order re Motions to Dismiss (ECF No. 158), and no responsive pleading is required.

1
2
3

**"SIXTH CLAIM FOR RELIEF"**
**"Stored Communications Act ("SCA") Against Flo Health**
**18 U.S.C. §§ 2702, *et seq.***
**(On Behalf of Plaintiffs and the Class and Subclass)"**

4
5
6

320.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

7
8
9

321.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

10
11
12

322.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

13
14
15

323.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

16
17
18

324.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

19
20
21

325.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

22
23
24

326.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

25
26
27

327.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.   To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

28

328.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.  To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

329.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.  To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

330.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.  To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

331.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.  To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

332.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.  To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

333.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.  To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

334.   Count 6 is not asserted against Meta, and therefore no response is required to paragraphs 320 through 334.  To the extent a response is required, Meta denies the allegations in paragraphs 320 through 334.

**"SEVENTH CLAIM FOR RELIEF"**
**"Violation of California Confidentiality of Medical Information Act**
**Against Flo Health**
**Civil Code Section 56 *et seq.***
**('CMIA')**
**(On Behalf of Plaintiffs and the Class and Subclass)"**

335.   Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

336.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

337.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

338.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

339.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

340.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

341.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

342.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

343.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

344.     Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

345.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

346.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

347.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

348.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

349.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

350.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

351.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

352.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

353.    Count 7 is not asserted against Meta, and therefore no response is required to paragraphs 335 through 353.  To the extent a response is required, Meta denies the allegations in paragraphs 335 through 353.

1
2

**"EIGHTH CLAIM FOR RELIEF"**
**"Violations of Cal. Bus. & Prof. Code §§ 17200 *et. seq.* Against Flo Health**
**(On Behalf of Plaintiffs and the Class and Subclass)"**

3
4
5

354.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

6
7
8

355.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

9
10
11

356.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

12
13
14

357.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

15
16
17

358.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

18
19
20

359.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

21
22
23

360.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

24
25
26

361.    Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

27
28

362.     Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

363.     Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

364.     Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

365.     Count 8 is not asserted against Meta, and therefore no response is required to paragraphs 354 through 365.  To the extent a response is required, Meta denies the allegations in paragraphs 354 through 365.

### "NINTH CLAIM FOR RELIEF"
**"Violations of Cal. Bus. & Prof. Code §§ 17200 *et. seq.* Against Facebook, Google, and Flurry (On Behalf of Plaintiffs and the Class and Subclass)"**

366.     Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

367.     The allegations in paragraph 367 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 367 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

368.     The allegations in paragraph 368 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 368 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

369.     The allegations in paragraph 369 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 369 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

370.    The allegations in paragraph 370 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 370 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

371.    The allegations in paragraph 371 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 371 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

372.    The allegations in paragraph 372 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 372 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

373.    The allegations in paragraph 373 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 373 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

374.    Meta admits that paragraph 374 purports to refer to a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 374 with respect to consumers' preferences.  To the extent the allegations in paragraph 374 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

375.    The allegations in paragraph 375 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies them insofar as they pertain to Meta.  To the extent the allegations in paragraph 375 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

376.    The allegations in paragraph 376 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that Plaintiffs or anyone else has suffered any injury or damages in any amount or at all.

### "TENTH CLAIM FOR RELIEF"
#### "Aiding and Abetting Violations of
#### Cal. Bus. & Prof. Code §§ 17200 *et. seq.* Against the Non-Flo Defendants
#### (On Behalf of Plaintiffs and the Class and Subclass)"

377.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

378.    The allegations in paragraph 378 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

379.    The allegations in paragraph 379 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 379 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

380.    The allegations in paragraph 380 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 380 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

381.    Meta denies the allegations in paragraph 381 insofar as they pertain to Meta.  To the extent the allegations in paragraph 381 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

382.    The allegations in the first sentence of paragraph 382 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies the allegations in the second sentence of paragraph 382 insofar as they pertain to Meta.  To the extent the allegations in paragraph 382 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

383.    The allegations in paragraph 383 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta denies that Plaintiffs or anyone else has lost money or property as a result of its conduct.

## "ELEVENTH CLAIM FOR RELIEF"
### "Aiding and Abetting Violation Common Law Invasion of Privacy – Intrusion Upon Seclusion Against the Non-Flo Defendants
### (On Behalf of Plaintiffs and the Class and Subclass)"

384. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

385. The allegations in paragraph 385 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta. To the extent the allegations in paragraph 385 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

386. The allegations in paragraph 386 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta. To the extent the allegations in paragraph 386 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

387. The allegations in paragraph 387 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta. To the extent the allegations in paragraph 387 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

388. Meta denies the allegations in paragraph 388 insofar as they pertain to Meta. To the extent the allegations in paragraph 388 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

389. The allegations in paragraph 389 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta. To the extent the allegations in paragraph 389 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

390. Meta denies the allegations in paragraph 390 insofar as they pertain to Meta. To the extent the allegations in paragraph 390 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

391.     The allegations in paragraph 391 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 391 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

### "TWELTH [SIC] CLAIM FOR RELIEF"
**"Violation of the Federal Wiretap Act Against Facebook, Google, and Flurry**
**18 U.S.C §§ 2510, *et seq.***
**(On Behalf of Plaintiffs and the Class and Subclass)"**

392.     Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

393.     The allegations in paragraph 393 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

394.     The allegations in paragraph 394 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

395.     The allegations in paragraph 395 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

396.     The allegations in paragraph 396 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

397.     The allegations in paragraph 397 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

398.     The allegations in paragraph 398 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 398 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

399.     The allegations in paragraph 399 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

400.     The allegations in paragraph 400 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

401.    The allegations in paragraph 401 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 401 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

402.    The allegations in paragraph 402 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

403.    The allegations in paragraph 403 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 403 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

404.    The allegations in paragraph 404 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 404 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

405.    The allegations in paragraph 405 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 405 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

406.    The allegations in paragraph 406 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 406 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.  Meta further denies that Plaintiffs or anyone else has suffered any injury or damages in any amount or at all.

### "THIRTEENTH CLAIM FOR RELIEF"
**"Violation of the California Invasion of Privacy Act Against Facebook, Google, and Flurry
Cal. Penal Code §§ 630, *et seq*. ('CIPA')
(On Behalf of Plaintiffs and the Class and Subclass)"**

407.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

Gibson, Dunn &
Crutcher LLP

408.    The allegations in paragraph 408 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

409.    The allegations in paragraph 409 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

410.    The allegations in paragraph 410 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 410 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

411.    Meta denies the allegations in paragraph 411 insofar as they pertain to Meta.  To the extent the allegations in paragraph 411 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.  Meta admits that footnote 89 purports to reference a publicly available document, which speaks for itself, and no further responsive pleading is required.

412.    The allegations in paragraph 412 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta further denies that Plaintiffs or anyone else has suffered any injury or damages in any amount or at all.

413.    The allegations in paragraph 413 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  Meta further denies that Plaintiffs or anyone else has suffered any injury or is entitled to any injunctive or other relief.

### "FOURTEENTH CLAIM FOR RELIEF"
**"Violation of the Comprehensive Computer Data Access and Fraud Act**
**Against Flo Health, Facebook, Google, and Flurry**
**Cal. Penal Code § 502**
**('CDAFA')"**
**(On Behalf of Plaintiffs and the Class and Subclass)**

414.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

415.    The allegations in paragraph 415 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

416.    The allegations in paragraph 416 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

417.    The allegations in paragraph 417 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 417 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

418.    The allegations in paragraph 418 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 418 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

419.    The allegations in paragraph 419 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 419 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

420.    The allegations in paragraph 420 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 420 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

421.    The allegations in paragraph 421 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 421 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.

422.    The allegations in paragraph 422 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 422 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.  Meta further denies that Plaintiffs or anyone else has suffered any injury or damages in any amount or at all.

423.    The allegations in paragraph 423 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Meta denies

those allegations.  Meta further denies that Plaintiffs or anyone else has suffered any injury or damages in any amount or at all.

424.     The allegations in paragraph 424 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent the allegations in paragraph 424 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.  Meta further denies that Plaintiffs or anyone else has suffered any injury or harm in any form or at all.

425.     The allegations in paragraph 425 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied insofar as they pertain to Meta.  To the extent a response is required, Meta denies those allegations.  To the extent the allegations in paragraph 425 pertain to other parties, Meta lacks information sufficient to admit or deny those allegations.  Meta further denies that Plaintiffs are entitled to any form of punitive or exemplary damages.

## "PRAYER FOR RELIEF"

Meta responds to the Prayer for Relief as follows:  Meta denies that Plaintiffs are entitled to relief against Meta and requests that the Court dismiss all claims against Meta with prejudice and order such further relief as the Court deems just and proper.

## "DEMAND FOR JURY TRIAL"

Meta admits that Plaintiff purports to demand a jury trial on all counts so triable.

## AFFIRMATIVE DEFENSES

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Meta's knowledge, information, and belief at this time.  By asserting the defenses herein, Meta has not knowingly and intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time.  Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiffs' claims, Meta asserts the following separate and additional defenses:

1

## FIRST SEPARATE AND ADDITIONAL DEFENSE

2

### (Reservation of Defenses – Plaintiffs and Putative Class)

3      Meta denies all allegations not expressly admitted and specifically reserves all affirmative or

4 other defenses that it may have against Plaintiffs and the putative class.  It is not necessary at this

5 time for Meta to delineate defenses against the putative class because no class has been certified, and

6 the putative class members are not parties to this litigation.

7

## SECOND SEPARATE AND ADDITIONAL DEFENSE

8

### (Failure to State a Claim)

9      Plaintiffs' Consolidated Class Action Complaint, and each cause of action therein, fails to

10 state facts sufficient to constitute a cause of action against Meta upon which relief may be granted.

11

## THIRD SEPARATE AND ADDITIONAL DEFENSE

12

### (Failure to Plead with Particularity)

13      Plaintiffs' Consolidated Class Action Complaint fails to plead each purported cause of action

14 with sufficient particularity.

15

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

16

### (No Injury)

17      Plaintiffs and the putative class members have not sustained any injury, harm, and/or damage

18 as a result of any actions allegedly taken or omissions allegedly made by Meta, and are thus barred

19 from asserting any claim against Meta.

20

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

21

### (Statutes of Limitations)

22      Each of the claims of the Consolidated Class Action Complaint, in whole or in part, is barred

23 by the applicable statutes of limitations, including, but not limited to, by one or more statutes of

24 limitations under applicable law, as well as the contractual limitations period in Flo Health's Terms

25 of Service.

26

27

28

Gibson, Dunn &
Crutcher LLP

1

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

2

**(Laches)**

3       Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the

4   doctrine of laches.

5

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

6

**(Estoppel)**

7       Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the

8   doctrine of estoppel.

9

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

10

**(Waiver)**

11       Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the

12   doctrine of waiver.

13

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

14

**(Consent / Ratification)**

15       Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the

16   doctrine of consent and/or ratification.

17

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

18

**(Authorization)**

19       Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in

20   whole or in part, because at all relevant times, Meta's alleged conduct was authorized.

21

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

22

**(Unclean Hands / Inequitable Conduct)**

23       Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the

24   doctrines of unclean hands or *in pari delicto*, and/or inequitable conduct.

25

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

26

**(Adequate Remedy at Law)**

27       Plaintiffs' and the putative class members' claims for equitable and/or injunctive relief are

28   barred to the extent there is an adequate remedy at law.

1

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

2

### (No Irreparable Harm)

3    Plaintiffs' Consolidated Class Action Complaint fails to allege facts sufficient to state a claim

4  for injunctive relief, including that Plaintiffs were irreparably harmed.

5

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

6

### (Release)

7    Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent

8  they have been released.

9

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

10

### (Incident to Rendition of Services)

11    Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in

12  whole or in part, because at all relevant times, Meta's actions were a necessary incident to the

13  rendition of services.

14

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

15

### (Within Ordinary Course of Business)

16    Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in

17  whole or in part, because at all relevant times, Meta's actions were within the ordinary course of

18  business.

19

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

20

### (Justification)

21    Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in

22  whole or in part, because to the extent Meta engaged in any of the alleged acts, omissions, or

23  conduct, it did so with justification.

24

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

25

### (Unjust Enrichment)

26    The right to relief on behalf of Plaintiffs and putative class members is barred by the doctrine

27  of unjust enrichment.  Plaintiffs and the putative class members would be unjustly enriched if

28  allowed to recover the relief claimed to be due.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Standing)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members lack standing under Article III of the United States Constitution.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Barred by Contract)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by contracts and/or agreements entered into with Meta.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (No Privacy Interest)

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in whole or in part, because Plaintiffs do not maintain a legally protected privacy interest over any data Plaintiffs allege to have been impermissibly collected, Plaintiffs' continued use of Meta eliminated any reasonable expectation of privacy over any such information, and any such information was shared with Plaintiffs' explicit permission, consent, and/or ratification.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

Plaintiffs' and the putative class members' claims for damages are barred, in whole or in part, to the extent discovery reveals they failed to mitigate their damages.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Improper Class Action)

Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues, liability and damages cannot be proven on a class-wide basis, the putative class representative will not adequately represent the purported class, the putative class is not ascertainable, the proposed class action would not be

manageable, and a class action is not a superior method for adjudicating the purported claims set forth in Plaintiffs' Consolidated Class Action Complaint.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Action Unconstitutional – Absent Persons)

Any attempt to require Meta to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Action Unconstitutional – Jury Trial)

As a matter of constitutional right and substantive due process, Meta would be entitled to contest by jury trial its liability to any particular individual on whose behalf this action is purportedly brought.  Trying this case as a class action would violate the United States Constitution.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Intervening or Superseding Cause)

Plaintiffs' claims—and each and every member of the putative class's claims—are barred, in whole or in part, because the damages alleged in the Consolidated Class Action Complaint, if any, were caused by persons and entities other than Meta.  Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, by Plaintiffs and the putative class members against Meta.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unconstitutional Request for Statutory and Punitive Damages)

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited.  That is because (i) any recovery of statutory, punitive, or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (ii) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

1

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

2

**(Lack of Privity)**

3

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because

4

Meta is not in privity with Plaintiffs or the putative class members.

5

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

6

**(Lack of Standing Under 17200 *et seq.*)**

7

Plaintiffs' claims and the claims of the putative class members alleging violation of California

8

Business & Professions Code sections 17200 *et seq.* are barred, in whole or in part, because Plaintiffs

9

and the putative class members have no standing to sue under this law.

10

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

11

**(Lack of Standing Under 18 U.S.C. §§ 2510, *et seq.*)**

12

Plaintiffs' claims and the claims of the putative class members alleging violation of the

13

Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.*, are barred, in whole or in part,

14

because Plaintiffs and the putative class members have no standing to sue under this law.

15

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

16

**(Lack of Standing Under Cal. Penal Code 630, *et seq.*)**

17

Plaintiffs' claims and the claims of the putative class members alleging violation of the

18

California Invasion of Privacy Act, California Penal Code §§ 630, *et seq.*, are barred, in whole or in

19

part, because Plaintiffs and the putative class members have no standing to sue under this law.

20

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

21

**(Lack of Standing Under Cal. Penal Code § 502)**

22

Plaintiffs' claims and the claims of the putative class members alleging violation of the

23

California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, are barred,

24

in whole or in part, because Plaintiffs and the putative class members have no standing to sue under

25

this law.

26

27

28

1

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

2

### (Conduct Not "Unlawful")

3   Plaintiffs' and the putative class members' claim under Business & Professions Code section

4 17200, *et seq.* is barred, in whole or in part, because Meta's conduct is not unlawful.

5

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

6

### (Conduct Not "Unfair")

7   Plaintiffs' and the putative class members' claim under Business & Professions Code section

8 17200, *et seq.* is barred, in whole or in part, because Meta's conduct is not unfair.

9

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

10

### (No Law Violated)

11   Plaintiffs' and the putative class members' claim pursuant to Business & Professions Code

12 section 17200, *et seq.* fails because Meta has not violated any federal or state law with respect to

13 Plaintiffs or members of the putative class.

14

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

15

### (Conduct Not "Fraudulent")

16   Plaintiffs' and the putative class members' claim under Business & Professions Code section

17 17200, *et seq.* is barred, in whole or in part, because Meta's conduct is not fraudulent.

18

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

19

### (No Reliance)

20   Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in

21 whole or in part, because Plaintiffs cannot show they relied on Meta's alleged misrepresentations

22 and/or omissions.

23

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

24

### (No Deception)

25   Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in

26 whole or in part, because Plaintiffs cannot show they were deceived by Meta's representations and/or

27 omissions.

28

Gibson, Dunn &
Crutcher LLP

META'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT

### THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (No Knowledge of Alleged Falsity)

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in whole or in part, because Plaintiffs cannot show Meta knew of any alleged falsity related to its representations and/or omissions.

### FORTIETH SEPARATE AND ADDITIONAL DEFENSE

### (No Intent)

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in whole or in part, because Plaintiffs cannot show Meta intended to deceive anyone.

### FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (No Materiality)

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in whole or in part, because the alleged misrepresentations and/or omissions were not material.

### FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (No Duty to Disclose)

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in whole or in part, because Meta did not intentionally conceal or omit any material fact that it had a duty to disclose to Plaintiffs.

### FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (License)

Meta was licensed, either expressly or impliedly, to use the information that users provided and that is at issue in Plaintiffs' Consolidated Class Action Complaint.

### FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Knowledge / Awareness of Alleged Deception)

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred, in whole or in part, because Plaintiffs and members of the putative class proceeded with knowledge and/or awareness of the occurrences that form the bases of their claims as alleged in the Consolidated Class Action Complaint and thus were not deceived.

1

**FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

2

**(Mootness)**

3    Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine

4    of mootness.

5

**FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

6

**(Speculative Remedies)**

7    Plaintiffs' claims are barred, in whole or in part, because the remedies sought are speculative,

8    remote, and impossible to ascertain.

9

**FORTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

10

**(Improper Request for Attorneys' Fees)**

11    Plaintiffs' request for attorneys' fees in this matter is barred because it lacks any basis in law

12    or contract.

13

**FORTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

14

**(Failure to State Claim for Punitive Damages)**

15    Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it fail to set forth

16    facts sufficient to constitute a claim of relief for punitive or exemplary damages in that Meta did not

17    act with malice, fraud, or oppression with respect to Plaintiffs.

18

**FORTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

19

**(Protection from Excessive Fines)**

20    In the alternative, without admitting any liability whatsoever and without admitting that

21    Plaintiffs have suffered any purported loss or damage whatsoever, Plaintiffs' Consolidated Class

22    Action Complaint and the alleged claims in it are barred to the extent Plaintiffs seek exemplary or

23    punitive damages, because such damages violate Meta's right to protection from excessive fines.

24

**FIFTIETH SEPARATE AND ADDITIONAL DEFENSE**

25

**(Civil Code Section 3294)**

26    Any award of punitive damages is barred under Civil Code Section 3294 and other provisions

27    of law.

28

**FIFTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Unauthorized Remedies)**

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred in whole or in part because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

**FIFTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Double Recovery)**

Plaintiffs' Consolidated Class Action Complaint and the alleged claims in it are barred to the extent that Plaintiffs or the putative class members recover or have recovered any alleged damages already or from sources other than Meta.

**FIFTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Damages Not Compensable)**

Plaintiffs' claims are barred, in whole or in part, because the damages alleged to have been suffered are not compensable under the law.

**FIFTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Additional Affirmative Defenses)**

Meta has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available.  Meta has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter.  Meta further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.


Dated:  August 8, 2022          GIBSON, DUNN & CRUTCHER LLP


                                By:  _____/s/ Ashley Rogers_____
                                          Ashley Rogers

                                *Attorneys for Defendant Meta Platforms, Inc.*
                                *(formerly known as Facebook, Inc.)*