James M. Wagstaffe (95535)
Frank Busch (258288)
**WAGSTAFFE, VON LOEWENFELDT,**
**BUSCH & RADWICK LLP**
100 Pine Street, Suite 725
San Francisco, CA 94111
Tel: (415) 357-8900
Fax: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Counsel for Plaintiffs Erica Frasco*
*and Sarah Wellman*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Interim Co-Lead Counsel for Plaintiffs and*
*the Proposed Class*

Carol C. Villegas (*pro hac vice*)
Michael Canty (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Interim Co-Lead Counsel for Plaintiffs and the*
*Proposed Class*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF,**
**P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Interim Co-Lead Counsel for Plaintiffs and*
*the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>FLO, HEALTH, INC., GOOGLE, LLC, FACEBOOK, INC., APPSFLYER, INC., and FLURRY, INC.,<br><br>      Defendants. | Case No. 3:21-cv-00757-JD (consolidated)<br><br>**DECLARATION OF KENT M. WILLIAMS IN SUPPORT OF MOTION TO STRIKE FLO HEALTH, INC.'S AFFIRMATIVE DEFENSES**<br><br>Judge:     Hon. James Donato<br>Court:     Courtroom 11 – 19th Floor<br><br>Action Filed:  January 29, 2021<br>Trial Date:   Not Set |

1

**DECLARATION OF KENT M. WILLIAMS**

I, Kent M. Williams, declare as follows:

1. I am one of the counsel representing Plaintiffs in the above-captioned action. Unless otherwise indicated, I have personal knowledge of all statements contained herein.

2. On September 2, 2021, Plaintiffs filed their Consolidated Class Action Complaint, alleging fourteen separate claims. ECF No. 64.

3. On October 1, 2021, the Court entered a Scheduling Order setting a discovery deadline of October 14, 2022, and a deadline for expert reports of November 3, 2022. ECF No. 76 at 2.

4. On or about November 1, 2021, Flo Health, Inc. ("Flo") moved to dismiss the entirety of the Consolidated  Complaint on various grounds, including for failure to state a claim and lack of standing. ECF No. 93. The other defendants also moved jointly to dismiss the consolidated Class Action Complaint.  ECF No. 86.

5. On June 6, 2022, the Court dismissed with leave to amend all of the claims against Defendant AppsFlyer, the unjust enrichment claims against Meta Platforms, Inc. (f/k/a/ Facebook, Inc.) ("Meta"), Google, LLC ("Google") and Flurry, Inc. ("Flurry"), and the Stored Communications Act claim against Flo. ECF No. 158.  The Court held that the rest of Plaintiffs' claims were adequately pled, rejected each of Defendants' other arguments, and denied the balance of Defendants' motion. *Id*.

6. Plaintiffs did not amend and thus thirteen of Plaintiffs' claims remain in this case: Count 1 (Violation Common Law Invasion of Privacy – Intrusion Upon Seclusion) (Against Flo only); Count 2 (Invasion of Privacy and Violation of the California Constitution, Art. 1, § 1) (Against Flo only); Count 3 (Breach of Contract) (Against Flo only); Count 4 (Breach of Implied Contract)(Against Flo only); Count 7 (Violation of California Confidentiality of Medical Information Act (Against Flo Health only); Count 8 ((Violations of Cal. Bus. & Prof. Code §§ 17200 *et. seq.*) (Against Flo Health); Count 9 (Violations of Cal. Bus. & Prof. Code §§ 17200 *et. seq.*)(Against Meta, Google, and Flurry); Count 10 (Aiding and Abetting Violations of Cal. Bus.

& Prof. Code §§ 17200 *et. seq.*)(Against Meta, Google and Flurry); Count 11 (Aiding and Abetting Violation Common Law Invasion of Privacy – Intrusion Upon Seclusion) (Against Meta, Google and Flurry); Count 12 (Violation of the Federal Wiretap Act (Against Meta, Google, and Flurry); Count 13 (Violation of the California Invasion of Privacy Act) (Against Facebook, Google, and Flurry); and Count 14 (Violation of the Comprehensive Computer Data Access and Fraud Act)( Against Flo Health, Facebook, Google, and Flurry).

7.      On August 8, 2022, Defendants Flo, Meta, and Google filed Answers and Affirmative Defenses. *See* ECF Nos. 173-75.  For the Court's convenience, pertinent sections from each Defendant's Answer are attached  *See* Exhibit A (Flo Answer), Exhibit B (Meta Answer), and Exhibit C (Google Answer) attached hereto.

8.      The defenses among the three defendants overlap significantly. Some even use identical language.  A number of Flo's defenses appear to be copied from Meta's pleading, with few if any changes.  *See* Exhibit D attached hereto (chart of Flo's affirmative defenses and the corresponding defenses of the other two defendants); *see also* Flo Def. Nos. 23, 27 & 30 (which refer to "Meta" instead of Flo).

9.      On Friday, August 19, 2022, I notified counsel for Flo, Meta and Google that Plaintiffs objected to their respective affirmative defenses because most do not identify any facts, fail to provide fair notice of supporting facts or the claims to which they apply, or suffer from other deficiencies. For each type of objection, I included examples of specific defenses that we consider invalid.  I also provided caselaw supporting our position, and for each defendant I followed up with a detailed explanation of our objections to each affirmative defense that we challenged.

10.      Counsel for Meta and Google expressed a willingness to discuss our objections. In a series meet and confers held separately with counsel for each of these defendants, I further explained our objections and answered questions about them. I explained that many enumerated defenses were improper "negative" defenses redundant of previous denials, and/or failed to allege

DECLARATION OF KENT M. WILLIAMS IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE FLO HEALTH, INC.'S AFFIRMATIVE DEFENSES

facts or identify the claims to which they apply, sufficient to put Plaintiffs on "fair notice" of the substance of the defenses. On behalf of Plaintiffs I demanded that each of them strike the "negative" defenses, and either amend or strike the remainder that were objectionable. Meta has informed Plaintiffs that it will amend its answer today (Monday, August 29, 2022), and Plaintiffs entered into a stipulation with Google to briefly extend the applicable deadlines while the parties work through the unresolved objections. *See* ECF No. 180.

11.     On August 26, 2022, I met and conferred with Flo's counsel. Flo's counsel questioned the importance of determining the validity of Flo's affirmative defenses, and asked what the prejudice to Plaintiffs would be if the defenses were not amended, which I answered in a follow-up email. Also, although I already provided caselaw, Flo's counsel demanded even more authority supporting our position.  Flo's counsel did provide limited additional facts regarding one or two of Flo's defenses, but refused to add those facts to Flo's pleading. When I noted that most of Flo's defenses also do not state the claims to which they apply, Flo's counsel retorted, "all of them." Shortly thereafter, Flo's counsel refused to discuss the defenses further. Counsel for both sides agreed they had reached an impasse and terminated the call.

12.     The next day, i.e. on Saturday, August 27, 2022, co-counsel for Flo reiterated that "this is a super unproductive and baseless exercise for the plaintiffs" and asserted that "in 32 years of practice, this is the first time I've ever had an opposing counsel complain about affirmative defenses, much less threaten a motion about them." Nonetheless, Flo's counsel proposed waiting another week to "see" if the parties could reach agreement on the defenses.  Without a concrete proposal from Flo or some other indication that Flo (like Meta and Google) is willing to amend at least some of its defenses, the proposal to extend the time for a motion was rejected.  This motion followed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DECLARATION OF KENT M. WILLIAMS IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE FLO HEALTH, INC.'S AFFIRMATIVE DEFENSES

Dated: August 29, 2022

Kent M. Williams

DECLARATION OF KENT M. WILLIAMS IN SUPPORT OF PLAINTIFFS' MOTION TO
STRIKE FLO HEALTH, INC.'S AFFIRMATIVE DEFENSES