**Labaton Sucharow**

**Carol C. Villegas**
Partner
212 907 0824 direct
212 907 0700 main
212 883 7524 fax
cvillegas@labaton.com

New York Office
140 Broadway
New York, NY 10005

December 16, 2022

**VIA E-MAIL**

The Honorable James Donato
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   *Frasco et al. v. Flo Health Inc. et al.,* No. 3:21-cv-00757-JD

Dear Judge Donato:

Plaintiffs, with Defendant Meta Platforms, Inc.'s ("Meta") consent, write regarding a housekeeping matter related to Plaintiffs' Administrative Motion to File Under Seal (the "Administrative Motion," ECF No. 224), pertaining to Plaintiffs' Motion for Protective Order to Close the Deposition of Plaintiff Tesha Gamino and Quash the Deposition Notices of Madeline Kiss and Jennifer Chen (the "Protective Order Motion," ECF No. 223).

Within the Administrative Motion, Plaintiffs stated the basis for their request that the Court accept their request for discrete redactions protecting sensitive information in Plaintiffs' Protective Order Motion. In addition, Plaintiffs' Administrative Motion identified Meta as a "designating party" for confidential information at issue and cited the relevant rules requiring designating parties to make an appropriate motion regarding the redactions.

The redactions concern information from Plaintiff Gamino's accounts with Meta, and this information was produced by Meta subject to an agreement whereby Plaintiff signed a consent form (the "Consent") that stated the following: "I, Tesha Gamino, hereby give express and voluntary consent for Meta Platforms, Inc. ('Meta') to produce and disclose all documents, information, data, and files relating to any accounts I have, or had, with Meta . . . . Pursuant to the Protective Order, I, through my counsel, designate my files as Confidential."

The protective order defines a "designating party" as a party who produces information with confidentiality designations. ECF No. 112 § 2.4. As such, Plaintiff believed Meta was properly identified as a "designating party" in the Administrative Motion. Meta does not view itself as a "designating party," and does not intend to make a filing supporting the Administrative Motion. Plaintiffs agree that Meta's position is reasonable.

For the avoidance of doubt, Meta does not oppose Plaintiffs' Administrative Motion requesting that portions of the Protective Order Motion be sealed. This letter is solely intended to clarify why Meta does not intend to file a separate motion supporting the Administrative Motion.

Labaton Sucharow

December 16, 2022
Page 2

Sincerely,

*/s/ Carol C. Villegas*

Carol C. Villegas