UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>FLO HEALTH, INC., et al.,<br><br>            Defendants. | Case No.  3:21-cv-00757-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

    A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021).  Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts.  This is why the business of the federal judiciary is done in open court.

    In limited circumstances, there may be grounds for curtailing public access.  This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why.  A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *DZ Rsrv. v. Facebook, Inc.*, No. 18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021).  General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing."  *In re Google Play Store*, 556 F. Supp. 3d at 1107.

1   This order addresses a slew of motions to seal portions of discovery letters.  Dkt. Nos. 199,
2   219, 224, 229, 280, 283, 290, 299, 301, 307, 309.  The Court's sealing determinations are stated in
3   the attached chart.  *See* Ex. A.

4   Many of the sealing requests are tethered to filings that refer to information contained in
5   documents designated as confidential under a stipulated protective order.  As stated above, that is
6   not enough to warrant sealing.  Otherwise, the parties offer perfunctory claims that the discovery
7   letters and underlying documents contain confidential information which should be shielded from
8   public view.  For example, Flo says that certain references in a discovery dispute letter "implicate
9   trade secrets . . . including Flo's technical information, as well as its efforts to understand the
10  market, improve the Flo App, successfully attract new users, and maintain current users."  Dkt.
11  No. 309-1 ¶ 6.  Flo states, in conclusory fashion, that disclosure of the information "could
12  undermine Flo's competitive posture."  *Id.*  "Such conclusory and unsupported formulations,
13  which for example do not explain how a competitor would use the information to obtain an unfair
14  advantage, are insufficient for sealing."  *DZ Rsrv.*, 2021 WL 75734, at *1.

15  The "'default posture of public access prevails'" for the documents, or portions thereof,
16  that the Court declines to seal.  *In re Google Play Store*, 556 F. Supp. 3d at 1108 (quoting
17  *Kamakana*, 447 F.3d at 1182).  The parties are directed to file unredacted versions of the relevant
18  documents on ECF within 7 days of this order.  Civ. L.R. 79-5(g).

19  **IT IS SO ORDERED.**

20  Dated:  August 8, 2023

_____
JAMES DONATO
United States District Judge

**Exhibit A to Order re Motions to Seal**

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Discovery Letter Brief re Meta's source code, Dkt. No. 199-2 | Highlighted portions of pages 1-2 | Contains references to the contents of documents that Meta has designated as confidential or highly confidential during discovery. (*See* Dkt. No. 199 at ECF p. 4) | **Denied.** Meta did not ask to seal the letter brief in its response. (*See* Dkt. No. 201 ¶ 11) |
| Discovery Letter Brief re Plaintiffs' RFP Sets 2, 4, 5; Interrogatory 4, Dkt. No. 219-2 | Highlighted portions of pages 1-2 | Contains references to the contents of documents that Meta has designated as confidential during discovery. (*See* Dkt. No. 219 at ECF p. 4) | **Denied.** No further showing was made by Meta to demonstrate why the highlighted portions of the discovery letter should be sealed. |
| Plaintiffs' Motion for a Protective Order, Dkt. No. 224-2 | Highlighted portions of pages 1, 8 | Contains descriptions of portions of the deposition of plaintiff Gamino that concern her own personal, highly sensitive and/or health information. (*See* Dkt. No. 224 at ECF p. 4) | **Granted.** |
| Flo's Response to Plaintiffs' Sealing Motion, Dkt. No. 229-1 | Highlighted portions of pages 1-3 | Contains references to, or quotations from, material that plaintiffs sought to seal at Dkt. No. 224. (*See* Dkt. No. 229 at 1) | **Granted.** |
| Plaintiffs' Request for Permission to File a Discovery Dispute Letter, Dkt. No. 280-2 | Highlighted portions of page 1 | Contains references to, and information taken from, materials that Meta has designated as confidential during discovery. (*See* Dkt. No. 280-1 ¶ 6) | **Denied.** No further showing was made by Meta to demonstrate why the highlighted portions of the request should be sealed. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Flo's Request for Permission to File a Discovery Dispute Letter, Dkt. No. 283-2 | Highlighted portions of page 1 | Contains references to, and information taken from, materials that plaintiffs have designated as confidential during discovery. (*See* Dkt. No. 283 at 1) | **Denied.** No further showing was made by plaintiffs to demonstrate why the highlighted portions of the request should be sealed. |
| Plaintiffs' Request for Permission to File a Motion to Compel, Dkt. No. 290-2 | Highlighted portions of pages 1 and 2 | Contains references to, and information taken from, materials that Flo has designated as confidential during discovery. (*See* Dkt. No. 290-1 ¶ 6) | **Denied.** No further showing was made by Flo to demonstrate why the highlighted portions of the request should be sealed. |
| Exhibit A to Plaintiffs' Request for Permission to File a Motion to Compel, Dkt. No. 290-3 | Highlighted portions of page 1 | Contains references to, and information taken from, materials that Flo has designated as confidential during discovery. (*See* Dkt. No. 290-1 ¶ 6) | **Denied.** No further showing was made by Flo to demonstrate why the highlighted portions of the request should be sealed. |
| Discovery Letter Brief re Class Members' Use of the Flo App, Dkt. No. 299-2 | Highlighted portions of pages 2 and 3 | Contains references to, and information taken from, materials that Flo and Meta have designated as confidential during discovery. (*See* Dkt. No. 299-1 ¶ 6) | **Denied.** No further showing was made by Flo or Meta to demonstrate why the highlighted portions of the discovery letter should be sealed. (*See also* ruling re Dkt. No. 307-3) |
| Discovery Letter Brief re Deposition of Roman Bugaev, Dkt. No. 301-3 | Highlighted portions of pages 1-3 | Contains references to, and information taken from, materials that Flo and Meta have designated as confidential during discovery. (*See* Dkt. No. 301-1 ¶ 6) | **Denied.** No further showing was made by Flo to demonstrate why the highlighted portions of the discovery letter should be sealed. (*See also* ruling re Dkt. No. 309-3) |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Responsive Letter Brief re Class Members' Use of the Flo App, Dkt. No. 307-3 | Highlighted portions of page 2 | Includes information "that implicates trade secrets -- which could undermine Flo's competitive posture if disclosed -- including Flo's technical information, as well as its efforts to understand the market, improve the Flo App, successfully attract new users, and maintain current users." (Dkt. No. 307-1 ¶ 2) | **Denied.** Flo offered nothing more than perfunctory claims in support of its sealing request, and has not adequately explained how disclosure of this material would cause competitive harm. |
| Responsive Letter Brief re Deposition of Roman Bugaev, Dkt. No. 309-3 | Highlighted portions of pages 2-3 | Includes information "that implicates trade secrets -- which could undermine Flo's competitive posture if disclosed -- including Flo's technical information, as well as its efforts to understand the market, improve the Flo App, successfully attract new users, and maintain current users." (Dkt. No. 309-1 ¶ 6) | **Denied.** Again, Flo offered nothing more than perfunctory claims in support of its sealing request, and has not adequately explained how disclosure of this material would cause competitive harm. |