# EXHIBIT 32

Brenda R. Sharton (Admitted Pro Hac Vice)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com

*Attorneys for Defendant Flo Health, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>        v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, FACEBOOK, INC., APPSFLYER, INC., and FLURRY, INC.,<br><br>                                    Defendants. | Case No.: 3:21-cv-00757-JD<br><br>**FLO HEALTH, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>CONSOLIDATED COMPLAINT FILED: September 2, 2021 |

SARAH WELLMAN, individually and on
behalf of all others similarly situated,

                              Plaintiff,
        v.

FLO HEALTH, INC., GOOGLE, LLC,
FACEBOOK, INC., APPSFLYER, INC., and
FLURRY, INC.,

                              Defendants.

JUSTINE PIETRZYK, individually and on
behalf of all others similarly situated,

                              Plaintiff,
        v.

FLO HEALTH, INC., GOOGLE, LLC,
FACEBOOK, INC., APPSFLYER, INC., and
FLURRY, INC.,

                              Defendants.

JENNIFER CHEN, individually and on
behalf of all others similarly situated,

                              Plaintiff,
        v.

FLO HEALTH, INC., GOOGLE, LLC,
FACEBOOK, INC., APPSFLYER, INC., and
FLURRY, INC.,

                              Defendants.

TESHA GAMINO, individually and on
behalf of all others similarly situated,

                              Plaintiff,
        v.

FLO HEALTH, INC., GOOGLE, LLC,
FACEBOOK, INC., APPSFLYER, INC., and
FLURRY, INC.,

                              Defendants.

|   |   |
|---|---|
| 1 | LEAH RIDGWAY and AUTUMN MEIGS, individually and on behalf of all others similarly situated, |
| 2 | |
| 3 | |
| 4 | Plaintiffs, |
|   | v. |
| 5 | FLO HEALTH, INC., GOOGLE, LLC, FACEBOOK, INC., APPSFLYER, INC., and FLURRY, INC., |
| 6 | |
| 7 | Defendants. |
| 8 | |
| 9 | MADELINE KISS, individually and on behalf of all other similarly situated, |
| 10 | Plaintiff, |
|   | v. |
| 11 | |
| 12 | FLO HEALTH, INC., GOOGLE, LLC, FACEBOOK, INC., APPSFLYER, INC., and FLURRY, INC., |
| 13 | |
| 14 | Defendants. |

PROPOUNDING PARTY:   Plaintiffs Erica Frasco, Sarah Wellman, Justine Pietrzyk, Jennifer Chen, Tesha Gamino, Leah Ridgway, Autumn Meigs, and Madeline Kiss.

RESPONDING PARTY:    Flo Health, Inc.

SET NO.:             One (Requests Nos. 1-7)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Civil Local Rules of the U.S. District Court for the Northern District of California (the "Local Rules"), Defendant Flo Health, Inc. ("Flo") objects and responds to Plaintiffs' First Set of Interrogatories (the "Interrogatories" and each an "Interrogatory") as follows.

## PRELIMINARY STATEMENT

1.     Flo's responses to the Interrogatories are made in good faith to the best of its current knowledge, information, belief, and understanding of the Interrogatories. Flo's factual and legal investigation of this matter is ongoing. Further, the parties have not engaged in any meet and confer regarding the Interrogatories, many of which are overbroad or otherwise objectionable. Flo reserves the right to supplement or amend any responses in accordance with any agreement between the parties or should future investigation indicate that such supplementation or amendment is necessary and to utilize any additional evidence that may be developed.

2.     Flo's provision of any information is not an admission that such information is relevant or admissible. Flo reserves the right to contend that the requested information is inadmissible, irrelevant, immaterial, or otherwise objectionable.

3.     Some of Flo' responses to the Interrogatories are designated as Confidential and are made solely for the purpose of and in relation to the above-captioned action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

4.     Flo incorporates by reference each and every general objection set forth below into each and every specific response. Some specific responses may repeat a general objection for

1  emphasis or some other reason. The failure to include any general objection in any specific response

2  shall not be interpreted as a waiver of any general objection to that response.

3       5.     Nothing contained in these Responses and Objections or provided in response to the

4  Interrogatories consists of, or should be construed as, an admission relating to the accuracy,

5  relevance, existence, or nonexistence of any alleged facts or information referenced in or assumed

6  by any Interrogatory.

7  **GENERAL OBJECTIONS**

8       1.     Flo objects to each Interrogatory on the grounds that and to the extent it requests any

9  information or documents that are protected from disclosure by the attorney-client privilege, the

10  work product doctrine, joint-defense privilege, the self-investigative privilege, or any other legally

11  recognized privilege, immunity, or exemption (collectively, "Privileged Information"). Privileged

12  Information will not be knowingly disclosed or produced. Any disclosure of Privileged Information

13  in response to any Interrogatory is inadvertent and not intended to waive any privileges or

14  protections. Flo reserves the right to demand that Plaintiff return or destroy any Privileged

15  Information inadvertently produced, including all copies and summaries thereof.

16       2.     Flo objects to the Interrogatories, including the Definitions and Instructions, to the

17  extent they purport to require Flo to produce information or documents relating to any information

18  about App users that Flo shared with third-party app developers other than purported health-related

19  information shared with the Analytics Defendants[1], as such Interrogatories are overbroad, unduly

20  burdensome, and call for information that is neither relevant to the claims or defenses nor

21  proportional to the needs of the case.

22       3.     Flo objects to the Interrogatories, including the Definitions and Instructions, to the

23  extent they purport to require Flo to provide "all" or "any" information relating to a given subject

24  matter as overbroad, unduly burdensome, and not proportional to the needs of the case.

25

26

27  [1] The "Analytics Defendants" means Defendants Google, LLC, Meta Platforms, Inc., and Flurry,

28  Inc.

4.      Flo objects to the Interrogatories, including the Definitions and Instructions, as unduly burdensome and oppressive to the extent that they seek information which Flo does not track and prepare in the regular course of business. An agreement by Flo to provide information for purposes of this action does not waive this objection.

5.      Flo objects to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to require production of information that is public; already in Plaintiffs' possession, custody, or control; not in the possession, custody, or control of Flo; or otherwise available from sources other than Flo to which Plaintiffs have access, on the grounds that such Interrogatories are unnecessary, overbroad, and unduly burdensome.

6.      Flo objects to any Interrogatory as unduly burdensome to the extent it seeks information that is more easily available from another source, including the Analytics Defendants.

7.      Flo generally objects to the Interrogatories to the extent that the information sought is more appropriately pursued through another discovery tool.

8.      Flo objects to Plaintiffs' Definitions and to any Interrogatory to the extent they purport to give meaning or legal significance to a document, fact, or purported fact whose meaning or significance is subject to dispute between the parties. Flo's responses to each Interrogatory shall not constitute an admission or concession to any of the definitions, terms, and phrases used therein. Flo further objects to any definitions to the extent they exceed the scope allowed under the Federal Rules of Civil Procedure, the parties' Protective Order, and/or the ESI Protocol. By responding to any Interrogatory, Flo does not concede the relevance or admissibility of any of the information provided.

9.      Flo objects to the Interrogatories to the extent that any Interrogatory, definition, or instruction assumes facts and events, including characterizations assumed to be accurate, and/or contains legal conclusions. By providing responses to these Interrogatories, Flo does not admit or concede that any assumed fact, event, characterization, or legal conclusion is correct or accurate and Flo expressly reserves the right to contest any and all assumed facts, events, characterizations, and legal conclusions.

10.     Flo objects to Plaintiffs' Instructions and Definitions to the extent they purport to impose discovery obligations that differ from or exceed the discovery obligations imposed by the Federal Rules, the Local Rules, or Judge Donato's Standing Order for Discovery in Civil Cases, any other applicable federal or state law, and any agreements between the parties. Flo will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules, laws, or agreements.

11.     Flo generally objects to each Interrogatory to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or are of such marginal relevance that the probative value is outweighed by the burden imposed on Flo in having to provide such information, including any Interrogatory that seeks information for any time period outside of the Relevant Time Period.

12.     Flo generally objects to each Interrogatory to the extent the Interrogatory is vague, ambiguous, unreasonably cumulative, or duplicative, including to the extent it seeks information that is otherwise responsive to other Interrogatory responses.

13.     Flo objects to the Interrogatories to the extent that any Interrogatory seeks premature expert discovery or disclosure of expert opinions and goes beyond the scope of permissible expert discovery. Flo will provide expert discovery and disclosures on the dates set by the Court in compliance with the discovery rules, and it assumes no further obligation in responding to these Interrogatories.

14.     Flo objects to the Interrogatories, including the Definitions and Instructions, to the extent that such Interrogatories are overbroad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case because they are not limited to events or issues related to the information that that Plaintiffs allege Flo shared with the Analytics Defendants. Subject to and without waiving any objection, Flo will disclose information insofar as it pertains to events or issues related to the purportedly sensitive health information that Plaintiffs allege Flo shared with the Analytics Defendants via Custom App Events during the relevant timeframe.

15.     Flo generally objects to the Interrogatories to the extent that the information sought is more appropriately pursued through another discovery tool.

16.     Flo generally objects to each Interrogatory on the grounds and to the extent that providing such information demanded therein would violate the right of privacy of third parties under California law or other applicable laws of any relevant jurisdiction, or that providing such information is otherwise prohibited by law, or is subject to legal requirements for notification of third parties.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Flo objects to the Plaintiffs' definition of "Standard App Event" and "Custom App Event," which Plaintiffs define as having "the same definition as [those] term[s] [are] used in Plaintiffs' Consolidated Class Action Complaint." Pls.' First Set of Interrogatories, at Definitions ¶¶ 5, 17. These terms are not defined in Plaintiffs' Consolidated Class Action Complaint. Flo interprets Custom App Events to mean App Events categories created by Flo that relate to substantive interactions between the user and the Flo App, such as whether a user accessed a certain App feature or entered certain information into the App. This does not include App Events created by third-parties or App Events that relate to purely technical events (such as whether a user installed or opened the App) even if created by Flo.

2.     Flo objects to the definition of "User Data" to the extent it purports to include information other than user health information. Nevertheless, for purposes of discovery only, Flo agrees to use the definition of User Data agreed upon by email on August 12, 2022.

3.     Flo objects to the definition of "Health Information" as vague, ambiguous, and overbroad. Flo also objects to this term as argumentative, lacking foundation, and incorporating allegations and assertions that are in dispute and erroneous to the extent this term suggests that data collected by, stored in, or transmitted from the Flo App is "sensitive" and/or constitutes "health information," which are legal issues in dispute in this action.

4.     Flo objects to the definition of "Relevant Period" as 2016 through June 30, 2021, on the grounds that the alleged sharing of health-related user information by Flo at issue in Plaintiffs'

1    complaint, to the extent it occurred, ended in February 2019. Nevertheless, for purposes of discovery

2    only, Flo has agreed to produce information through June 30, 2021.

3        5.      Flo further objects to Plaintiffs' definition of the terms "User" and "User Data" on

4    the grounds that they make no distinction as to whether or not users reside within the United States

5    or used the Flo App within the Relevant Period. Plaintiffs' proposed class includes only United

6    States App users who used the App during the Relevant Period. Accordingly, User Data for users

7    outside that putative class is irrelevant to this Action. Moreover, it would be unduly burdensome

8    and not proportional to the needs of the case for Flo to collect and produce information regarding

9    users of the App who are not members of the putative class. Thus, Flo interprets the terms "User"

10   and "User Data" to be limited to users in the United States during the Relevant Period.

11       6.      Flo objects to Plaintiffs' definition of "You" or "Your" as overly broad and unduly

12   burdensome to the extent these terms are meant to include any individual(s), entit(ies), or any other

13   person(s) over which Flo exercises no control and to the extent that Plaintiffs purport to use these

14   terms to impose obligations on Flo that go beyond the requirements of the Federal and Local Rules.

15   Flo further objects to this definition to the extent that Plaintiffs purport to use this defined term to

16   seek information that is not relevant to the claims and defenses in this action.

17       7.      Flo objects to Instruction No. 13 to the extent it would require Flo to undertake any

18   obligation beyond what is required in the Federal and Local Rules, and specifically to Plaintiffs'

19   request to identify business records by identifying the "name(s) of your employee(s) certifying the

20   documents as business records."

21       8.      Flo objects to Instruction No. 10 to the extent it would require Flo to undertake any

22   obligation beyond what is required in the Federal and Local Rules. A corporate entity may verify

23   answers "without personal knowledge . . . by furnishing such information as is available to the

24   party." *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007); *see also*

25   *Apple Hill Growers v. El Dorado Orchards, Inc.*, 2022 WL 1506205, at *14 (E.D. Cal. May 12,

26   2022); *Romex Textiles, Inc. v. HK World, LLC*, 2019 WL 8163476, at *9 (C.D. Cal. Oct. 18, 2019);

27   *Gardias v. San Jose State Univ.*, 2007 WL 2288325, at *1 (N.D. Cal. Aug. 9, 2007) (all similar).

28

9. Flo objects to Instruction No. 13 to the extent it would require Flo to undertake any obligation beyond what is required in the Federal and Local Rules, and specifically to Plaintiffs' request to identify business records by identifying the "name(s) of your employee(s) certifying the documents as business records."

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

Subject to the responses and objections set forth above, Flo further responds and objects as follows.

## INTERROGATORY NO. 1

Identify all Persons to whom You Transferred Flo User Data.

## RESPONSE TO INTERROGATORY NO. 1

Flo restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though fully set forth in this Response. Flo further objects to this Interrogatory on the following additional grounds:

A. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the undefined term "Transfer." This Interrogatory is also vague, ambiguous, overbroad, and/or unduly burdensome in that it seeks information about all transfers of User Data regardless of recipient, purpose, scope, or frequency.

B. Flo also objects to the definition of "Person" and the reference to "all Persons" as overbroad, unduly burdensome, and on the basis that it seeks information irrelevant to this action and/or disproportionate to the needs of the case. Flo likewise objects to this Interrogatory to the extent it seeks information concerning any third party other than an Analytics Defendant.

C. Flo also objects to the definition of Flo User Data as irrelevant, overbroad, unduly burdensome, and thus disproportionate to the needs of the case to the extent it refers to data other than purportedly sensitive health information that Plaintiffs allege Flo transmitted to Analytics Defendants via Custom App Events in its App during the time period relevant to the claims or defenses asserted in this action. Nevertheless, pursuant for purposes of discovery only, Flo agrees to use the definition of User Data agreed upon by email on August 12, 2022.

Subject to and without waiving the foregoing objections, and based on a reasonable inquiry of the information available as of the date of these responses, Flo responds that at various points during the Relevant Period Flo transferred at least one type of User Data (as defined above) to the following recipients:

- Alibaba Cloud
- Amazon Web Services
- Amplitude
- AppsFlyer
- Cloudflare
- Fabric
- Flurry
- Google
- Meta (formerly known as Facebook)
- Servers.com

**INTERROGATORY NO. 2**

For each Non-Flo Defendant, Identify all Custom App Events that were Transferred to that Non-Flo Defendant for each year of the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 2**

Flo restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though fully set forth in this Response. Flo further objects to this Interrogatory on the following additional grounds:

A. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the undefined term "Transfer." This Interrogatory is also vague, ambiguous, overbroad, and/or unduly burdensome in that it seeks information about all transfers of Custom App Events regardless of recipient, purpose, scope, or frequency.

B. Flo further objects to the request for information on "all Custom App Events" as overbroad, irrelevant, unduly burdensome, and thus disproportionate to the needs of the case to the extent it asks Flo to identify Custom App Events other than those with purportedly health-related labels, which are the Custom App Events at issue in this action.

Subject to and without waiving the foregoing objections, and based on a reasonable inquiry of the information available as of the date of these responses, Flo responds as follows:

**Flurry**

Flo used Flurry from approximately June 2016 through February 23, 2019. Therefore, no Custom App Events were shared with Flurry outside that timeframe, including all of 2020, and 2021.

For the period from approximately June 2016 through February 23, 2019, when Flo used Flurry, Flo does not have records for which Custom App Events were actually transmitted to Flurry and if so when. However, the outer bounds of what Custom App Events could have been transferred to Flurry during that time period are as follows:

- APP_STARTED
- R_FIRST_LAUNCH
- R_GDPR_SHOWN GDPR
- R_GDPR_NEXT

1. • R_GDPR_SHOWN_OLD
2. • R_GDPR_NEXT_OLD
3. • R_CHOOSE_GOAL
4. • R_SELECT_LAST_PERIOD_DATE
5. • R_SELECT_CYCLE_LENGTH
6. • R_SELECT_PERIOD_LENGTH
7. • R_AGE_CHOSEN_PERIODS
8. • R_ACCEPT_PUSHES_PERIODS
9. • R_PREGNANCY_WEEK_CHOSEN
10. • R_PREGNANCY_WEEK_CHOSEN_UNKNOWN
11. • R_AGE_CHOSEN_PREGNANCY
12. • R_ACCEPT_PUSHES_PREGNANCY
13. • R_PREGNANCY_METHOD
14. • R_PREGNANCY_METHOD_DATE
15. • R_AGE_CHOSEN_PREGNANCY_METHOD
16. • R_ACCEPT_PUSHES_PREGNANCY_METHOD
17. • R_PERIOD_LENGTH_HELP
18. • R_PERIOD_CYCLE_HELP
19. • R_KIDS
20. • R_KID_BORN
21. • R_LOGIN
22. • R_INSIDE_APP
23. • APPSFL_INSIDE_APP R_TOU_PP
24. • R_TOU_PP
25. • PLUS_OPEN
26. • PLUS_CLOSED
27. • PLUS_SETTINGS
28. • PLUS_SETTINGS_CLOSED

1. • APPSFL_PLUS_ADDED
2. • CALENDAR_OPENED
3. • CALENDAR_YEAR_VIEW_OPENED
4. • CALENDAR_MONTH_VIEW_OPENED
5. • CALENDAR_PERIOD_EDIT_OPEN
6. • CALENDAR_PERIOD_EDIT_CLOSED
7. • CALENDAR_DAY_INFO
8. • MAIN_SCREEN
9. • APPSFL_FEED_OPENED
10. • FEED_OPENED
11. • APPSFL_HEALTH_PROF
12. • SURVEY_OPENED
13. • SURVEY_CLOSED
14. • FEED_CARD_INFEED
15. • FEED_CARD_ONSCREEN
16. • FEED_CARD_EXPANDED
17. • FEED_CARD_READ
18. • FEED_DISCUSSION
19. • APPSFL_FEED_DISCUSSION_COMMENT
20. • FEED_DISCUSSION_COMMENT
21. • FEED_DISCUSSION_ACTION
22. • FEED_LIKE
23. • FEED_HIDE
24. • MORE_OPENED
25. • PROFILE_OPENED
26. • REGISTRATION_OPENED
27. • APPSFL_REGISTRATION_SUCCESS
28. • REGISTRATION_SUCCESS

1     •    REGISTRATION_FAIL

2     •    REGISTRATION_LOGIN_MERGE

3     •    PROFILE_AVATAR_ADDED

4     •    PROFILE_NAME_CHANGED

5     •    PROFILE_BIRTH_DATE_CHANGED

6     •    PROFILE_GOAL_CHANGED

7     •    PROFILE_LIFESTYLE_OPENED

8     •    PROFILE_LOG_OUT

9     •    CYCLE_SETTINGS_OPENED

10     •    CYCLE_SETTINGS_CHANGED

11     •    GRAPHS_OPENED

12     •    GRAPHS_CYCLE_LENGTH

13     •    GRAPHS_PERIOD_LENGTH

14     •    GRAPHS_PATTERNS

15     •    GRAPHS_PATTERNS_DETAILS

16     •    GRAPHS_PATTERNS_EXAMPLE

17     •    GRAPHS_BY_EVENTS

18     •    GRAPHS_BY_EVENTS_OPENED

19     •    GRAPHS_SHARE_REPORT

20     •    GRAPHS_REPORT

21     •    EVENT_1

22     •    APPSFL_EVENT_2

23     •    EVENT_2

24     •    EVENT_3

25     •    EVENT_4

26     •    EVENT_5

27     •    EVENT_6

28     •    EVENT6_SURVEY

1       • EVENT_7

2       • EVENT_8

3       • REMINDERS_OPEN

4       • REMINDERS_ON

5       • REMINDERS_OFF

6       • REMINDERS_DELETED

7       • REMINDERS_CHANGED

8       • CODE_OPEN

9       • CODE_ON

10      • CODE_OFF

11      • CODE_CHANGED

12      • APPLE_WATCH_INSTALLED

13      • GOOGLE_FIT_ON

14      • SETTINGS_OPENED

15      • SETTINGS_DESIGN_OPENED

16      • SETTINGS_DESIGN_CHANGED

17      • SETTINGS_HEALTHKIT_OPENED

18      • SETTINGS_HEALTHKIT_ON

19      • SETTINGS_FITBIT_OPENED

20      • SETTINGS_FITBIT_PREDICTIONS

21      • SETTINGS_FITBIT_HEART_RATE

22      • SETTINGS_FITBIT_ON

23      • LANGUAGE_CHANGED

24      • BANNER_GET_REGISTRED_SHOWN

25      • BANNER_GET_REGISTRED_CLOSED

26      • APPSFL_5_SESSIONS

27      • APPSFL_10_SESSIONS

28      • APPSFL_30_SESSIONS

- APPSFL_50_SESSIONS
- APPSFL_100_SESSIONS
- HEALTH_INSIGHTS
- METRIC SYSTEM
- CONTACT_SUPPORT
- LEGAL_OPENED
- LEGAL_OPENED_INFO
- NOTIFS
- MOTION_FITNESS
- STATE
- PUSH
- AGE
- USER_RECOVERED
- PM_ACTIVE
- PM_OPENED
- PM_1_SCREEN
- PM_2_SCREEN
- PM_3_SCREEN
- PM_NEXT
- PM_NAME_NEXT
- PM_EDIT_NOTIF_1
- PM_CONNECT
- PM_SEND_LINK
- PM_LINK_SENT
- PM_WAITING
- PM_RESEND
- PM_STOP_SHARING
- PM_ACCEPTED

1. • PM_PERMISSIONS_EDIT
2. • BATT_POPUP
3. • BATT_PLUS_OPEN
4. • BATT_TOTAL_PROGRESS
5. • BATT_TOTAL_PROGRESS_CLOSED
6. • BATT_CONGRATS
7. • BATT_INSTRUCTION
8. • T_EXP_ACTIVE
9. • T_NEW_TASKS
10. • T_NEW_TASKS_BADGE
11. • T_TASKS_ONSCREEN
12. • T_TASK_STARTED
13. • T_TASK_COMPLETED
14. • T_TODAY_TASKS_COMPLETED
15. • T_TASK_MOVED
16. • T_TASK_CANCELLED
17. • TP_CONGRATS
18. • E_EXP_ACTIVE
19. • E_PLANNED_PUSH
20. • E_GOT_PUSH
21. • E_OPENED
22. • E_FEEDBACK
23. • E_CLOSED_SCREEN_YES
24. • E_CLOSED_SCREEN_NO
25. • E_LOGGED_SYMPTOMS
26. • PP_PREGNANCY_PUSH
27. • PP_PREGNANCY_EXTENDED_PUSH
28. • PP_PREGNANCY_WOMEN_BODY_PUSH

1    •   PP_CARD_VIEWER_SPEND_TIME_KEY

2    •   PP_CARD_VIEWER_OPEN

3    •   PP_CARD_VIEWER_CLOSE

4    •   VA_AVAILABLE

5    •   VA_AVAILABLE_CLOSE

6    •   VA_AVAILABLE_STEP_1

7    •   VA_AVAILABLE_STEP_2

8    •   VA_DIALOGUE_POPUP

9    •   VA_DIALOGUE_FEED_CARD

10    •   VA_DIALOGUE_OPENED

11    •   VA_DIALOGUE_FINISHED

12    •   VA_DIALOGUE_CLOSED

13    •   VA_DIALOGUE_RETURN

14    •   VA_VIDEO_ONSCREEN

15    •   VA_VIDEO_OPENED

16    •   VA_VIDEO_VIEWED

17    •   VA_IMAGE_ONSCREEN

18    •   VA_IMAGE_OPENED

19    •   VA_ARTICLES_ONSCREEN

20    •   VA_ARTICLES_OPENED

21    •   SL_FIRST_LAUNCH

22    •   SL_ENTER

23    •   SL_TOU_PP

24    •   SL_CHOOSE_GOAL

25    •   SL_SELECT_LAST_PERIOD_DATE

26    •   SL_SELECT_CYCLE_LENGTH

27    •   SL_SELECT_PERIOD_LENGTH

28    •   SL_AGE_CHOSEN_PERIODS

1     •   SL_GET_PUSHES_NEXT

2     •   SL_ACCEPT_PUSHES_PERIODS

3     •   SL_PREGNANCY_WEEK_CHOSEN

4     •   SL_PREGNANCY_WEEK_CHOSEN_UNKNOWN

5     •   SL_AGE_CHOSEN_PREGNANCY

6     •   SL_GET_PUSHES_PREGNANCY

7     •   SL_ACCEPT_PUSHES_PREGNANCY

8     •   SL_PREGNANCY_METHOD

9     •   SL_PREGNANCY_METHOD_DATE

10     •   SL_AGE_CHOSEN_PREGNANCY_METHOD

11     •   SL_GET_PUSHES_PREGNANCY_METHOD

12     •   SL_ACCEPT_PUSHES_PREGNANCY_METHOD

13     •   SL_PERIOD_LENGTH_HELP

14     •   SL_PERIOD_CYCLE_HELP

15     •   SL_LOGIN

16     •   SL_INSIDE_APP

17     •   V_FIRST_LAUNCH

18     •   V_CHOOSE_GOAL

19     •   V_TOU_PP

20     •   V_SELECT_LAST_PERIOD_DATE

21     •   V_SELECT_CYCLE_LENGTH

22     •   V_SELECT_PERIOD_LENGTH

23     •   V_AGE_CHOSEN_PERIODS

24     •   V_GET_PUSHES_NEXT

25     •   V_ACCEPT_PUSHES_PERIODS

26     •   V_PREGNANCY_WEEK_CHOSEN

27     •   V_PREGNANCY_WEEK_CHOSEN_UNKNOWN

28     •   V_AGE_CHOSEN_PREGNANCY

1  • V_GET_PUSHES_PREGNANCY

2  • V_ACCEPT_PUSHES_PREGNANCY

3  • V_PREGNANCY_METHOD

4  • V_PREGNANCY_METHOD_DATE

5  • V_AGE_CHOSEN_PREGNANCY_METHOD

6  • V_GET_PUSHES_PREGNANCY_METHOD

7  • V_ACCEPT_PUSHES_PREGNANCY_METHOD

8  • V_PERIOD_LENGTH_HELP

9  • V_PERIOD_CYCLE_HELP

10 • V_LOGIN

11 • V_INSIDE_APP

12 • P_FIRST_LAUNCH

13 • P_CHOOSE_GOAL

14 • P_TOU_PP

15 • P_SELECT_LAST_PERIOD_DATE

16 • P_SELECT_CYCLE_LENGTH

17 • P_SELECT_PERIOD_LENGTH

18 • P_AGE_CHOSEN_PERIODS

19 • P_GET_PUSHES_NEXT

20 • P_ACCEPT_PUSHES_PERIODS

21 • P_PREGNANCY_WEEK_CHOSEN

22 • P_PREGNANCY_WEEK_CHOSEN_UNKNOWN

23 • P_AGE_CHOSEN_PREGNANCY

24 • P_GET_PUSHES_PREGNANCY

25 • P_ACCEPT_PUSHES_PREGNANCY

26 • P_PREGNANCY_METHOD

27 • P_PREGNANCY_METHOD_DATE

28 • P_AGE_CHOSEN_PREGNANCY_METHOD

1   • P_GET_PUSHES_PREGNANCY_METHOD

2   • P_ACCEPT_PUSHES_PREGNANCY_METHOD

3   • P_PERIOD_LENGTH_HELP

4   • P_PERIOD_CYCLE_HELP

5   • P_LOGIN

6   • P_INSIDE_APP

7   • BP_FIRST_LAUNCH

8   • BP_CHOOSE_GOAL

9   • BP_TOU_PP

10   • BP_SELECT_LAST_PERIOD_DATE

11   • BP_SELECT_CYCLE_LENGTH

12   • BP_SELECT_PERIOD_LENGTH

13   • BP_AGE_CHOSEN_PERIODS

14   • BP_GET_PUSHES_NEXT

15   • BP_ACCEPT_PUSHES_PERIODS

16   • BP_PREGNANCY_WEEK_CHOSEN

17   • BP_PREGNANCY_WEEK_CHOSEN_UNKNOW

18   • BP_AGE_CHOSEN_PREGNANCY

19   • BP_GET_PUSHES_PREGNANCY

20   • BP_ACCEPT_PUSHES_PREGNANCY

21   • BP_PREGNANCY_METHOD

22   • BP_PREGNANCY_METHOD_DATE

23   • BP_AGE_CHOSEN_PREGNANCY_METHOD

24   • BP_GET_PUSHES_PREGNANCY_METHOD

25   • BP_ACCEPT_PUSHES_PREGNANCY_METHOD

26   • BP_PERIOD_LENGTH_HELP

27   • BP_PERIOD_CYCLE_HELP

28   • BP_LOGIN

1  • BP_INSIDE_APP

2  • BP_PLUS_OPEN

3  • BP_MOOD_LOGGED

4  • BP_PLUS_CLOSED

5  • R_GDPR_SHOWN GDPR

6  • R_GDPR_NEXT

7  • R_GDPR_OPTIONS

8  • BP_FEED_OPENED

9  • BP_FEED_CLOSED

10 • BP_MORE_OPENED

11 • BP_SKIPPED

12 • EXP_PUSH

13 • APP_STARTED

14 • EXP_SURVEY

15 • FEED_OPENED

16 • EVENT_1

17 • EVENT_2

18 • APP_STARTED

19 • SUB_PURCHASED

20 • SUB_TRIAL_STARTED

21 • SUB_STARTED

22 • SUB_TRIAL_STOPPED

23 • SUB_BOUGHT_MONTH

24 • SUB_STOPPED_MONTH

25 • SUB_BOUGHT_YEAR

26 • SUB_STOPPED_YEAR

27 • SUB_CONTINUED_MONTH

28 • SUB_CONTINUED_YEAR

- SUB_CANC_YEAR
- SUB_CANC_MONTH
- R_SUBS_SCREEN
- R_SUBS_SCREEN_TRIAL
- R_SUBS_SCREEN_SHOWN
- SUB_BASIC_SCREEN_SHOWN
- SUB_BASIC_SCREEN_BUY_PRESSED
- SUB_BASIC_SCREEN_BOUGHT
- SUB_AVAILABLE
- SUB_UNAVAILABLE
- SUB_PURCHASED
- SUB_TRIAL_STARTED
- SUB_STARTED
- SUB_STOPPED
- SUB_CANC
- R_SUBS_SCREEN
- R_SUBS_SCREEN_SHOWN
- CONFIG_ID
- S_SUB_TRIAL_STARTED
- S_SUB_TRIAL_STOPPED
- S_SUB_BOUGHT
- S_SUB_SUBSCRIBED
- S_SUB_STOPPED

**Google**

Flo used Google Analytics from September 17, 2018 through February 23, 2019. Therefore, no Custom App Events were shared with Google Analytics outside that timeframe, including all of 2016, 2017, 2020, and 2021.

For the period from September 17, 2018 through February 23, 2019, when Flo used Google Analytics, Flo does not have records for which Custom App Events were actually transmitted to Google and if so when. However, the outer bounds of what Custom App Events could have been transferred to Google Analytics during that time period are as follows:

- APPSFL_FEED_OPENED
- FEED_OPENED
- APPSFL_HEALTH_PROF
- SURVEY_OPENED
- SURVEY_CLOSED
- FEED_CARD_INFEED
- FEED_CARD_ONSCREEN
- FEED_CARD_EXPANDED
- FEED_CARD_READ
- FEED_DISCUSSION
- APPSFL_FEED_DISCUSSION_COMMENT
- FEED_DISCUSSION_COMMENT
- FEED_DISCUSSION_ACTION
- FEED_LIKE
- FEED_HIDE

**Meta**

Flo used Facebook Analytics from approximately June 2016 through February 23, 2019. Therefore, no Custom App Events were shared with Facebook Analytics outside that timeframe, including all of 2016, 2017, 2020, and 2021.

For the period from Approximately June 2016 through February 23, 2019, when Flo used Facebook Analytics, Flo does not have records for which Custom App Events were actually transmitted to Facebook Analytics and if so when. However, the outer bounds of what Custom App Events could have been transferred to Facebook Analytics during that time period are as follows:

1   • APP_STARTED

2   • R_FIRST_LAUNCH

3   • R_GDPR_SHOWN GDPR

4   • R_GDPR_NEXT

5   • R_GDPR_SHOWN_OLD

6   • R_GDPR_NEXT_OLD

7   • R_CHOOSE_GOAL

8   • R_SELECT_LAST_PERIOD_DATE

9   • R_SELECT_CYCLE_LENGTH

10  • R_SELECT_PERIOD_LENGTH

11  • R_AGE_CHOSEN_PERIODS

12  • R_ACCEPT_PUSHES_PERIODS

13  • R_PREGNANCY_WEEK_CHOSEN

14  • R_PREGNANCY_WEEK_CHOSEN_UNKNOWN

15  • R_AGE_CHOSEN_PREGNANCY

16  • R_ACCEPT_PUSHES_PREGNANCY

17  • R_PREGNANCY_METHOD

18  • R_PREGNANCY_METHOD_DATE

19  • R_AGE_CHOSEN_PREGNANCY_METHOD

20  • R_ACCEPT_PUSHES_PREGNANCY_METHOD

21  • R_PERIOD_LENGTH_HELP

22  • R_PERIOD_CYCLE_HELP

23  • R_KIDS

24  • R_KID_BORN

25  • R_LOGIN

26  • R_INSIDE_APP

27  • APPSFL_INSIDE_APP R_TOU_PP

28  • R_TOU_PP

1    • PLUS_OPEN

2    • PLUS_CLOSED

3    • PLUS_SETTINGS

4    • PLUS_SETTINGS_CLOSED

5    • APPSFL_PLUS_ADDED

6    • CALENDAR_OPENED

7    • CALENDAR_YEAR_VIEW_OPENED

8    • CALENDAR_MONTH_VIEW_OPENED

9    • CALENDAR_PERIOD_EDIT_OPEN

10   • CALENDAR_PERIOD_EDIT_CLOSED

11   • CALENDAR_DAY_INFO

12   • MAIN_SCREEN

13   • APPSFL_FEED_OPENED

14   • FEED_OPENED

15   • APPSFL_HEALTH_PROF

16   • SURVEY_OPENED

17   • SURVEY_CLOSED

18   • FEED_CARD_INFEED

19   • FEED_CARD_ONSCREEN

20   • FEED_CARD_EXPANDED

21   • FEED_CARD_READ

22   • FEED_DISCUSSION

23   • APPSFL_FEED_DISCUSSION_COMMENT

24   • FEED_DISCUSSION_COMMENT

25   • FEED_DISCUSSION_ACTION

26   • FEED_LIKE

27   • FEED_HIDE

28   • MORE_OPENED

1. • PROFILE_OPENED
2. • REGISTRATION_OPENED
3. • APPSFL_REGISTRATION_SUCCESS
4. • REGISTRATION_SUCCESS
5. • REGISTRATION_FAIL
6. • REGISTRATION_LOGIN_MERGE
7. • PROFILE_AVATAR_ADDED
8. • PROFILE_NAME_CHANGED
9. • PROFILE_BIRTH_DATE_CHANGED
10. • PROFILE_GOAL_CHANGED
11. • PROFILE_LIFESTYLE_OPENED
12. • PROFILE_LOG_OUT
13. • CYCLE_SETTINGS_OPENED
14. • CYCLE_SETTINGS_CHANGED
15. • GRAPHS_OPENED
16. • GRAPHS_CYCLE_LENGTH
17. • GRAPHS_PERIOD_LENGTH
18. • GRAPHS_PATTERNS
19. • GRAPHS_PATTERNS_DETAILS
20. • GRAPHS_PATTERNS_EXAMPLE
21. • GRAPHS_BY_EVENTS
22. • GRAPHS_BY_EVENTS_OPENED
23. • GRAPHS_SHARE_REPORT
24. • GRAPHS_REPORT
25. • EVENT_1
26. • APPSFL_EVENT_2
27. • EVENT_2
28. • EVENT_3

- EVENT_4
- EVENT_5
- EVENT_6
- EVENT6_SURVEY
- EVENT_7
- EVENT_8
- REMINDERS_OPEN
- REMINDERS_ON
- REMINDERS_OFF
- REMINDERS_DELETED
- REMINDERS_CHANGED
- CODE_OPEN
- CODE_ON
- CODE_OFF
- CODE_CHANGED
- APPLE_WATCH_INSTALLED
- GOOGLE_FIT_ON
- SETTINGS_OPENED
- SETTINGS_DESIGN_OPENED
- SETTINGS_DESIGN_CHANGED
- SETTINGS_HEALTHKIT_OPENED
- SETTINGS_HEALTHKIT_ON
- SETTINGS_FITBIT_OPENED
- SETTINGS_FITBIT_PREDICTIONS
- SETTINGS_FITBIT_HEART_RATE
- SETTINGS_FITBIT_ON
- LANGUAGE_CHANGED
- BANNER_GET_REGISTRED_SHOWN

- BANNER_GET_REGISTRED_CLOSED
- APPSFL_5_SESSIONS
- APPSFL_10_SESSIONS
- APPSFL_30_SESSIONS
- APPSFL_50_SESSIONS
- APPSFL_100_SESSIONS
- HEALTH_INSIGHTS
- METRIC SYSTEM
- CONTACT_SUPPORT
- LEGAL_OPENED
- LEGAL_OPENED_INFO
- NOTIFS
- MOTION_FITNESS
- STATE
- PUSH
- AGE
- USER_RECOVERED
- PM_ACTIVE
- PM_OPENED
- PM_1_SCREEN
- PM_2_SCREEN
- PM_3_SCREEN
- PM_NEXT
- PM_NAME_NEXT
- PM_EDIT_NOTIF_1
- PM_CONNECT
- PM_SEND_LINK
- PM_LINK_SENT

1 - PM_WAITING
2 - PM_RESEND
3 - PM_STOP_SHARING
4 - PM_ACCEPTED
5 - PM_PERMISSIONS_EDIT
6 - BATT_POPUP
7 - BATT_PLUS_OPEN
8 - BATT_TOTAL_PROGRESS
9 - BATT_TOTAL_PROGRESS_CLOSED
10 - BATT_CONGRATS
11 - BATT_INSTRUCTION
12 - T_EXP_ACTIVE
13 - T_NEW_TASKS
14 - T_NEW_TASKS_BADGE
15 - T_TASKS_ONSCREEN
16 - T_TASK_STARTED
17 - T_TASK_COMPLETED
18 - T_TODAY_TASKS_COMPLETED
19 - T_TASK_MOVED
20 - T_TASK_CANCELLED
21 - TP_CONGRATS
22 - E_EXP_ACTIVE
23 - E_PLANNED_PUSH
24 - E_GOT_PUSH
25 - E_OPENED
26 - E_FEEDBACK
27 - E_CLOSED_SCREEN_YES
28 - E_CLOSED_SCREEN_NO

- E_LOGGED_SYMPTOMS
- PP_PREGNANCY_PUSH
- PP_PREGNANCY_EXTENDED_PUSH
- PP_PREGNANCY_WOMEN_BODY_PUSH
- PP_CARD_VIEWER_SPEND_TIME_KEY
- PP_CARD_VIEWER_OPEN
- PP_CARD_VIEWER_CLOSE
- VA_AVAILABLE
- VA_AVAILABLE_CLOSE
- VA_AVAILABLE_STEP_1
- VA_AVAILABLE_STEP_2
- VA_DIALOGUE_POPUP
- VA_DIALOGUE_FEED_CARD
- VA_DIALOGUE_OPENED
- VA_DIALOGUE_FINISHED
- VA_DIALOGUE_CLOSED
- VA_DIALOGUE_RETURN
- VA_VIDEO_ONSCREEN
- VA_VIDEO_OPENED
- VA_VIDEO_VIEWED
- VA_IMAGE_ONSCREEN
- VA_IMAGE_OPENED
- VA_ARTICLES_ONSCREEN
- VA_ARTICLES_OPENED
- SL_FIRST_LAUNCH
- SL_ENTER
- SL_TOU_PP
- SL_CHOOSE_GOAL

1     •   SL_SELECT_LAST_PERIOD_DATE

2     •   SL_SELECT_CYCLE_LENGTH

3     •   SL_SELECT_PERIOD_LENGTH

4     •   SL_AGE_CHOSEN_PERIODS

5     •   SL_GET_PUSHES_NEXT

6     •   SL_ACCEPT_PUSHES_PERIODS

7     •   SL_PREGNANCY_WEEK_CHOSEN

8     •   SL_PREGNANCY_WEEK_CHOSEN_UNKNOWN

9     •   SL_AGE_CHOSEN_PREGNANCY

10    •   SL_GET_PUSHES_PREGNANCY

11    •   SL_ACCEPT_PUSHES_PREGNANCY

12    •   SL_PREGNANCY_METHOD

13    •   SL_PREGNANCY_METHOD_DATE

14    •   SL_AGE_CHOSEN_PREGNANCY_METHOD

15    •   SL_GET_PUSHES_PREGNANCY_METHOD

16    •   SL_ACCEPT_PUSHES_PREGNANCY_METHOD

17    •   SL_PERIOD_LENGTH_HELP

18    •   SL_PERIOD_CYCLE_HELP

19    •   SL_LOGIN

20    •   SL_INSIDE_APP

21    •   V_FIRST_LAUNCH

22    •   V_CHOOSE_GOAL

23    •   V_TOU_PP

24    •   V_SELECT_LAST_PERIOD_DATE

25    •   V_SELECT_CYCLE_LENGTH

26    •   V_SELECT_PERIOD_LENGTH

27    •   V_AGE_CHOSEN_PERIODS

28    •   V_GET_PUSHES_NEXT

1 - V_ACCEPT_PUSHES_PERIODS

2 - V_PREGNANCY_WEEK_CHOSEN

3 - V_PREGNANCY_WEEK_CHOSEN_UNKNOWN

4 - V_AGE_CHOSEN_PREGNANCY

5 - V_GET_PUSHES_PREGNANCY

6 - V_ACCEPT_PUSHES_PREGNANCY

7 - V_PREGNANCY_METHOD

8 - V_PREGNANCY_METHOD_DATE

9 - V_AGE_CHOSEN_PREGNANCY_METHOD

10 - V_GET_PUSHES_PREGNANCY_METHOD

11 - V_ACCEPT_PUSHES_PREGNANCY_METHOD

12 - V_PERIOD_LENGTH_HELP

13 - V_PERIOD_CYCLE_HELP

14 - V_LOGIN

15 - V_INSIDE_APP

16 - P_FIRST_LAUNCH

17 - P_CHOOSE_GOAL

18 - P_TOU_PP

19 - P_SELECT_LAST_PERIOD_DATE

20 - P_SELECT_CYCLE_LENGTH

21 - P_SELECT_PERIOD_LENGTH

22 - P_AGE_CHOSEN_PERIODS

23 - P_GET_PUSHES_NEXT

24 - P_ACCEPT_PUSHES_PERIODS

25 - P_PREGNANCY_WEEK_CHOSEN

26 - P_PREGNANCY_WEEK_CHOSEN_UNKNOWN

27 - P_AGE_CHOSEN_PREGNANCY

28 - P_GET_PUSHES_PREGNANCY

1. • P_ACCEPT_PUSHES_PREGNANCY
2. • P_PREGNANCY_METHOD
3. • P_PREGNANCY_METHOD_DATE
4. • P_AGE_CHOSEN_PREGNANCY_METHOD
5. • P_GET_PUSHES_PREGNANCY_METHOD
6. • P_ACCEPT_PUSHES_PREGNANCY_METHOD
7. • P_PERIOD_LENGTH_HELP
8. • P_PERIOD_CYCLE_HELP
9. • P_LOGIN
10. • P_INSIDE_APP
11. • BP_FIRST_LAUNCH
12. • BP_CHOOSE_GOAL
13. • BP_TOU_PP
14. • BP_SELECT_LAST_PERIOD_DATE
15. • BP_SELECT_CYCLE_LENGTH
16. • BP_SELECT_PERIOD_LENGTH
17. • BP_AGE_CHOSEN_PERIODS
18. • BP_GET_PUSHES_NEXT
19. • BP_ACCEPT_PUSHES_PERIODS
20. • BP_PREGNANCY_WEEK_CHOSEN
21. • BP_PREGNANCY_WEEK_CHOSEN_UNKNOW
22. • BP_AGE_CHOSEN_PREGNANCY
23. • BP_GET_PUSHES_PREGNANCY
24. • BP_ACCEPT_PUSHES_PREGNANCY
25. • BP_PREGNANCY_METHOD
26. • BP_PREGNANCY_METHOD_DATE
27. • BP_AGE_CHOSEN_PREGNANCY_METHOD
28. • BP_GET_PUSHES_PREGNANCY_METHOD

1 • BP_ACCEPT_PUSHES_PREGNANCY_METHOD

2 • BP_PERIOD_LENGTH_HELP

3 • BP_PERIOD_CYCLE_HELP

4 • BP_LOGIN

5 • BP_INSIDE_APP

6 • BP_PLUS_OPEN

7 • BP_MOOD_LOGGED

8 • BP_PLUS_CLOSED

9 • R_GDPR_SHOWN GDPR

10 • R_GDPR_NEXT

11 • R_GDPR_OPTIONS

12 • BP_FEED_OPENED

13 • BP_FEED_CLOSED

14 • BP_MORE_OPENED

15 • BP_SKIPPED

16 • EXP_PUSH

17 • APP_STARTED

18 • EXP_SURVEY

19 • FEED_OPENED

20 • EVENT_1

21 • EVENT_2

22 • APP_STARTED

23 • SUB_PURCHASED

24 • SUB_TRIAL_STARTED

25 • SUB_STARTED

26 • SUB_TRIAL_STOPPED

27 • SUB_BOUGHT_MONTH

28 • SUB_STOPPED_MONTH

1 • SUB_BOUGHT_YEAR

2 • SUB_STOPPED_YEAR

3 • SUB_CONTINUED_MONTH

4 • SUB_CONTINUED_YEAR

5 • SUB_CANC_YEAR

6 • SUB_CANC_MONTH

7 • R_SUBS_SCREEN

8 • R_SUBS_SCREEN_TRIAL

9 • R_SUBS_SCREEN_SHOWN

10 • SUB_BASIC_SCREEN_SHOWN

11 • SUB_BASIC_SCREEN_BUY_PRESSED

12 • SUB_BASIC_SCREEN_BOUGHT

13 • SUB_AVAILABLE

14 • SUB_UNAVAILABLE

15 • SUB_PURCHASED

16 • SUB_TRIAL_STARTED

17 • SUB_STARTED

18 • SUB_STOPPED

19 • SUB_CANC

20 • R_SUBS_SCREEN

21 • R_SUBS_SCREEN_SHOWN

22 • CONFIG_ID

23 • S_SUB_TRIAL_STARTED

24 • S_SUB_TRIAL_STOPPED

25 • S_SUB_BOUGHT

26 • S_SUB_SUBSCRIBED

27 • S_SUB_STOPPED

28

**INTERROGATORY NO. 3**

For each Non-Flo Defendant, Identify all User Data (excluding Custom App Events) Transferred to that Non-Flo Defendant for each year of the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 3**

Flo restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though fully set forth in this Response. Flo further objects to this Interrogatory on the following additional grounds:

A. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the undefined term "Transferred."

B. Flo also objects to the definition of Flo User Data as irrelevant, overbroad, unduly burdensome, and thus disproportionate to the needs of the case to the extent it refers to data other than purportedly sensitive health information. Nevertheless, for purposes of discovery only, Flo agrees to use the definition of User Data agreed upon by email on August 12, 2022.

Subject to and without waiving the foregoing objections, and based on a reasonable inquiry of the information available as of the date of these responses, Flo responds as follows:

**Flurry**

During the time Flo used Flurry (approximately June 2016 through February 23, 2019), it shared only the following types of User Data other than Custom App Events: (1) Standard App Events sent in conjunction with Custom App Events and (2) Information about the user's device, including Internet connection type, device type, operating system, app version, advertising ID, and similar information. No User Health Information was shared with Flurry.

**Google**

During the time Flo used Google Analytics (September 17, 2018 through February 23, 2019), it shared only the following types of User Data other than Custom App Events: (1) Standard App Events sent in conjunction with Custom App Events and (2) Information about the user's device, including Internet connection type, device type, operating system, app version, advertising ID, and similar information. No User Health Information was shared with Google.

**Meta**

During the time Flo used Facebook Analytics (2016 through February 23, 2019), it shared only the following types of User Data other than Custom App Events: (1) Standard App Events sent in conjunction with Custom App Events and (2) Information about the user's device, including Internet connection type, device type, operating system, app version, advertising ID, and similar information. No User Health Information was shared with Facebook.

1  **INTERROGATORY NO. 4**

2  For each year of the Relevant Period, Identify the total number of Flo App Users by age (or age

3  range) and state of each User.

4  **RESPONSE TO INTERROGATORY NO. 4**

5    Flo restates and incorporates its Preliminary Statement, General Objections, and Objections

6  to Definitions and Instructions as though fully set forth in this Response. Flo further objects to this

7  Interrogatory on the following additional grounds:

8    A. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the

9     undefined term "state." Furthermore, to the extent this Interrogatory asks Flo to provide a list

10    of all Users, this request is overbroad, unduly burdensome, and not proportionate to the needs

11    of the case. Such a request would also be invasive of Flo users' privacy.

12   B. Flo also objects to this Interrogatory as the terms "total number of Flo App Users" includes

13    users who are wholly outside the putative class. Flo construes this Interrogatory to be

14    limited to residents of the United States who used Flo App within the Relevant Period.

15   C. Flo also objects to this Interrogatory on that grounds that it is vague as to what it seeks in

16    terms of the number of Users who used the Flo App "for" a given year.

17   D. Flo also objects to the Interrogatory as unduly burdensome and oppressive to the extent it

18    seeks information which Flo does not track or prepare in the regular course of business.

19   E. Flo likewise objects to the Interrogatory to the extent it seeks information unrelated to the

20    claims raised in Plaintiffs' Consolidated Complaint.

21   Subject to and without waiving the foregoing objections, and based on a reasonable inquiry

22 of the information available as of the date of these responses, Flo responds that the approximate

23 number of App users at the beginning of each year of the Relevant Period, grouped into ranges of

24 self-disclosed age, is as follows.  For 2016 and 2017, these figures are very rough approximations.

25

26

27

28

**2016**

| Age Range | Users |
|---|---|
| 25 and under | 440,228 |
| 26-35 | 223,346 |
| 36-45 | 54,607 |
| 46 and over | 5,958 |
| Unknown | 37,803 |

**2017**

| Age Range | Users |
|---|---|
| 25 and under | 3,555,255 |
| 26-35 | 1,466,169 |
| 36-45 | 379,421 |
| 46 and over | 48,962 |
| Unknown | 142,861 |

**2018**

| Age Range | Users |
|---|---|
| 25 and under | 7,184,567 |
| 26-35 | 2,981,475 |
| 36-45 | 813,516 |
| 46 and over | 109,722 |
| Unknown | 176,905 |

**2019**

| Age Range | Users |
|---|---|
| 25 and under | 11,079,164 |
| 26-35 | 4,283,429 |
| 36-45 | 1,232,970 |
| 46 and over | 172,757 |
| Unknown | 262,282 |

**2020**

| Age Range | Users |
|---|---|
| 25 and under | 13,329,723 |
| 26-35 | 5,312,979 |
| 36-45 | 1,587,128 |
| 46 and over | 231,901 |
| Unknown | 306,970 |

**2021**

| Age Range | Users |
|---|---|
| 25 and under | 14,070,140 |
| 26-35 | 6,099,852 |
| 36-45 | 1,934,253 |
| 46 and over | 289,087 |
| Unknown | 296,267 |

Flo Users do not provide information about their states of residence in the Flo App.

**INTERROGATORY NO. 5**

Describe how You use Flo User Data for analytics and advertising.

**RESPONSE TO INTERROGATORY NO. 5**

Flo restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though fully set forth in this Response. Flo further objects to this Interrogatory on the following additional grounds:

A. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the undefined terms "analytics" and "advertising."

B. Flo also objects to the definition of Flo User Data as irrelevant, overbroad, unduly burdensome, and thus disproportionate to the needs of the case to the extent it refers to data other than purportedly sensitive health information that Plaintiffs allege Flo transmitted to Analytics Defendants via Custom App Events in its App during the time period relevant to the claims or defenses asserted in this action. Nevertheless, for purposes of discovery only, Flo agrees to use the definition of User Data agreed upon by email on August 12, 2022.

C. Flo likewise objects to this Interrogatory as argumentative, lacking foundation, and incorporating allegations and assertions that are disputed or erroneous to the extent this Interrogatory suggests that Flo has ever used sensitive user data for advertising purposes.

D. Flo also objects to the Interrogatory to the extent Flo has already provided this information in discovery produced to date.

Subject to and without waiving the foregoing objections, and based on a reasonable inquiry of the information available as of the date of these responses, Flo responds as follows:

How Flo collects and uses User Data is fully disclosed in Flo's Terms of Use and Privacy Policy, all versions of which from the Relevant Period have been produced to Plaintiffs.

As stated above and in previous discovery, at various points during the Relevant Period Flo used third party services to analyze app usage trends based on de-identified app events. These events were tracked to improve the app and provide users with a better experience by, for example, identifying which functions were more or less popular with users. Flo did not use Health Information for analytics purposes.

1          Flo did not use User Data for advertising at any point during the Relevant Period. Flo did
2    not display advertisements within the Flo App for any third-party goods or services.

**INTERROGATORY NO. 6**

Identify and describe all revenue or other benefits derived from Your use or Transfer of User Data, including any revenue generated from advertising, costs savings as a result of Your use of User Data, or payments from third parties.

**RESPONSE TO INTERROGATORY NO. 6**

Flo restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though fully set forth in this Response. Flo further objects to this Interrogatory on the following additional grounds:

A. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the undefined terms and phrases "revenue or other benefit," "derived from," "use," and "costs savings." Furthermore, to the extent this Interrogatory seeks information about benefits Flo gains from purely internal use of User Data, it is overbroad and irrelevant.

B. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the undefined term "advertising."

C. Flo also objects to the definition of Flo User Data as irrelevant, overbroad, unduly burdensome, and thus disproportionate to the needs of the case to the extent it refers to data other than purportedly sensitive health information that Plaintiffs allege Flo transmitted to Analytics Defendants via Custom App Events in its App during the time period relevant to the claims or defenses asserted in this action. Flo likewise objects to this Interrogatory to the extent it seeks information concerning any third party other than an Analytics Defendant.

D. Flo further objects to the Interrogatory's reference to "all" revenue or other benefits as overbroad, unduly burdensome, and irrelevant to Plaintiffs' claims in this action.

Subject to and without waiving the foregoing objections, and based on a reasonable inquiry of the information available as of the date of these responses, Flo responds as follows:

Flo did not receive any money or other economic benefit from the Transfer of User Data during the Relevant Period. In particular, Flo has never sold User Data nor has Flo ever received free or discounted goods or services in exchange for User Data.

**INTERROGATORY NO. 7**

For each year of the Relevant Period, identify the costs You paid for advertising and marketing to each third party.

**RESPONSE TO INTERROGATORY NO. 7**

Flo restates and incorporates its Preliminary Statement, General Objections, and Objections to Definitions and Instructions as though fully set forth in this Response. Flo further objects to this Interrogatory on the following additional grounds:

A. Flo objects to this Interrogatory on the grounds that it is vague and ambiguous as to the undefined terms "advertising" and "marketing."

B. Flo also objects to the Interrogatory as irrelevant, overbroad, unduly burdensome, and thus disproportionate to the needs of the case. Advertising expenses by Flo have nothing to do with the claims or defenses asserted in this action.

DATED: September 14, 2022          RESPECTFULLY SUBMITTED,

*Benjamin M. Sadun*
Brenda R. Sharton (Admitted Pro Hac Vice)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 633 West 5th Street, Suite 4900, Los Angeles, CA 90071-2032.

On September 14, 2022, I served document(s) described as: **FLO HEALTH, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES,** on the following interested parties by email.

| | |
|---|---|
| Carol C. Villegas<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>Tel: 212-907-0700<br>Fax: 212-818-0477<br>cvillegas@labaton.com | *Interim Co-Lead Counsel for Plaintiffs and the Proposed Class* |
| Diana Janik Zinser<br>SPECTOR ROSEMAN & KODROFF, P.C.<br>2001 Market Street Suite 3420<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>Fax: (215) 496-6611<br>jkodroff@srkattorneys.com | *Interim Co-Lead Counsel for Plaintiffs and the Proposed Class* |
| Christian Levis<br>LOWEY DANNENBERG, P.C.<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel: 914-997-0500<br>Fax: 914-997-0035<br>clevis@lowey.com | *Interim Co-Lead Counsel for Plaintiffs and the Proposed Class* |
| Ashley Rogers<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>Tel: 214.698.3100<br>Fax: 214.571.2900<br>ARogers@gibsondunn.com | *Counsel for Defendant Facebook, Inc.* |

Lauren Blas                                    *Counsel for Defendant Facebook, Inc.*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-31967
Tel: 213.229.7503
Fax: 213.229.6503
Lblas@gibsondunn.com

Christina Stella Cernak                        *Counsel for Defendant Facebook, Inc.*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, Fl. 47
New York, NY 10166
Tel: 212.351.4000
Fax: 212.716.0898
scernak@gibsondunn.com

Benedict Y. Hur                                *Counsel for Google LLC*
Simona Agnolucci
Eduardo E. Santacana
Tiffany Lin
WILLKIE FARR & GALLAGHER LLP
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
tlin@willkie.com

Ann Marie Mortimer                             *Counsel for Defendant Flurry, Inc.*
Jason J. Kim
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Tel: (213) 532-2000
Fax: (213) 532-2020
amortimer@HuntonAK.com
kimj@HuntonAK.com

Samuel A. Danon                    *Counsel for Defendant Flurry, Inc.*
John J. Delionado
HUNTON ANDREWS KURTH LLP
Wells Fargo Center 333 SE 2nd Avenue,
Suite 2400
Miami, Florida 33131
Tel: (305) 810-2500
Fax: (305) 810-2460
sdanon@HuntonAK.com
jdelionado@HuntonAK.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of member of the bar of this Court at whose direction the service was made.

Executed on September 14, 2022, Los Angeles, California.

/s/ Benjamin M. Sadun
Benjamin M. Sadun