Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com

*Interim Co-Lead Counsel for Plaintiffs and the*
*Proposed Settlement Class*

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel.: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com

*Interim Co-Lead Counsel for Plaintiffs and the*
*Proposed Class*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Interim Co-Lead Counsel for Plaintiffs and the*
*Proposed Settlement Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC., Defendants. | Case No.: 3:21-cv-00757-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH DEFENDANT FLURRY LLC**<br><br>Judge:   Hon. James Donato<br><br>Date:    May 1, 2025<br>Time:    10:00 AM<br>Courtroom: 11 – 19th Floor<br>   San Francisco Courthouse |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on May 1, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-captioned Court, in Courtroom 10 on the 19th Floor of the San Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable James Donato presiding, Plaintiffs Jennifer Chen, Erica Frasco, Tesha Gamino, Madeline Kiss, Autumn Meigs, Justine Pietrzyk, Leah Ridgway, and Sarah Wellman ("Plaintiffs"), by and through their undersigned counsel of record, will and hereby do move, pursuant to Fed. R. Civ. P. 23(e), for the Court to: (i) grant preliminary approval of the proposed Stipulation and Agreement of Settlement (the "Settlement Agreement") with Defendant Flurry LLC ("Flurry") submitted herewith; (ii) provisionally certify the Settlement Class for the purposes of preliminary approval, designate Plaintiffs as the Class Representatives, and appoint the undersigned as Class Counsel; (iii) establish procedures for providing notice to members of the Settlement Class; (iv) approve forms of notice to Settlement Class Members; and (v) approve procedures for exclusion requests and objections (the "Motion").

This Motion is made on the grounds that the terms of the proposed Settlement Agreement are fair, reasonable, and adequate, and that preliminary approval of the Settlement is therefore proper because each requirement of Rule 23(e) has been met. Accordingly, Plaintiffs request that the Court enter the accompanying [Proposed] Order Preliminarily Approving the Proposed Class Action Settlement (the "[Proposed] Preliminary Approval Order").

The Motion is based on the Declaration of Christian Levis (the "Levis Decl.") and the exhibits attached thereto, including the Settlement Agreement; the Declaration of Justin Parks; the [Proposed] Preliminary Approval Order submitted herewith; the Memorandum of Law filed herewith; the pleadings and papers on file in this Action; and such other evidence and argument as may subsequently be presented to the Court.

Dated: March 21, 2025

/s/ Christian Levis
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

clevis@lowey.com
afiorilla@lowey.com

*Interim Co-Lead Counsel*

Diana J. Zinser (pro hac vice)
Jeffrey L. Kodroff (pro hac vice)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Interim Co-Lead Counsel*

Carol C. Villegas (pro hac vice)
Michael P. Canty (pro hac vice)
Danielle Izzo (pro hac vice)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
dizzo@labaton.com

*Interim Co-Lead Counsel*

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT - CASE NO. 3:21-cv-00757-JD

1

## STATEMENT OF ISSUES TO BE DECIDED

2    1.    Whether the proposed Settlement is within the range of fairness, reasonableness, and

3    adequacy to warrant: (a) the Court's preliminary approval; and (b) conditional certification of the

4    Settlement Class for settlement purposes.

5    2.    Whether the proposed notice plan and forms of notice adequately apprise Settlement Class

6    Members of the terms of the Settlement and their rights with respect to it; and

7    3.    Whether the selection of A.B. Data, Ltd. as Settlement Administrator should be approved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT - CASE NO. 3:21-cv-00757-JD

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................... vii

I.   INTRODUCTION ........................................................................................................ 1

II.  INFORMATION ABOUT THE PROPOSED SETTLEMENT.................................... 1

   A.   PG 1(a): Class Definition............................................................................................ 1

   B.   PG 1(b), (d): The Claims to be Released and Other Impacted Cases .......................... 2

   C.   PG 1(e), 1(g), 6, 7, 8: Allocations and Payments from the Settlement Fund .............. 2

      1.   The Settlement Fund ............................................................................................ 2

      2.   Service Awards..................................................................................................... 3

      3.   Attorneys' Fees and Expense Award .................................................................... 3

   D.   PG 1(f), 2, & 11: Settlement Administration, Estimate of Claim Rate, and Comparable Outcomes ........................................................................................................................ 3

III. THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.............. 5

   A.   The *Hanlon* Factors Support Approval ....................................................................... 5

      1.   Factors 1-3: the Strength of Plaintiffs' Case vs. Risks of Continuing Litigation ................... 5

      2.   PG 1(c): The Amount Offered in Settlement........................................................ 7

      3.   The Extent of Discovery....................................................................................... 7

      4.   Experience and Views of Counsel........................................................................ 7

   B.   Rule 23(e)(2) Factors Further Support Approval ......................................................... 8

      1.   The Class Has Been Adequately Represented....................................................... 8

      2.   The Settlement Was Negotiated at Arm's Length ................................................. 8

      3.   The Settlement Provides Substantively Fair Relief to the Settlement Class........................... 9

      4.   The Settlement Treats All Settlement Class Members Equally ............................ 10

IV.  PROVISIONAL CERTIFICATION OF THE RULE 23 CLASS IS APPROPRIATE .......... 11

   A.   The Class Satisfies Rule 23(a) .................................................................................. 11

      1.   The Class Is Sufficiently Numerous.................................................................... 11

      2.   Common Questions of Law and Fact Exist.......................................................... 11

      3.   The Plaintiffs' Claims Are Typical..................................................................... 12

      4.   Plaintiffs and Their Counsel Adequately Represent the Class............................ 12

   B.   The Class Satisfies Rule 23(b)(3).............................................................................. 13

      1.   Common Questions Predominate......................................................................... 13

      2.   Superiority.......................................................................................................... 13

V.   THE PROPOSED NOTICE PROGRAM SHOULD BE APPROVED................................ 13

A.    The Content of the Proposed Notices Complies with Rule 23(c)(2) and the Northern District's Procedural Guidelines...................................................................................... 14

B.    Distribution of the  Notices Will Comply with Rule 23(c)(2) ................................... 15

CONCLUSION........................................................................................................................ 15

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT - CASE NO. 3:21-cv-00757-JD

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez v. Sirius XM Radio Inc.*,
No. CV 18-8605, 2020 WL 7314793 (C.D. Cal. July 15, 2020)........................................ 9

*Amchem v. Windsor*,
521 U.S. 591 (1997)...................................................................................................... 13

*Carlotti v. ASUS Computer Int'l*,
No. 18-cv-03369, 2019 WL 6134910 (N.D. Cal. Nov. 19, 2019) .................................. 5

*Carter v. XPO Logistics, Inc.*,
No. 16-cv-01231, 2019 WL 5295125 (N.D. Cal. Oct. 18, 2019) ................................... 5

*Cordy v. USS-POSCO Indus.*,
No. 12-CV-00553, 2014 WL 1724311 (N.D. Cal. Apr. 28, 2014) ............................... 10

*Elder v. Hilton Worldwide Holdings, Inc.*,
No. 16-cv-00278, 2020 WL 11762284 (N.D. Cal. Apr. 29, 2020) ................................ 5

*Evans v. Linden Rsch., Inc.*,
No. C-11-01078 DMR, 2013 WL 5781284 (N.D. Cal. Oct. 25, 2013)......................... 13

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir.1998).............................................................. 5, 11, 12, 13

*Hilsley v. Ocean Spray Cranberries, Inc.*,
No. 3:17-CV-2335, 2020 WL 520616 (S.D. Cal. Jan. 31, 2020).................................. 8

*In re Classmates.com Consol. Litig.*,
No. C09-45RAJ, 2010 WL 11684544 (W.D. Wash. Apr. 19, 2010)............................ 14

*In re Extreme Networks, Inc. Sec. Litig.*,
No. 15-CV-04883-BLF, 2019 WL 3290770 (N.D. Cal. July 22, 2019)........................ 10

*In re Google Location History Litig.*,
No. 5:18-cv-05062, 2024 WL 1975462 (N.D. Cal. May 3, 2024)................................ 7

*In re Hyundai & Kia Fuel Economy Litig.*,
926 F.3d 539 (9th Cir. 2019)...................................................................................... 13

*In re Lenovo Adware Litig.*,
No. 15-MD-02624, 2019 WL 1791420 (N.D. Cal. Apr. 24, 2019) .............................. 6

vii

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000)..................................................................................7

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007).................................................................5

*Just Film, Inc. v. Buono*,
    847 F.3d 1108 (9th Cir. 2017)..............................................................................12

*Kanawi v. Bechtel Corp.*,
    254 F.R.D. 102 (N.D. Cal. 2008)..........................................................................12

*Knapp v. Art.com, Inc.*,
    283 F. Supp. 3d 823 (N.D. Cal. 2017)....................................................................6

*Lane v. Facebook, Inc.*,
    696 F.3d 811 (9th Cir. 2012)................................................................................10

*Larsen v. Trader Joe's Co.*,
    No. 11-CV-05188, 2014 WL 3404531 (N.D. Cal. July 11, 2014)............................6

*Lofton v. Verizon Wireless (VAW) LLC*,
    No. C 13-05665, 2016 WL 7985253 (N.D. Cal. May 27, 2016)...............................9

*Meyer v. Portfolio Recovery Assocs., LLC*,
    707 F.3d 1036 (9th Cir. 2012)..............................................................................11

*Miramontes v. U.S. Healthworks, Inc.*,
    No. CV15-05689, 2017 WL 11633665 (C.D. Cal. Sept. 5, 2017)............................7

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004)........................................................................5, 7

*O'Brien v. Siege Elec., Inc.*,
    No. 23-cv-00897, 2024 WL 4308792 (S.D. Cal. Sept. 26, 2024)..............................6

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
    688 F.2d 615 (9th Cir. 1982).................................................................................7

*Opperman v. Kong Techs., Inc.*,
    No. 13-CV-00453-JST, 2017 WL 11676126 (N.D. Cal. July 6, 2017).....................14

*Pena v. Taylor Farms Pac., Inc.*,
    No. 2:13-CV-01282, 2021 WL 916257 (E.D. Cal. Mar. 10, 2021)...........................5

viii

*Perks v. Activehours, Inc.*,
   No. 5:19-CV-05543, 2021 WL 1146038 (N.D. Cal. Mar. 25, 2021)..........................................8, 10

*Pipich v. O'Reilly Auto Enterprises, LLC*,
   No. 3:21-CV-01120, 2024 WL 2885342 (S.D. Cal. June 7, 2024)........................................................5

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009)..................................................................................................................7

*Ruiz Torres v. Mercer Canyons Inc.*,
   835 F.3d 1125 (9th Cir. 2016)..............................................................................................................13

*Scholl v. Mnuchin*,
   489 F. Supp. 3d 1008 (N.D. Cal. 2020)..................................................................................................8

*Shahar v. Hotwire, Inc.*,
   No. 12-CV-06027-JSW, 2014 WL 12647737 (N.D. Cal. July 25, 2014)............................................14

*Smith v. Kaiser Found. Hosps.*,
   No. 18-CV-00780, 2021 WL 2433955 (S.D. Cal. June 15, 2021)..........................................................6

*State of California v. eBay, Inc.*,
   No. 5:12-CV-05874-EJD, 2014 WL 4273888 (N.D. Cal. Aug. 29, 2014)..........................................10

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)..................................................................................................................8

*Stewart v. Apple Inc.*,
   No. 19-CV-04700-LB, 2022 WL 3013122 (N.D. Cal. Feb. 17, 2022)................................................14

*Villegas v. J.P. Morgan Chase & Co.*,
   No. CV 09-00261, 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)..........................................................8

*Wellens v. Sankyo*,
   No. C 13-00581, 2016 WL 8115715 (N.D. Cal. Feb. 11, 2016)..........................................................10

*Wolin v. Jaguar Land Rover N. Am. LLC*,
   617 F.3d 1168 (9th Cir. 2010)..............................................................................................................13

**Statutes**

28 U.S.C. § 1715 ........................................................................................................................................13

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................................passim

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT - CASE NO. 3:21-cv-00757-JD

## I.    INTRODUCTION

Plaintiffs seek preliminary approval of a **$3,500,000** settlement with Defendant Flurry (the "Settlement").[1] This Settlement, reached after months of negotiations and with the close involvement of Ambassador Jeffrey Bleich, reflects all remaining cash-on-hand available from Flurry following its dissolution. Although substantially less than the maximum potential damages available at trial, given the *de minimis* chance of actual recovery due to Flurry's financial condition, and significant risk that continued litigation would consume Flurry's remaining assets, leaving zero dollars for the class, settlement at this time and for this amount is fair, reasonable, and adequate. And that is before even considering any risk that Plaintiffs might not prevail on their claims against Flurry. Moreover, a settlement with Flurry will allow Plaintiffs to focus on pursuing additional recoveries from the remaining Non-Settling Defendants, who are not similarly financially situated.

Accordingly, Plaintiffs respectfully request that the Court: (i) grant preliminary approval of the proposed Settlement; (ii) provisionally certify the Settlement Class for the purposes of preliminary approval, designate Plaintiffs as the Class Representatives, and appoint Carol Villegas of Labaton Keller Sucharow LLP ("Labaton"), Diana J. Zinser of Spector Roseman & Kodroff, P.C. ("SRK"), and Christian Levis of Lowey Dannenberg, P.C. ("Lowey") as Class Counsel; (iii) establish procedures for providing notice to members of the Settlement Class; (iv) approve forms of Notice to Settlement Class Members; and (v) approve procedures for exclusion requests and objections.

## II.    INFORMATION ABOUT THE PROPOSED SETTLEMENT

The key terms of the Settlement are summarized below, in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements ("Procedural Guidance" or "PG").[2]

### A.    PG 1(a): Class Definition

The proposed Settlement Class is consistent with Plaintiffs' Motion for Class Certification, ECF No. 478-3, and includes "all users of the Flo Health mobile application who entered menstruation and/or

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Settlement Agreement, attached as Exhibit 1 to the Declaration of Christian Levis (the "Levis Decl."), ECF cites are to the docket in this Action, and all internal citations and quotations are omitted.

[2] As PG 1(c) overlaps with the evaluation of the Settlement pursuant to the factors in *Hanlon*, this factor is addressed below, *see* Section III.A. The considerations for PG 3 through 5, relating to notice, opt-outs, and objections, are addressed in Section V.

1

pregnancy information into the Flo Health mobile application during the period from November 1, 2016 through February 28, 2019, both dates inclusive." Settlement Agreement § 1(I).

### B.    PG 1(b), (d): The Claims to Be Released and Other Impacted Cases

The Settlement Agreement releases the Released Flurry Parties from claims, liabilities, damages, etc. that "have been, could have been, or could be brought" arising out of or relating to the "allegations made in the Action or that could have been made in the Action relating to the facts, events, circumstances, or allegations of wrongdoing," but does not release "claims any governmental agency or governmental actor may have against the Released Flurry Parties." *See* Settlement Agreement § 1(PP). The release includes Plaintiffs' claims under the California Invasion of Privacy Act ("CIPA"), the California Computer Data Access and Fraud and Abuse Act ("CDAFA"), the Federal Wiretap Act, the California Unfair Competition Law ("UCL"), and common law invasion of privacy, which have been alleged in the complaint. Class Counsel is not aware of any other cases that will be affected by the Settlement and its release. Levis Decl. ¶ 15.

### C.    PG 1(e), 1(g), 6, 7, 8: Allocations and Payments from the Settlement Fund

#### 1.    The Settlement Fund

Flurry will pay $3,500,000 into a non-reversionary Settlement Fund that will be used to pay all approved claims by Settlement Class Members, Notice and Settlement Administration Costs, Taxes owed by the Settlement Fund, any Court-approved Service Awards to Plaintiffs, and any Court-approved Attorneys' Fees and Expense Award. Settlement Agreement § 3(C). The Settlement Amount returns to Flurry only if the Settlement Agreement is voided, cancelled, or terminated, or if the Court does not approve it. Settlement Agreement § 17.

The Net Settlement Fund will be distributed *pro rata* to each Authorized Claimant, calculated by dividing the Net Settlement Fund by the number of valid Claims. Settlement Agreement § 9(F). To account for the increased legal value of claims under California's data protection laws, which provide statutory damages, Authorized Claimants who provide reasonable documentation showing they were residents of California during the Class Period will receive twice the *pro rata* share of Authorized Claimants who are residents of other states. *Id.* Any funds remaining after the 60-day deadline for negotiating Claim Payments will be redistributed *pro rata* to Authorized Claimants who negotiated their Claim Payments,

so long as the reallocated *pro rata* share to each eligible Authorized Claimant is at least $5.00. *Id*. Once it is no longer feasible or economical to make further distributions, any unclaimed balance that still remains in the Net Settlement Fund, after payment of Notice and Settlement Administration Costs and Taxes, shall be contributed to a non-profit, non-sectarian 501(c) organization to be mutually agreed upon by Class Counsel and approved by the Court, or as ordered by the Court. *Id*.

### 2.      Service Awards

In recognition of their efforts on behalf of the Settlement Class, subject to Court approval, Plaintiffs may apply for service awards of not greater than $2,000 per Plaintiff, as appropriate compensation for their time and effort serving as Plaintiffs and putative Class Representatives. Plaintiffs have spent substantial time on this action, including throughout the discovery process where each assisted with the collection of documents, and was deposed. Levis Decl. ¶ 44.

### 3.      Attorneys' Fees and Expense Award

The Settlement Fund may be used to pay Court-approved attorneys' fees and Litigation Expenses incurred in this Action.  *See* Settlement Agreement § 3(C). Plaintiffs will petition the Court for an award of no more than 20% of the Settlement Fund ($700,000) as a combined Attorney's Fee and Expense Award. Levis Decl. ¶ 43. There is no "clear sailing" agreement between Plaintiffs and Flurry.

### D.      PG 1(f), 2, & 11: Settlement Administration, Estimate of Claim Rate, and Comparable Outcomes

The proposed Settlement Administrator is A.B. Data, Ltd. ("A.B. Data"). *Id*. ¶45. Class Counsel selected the Settlement Administrator after soliciting competing bids from four potential claims administrators, all of whom submitted responses. *Id*. Email notice and additional supplemental notice methods (*e.g.*, a press release and paid digital/social media plans) were proposed by each potential administrator. *Id*. This is Lowey's eighth engagement with A.B. Data in the last two years. *Id*. This is Labaton's twelfth engagement (out of 27 class action settlements) with A.B. Data in the last two years. *Id*. This is SRK's second engagement with A.B. Data in the last two years. *Id*.

A.B. Data employs numerous control systems and procedures that it believes meet or exceed relevant industry standards and court guidance for securely handling class member data, including technical controls, administrative policies, and physical access controls for handling such data and

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT - CASE NO. 3:21-cv-00757-JD

appropriate data collection and retention, data destruction, audit, and crisis and risk management policies. *See* Declaration of Justin Parks of A.B. Data Regarding the Proposed Notice Plan and In Support of Plaintiffs' Motion for Preliminary Approval ("Parks Decl.") ¶ 35; *Id.*, Ex. B. A.B. Data accepts responsibility for the security of Class Member's information and also agrees to comply with the provisions included in this District's Procedural Guidance. *Id.* ¶ 36.

A.B. Data estimates a claim rate range of 6% based on its experience administrating consumer data breach and data privacy settlements, as well as a 2019 FTC Study analyzing consumer class actions. *Id.* ¶¶ 31-33.[3] This is consistent with claims rates in comparable settlements, which range between 3-12%.[4] The settlements selected for comparison are consumer privacy class action cases arising from the disclosure of consumers' private information without consent, some of which concern similar technology to that involved in this action.[5]

Based on the current size of the Settlement Fund and the Settlement Class, A.B. Data recommends sending email notice using information to be provided by Flo Health, Inc. and one reminder email, a press release, creating a settlement website with a claim portal, allowing payments by digital payment methods, and communicating via email correspondence. Parks Decl. ¶¶ 7-17. A.B. Data will also establish and maintain a dedicated toll-free telephone number and email address to answer Settlement Cass Member questions and provide additional information. *Id.* ¶¶ 18-21. A.B. Data estimates Notice and Claims Administration Costs will not exceed $476,000, assuming 38 million Settlement Class Members and a 6% claims rate. *Id.* ¶¶ 7, 31, 39-40. This amount is reasonable given that it accounts for only 13.6% of the total Settlement value. The Notice and Settlement Administration Costs are to be paid out from the Settlement Fund. Settlement Agreement § 3(C).[6]

---

[3] *Id.* ¶ 32 (citing *In re: Vizio Consumer Privacy Litigation*, No. 8:16-ml-02693 (C.D. Cal.); *Barr v. Drizly, LLC f/k/a Drizly, Inc.*, 1:20-cv-11492 (D. Mass.); *Atkinson v. Minted*, 3:20-cv-03869 (N.D. Cal.)).

[4] *See In re Novant Health, Inc.*, No. 1:22-cv-00697 (M.D.N.C.) (claims rate of 11.7%); *Fiorentino v. FloSports, Inc.*, No. 1:22-cv-11502 (D. Mass.) (claims rate of 3.3%); *Vela v. AMC Networks, Inc.*, No. 1:23-cv-02524 (S.D.N.Y) (claims rate of 7.6%); *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-md-2843 (N.D. Cal.) (claims rate of 7.5%).

[5] A chart of comparable cases can be found in Exhibit 6 to the Levis Declaration.

[6] If any additional settlements are reached prior to the issuance of notice, Class Counsel will discuss with A.B. Data the possibility of adapting the notice program to include those additional settlements so as to reduce cost and improve efficiency. Levis Decl. ¶ 51.

4

## III.    THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

Preliminary approval should be granted and notice of a settlement should be disseminated where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *see also Elder v. Hilton Worldwide Holdings, Inc.*, No. 16-cv-00278, 2020 WL 11762284, at *4 (N.D. Cal. Apr. 29, 2020) (same). The Court's role is to ensure that the settlement is fundamentally fair, reasonable, and adequate. *See Carlotti v. ASUS Computer Int'l*, No. 18-cv-03369, 2019 WL 6134910, at *3 (N.D. Cal. Nov. 19, 2019).

When making this determination, the Ninth Circuit has instructed district courts to balance several factors: (1) "the strength of the plaintiffs' case;" (2) "the risk, expense, complexity, and likely duration of further litigation;" (3) "the risk of maintaining class action status throughout the trial;" (4) "the amount offered in settlement;" (5) "the extent of discovery completed and the stage of the proceedings;" and (6) "the experience and views of counsel."[7] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Carter v. XPO Logistics, Inc.*, No. 16-cv-01231, 2019 WL 5295125, at *2 (N.D. Cal. Oct. 18, 2019). In addition to these factors, courts also consider the four enumerated factors in Federal Rule of Civil Procedure Rule 23(e)(2), and any agreement required to be identified under Rule 23(e)(3). *See* Fed. R. Civ. P. 23(e)(2); *accord Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282, 2021 WL 916257, at *2-3 (E.D. Cal. Mar. 10, 2021). There is a significant overlap between the *Hanlon* factors and the Rule 23(e)(2) factors, and each support approval of this Settlement.

### A.    The *Hanlon* Factors Support Approval

#### 1.    Factors 1-3: the Strength of Plaintiffs' Case vs. Risks of Continuing Litigation

The first three *Hanlon* factors present a cost-benefit analysis of the strength of Plaintiffs' case against the risk of continued litigation. "In most situations, unless the settlement is clearly inadequate, its

---

[7] In *Hanlon*, the Ninth Circuit also instructed district courts to consider "the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. This factor is more appropriately considered at final approval and will be addressed at that time. *See Pipich v. O'Reilly Auto Enterprises, LLC*, No. 3:21-CV-01120, 2024 WL 2885342, at *10 (S.D. Cal. June 7, 2024) (explaining a full assessment of the fairness factors is not necessary at the preliminary approval stage and is "reserved" for final approval).

acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 4 A Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 11:50 at 155 (4th ed. 2002)).

The balance in this case favors settlement. As an initial matter, if Plaintiffs succeed at proving their claims against Flurry at trial, any recovery would be limited by Flurry's financial condition. The risk of continuing to litigate against Flurry, a dissolved entity with a limited pool of funds, is unique and makes it impossible to recover a significant percentage of the billions of dollars in statutory damages sought by Plaintiffs. Levis Decl. ¶¶ 38-39. *Cf. O'Brien v. Siege Elec., Inc.*, No. 23-cv-00897, 2024 WL 4308792, at *4 (S.D. Cal. Sept. 26, 2024) ("There is a significant risk of lesser recovery or no recovery at all since fully litigating the matter could result in Defendant's dissolution."). This strongly supports settlement as continuing the ligation against Flurry presents little to no upside for Class Members regardless of the outcome. *See In re Lenovo Adware Litig.*, No. 15-MD-02624, 2019 WL 1791420, at *6 (N.D. Cal. Apr. 24, 2019) ("[H]ad Plaintiffs not reached a settlement with [dissolved defendant] in 2016, there was a significant risk of [defendant] declaring bankruptcy and Plaintiffs receiving nothing from [defendant]."). Indeed, the Settlement secures all remaining cash-on-hand available from Flurry following its dissolution, which represents the best possible outcome under the circumstances. Levis Decl. ¶¶ 38-40. And that does not even speak to the generally recognized risks associated with litigating through class certification and summary judgment.[8] Here, Flurry disputed Plaintiffs' allegations and planned to expend any remaining funds it had to mount a rigorous defense on multiple fronts—*i.e.*, arguing that it had no knowledge of any allegedly unauthorized data sharing, no use of any allegedly shared data for non-analytics purposes, no interception of any alleged communications "in transit," no receipt of any sensitive information. There is no reason to risk an adverse outcome for a pyrrhic victory.

In the end, all of the foregoing risks counseled one outcome: the Settlement.

---

[8] *See Larsen v. Trader Joe's Co.*, No. 11-CV-05188, 2014 WL 3404531, at *4 (N.D. Cal. July 11, 2014) ("[T]he risk in obtaining and maintaining class certification" throughout litigation supports approval of settlement); *Smith v. Kaiser Found. Hosps.*, No. 18-CV-00780, 2021 WL 2433955, at *7 (S.D. Cal. June 15, 2021) (finding that risk of "continued litigation" at later stages such as summary judgment weighs in favor of approval where some "factual disputes" remain).

### 2.     PG 1(c): The Amount Offered in Settlement

The determination of "the fairness, adequacy, and reasonableness of the amount offered in settlement is not a matter of applying a 'particular formula.'" *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 832 (N.D. Cal. 2017) (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)). In assessing the consideration available to Settlement Class Members in a proposed Settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *DIRECTV, Inc.*, 221 F.R.D. at 527 (quoting *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982)). "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Id.* (citation omitted).

Here, the cash value of the proposed Settlement is $3,500,000 and represents all of Flurry's total assets apart from existing financial obligations. Settlement Agreement, Ex. A ¶ 2. Plaintiffs also confirmed that no additional sources of funds existed—whether through insurance or other assets available to Flurry—before accepting this amount. Levis Decl. ¶ 28. Rather than hoping for a potential illusory, maximum recovery that Flurry cannot pay, the Settlement resolves Plaintiffs' and Settlement Class Members' claims for the maximum amount it could pay.

### 3.     The Extent of Discovery

Courts also evaluate whether class counsel had sufficient information to make an "informed decision" about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). After three years of discovery, Plaintiffs were fully informed about the strengths and weaknesses of their claims. Levis Decl. ¶¶ 16-21. This was further supplemented by information provided during the mediation about Flurry's financial condition and dissolution. *Id.* ¶ 28.

### 4.     Experience and Views of Counsel

The judgment of experienced counsel regarding the Settlement is entitled to great weight. *Miramontes v. U.S. Healthworks, Inc.*, No. CV15-05689, 2017 WL 11633665, at *7 (C.D. Cal. Sept. 5, 2017) ("Significant weight should be attributed to the belief of experienced counsel that the settlement is in the best interest of the Class") (citing *DIRECTV, Inc.*, 221 F.R.D. at 528). "[T]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Google Location History Litig.*,

7

No. 5:18-cv-05062, 2024 WL 1975462, at *8 (N.D. Cal. May 3, 2024). Class Counsel here have extensive experience in prosecuting and litigating consumer class action cases. Levis Decl. ¶ 41; *see id.* Exs. 7-9. That qualified and well-informed counsel, after four years of litigation, endorse the Settlement as being fair, reasonable, and adequate under the applicable factors weighs heavily in favor of this Court's approval of the Settlement.

### B.    Rule 23(e)(2) Factors Further Support Approval

#### 1.    The Class Has Been Adequately Represented

The Settlement is procedurally fair under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(2)(A), (B) (requiring the class has been adequately represented in connection with the settlement and that the settlement was negotiated at arm's length). Plaintiffs' interests are aligned with other Settlement Class Members' interests because they allegedly suffered the same injuries when Flo shared their data with Flurry. *See* Levis Decl. ¶ 14; *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 3:17-CV-2335, 2020 WL 520616, at *5 (S.D. Cal. Jan. 31, 2020) (adequacy under Rule 23(a)(4) also satisfies the adequacy factor under Rule 23(e)(2)(A)). Given this common misconduct, Plaintiffs have an interest in vigorously pursuing the claims of the Class and have no conflicts or positions antagonistic to other Class Members. Further, Class Counsel have vigorously and adequately represented the Class through this Action, consistent with their experience in similar cases. *See* Levis Decl. Exs. 7-9; *see also Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1045 (N.D. Cal. 2020) ("a court may consider the proposed counsel's professional qualifications, skill, and experience, as well as such counsel's performance in the action itself"). This factor thus favors preliminary approval.

#### 2.    The Settlement Was Negotiated at Arm's Length

This proposed Settlement is the result of extensive negotiations assisted by two separate mediators: Magistrate Judge Thomas Hixson and, most recently Ambassador Jeffrey Bleich. Levis Decl. ¶¶ 25-29. Plaintiffs and Flurry reached an agreement in principle to settle the Action on October 30, 2024, only after a full day mediation with Ambassador Bleich. Levis Decl. ¶ 30. This supports finding the settlement fair, reasonable, and adequate. *See Perks v. Activehours, Inc.*, No. 5:19-CV-05543, 2021 WL 1146038, at *5 (N.D. Cal. Mar. 25, 2021) (approving settlement achieved following "arm's-length negotiations . . . supervised by [an experienced neutral]" and involving experienced class counsel that had performed

8

1  sufficient investigation "to make an informed decision about the Settlement and about the legal and factual

2  risks of the case"); *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261, 2012 WL 5878390, at *6

3  (N.D. Cal. Nov. 21, 2012) (finding use of mediators "tends to support the conclusion that the settlement

4  process was not collusive").

5  **3.    The Settlement Provides Substantively Fair Relief to the Settlement Class**

6  Whether relief is adequate takes into account: "(i) the costs, risks, and delay of trial and appeal;

7  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of

8  processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing

9  of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P.

10  23(e)(2)(C)(i-iv). These factors subsume several *Hanlon* factors addressed above. *See* Section III.A.

11  Regarding "the effectiveness of any proposed method of distributing relief to the class," "[a] claims

12  processing method should deter or defeat unjustified claims, but the court should be alert to whether the

13  claims process is unduly demanding." *Alvarez v. Sirius XM Radio Inc.*, No. CV 18-8605, 2020 WL

14  7314793, at *6 (C.D. Cal. July 15, 2020) (citing Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes).

15  Under the terms of the proposed Settlement, Settlement Class Members who make valid claims will be

16  issued *pro rata* payments (primarily through digital payment platforms) from the Settlement Fund.

17  Settlement Agreement § 9(F). In lieu of receiving the payment, Settlement Class Members can opt to

18  donate their *pro rata* payment to select charities. Parks Decl. ¶ 30. The claims process requires minimal

19  effort, *i.e.*, "logging on to the Settlement Website and submitting a [c]laim there, or a Settlement Class

20  Member may print the Claim [F]orm from that website and mail a filled-in hard-copy to the Settlement

21  Administrator if they prefer." *Alvarez*, 2020 WL 7314793, at *6; *see* Parks Decl. ¶ 24. "[T]his process is

22  not unduly demanding, and [] the proposed method of distributing relief to the Class is effective." *Id.*; *see*

23  Levis Decl., Ex. 5 (Claim Form).

24  Class Counsel will apply for an award of no more than 20% of the Settlement Fund ($700,000) as

25  a combined Attorneys' Fee and Expense Award.[9] Levis Decl. ¶ 43. There is no "clear sailing" agreement

26  with Flurry. Class Counsel will provide detailed information in support of its application in its motion for

27

28  _____
[9] Class Counsel reserves the right to propose a different fee request in connection with any subsequent settlements or judgments in the Action.

attorneys' fees and expenses, to be filed with the Court 60 days before the Objection and Exclusion Deadline, as per the Court's preference. The requested fee is fair in light of the fact that Plaintiffs' Counsel have devoted years to this case on a contingency fee basis, with the threat of no recovery at all absent a successful resolution. It is also significantly lower than market rates, as reflected by awards made in cases of similar size in this District. *See, e.g., Franklin v. OCWEN Loan Servicing, LLC*, No. 3:18-CV-03333 (N.D. Cal. 2018), ECF Nos. 158, 169 (awarding 29.66% of the $1,500,000 settlement in fees); *Lofton v. Verizon Wireless (VAW) LLC*, No. C 13-05665, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (awarding about 30% of the $4 million settlement in fees); *Cordy v. USS-POSCO Indus.*, No. 12-CV-00553, 2014 WL 1724311, at *2 (N.D. Cal. Apr. 28, 2014) (awarding 30% of the $3.5 million settlement in fees); *Wellens v. Sankyo*, No. C 13-00581, 2016 WL 8115715, at *3 (N.D. Cal. Feb. 11, 2016) (awarding 35% of $8,200,000 settlement fund in fees).

There are no other agreements between the Parties that would impact the adequacy of the Settlement. In sum, the substantive value of the Settlement supports its approval.

### 4.    The Settlement Treats All Settlement Class Members Equally

"The final Rule 23(e)(2) factor is whether 'the proposal treats class members equitably relative to each other.'" *Perks*, 2021 WL 1146038, at *6 (citing Fed. R. Civ. P. 23(e)(2)(D)). There is no preferential treatment here because any Settlement Class Member may make a claim and be paid a *pro rata* portion of the Settlement. *See* Settlement Agreement § 9(F). *See* Section II.C.1.  Courts in this district have found that allocating settlement benefits among class members in this manner is equitable. *See In re Extreme Networks, Inc. Sec. Litig.*, No. 15-CV-04883, 2019 WL 3290770, at *8 (N.D. Cal. July 22, 2019) (finding *pro rata* distribution equitable); *State of California v. eBay, Inc.*, No. 5:12-CV-05874, 2014 WL 4273888, at *5 (N.D. Cal. Aug. 29, 2014) (explaining a proposed settlement is appropriate where it "does not improperly grant preferential treatment to class representatives or segments of the class").[10] To the extent feasible, unclaimed funds will be redistributed to Settlement Class Members who have made claims and negotiated their payments; if infeasible, Class Counsel will propose a *cy pres* recipient for Court approval

---

[10] The service awards that may be requested for Plaintiffs will not exceed $2,000 per Plaintiff. As such, they do "not constitute inequitable treatment of class members." *See In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *8, 11 (explaining "[s]ervice awards as high as $5,000 are presumptively reasonable in this judicial district").

that is aligned with the Settlement Class and promotes data privacy, among other things, which would indirectly benefit Settlement Class Members. *See* Settlement Agreement § 9(F); Levis Decl. ¶ 35. This satisfies the requirements for a *cy pres* award in the Ninth Circuit. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819–22 (9th Cir. 2012). Thus, this factor weighs in favor of granting approval.

## IV.    PROVISIONAL CERTIFICATION OF THE RULE 23 CLASS IS APPROPRIATE

Under Rule 23(a), a class action may be maintained if all of the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b). Plaintiffs request that the Court provisionally certify the proposed Settlement Class. *See* Settlement Agreement § 1(I). Provisional certification permits notice of the proposed Settlement to the Class to inform Settlement Class Members of the existence and terms of the proposed Settlement, of their right to be heard on its fairness, of their right to opt-out or object, and of the date, time, and place of the formal fairness hearing. *See* MANUAL for COMPLEX LITIG., §§ 21.632, 21.633 (4th ed. 2004). As discussed below, all applicable Rule 23 requirements are met, and Flurry consents to provisional certification for settlement purposes. Accordingly, provisional certification should be granted.

### A.    The Class Satisfies Rule 23(a)

#### 1.    The Class Is Sufficiently Numerous

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1); *Hanlon*, 150 F.3d at 1019. This requirement is met here as the proposed Settlement Class includes approximately 38 million Flo App users. Levis Decl. ¶ 37.

#### 2.    Common Questions of Law and Fact Exist

Rule 23(a)(2) requires the existence of common questions of law or fact. Fed. R. Civ. P. 23(a)(2). Commonality means that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012)). Commonality is liberally construed, and not all questions of fact and law "need [] be common to satisfy the rule." *Hanlon*, 150 F.3d at 1019. The "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id*.

The commonality and predominance hurdles are satisfied here. Common questions of law and fact exist as to all Settlement Class Members and predominate over questions affecting only individual

Settlement Class Members. These questions include, for example:

- Whether Flurry violated Settlement Class Members' privacy rights;

- Whether Flurry violated CIPA by allegedly intercepting Settlement Class Members' communications via its SDK;

- Whether Flurry's conduct violated the UCL;

- Whether Flurry violated the CDAFA by allegedly intercepting and using data from Class Members' devices through its SDK; and

- Whether Flurry aided and abetted Flo's intrusion upon Class Members' seclusion by allegedly designing their SDK to intercept Class Members' data.

Virtually all legal theories asserted by Plaintiffs against Flurry are common to the Class as a whole, which alone is sufficient to establish commonality. *See* ECF No. 64 ¶¶ 366-425 (Counts 9-14); *see Hanlon*, 150 F.3d at 1019–20. Commonality is satisfied.

### 3.    The Plaintiffs' Claims Are Typical

Rule 23(a)(3) requires that the class representatives' claims are typical of the class. Fed. R. Civ. P. 23(a)(3). Typicality is met when "other members have the same or similar injury, . . . the action is based on conduct which is not unique to the named plaintiffs, and . . . other class members have been injured by the same course of conduct." *See Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 110 (N.D. Cal. 2008); *see Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) (Plaintiffs need only demonstrate that they "endured a course of conduct directed against the class"). Here, Plaintiffs' claims arise from Flurry's alleged common interception and use of identifiable health information that each Settlement Class Member entered into the Flo App. *See* ECF No. 64 ¶¶ 111-114, 128 n.19, 143-147.

### 4.    Plaintiffs and Their Counsel Adequately Represent the Class

Rule 23(a)(4) turns on the same two questions considered under Rule 23(e)(2)(A): "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *See* Section III.B.1; *Staton*, 327 F.3d at 957. As previously discussed, both components of the "adequacy" test are met here. The firms should be appointed to represent the Settlement Class pursuant to Rule 23(g).

### B.    The Class Satisfies Rule 23(b)(3)

This Action is well-suited for certification under Rule 23(b)(3) because, particularly in the context of this Settlement, questions common to the Settlement Class Members predominate over questions affecting only individual Settlement Class Members, and the class action device provides the best method for the fair and efficient resolution of the Class's claims. Flurry does not oppose provisional class certification for the purpose of effectuating the proposed Settlement. When addressing the propriety of class certification, the Court should take into account the fact that, in light of the settlement, trial will now be unnecessary, and that the manageability of the Class for trial purposes is not relevant to the Court's inquiry. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 593 (1997); *Hanlon,* 150 F.3d at 1021–23.

### 1.    Common Questions Predominate

Predominance is met if the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). In the settlement context, "[t]he focus is on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives." *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 557 (9th Cir. 2019). The Settlement Class is cohesive: all members were Flo App users, and their claims turn on the same common questions about Flurry's alleged interception and use of their data.

### 2.    Superiority

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). This is easily met here. There can be no doubt that managing claims against Flurry in a single class action before a single judge is preferable and more manageable than requiring 38 million users to bring individual actions.

## V.    THE PROPOSED NOTICE PROGRAM SHOULD BE APPROVED

The Parties' proposed notice program comports with Rule 23 and with due process and should be approved.[11]

---

[11] Pursuant to the Settlement Agreement, Flurry is responsible for issuing notice under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715. *See* Settlement Agreement § 8(K).

**A.    The Content of the Proposed Notices Complies with Rule 23(c)(2) and the Northern District's Procedural Guidelines 3**

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), the notice program must provide "the best notice that is practicable under the circumstances." *Evans v. Linden Rsch., Inc.*, No. C-11-01078, 2013 WL 5781284, at *5 (N.D. Cal. Oct. 25, 2013). Under the proposed notice plan, the Settlement Administrator will directly email Settlement Class Members notice of the Settlement, using contact information provided by Flo, substantially in the form of the Email Notice. *See* Levis Decl. Ex. 5. *See* Parks Decl. ¶¶ 7-8. The email will include text describing the key terms of the Settlement, deadlines, and provide a link to the Settlement Website, which will host additional documents and information, such as the Long Form Notice, Short Form Notice, Settlement Agreement, claim portal, and any updates relating to the final Fairness Hearing or deadlines in the case. *See* Levis Decl. Ex. 5; Parks Decl. ¶ 10. The Long Form Notice will describe: (i) the general terms of the Settlement, (ii) the general terms of the proposed relief to Settlement Class Members, (iii) the general terms of the Fee and Expense Application, (iv) Settlement Class Members' rights to object and to request exclusion from the Settlement Class, and/or to appear at the Fairness Hearing, and (v) the process for submitting a Claim to obtain the proposed relief. *See* Levis Decl. Ex. 3. The Notices and Settlement Website will explain the Settlement in clear, plain language. The Claim Form will be simple, requiring only information necessary to identify a claimant as a Settlement Class Member and facilitate a payment from the Settlement for eligible persons.

Several courts have approved similar email notice plans, recognizing that email is the most reliable means of notification for Settlement Class Members where, as here, they were required to provide a valid email address when registering to use the Flo App. *See In re Classmates.com Consol. Litig.*, No. C09-45, 2010 WL 11684544, at *3 (W.D. Wash. Apr. 19, 2010) (granting preliminary approval and finding email notice "an excellent option here" where "every class member provided an e-mail address to [the defendant] in the process of registering as a user"); *Opperman v. Kong Techs., Inc.*, No. 13-CV-00453, 2017 WL 11676126, at *5 (N.D. Cal. July 6, 2017) (approving the notice plan which will provide "email notice to every user who downloaded and registered for the app during the relevant time period"); *Shahar v. Hotwire, Inc.*, No. 12-CV-06027, 2014 WL 12647737, at *2 (N.D. Cal. July 25, 2014) (recognizing the "direct e-mail notice" plan was "the best notice practicable under the circumstances"); *Stewart v. Apple Inc.*, No. 19-CV-04700, 2022 WL 3013122, at *5 (N.D. Cal. Feb. 17, 2022) (same).

### B. Distribution of the Notices Will Comply with Rule 23(c)(2)

Class Counsel worked with the proposed Settlement Administrator to develop and recommend a Notice Plan that provides notice to Settlement Class Members through reasonable and appropriate forms and methods. Using contact information for Settlement Class Members, the Settlement Administrator will email notice of the Settlement to Class Members. Settlement Agreement § 8(A). A press release will also be issued. If necessary, the Settlement Administrator has also proposed additional steps to notify Settlement Class Members or if additional settlements are achieved in this Action, including digital media/targeted online notification. *Id.* § 8(C). The Settlement Website will be operational no later than the Notice Date and shall be maintained from the Notice Date until one hundred eighty (180) calendar days after the Effective Date or when the Net Settlement Fund has been fully distributed, whichever is later. Settlement Agreement § 8(D)-(E).

As part of this process, Plaintiffs have contacted Non-Settling Defendant Flo Health to discuss the production of emails addresses for Settlement Class Members to the Settlement Administrator. Levis Decl. ¶ 46. Plaintiffs and Flo Health are currently in the process of discussing the potential parameters and timing of such a production. *Id.* If they are able to reach an agreement, Plaintiffs and Flurry will update the Court to propose a schedule addressing the timing and deadlines for issuing notice (the "Notice Date"), filing a claim, objecting and opting out of the Settlement Class, and the Fairness Hearing. The proposed schedule will take into consideration the interests of the Class and Flurry, as well as weigh the benefits of delaying notice until the claims against the Non-Settling Defendants are resolved, which may allow the Settlement to avoid unnecessary costs and reduce or eliminate any confusion among the Class Members in light of the posture of the case. *Id.*

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court grant Plaintiffs' Motion and enter the [Proposed] Preliminary Approval Order provisionally certifying the proposed Settlement Class, appointing Plaintiffs as Class Representatives, appointing Carol Villegas, Christian Levis, and Diana Zinser as Class Counsel, preliminarily approving the Settlement with Flurry,  approving the proposed forms and methods of notice to the Settlement Class and approve the proposed selection of the Settlement Administrator.

15

Dated: March 21, 2025

/s/ Christian Levis
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone:   (914) 997-0500
Facsimile:    (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
mmaclean@lowey.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed
Class*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed
Class*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
dizzo@labaton.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed
Class*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: (805) 543-0990
Fax: (805) 543-0980
wagstaffe@wvbrlaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**WILLIAMS LAW FIRM**
1632 Homestead Trail
Long Lake, MN 55356
Tel: (612) 940-4452
williamslawmn@gmail.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, Ohio 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

17