LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (Bar No. 304635)
*kristin.whitehead@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

Michele D. Johnson (Bar No. 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:  +1.714.540.1235

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

GIBSON, DUNN & CRUTCHER LLP
ELIZABETH K. MCCLOSKEY (SBN 268184)
*EMcCloskey@gibsondunn.com*
ABIGAIL A. BARRERA (SBN 301746)
*ABarrera@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>FLO HEALTH, INC., GOOGLE LLC, FACEBOOK, INC., and FLURRY, INC.,<br><br>               Defendants. | CASE NO. 3:21-cv-00757-JD (consolidated)<br><br>**DECLARATION OF ELIZABETH K. MCCLOSKEY IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES FRED LEACH AND GOKSU NEBOL-PERLMAN** |

Gibson, Dunn & Crutcher LLP

I, Elizabeth K. McCloskey, hereby declare as follows:

1.      I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in this case.  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.  I submit this declaration in support of Meta's Opposition to Plaintiffs' Motion to Exclude Witnesses Fred Leach and Goksu Nebol-Perlman.

2.      On September 24, 2021, Meta served its Initial Disclosures on plaintiffs.  Attached hereto as **Exhibit A** is a true and correct copy of Meta's Initial Disclosures, dated September 24, 2021.

3.      Meta identified ten then-current Meta employees in its Initial Disclosures:  (1) Brianna Arroyo; (2) Oleksii Bagdasarov; (3) Edward Dendievel; (4) Tatiana Frantsuzenko; (5) Alex Lapitski; (6) Julia Onuchina; (7) Vasyl Sergiienko; (8) Karan Shah; (9) Jingwei Zheng; and (10) Bo Zhu. Plaintiffs have not taken, or sought to take, any of those ten individuals' depositions in this litigation.

4.      It is my understanding that five of those ten individuals are no longer employed by Meta. Specifically, I understand that (1) Julia Onuchina left Meta in May 2023; (2) Tatiana Frantsuzenko left Meta in August 2024; (3) Brianna Arroyo left Meta in October 2024; (4) Oleksii Bagdasarov left Meta in November 2024; and (5) Edward Dendievel left Meta in February 2025.

5.      On February 25, 2025, Meta served its First Supplemental Initial Disclosures on plaintiffs.  Attached hereto as **Exhibit B** is a true and correct copy of Meta's First Supplemental Initial Disclosures, dated February 25, 2025.

6.      Meta identified six additional current and former Meta employees in its First Supplemental Initial Disclosures:  (1) Anh Bui; (2) Anjali Dahiya; (3) Fred Leach; (4) Wei Liu; (5) Goksu Nebol-Perlman; and (6) Tobias Wooldridge.  Plaintiffs have already deposed four of those individuals in this litigation:  Ms. Bui, Ms. Dahiya, Mr. Liu, and Mr. Wooldridge.

7.      It is my understanding that Mr. Leach and Ms. Nebol-Perlman have been employed by Meta for over nine years.

8.      Attached hereto as **Exhibit C** is a true and correct copy of email correspondence between Meta's counsel and plaintiffs' counsel on February 25, 2025, whereby Meta served its First Supplemental Initial Disclosures.

9.      Attached hereto as **Exhibit D** is a true and correct copy of email correspondence between Meta's counsel and plaintiffs' counsel from April 7, 2025, through May 2, 2025.

10.      The parties met and conferred about Meta's First Supplemental Initial Disclosures on April 18, 2025.  Plaintiffs' counsel claimed plaintiffs were prejudiced by the disclosure of Mr. Leach and Ms. Nebol-Perlman given the July trial date.  In response, Meta's counsel explained they had been added to address topics similar to those for whom Meta had previously disclosed potential witnesses, and that some formerly disclosed witnesses had recently left the company.  Meta's counsel also explained the challenges and uncertainties of compelling former employees to testify at trial, particularly given their locations, and reiterated Meta's offer to have Mr. Leach and Ms. Nebol-Perlman sit for depositions.  Meta also offered to produce any of their custodial documents that (1) hit upon the search terms that the parties had previously negotiated and agreed upon and (2) were responsive to plaintiffs' document requests.  Plaintiffs' counsel then raised concerns about the pending class certification and summary judgment motions.  In response, Meta's counsel explained Mr. Leach and Ms. Nebol-Perlman would not impact those motions because Meta would not use their information in connection with those motions—but Meta's counsel offered to allow plaintiffs to use information from those depositions if they believed they obtained any new information.  Meta's counsel encouraged plaintiffs to review Mr. Leach's and Ms. Nebol-Perlman's documents and take their depositions to assess whether any actual, concrete prejudice exists, rather than raise hypothetical concerns about prejudice.  Plaintiffs' counsel agreed to consider this proposal, which they subsequently rejected on April 22, 2025 (as reflected in Exhibit D).

11.      If Mr. Leach and Ms. Nebol-Perlman are permitted to testify at trial, Meta could proceed with calling a total of just five or six current employees, because Mr. Leach and Ms. Nebol-Perlman have broader vantage points and could more efficiently cover the same subjects that would otherwise require 10 to 11 other previously disclosed witnesses identified in Meta's First Supplemental Initial Disclosures (who can each testify to more discrete subjects).

12. Attached hereto as **Exhibit E** is a true and correct copy of Meta's Responses and Objections to Plaintiffs' Amended Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated January 9, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on March 19, 2025, in San Francisco, California.

By:  /s/ *Elizabeth K. McCloskey*
Elizabeth K. McCloskey

*Attorney for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

Gibson, Dunn &
Crutcher LLP