UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., et al.,<br><br>     Defendants. | Case No. 21-cv-00757-JD<br><br>**SUMMARY JUDGMENT ORDER RE META AND FLO** |

This order resolves the motions for summary judgment filed by defendants Flo and Meta. Dkt. Nos. 528, 536. The parties' familiarity with the record is assumed. Summary judgment is granted and denied in part.

I.  **META'S MOTION**

<u>First</u>, summary judgment is granted on the claim under the Wiretap Act, 18 U.S.C. § 2511. There is no liability under the Act if "one of the parties to the communication" gives "prior consent," *id.* § 2511(2)(d), and the undisputed record shows that Flo consented to Meta's data collection practices. The Court notes that plaintiffs did not seek class certification of this claim, *see* Dkt. No. 477, and that the basis of dismissal re Meta was not raised by Google in its summary judgment papers, *see* Dkt. No. 338 at 19.

<u>Second</u>, summary judgment on the claims under the California Invasion of Privacy Act (CIPA), Cal. Pen. Code §§ 631-32, is denied. Disputes of fact abound with respect to the scope of consent, the timing of Meta's "interception" or "eavesdropping," whether Meta "intended" to intercept communications, whether Meta's interception occurred while the communications were "in transit," and the like. *See, e.g.*, App'x 507-10, 847-48, 718-20; Dkt. Nos. 478-6 ¶¶ 82-90; 478-10 ¶¶ 17-18; 564-5 at 867. Class certification was granted for the § 632 claim but was denied for

1  the § 631 claim.  *See Frasco v. Flo Health, Inc.* (*Flo Health II*), No. 21-cv-757-JD, 2025 WL
2  1433825, at *19 (N.D. Cal. May 19, 2025).  Consequently, the § 632 claim will proceed on a
3  classwide basis for the California subclass while the § 631 claim will proceed solely for plaintiffs
4  Wellman, Chen, and Gamino.

5  Third, summary judgment on the California Comprehensive Computer Data Access and
6  Fraud Act (CDAFA) claim, Cal. Pen. Code § 502, is granted.  The sole ground advanced by
7  plaintiffs relies on their putative expert, David Hoffman, to show that the Custom Event data
8  carried "financial value" to Flo App users and that its surreptitious transmission caused them
9  "damage or loss."  Dkt. No. 564-3 at 24.  Hoffman has been excluded from testifying at trial under
10 Federal Rule of Evidence 702, *see* Dkt. No. 597, and plaintiffs did not present an alternative, non-
11 speculative basis for showing "damage or loss."  Certification was denied as to this claim, *Flo
12 Health II*, 2025 WL 1433825, at *17-18, so summary judgment is granted against the named
13 plaintiffs.

14 Fourth, summary judgment is granted on individual named plaintiffs' claim that Meta
15 aided and abetted Flo's intrusion upon seclusion.  Plaintiffs' evidence for this claim is not
16 materially different from the evidence they proffered in the unsuccessful assertion of a very
17 similar aiding-and-abetting claim against Google.  Summary judgment is warranted here for the
18 same reasons re Google.  *See Frasco v. Flo Health, Inc.* (*Flo Health I*), No. 21-cv-757-JD, 2024
19 WL 4280933, at *3 (N.D. Cal. Sept. 23, 2024).

20 Fifth, with the named plaintiffs' agreement, Dkt. No. 564-3 at 25, summary judgment is
21 granted on the UCL claim.

22 **II.  FLO'S MOTION**

23 First, summary judgment on the ground that all claims are time barred is denied.  A jury
24 will need to decide whether Flo's privacy disclosures sufficed to give users constructive notice of
25 the alleged misconduct, and with respect to the discovery rule, plaintiffs set forth evidence from
26 which a reasonable jury could find that they did not learn about the alleged misconduct until
27 January 2021.  *See, e.g.*, Dkt. Nos. 535-11 at 117:23-118:6; 535-14 at 232:10-233:14; 535-18 at
28 87:19-89:10.  Flo's public representations after the publication of the *Wall Street Journal* article

2

1    create fact issues about the applicability of the fraudulent concealment doctrine which will need to
2    be resolved by the trier of fact. *See, e.g.*, Dkt. No. 496-4 at 289-90; 536-60 at ECF 5.

3      Second, Flo's request to enforce the class waiver in its terms of use is not well taken for
4    the reasons given in the Court's certification order. *Flo Health II*, 2025 WL 1433825, at *9-11.

5      Third, with the named plaintiffs' agreement, Dkt. No. 560-3 at 24 n.14, summary judgment
6    is granted on their implied contract and UCL claims. Summary judgment is also granted on
7    named plaintiffs' unjust enrichment claim to the extent it is asserted as an independent cause of
8    action, as it overlaps with plaintiffs' other substantive claims. *See LeBrun v. CBS Tv. Studios,*
9    *Inc.*, 68 Cal. App. 5th 199, 211 (2021); *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151,
10   1167 (9th Cir. 1996). Insofar as plaintiffs pursue equitable remedies, like disgorgement, not as
11   independent causes of action but pursuant to other claims, like intrusion upon seclusion, Flo did
12   not meet its burden of showing its entitlement to judgment and the absence of fact disputes
13   concerning the adequacy of legal remedies. Fed. R. Civ. P. 56(a).

14     Fourth, summary judgment on the Confidentiality of Medical Information Act (CMIA)
15   claim, Cal. Civ. Code §§ 56 *et seq.*, is denied. Flo's arguments are not well taken. Dkt. No. 535-3
16   at 18-22. Flo says that it is not a "Provider of health care" as contemplated by § 56.05(p) and that
17   the CMIA was amended in 2023 to include express references to "[r]eproductive or sexual health
18   application information." *Id.* at 18-19. As a result, Flo says the "CMIA did not apply to
19   pregnancy and fertility tracker apps like Flo from 2016 through 2019." *Id.* at 19. This argument
20   was not raised in connection with class certification, and it does not now sink plaintiffs' claims.

21     Flo ignores the plain text of both § 56.05(j) and § 56.06(b). There are fact disputes about
22   Flo's services and practices, based on the evidence discussed in the certification order, *see Flo*
23   *Health II*, 2025 WL 1433825, at *17, bearing on (1) whether the Custom Event data was
24   "individually identifiable information . . . in possession of . . . a provider of health care . . .
25   regarding a patient's medical history, mental or physical condition, or treatment," Cal. Civ. Code
26   § 56.05(j) (2019); and (2) whether Flo is a "business that offers software . . . including a mobile
27   application . . . that is designed to maintain medical information, as defined in subdivision (j) of
28   Section 56.05, in order to make that information available to an individual . . . for purposes of

allowing the individual to manage his or her information," *id.* § 56.06(b) (2019).  Flo did not say why the plain text of either subsection should be read more narrowly than their ordinary meaning simply because the 2023 amendments added provisions that would overlap in some instances.  *See Skidgel v. Cal. Unemployment Ins. App. Bd.*, 12 Cal. 5th 1, 14 (2021) ("We begin by examining the statutory language, giving it a plain and commonsense meaning." (citation omitted)).  Insofar as legislative history is helpful here, it is less definitive than Flo suggests.  *See, e.g.*, Cal. Bill Analysis, A.B. 254 Sen., 6/13/2023 at 6 (noting the concern that some reproductive health apps would not "necessarily be captured under the existing definition of medical information"); Cal. Bill Analysis, A.B. 254 Assem., 4/25/2023 at 5 (expressing concerns about "serious loopholes in existing protections").

Flo's contention that the Custom Event data was not "medical information" because the data was "de-identified" is also unavailing.  Dkt. No. 535-3 at 21-22.  As discussed in the certification order, there is evidence from which a reasonable jury could find that the transmitted Custom Events "include[d] or contain[ed] any element of personal identifying information sufficient to allow identification of the individual."  Cal. Civ. Code § 56.05(j); *Flo Health II*, 2025 WL 1433825, at *5.  The CMIA claim will proceed on a classwide basis.  Flo's specific objections may be raised at trial as circumstances warrant.

<u>Fifth</u>, summary judgment is granted on all claims asserted by plaintiff Pietrzyk, who did not start using the Flo App until long after the class period and whose claims plaintiffs did not defend.  *See* Dkt. Nos. 560-3; 579-3 at 1 n.1.

<u>Finally</u>, Flo's suggestion in a footnote that it "incorporated" other filings, Dkt. No. 353-3 at 8 n.4, is misdirected.  Paragraph 22 of the Court's Standing Order for Civil Cases proscribes such tactics, *see* J. Donato, Standing Order for Civil Cases ¶ 22, and the Court declines to root through the record to make Flo's case for it, *see Flo Health II*, 2025 WL 1433825, at *16.

## CONCLUSION

Summary judgment is granted to Meta on named plaintiffs' CDAFA, federal Wiretap Act, aiding-and-abetting intrusion upon seclusion, and UCL claims but is denied in all other respects.  Summary judgment is granted to Flo on the UCL and implied contract claims, as well as the claim

of unjust enrichment insofar as that is asserted as a standalone claim.  Summary judgment is also granted to Flo on all claims asserted by plaintiff Pietrzyk but is denied in all other respects.  The request for judicial notice, Dkt. No. 563, is denied as moot.

**IT IS SO ORDERED.**

Dated: May 22, 2025

JAMES DONATO
United States District Judge