James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco
and Sarah Wellman*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>            Defendants. | Civil Case No. 3:21-cv-00757-JD<br><br>**REPLY IN SUPPORT OF MOTION TO EXCLUDE DEFENDANT META PLATFORMS, INC.'S WITNESSES FRED LEACH AND GOKSU NEBOL-PERLMAN FOM TESTIFYING AT TRIAL PURSUANT TO FED. R. CIV. P. 37(C)(1)**<br>Date: June 12, 2025<br>Time: 10:00 A.M.<br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor, SF |

REPLY ISO PLAINTIFFS' MOTION TO EXCLUDE META PLATFORMS, INC.'S
WITNESSES  FRED LEACH AND GOKSU NEBOL-PERLMAN FROM TESTIFYING AT
TRIAL
CASE NO. 3:21-cv-00757-JD

**STATEMENT OF THE ISSUE TO BE DECIDED**

Whether Defendant Meta Platforms, Inc.'s ("Meta") two witnesses, Fred Leach and Goksu Nebol-Perlman, should be excluded from testifying at trial because Meta did not disclose or identify these witnesses until February 25, 2025—almost two years after the close of discovery and five months before the July 14, 2025 trial.

## I. INTRODUCTION

Meta's Opposition[1] confirms that Frank Leach and Goksu Nebol-Perlman must be excluded as potential witnesses. Meta does not dispute that these witnesses were disclosed years after the close of fact discovery, and its attempts to excuse these late disclosures under the guise of trial efficiency is insufficient to meet its burden of showing these disclosures were substantially justified or harmless.

At this stage, no amount of trial "efficiency" can rectify the harm caused by Meta's late disclosures. Plaintiffs were forced to litigate this case without knowing these witnesses existed and without the benefit of these witnesses' custodial documents. Plaintiffs were equally deprived of any ability to depose these individuals, which could have informed legal strategy, helped identify gaps in the existing record, or provided clarity on disputed factual issues.

Meta's claim that Plaintiffs can simply depose these witnesses after reviewing their custodial files does not restore the status quo. This case is well past discovery, as well as dispositive motion practice and class certification. Indeed, trial is currently set for July. Having to depose newly disclosed witnesses and review additional files now—on top of existing trial preparation—is not just prejudicial, it is practically impossible. Even putting timing aside, any information uncovered through these witnesses' files or testimony simply comes too late—discovery is already completed and the existing case strategy well underway.

Simply put, Meta cannot decide shortly before trial to offer new witnesses who Plaintiffs know nothing about and whose files were not produced during discovery. If these witnesses were truly important—like Meta claims in its Opposition—they should have been disclosed years ago.

The Court should preclude these late witnesses from testifying at trial.

---

[1] Defendant Meta Platforms, Inc.'s Opposition to Plaintiffs' Motion to Exclude Witnesses Fred Leach and Goksu Nebol-Perlman from Testifying at Trial, ECF No. 606 ("Opposition" or "Opp").

## II.    ARGUMENT

Meta's arguments do not justify its late disclosure of Leach and Nebol-Perlman.    As previewed in Plaintiffs' Motion[2], Meta fails to justify its late disclosure because (i) these witnesses are not necessary, (ii) the trial schedule will be significantly delayed, (iii) Plaintiffs remain prejudiced due to their inability to set a discovery strategy, and (iv) the past prejudice cannot be cured in the days before trial.  Mot. at 3-7; *see Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *1 (N.D. Cal. Mar. 31, 2021).

### A.    Meta Confirms Leach and Nebol-Perlman Are Not Necessary or Important

Meta's Opposition confirms that Leach and Nebol-Perlman plan to testify about Meta's SDK, its "integrity system," and its "advertising relationship with Flo Health."  Opp. at 2-3, 7.  Any claim that this testimony is "important" or "necessary" is undercut by Meta's claim that it *already has additional witnesses who can testify on these topics.*  McCloskey Decl.[3] ¶¶3-4, 6.  Testimony cannot be necessary if duplicates that of another, existing witness. *See Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal 2010).

If anything, the fact that these witnesses plan to testify about known topics covered by existing witnesses proves these late additions should have been *made years ago*, not now.  Meta offers no excuse for this delay, nor does it point to anything specific about Leach and Nebol-Perlman that would make their testimony truly "unique."

### B.    Meta's Untimely Disclosures Will Delay Trial

Since Meta cannot justify its untimely disclosure based on necessity, it instead argues that Leach and Nebol-Perlman promote efficiency by reducing Meta's total number of trial witnesses

---

[2] Plaintiffs' Notice of Motion and Motion to Exclude Defendant Meta Platforms, Inc.'s Witnesses Fred Leach and Goksu Nebol-Perlman from Testifying at Trial Pursuant to Fed. R. Civ. P. 37(C)(1) and Supporting Memorandum of Points and Authorities, ECF No. 595 ("Motion" or "Mot.").
[3] Declaration of Elizabeth K. McCloskey in Support of Defendant Meta Platforms, Inc.'s Opposition to Plaintiffs' Motion to Exclude Witnesses Fred Leach and Goksu Nebol-Perlman, ECF No. 606-1 ("McCloskey Decl.").

from sixteen 16 to 6. *Id.* at 5-6.[4] This is irrelevant. But in any event, Meta does not commit to reducing the number of witnesses, stating only that it ***"may be possible."*** Opp. at 5-6. A future theoretical possibility of efficiency is not a sufficient justification for adding new witnesses at this late stage.

Meta's ***potential*** reduction of trial witnesses has no bearing on the pretrial scheduling delay that will inevitably occur. The Parties have already started to exchange pretrial materials in advance of the Court's June 26, 2025 Pretrial Conference. *See* Declaration of Danielle Izzo ("Izzo Decl.") ¶3. For example, Plaintiffs have already provided Defendants with a draft proposal for the joint pretrial statement and the parties will exchange their witness lists on May 29, 2025. *See id.* Meta's hypothetical proposal will necessarily require the parties to redo the pretrial materials—and, at minimum, their witness lists—because Meta's proposed post-fact discovery document productions and depositions will undoubtedly reveal new relevant information. Worse, Meta advocates in favor of delay, stating that Plaintiffs can come back to raise discovery deficiencies and prejudice claims only "***after*** reviewing the witnesses' documents and taking their depositions." Opp. at 9 (emphasis added). Meta is wrong. Issues arising from Meta's years-late discovery disclosures need to be addressed now, just eight weeks before trial, ***not*** closer to the start of trial.

### C.   Meta's Assessment of The Prejudice To Plaintiffs Is Wrong

Meta continues to insist that Plaintiffs are not prejudiced by its untimely supplemental disclosures because Leach and Nebol-Perlman will not change the state of discovery going forward. *Id.* at 6-9. This argument makes little sense because discovery is already ***over***.

Here, Plaintiffs were prejudiced throughout discovery because they had no knowledge of these witnesses at the outset of this case, which is when these witnesses should have been disclosed. They were also deprived the ability to depose these witnesses, which is an opportunity they certainly

---

[4] Notably, Meta only raised this purported justification for the first time in its Opposition. This new argument begs the question: why didn't Meta seek to streamline its total number of witnesses sooner. According to ECF No. 606-3, four of the five departed witnesses had left Meta by November 2024, yet, Meta waited nearly three months to supplement its disclosures.

REPLY ISO PLAINTIFFS' MOTION TO EXCLUDE META PLATFORMS, INC.'S WITNESSES FRED LEACH AND GOKSU NEBOL-PERLMAN FROM TESTIFYING AT TRIAL
CASE NO. 3:21-cv-00757-JD

would have taken advantage of, as Plaintiffs deposed the individuals Meta identified in its prior supplemental disclosures including Tobias Woolridge, Wei Liu, Anh Bui, and Anjali Dahiya.  And they were forced to complete discovery without the benefit of these witnesses' documents, which may have informed discovery gaps, factual disputes, and expert discovery.  Meta ignores this actual prejudice, none of which can be rectified on a prospective basis.

Neither of the two cases cited by Meta support its position either.  In *Griego*, which Meta cites, additional witnesses were permitted because the original witness had died.  *See* Opp. at 6 citing *Griego v. BMW of N. Am. LLC*, 2024 WL 2021777, at *6 (D. Ariz. May 7, 2024).  Here, Meta concedes it has a total of 16 potential witnesses that can easily provide the same testimony as its new witnesses. Similarly, in *Fahmy*, plaintiff failed to identify any prejudice—something Plaintiffs have described in detail here.

D.     **Meta's Proposal Would Cause Additional Prejudice**

Meta's suggestion that Plaintiffs should simply take discovery now is woefully insufficient.  Mot. at 6-7.  As described in Section II(C), this does nothing to rectify the prejudice ***already*** sustained.  And taking discovery now would only cause more prejudice, as Plaintiffs would be forced to review new custodial files and take new depositions ***on top of*** preparing for trial based on the existing record and factual evidence.  This does not rectify prejudice, it causes more hardship.

This is not a cure for the inability to set discovery strategy and none of cases Meta cites support the contrary.  *See Karma Auto. LLC v. Lordstown Motors Corp.*, 2023 WL 2627756 (C.D. Cal. Feb. 27, 2023) (no unfair surprise because witnesses were well-known top level executives, at least one of whom authored a document the plaintiff relied on); *Innovative Health LLC v. Biosense Webster, Inc.*, 2025 WL 1090957 (C.D. Cal. Mar. 10, 2025) (no prejudice where the party was aware of the witnesses since the outset of the case and there would be no trial disruption).

E.  **Meta's Timeliness Argument Fails**

Finally, Meta quibbles with the ultimate timing of Plaintiffs' Motion.  Opp. at 9-10.  This equally lacks merit.  Plaintiffs brought their Motion after the Parties had fully engaged in the meet

and confer process, including efforts to uncover why Meta's disclosures were untimely and potential solutions to these late disclosures without resorting to motion practice. But in any event, Meta fails to show why a minor delay in bringing this motion should somehow excuse its years-late disclosure of potential witnesses.

## III.   CONCLUSION

For the reasons set forth herein, the Court should grant Plaintiffs' Motion and exclude Meta's late-disclosed witnesses Fred Leach and Goksu Nebol-Perlman from testifying at trial. Alternatively, Plaintiffs request that the Court reopen discovery pursuant to Federal Rule 16 so that Plaintiffs may have the opportunity to examine the documents in the possession of Fred Leach and Goksu Nebol-Perlman and take their depositions.

Dated: May 27, 2025

*/s/  Carol C. Villegas*
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com
dizzo@labaton.com
gmedina@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

REPLY ISO PLAINTIFFS' MOTION TO EXCLUDE META PLATFORMS, INC.'S WITNESSES  FRED LEACH AND GOKSU NEBOL-PERLMAN FROM TESTIFYING AT TRIAL
CASE NO. 3:21-cv-00757-JD

clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (95535)
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: 805-543-0990
Fax: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (CA Bar 175650)
Alexis M. Wood (CA Bar 270200)
Kas L. Gallucci (CA Bar 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

REPLY ISO PLAINTIFFS' MOTION TO EXCLUDE META PLATFORMS, INC.'S WITNESSES FRED LEACH AND GOKSU NEBOL-PERLMAN FROM TESTIFYING AT TRIAL
CASE NO. 3:21-cv-00757-JD

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

REPLY ISO PLAINTIFFS' MOTION TO EXCLUDE META PLATFORMS, INC.'S WITNESSES FRED LEACH AND GOKSU NEBOL-PERLMAN FROM TESTIFYING AT TRIAL
CASE NO. 3:21-cv-00757-JD