Brenda R. Sharton (*Admitted Pro Hac Vice*)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2600
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com

Theodore E. Yale (*Admitted Pro Hac Vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant Flo Health, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, FACEBOOK, INC., APPSFLYER, INC., and FLURRY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-00757-JD<br><br>**DEFENDANT FLO HEALTH'S MOTION TO STAY**<br><br>CONSOLIDATED COMPLAINT FILED: September 2, 2021<br><br>Dept.: Courtroom 11 – 19th Floor<br>Judge: Honorable James Donato<br><br>**<u>EXPEDITED BRIEFING & RULING REQUESTED</u>** |

## INTRODUCTION

Defendant Flo Health, Inc. ("Flo") files this motion pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 8(a)(1) to stay proceedings pending resolution of its Rule 23(f) Petition before the Ninth Circuit.

The pace of this litigation is rapidly accelerating. Just days ago, on June 2, 2025, the Court ordered Flo to disseminate class notice to millions via four different means, including through push notifications in its own app. ECF No. 619 ("Notice Order"). The Court has since clarified that notice in the App should only go to class members but at the same time ordered that notice *also* occur through banners on Flo's website and banners on the Flo App. ECF No. 632. The Court has ordered that notice be completed by June 23, with an opt-out period of only 27 days ending on Sunday July 20. Trial is scheduled to begin the next day on July 21. Notice Order at 1.

On June 2, 2025, Flo filed a Rule 23(f) petition ("Petition") with the Ninth Circuit for permission to appeal the Court's May 19, 2025 class certification order. The Court should issue a stay to avoid the very real possibility that notice will go out to millions and the trial will conclude before the Ninth Circuit has had a chance to rule on Flo's Petition. Together, the court-ordered notice plan and looming trial date threaten a number of irreparable harms if the case is not stayed, including: (1) forcing Flo to suffer needless expense of trial preparation, class notice, and possibly even trial itself; (2) subjecting Flo to irreparable reputational harm from sending potentially unnecessary class notice, especially within its own app; (3) giving absent class members insufficient time to opt out; (4) wasting taxpayer dollars, jury time, and limited judicial resources on a trial that may be unnecessary or may need to be redone; (5) confusing the public and absent class members with improper, rushed, or premature notice; and (6) potentially compromising App user privacy by giving their contact information to the third-party administrator ("TPA") when they will not be permitted to participate as absent class members.

Just as importantly, none of these harms is necessary. There is no pressing need to race to a July trial in a four-year-old case that was only certified as a class action less than three weeks ago. This is not a personal injury case where medical bills are piling up or a case of ongoing harm. To the contrary, Plaintiffs seek only statutory, nominal, and punitive damages for conduct that ceased six years ago in early 2019. Indeed, in their May 27, 2025 Joint Notice Plan, *all parties* agreed that it was in the best interest of the class to defer trial until the end of September at the earliest to provide for adequate and orderly class notice. ECF

No. 612.

## BACKGROUND

This Court is well acquainted with the allegations and procedural posture of the case. Briefly, as relevant to this motion, on May 19, 2025, the Court certified a nationwide class of "All Flo App users in the United States who entered menstruation and/or pregnancy information into the Flo Health App between November 1, 2016, and February 28, 2019, inclusive," and a similarly defined California subclass. ECF No. 608 (the "Certification Order") at 34. Plaintiffs claim this class contains "approximately 38 million… users." ECF 589 at 11.

The Notice Order, as subsequently clarified, requires notice be sent through six separate channels: (1) "banner ads and the like on social media sites such as Facebook, Google, and other sites of wide use"; (2) "similar notices in print publications of wide readership"; (3) a banner on Flo's own website, (4) a banner ***within the Flo app itself***; (5) push notifications ***within the Flo App itself***; and (6) and emails to users from the Class Period ECF No. 619; ECF No. 632. To comply with the Notice Order, Plaintiffs and the TPA have proposed to begin publishing notice on June 11, 2025—a mere nine days after the court's order. Push and email notifications to Flo users would follow soon thereafter, as the Court has ordered that notice be *completed* by June 23, 2025. ECF No. 619. The Notice Order also set a 27-day opt out period running through Sunday July 20,2025, and scheduled trial to begin the next day on July 21, 2025.

Flo filed a Petition before the Ninth Circuit for interlocutory review of the Certification Order pursuant to Fed. R. Civ. P. 23(f) on June 2, 2025. *See* ECF No. 628. Plaintiffs' Answer to the Petition is due June 12, 2025. Fed. R. App. P. 5(b)(2).

## ARGUMENT

This Court has discretion to stay proceedings pending resolution of an appeal under Rule 23(f). *See* Fed. R. Civ. P. 23(f) (stating that proceedings in the district court will be stayed if "the district court … so orders"). And, more generally, Fed. R. App. 8(a)(1)(A) authorizes district courts to stay orders pending appeal.

In evaluating motions to stay pending an appeal, courts in this Circuit consider four factors: (1) whether there is a "fair prospect" that the appeal will succeed on the merits and/or the appeal raises "serious legal questions"; (2) whether the defendant would be "irreparably injured" in the absence of a stay; (3)

whether the plaintiff would be "substantially injured" if a stay is granted; and (4) "where the public's interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964-70 (9th Cir. 2011). Importantly, the "fair prospect" prong of the first factor only requires that "there is a substantial case for relief on the merits"; "it does not require the petitioners to show that it is more likely than not that they will win on the merits." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 815–16 (9th Cir. 2025). The first factor is also satisfied where the appeal raises "serious legal questions." *Leiva-Perez v. Holder*, 640 F.3d 962, 964-70 (9th Cir. 2011). Each of the four factors weighs in favor of a stay here.

**I. There is more than a fair prospect that Flo's Petition will succeed on the merits, and the Petition raises serious legal questions.**

Flo's Petition seeks leave to appeal the Court's decision to certify a class despite the Parties' clear and unambiguous class waiver for the reasons set forth in the Petition and incorporated by reference herein. The Court obviously disagrees with Flo's position. Rather than reiterate issues the Court has already decided, however, Flo respectfully urges the Court to consider that there is at least a fair prospect Flo's Petition raises appealable issues and will be granted. At a minimum, the Petition raises legal questions serious enough that their resolution is worth waiting for.

**II. Flo will suffer irreparable injury if the Court does not grant a stay.**

Courts in this Circuit and across the country have consistently held that a defendant "suffer[s] substantial harm" if it is compelled to spend "substantial time and resources" on litigation "and the [district court] is later reversed on the issue of class certification." *Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011). Accordingly, ***courts routinely grant motions to stay where a Rule 23(f) petition is pending.*** *E.g.*, *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4397175, at *4 (C.D. Cal. Jun. 8, 2015); *Whitlock v. FSL Mgmt., LLC*, 2012 WL 6675124, at *4 (W.D. Ky. Dec. 21, 2012); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012); *Espenscheid v. DirectSat USA, LLC*, 2011 WL 2132975, at *2 (W.D. Wis. May 27, 2011); *Bristow v. Lycoming Engines*, 2008 WL 2561105, at *3 (E.D. Cal. Jun. 24, 2008); *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 3304605, at *4, 7 (S.D.N.Y. Dec. 7, 2005).

Indeed, Rule 23(f) was specifically intended to provide a "low cost" method of seeking appellate review before "incur[ring] the costs of defending a class action." Fed. R. Civ. P. 23 Advisory Committee's

note to 1998 amendment. "If defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless." *Gray*, 2011 WL 6934433, at *3 (cleaned up); *see also, e.g.*, *IBEW Loc. 98 Pension Fund v. Best Buy Co.*, 2014 WL 4540228, at *1 (D. Minn. Sept. 11, 2014) ("The purpose of Rule 23(f) is to allow appellate review of class certification decisions and to protect parties from the expenditure of resources on a class action that may be substantially altered on appeal.").

This injury is especially salient here because trial is weeks away. "When evaluating whether to stay a case pending appeal, the imminence of trial is a factor" demonstrating increased risk of harm. *Flo & Eddie*, 2015 WL 4397175, at *3; *accord, e.g.*, *Balschmiter v. TD Auto Fin. LLC*, 2014 WL 12656095, at *2 (E.D. Wis. Nov. 21, 2014). In this case, the Petition will not be fully briefed until June 12, 2025, while notice is scheduled to begin in under a week, and trial will follow in just a month on July 21. Absent a stay, Flo will need to expend enormous resources preparing for a class action trial that might not be necessary in the first place. This is especially injurious for a company like Flo, a start-up with fewer than 500 employees that has yet to turn a profit. The costs of litigation and trial preparation are crushing, and it would be particularly prejudicial, harmful, and wasteful to impose those costs for naught.

Flo faces another kind of irreparable harm as well. Under the Notice Order, if the Court does not grant a stay, millions of Flo users will receive class notice later this month, before the Ninth Circuit has had a chance to weigh in on whether class certification was proper. The reputational and economic costs to Flo are hard to overstate, particularly because Flo has been ordered to use its own service (i.e., banners on its own app and website and in-App notifications) to inform users about a lawsuit pending against it. As the Manual for Complex Litigation explains, requiring a defendant to distribute or host notices through its own channels of communication "may be prejudicial and may even deprive of it of First Amendment rights," and thus "the court should require class counsel to show the absence of feasible alternatives" to the dissemination of class notice by the defendant itself. Manual for Complex Litigation (Fourth) § 21.311, at 292-93 (2004); *see also Mark v. Gawker Media LLC*, 2014 WL 5557489, at *4 (S.D.N.Y. Nov. 3, 2014) (requiring class action defendants to "post[] a link on their website extracts a cost from Defendants, and has the potential to appear punitive"). This kind of harm, too, favors granting a stay. *See Willcox*, 2016 WL 917893, at *7 (granting stay and noting the reputational injury that could result from premature issuance of class notice

where it was unclear whether potential class members were "aware of the litigation"); *Altamura v. L'Oreal, USA, Inc.*, 2013 WL 4537175, at *2-3 (C.D. Cal. Aug. 26, 2013) (granting stay and agreeing that premature notice would "unnecessarily damage [defendant's] reputation"). Importantly, in this case even Plaintiffs have never sought to compel Flo to provide notice through the App, instead proposing only direct email and media publication notice. *See, e.g.*, ECF No. 612; ECF No. 589.

**III. Plaintiffs will not be injured by a stay.**

The clearest evidence that Plaintiffs will suffer no injury from a stay is that they agreed to the Joint Notice Plan, ECF No. 612, which included a plaintiff-proposed 60-day opt-out period ending September 26, 2025, instead of the 27-day opt-out period ordered by the Court.

Beyond that, courts in this Circuit have routinely held that a simple delay in proceedings does not constitute a substantial injury to plaintiffs. *See, e.g.*, *Brown*, 2012 WL 5818300, at *4 ("The potential delay in Plaintiff's ability to recover penalties . . . does not constitute a substantial injury."); *Willcox*, 2016 WL 917893, at *7 ("[I]t makes little sense to say that a decision . . . to briefly stay proceedings while the Ninth Circuit considers the Rule 23(f) Petition will cause [plaintiffs] prejudice."); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (mere postponement resulting from stay "slight harm").

This is particularly true where, as here, Plaintiffs have endorsed starting trial in September, see Joint Notice Plan, ECF No. 612, and have no real injuries. Plus, the challenged conduct has unquestionable ceased. It is undisputed that Plaintiffs have no physical or economic injuries and merely seek statutory, nominal, and punitive damages for violations of their "legal right[s]." *See* ECF 605 at 30 n.14. Thus, this is not a case where there are medical bills to pay or mounting economic losses. *See Brown*, 2012 WL 5818300, at *4 (granting stay where "Plaintiff has not demonstrated that time is of the essence in collecting these penalties").

In fact, there is a serious risk of irreparable harm to absent class members if a stay is _not_ granted. Aside from the confusion that will be generated if class notice is disseminated and the class is later modified or decertified, *see Brown*, 2012 WL 5818300, at *4, the 27-day opt-out is insufficient to give absent class members a reasonable opportunity to consider whether they wish to opt out of the litigation. While Rule 23 does not impose a specific requirement for the length of an opt-out period, thirty days is generally considered the absolute minimum, and opt-out periods of up to sixty days are routine. *See* Manual for Complex Litigation (Fourth) § 21.321 ("Courts usually establish a period of thirty to sixty days (or longer if

appropriate) following mailing or publication of the notice for class members to opt out."); *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 177 F.R.D. 216, 240 (D.N.J. 1997) (collecting cases). Indeed, Plaintiffs in this case sought a 60-day opt out, as 27 days is not enough time for a class of millions—many of whom will not be familiar with the allegations involved in the suit before receiving notice—to make an informed choice about whether to opt out of a complex and technical case. The Court's order therefore needlessly threatens the due process rights of absent class members.

## IV. The public interest favors a stay.

Finally, a stay is in the public interest for three reasons. ***First***, the public interest lies in "the efficient use of judicial resources." *Brown*, 2012 WL 5818300, at *5. Indeed, one of the purposes of Rule 23(f) is to "promote judicial economy by enabling the correction of certain manifestly flawed class certifications *prior to trial* and final judgment." *Lienhart v. Dryvit Sys.*, 255 F.3d 138, 145 (4th Cir. 2001). Staying the case serves that interest because it will avoid "costly and potentially unnecessary litigation" "while the Ninth Circuit resolves the… appeal." *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *6 (E.D. Cal. Aug. 31, 2015). By contrast, if the case is not stayed, there is a strong possibility that a jury will waste weeks sitting through a trial that could be reversed. *See Brown*, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012) (staying case to "prevent[] potentially wasteful work on the part of the court and the parties while the Ninth Circuit considers the serious legal question raised by Defendant's Rule 23(f) petition").

***Second,*** courts have noted that premature or erroneous class notice "harms the public interest" by wasting resources and causing confusion among absent class members and the general public. *See Pena*, 2015 WL 5103157, at *6; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012) (staying notice plan pending Rule 23(f) petition because "proceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members" and collecting cases holding same); Manual for Complex Litigation (Fourth) § 21.28 (2004) (the court "should ordinarily stay the dissemination of class notice to avoid the confusion and substantial expense of renotification that may result from appellate reversal or modification after notice dissemination").

***Third***, requiring Flo to produce putative class members' personal information to the TPA potentially compromises their privacy if the class certification is improper. Flo takes its users' privacy seriously, and their emails should not be disclosed to anyone unnecessarily or prematurely. Indeed, this case is all about

Flo's alleged disclosure to third parties that individuals use the Flo App. It would be a sad irony if the Certification Order itself led to a needless violation of user privacy. This factor, too, favors issuing a stay. *See Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019) (granting stay to "protect against the possibility of unnecessary disclosure of personal information and avoid any confusion caused by issuing a class notice that may later need to be revised or withdrawn"); *Brown*, 2012 WL 5818300, at *4 (granting stay reasoning that "disclosure of sensitive personal information before resolution of Defendant's Rule 23(f) petition and possible appeal unnecessarily risks the intrusion of individuals' privacy who may not ultimately belong to the class, if any class remains"). This problem is compounded by the Court's order that notice also occur through the very social media platforms Plaintiffs allege exploited their personal information for ad targeting—making the notice plan not only premature but self-defeating. The public interest is not served by reenacting the alleged misconduct in the name of remedying it.

**CONCLUSION**

The Court should stay further proceedings pending resolution of Flo's Rule 23(f) Petition and any resulting appeal.

DATED: June 6, 2025

RESPECTFULLY SUBMITTED,

/s/ *Brenda R. Sharton*

Brenda R. Sharton (*Admitted Pro Hac Vice*)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com

Theodore E. Yale (*Admitted Pro Hac Vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant Flo Health, Inc.*