James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>Defendants. | Civil Case No. 3:21-cv-00757-JD<br><br>**PLAINTIFFS' TRIAL BRIEF**<br><br>Judge: Hon. James Donato |

## I. INTRODUCTION

This case concerns the systematic collection, disclosure, and commercial exploitation of millions of women's reproductive health information by Defendant Flo Health, Inc. ("Flo"), maker of the Flo Period & Ovulation Tracker mobile app (the "Flo App"), and two of the largest advertising and analytics companies: Defendants Google, LLC ("Google") and Meta Platforms, Inc ("Meta").

Flo created and marketed the Flo App as a tool for women to monitor their health information. Flo promised users that the Flo App would be a secure platform for privately tracking their sensitive health information. To use the Flo App, Flo App users need to complete a mandatory onboarding survey. This onboarding survey required users to select a "goal" indicating whether they are pregnant, want to be pregnant, or want to track their period, as well as input other information about their pregnancy or menstrual cycle.

Flo promised users Flo App users that their sensitive reproductive health information, including information entered in the Flo App onboarding survey, would not be disclosed. In reality, between November 1, 2016 and February 28, 2019 (the "Class Period"), Flo allowed Google and Meta via Custom App Events ("CAEs") sent through their respective Software Development Kits ("SDKs"), incorporated in the Flo App.

Flo specifically named the CAEs to convey health information users entered in the app and designed its app to execute Google and Meta's SDK code whenever these CAEs were triggered. As a result, Flo allowed Google and Meta to eavesdrop on users' private in-app communications.

Each of the Defendants had their own purpose for collecting and using Flo user data. Flo used this information to acquire new app users through advertising and marketing, including advertisements based on Flo App users' reproductive goals (*e.g.*, getting pregnant). Flo also sold access to the CAEs sent through SDKs to other third parties for profit. Google and Meta separately used the data they intercepted for their own commercial purposes, including to feed their machine learning algorithms that power each of their respective advertising networks.

Plaintiffs will prove at trial that they, like millions of other women who used the Flo App, were injured when the health information they privately entered in the Flo App was shared, recorded,

and used without their consent.

## II. PLAINTIFFS' CLAIMS

### A. Claims Against Flo Health

Plaintiffs assert the following claims on behalf of the Nationwide Damages Class against Flo: (i) California Confidentiality of Medical Information Act, California Civil Code §§ 56 *et seq.* ("CMIA"), (ii) breach of contract, and (iii) intrusion upon seclusion. Plaintiffs also assert a claim on behalf of the California Subclass for Invasion of Privacy Claim against Flo under Art.1, Sec.1 of the California Constitution against Flo.

#### 1. CMIA

The CMIA prohibits a "provider of health care" from sharing "any individually identifiable information, in electronic or physical form, in position of or derived form a provider of health care . . . regarding a patient's medical history, . . . physical condition, or treatment." Cal. Civ. Code §§ 56.10; 56.05(i); 56.05(o). The term "provider of health care" under § 56.06(b) includes "[a]ny business that offers software or hardware to consumers, *including a mobile application* or other related device that is designed to maintain medical information in order to make the information available to an individual . . ." (emphasis added). *See J.M. v. Illuminate Educ., Inc.*, 103 Cal. App. 5th 1125, 1131 (Cal. Ct. App. 2024) (explaining Cal. Civ. Code § 56.06(b) applies to an "education company" that uses software to "store[]" "mental health" information to provide "assistance" and "diagnose" student "needs").

The evidence will unequivocally show that Flo is a "provider of health care" under the statute. Flo is a "business" that offers a "mobile application" (the Flo App) to "maintain medical information" (menstruation and pregnancy data) so the individual can "manage" that "information" or a "medical condition" (*i.e.*, track pregnancies and periods and receive health insights). The evidence will further show that Flo disclosed medical information without authorization in violation of Cal. Civ. Code § 56.05(i).

#### 2. Breach of Contract

Breach of contract has four elements: (1) existence of a contract; (2) performance under the

contract; (3) Defendants' breach; and (4) damages. *Roley v. Google LLC*, 2020 WL 8675968, at *10 (N.D. Cal. July 20, 2020) (*citing First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

The evidence will show that Flo contractually agreed not to share Flo App users' health information, including survey results. The evidence will also show that Flo breached this agreement by sharing Flo App users' health data with Meta and Google.

### 3. Intrusion Upon Seclusion

Intrusion upon seclusion has two elements: "whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (citation omitted). These elements are evaluated under an objective standard. *See Rodriguez v. Google*, 2024 WL 38302 at *4 (N.D. Cal. Jan. 3, 2024) (certifying intrusion upon seclusion class and stating "the question of whether a reasonable expectation of privacy exists is an objective one"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1076 (N.D. Cal. 2021) (explaining standard is "objective[]").

The evidence will show that a reasonable person would find Flo's disclosure of users' health information to Meta and Google a highly offensive or unacceptable intrusion on their privacy.

### 4. Invasion of Privacy Claim against Flo under Art.1, Sec.1 of the California Constitution

"Because of the similarity of the tests [for constitutional invasion of privacy and common law intrusion claims], courts consider the claims together and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 601.

As noted above, the evidence will confirm that Flo App users have a reasonable expectation of privacy in their health information and that Flo's disclosure of their health information was highly offensive.

### B. Claim Against Ad Defendants

Plaintiffs assert a claim arising under California Invasion of Privacy Act, California Penal Code ("CIPA") § 632 against Google and Meta, respectively.

Section 632 prohibits unauthorized recording or eavesdropping on confidential communications. *See In re Google Inc. Gmail Litig.*, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013); *see also In re Meta Pixel Healthcare Litig.*, 647 F. Supp.3d 778, 798 (N.D. Cal. Dec. 22, 2022).

The evidence will show that Google and Meta's SDKs were designed with the purpose of recording and eavesdropping on confidential in-app communications, including Plaintiffs' confidential in-app communications with Flo by capturing CAEs reflecting health information they entered into the Flo App. The evidence will further show that each Defendant engaged in this conduct without authorization.

### III. DEFENDANTS' DEFENSES

In their answers to Plaintiffs' complaint, Defendants collectively asserted a total of 47 affirmative defenses. Defendant Flo seeks jury instructions on three defenses: (i) consent; (ii) retroactive consent; and (iii) statute of limitations. Defendants Google and Meta solely seek a jury instruction on one defense: statute of limitations, as it relates to Plaintiffs' CIPA § 632 claim.

Defendants' statute of limitations defense will fail because the evidence irrefutably shows that Plaintiffs had no knowledge of Defendants' wrongdoing until shortly before the filing of this case. Flo's consent defense will fail because the evidence shows that Flo did not disclose it would share Flo App users' private health data with third parties—it promised the opposite. Lastly, Flo's retroactive consent defense will fail because it is not recognized by law. *See Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022) ("no case shows that California has adopted retroactive consent as a defense to an invasion of privacy tort").

### IV. CONCLUSION

The evidence at trial will show that judgment should be entered for Plaintiffs on all their claims.

Dated: June 12, 2025

/s/ *Carol C. Villegas*
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com
dizzo@labaton.com
gmedina@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: 805-543-0990

Fax: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

PLAINTIFFS' TRIAL BRIEF
No. 3:21-cv-00757
6