**DECHERT LLP**
Brenda R. Sharton (pro hac vice)
One International Place
100 Oliver Street
Boston, MA 02110
Tel: (617) 728-7100
brenda.sharton@dechert.com

Benjamin M. Sadun (287533)
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA
Tel: (213) 808-5700
benjamin.sadun@dechert.com

*Counsel for Defendant Flo Health, Inc.*

**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN 224018)
*BHur@willkie.com*
Simona Agnolucci (SBN 246943)
*SAgnolucci@wilkie.com*
Eduardo E. Santacana (SBN 281668)
*ESantacana@wilkie.com*
Tiffany Lin (SBN 321472)
*TLin@wilkie.com*
Yuhan Alice Chi (SBN 324072)
*ychi@willkie.com*
Argemira Flórez (SBN 331153)
*aflorez@willkie.com*
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

*Counsel for Defendant Google LLC*

**LATHAM & WATKINS LLP**
Andrew B. Clubok (pro hac vice)
*andrew.clubok@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Melanie M. Blunschi (SBN 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (SBN 304635)
*kristin.whitehead@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-5942
Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

**GIBSON, DUNN & CRUTCHER LLP**
Elizabeth K. McCloskey (SBN 268184)
*EMcCloskey@gibsondunn.com*
Abigail A. Barrera (SBN 301746)
*ABarrera@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200

*Counsel for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ERICA FRASCO et al., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FLO HEALTH, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-CV-00757-JD<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE PLAINTIFFS FROM REFERENCING THE *WALL STREET JOURNAL* ARTICLE AND RELATED REPORTING**<br><br>Date:　June 26, 2025<br>Time:　1:30 P.M.<br>Judge:　Hon. James Donato<br>Ctrm:　11 – 19th Floor, SF |

On February 22, 2019, the *Wall Street Journal* published an article that Plaintiffs (improperly) allege "expos[ed] Flo Health's privacy violations" (the "WSJ Article").[1] Dkt. 64 ¶¶ 124, 184, 267–69. This article sparked a slew of follow-on reporting[2] and online commentary[3] centering on the same allegations. Though the WSJ Article and the similar news reports and comments that followed are plainly hearsay *and* irrelevant to the merits of Plaintiffs' claims, to date, Plaintiffs have not agreed that they will not attempt to introduce this evidence or argument related thereto. Defendants, therefore, request that the Court preclude Plaintiffs from introducing the WSJ Article or follow-on reporting or commentary for the truth of the matter asserted, and, should *Defendants* elect to use the WSJ Article or similar reporting and commentary in support of their statute of limitations defenses at trial, *only* permit this evidence to be used for purposes of establishing the date on which the statute of limitations period began to run.

As a threshold matter, the Federal Rules of Evidence prohibit Plaintiffs from offering the WSJ Article or follow-on reporting and commentary for the truth of their contents. Specifically, under Federal Rules of Evidence 802 and 805, "[n]ewspaper articles are classic hearsay and, in a court of law, cannot be relied upon for the truth of the statements made therein." *Musk v. OpenAI, Inc.*, 2025 WL 715797, at *4 (N.D. Cal. Mar. 4, 2025); *see also* Fed. R. Evid. 802, 805; *Asetek Danmark A/S v. CMY USA, Inc.*, 2014 WL 12644295, at *2 (N.D. Cal. Nov. 19, 2014) ("Statements reported in magazine articles and newspapers are hearsay if offered to prove the truth of the matter asserted."); *Young v. Wolfe*, 2017 WL 985632, at *3-4 (C.D. Cal. Mar. 14, 2017) ("Newspaper articles are inadmissible hearsay and have the likelihood of confusing the jury."). The same applies to online

---

[1] Sam Schechner & Mark Secada, *You Give Apps Sensitive Personal Information. Then They Tell Facebook*, WALL ST. J., Feb. 22, 2019, https://www.wsj.com/articles/you-give-apps-sensitive-personal-information-then-they-tell-facebook-11550851636?gaa_at=eafs&gaa_n=ASWzDAi76YJ4UPDyxJ4tRiaPIGM0KVwd6K_7LtruHx-EAlKAoW3oDmVHbXnJQtLQqV8%3D&gaa_ts=683dc23d&gaa_sig=rn3LigHtri2iqxhnNGPlY1yY0XbdhSREJSS98Ls9HXM0d_PdTAEA-FwgFj6C-eg6M6nDD3OHhhoUTF_zwdZeFA%3D%3D (last accessed June 2, 2025).

[2] The follow-on reporting includes the articles cited in Exs. 55-58 to Flo's Motion for Summary Judgment (Dkt. No. 536) and all similar reporting repeating the allegations in the WSJ Article.

[3] The follow-on online commentary includes the commentary related to the allegations in the WSJ article referenced in Exs. 59-61 to Flo's Motion for Summary Judgment (Dkt. No. 536) and all similar commentary.

1

commentary. *Asetek Danmark*, 2014 WL 715797, at *2 ("[S]tatements taken from the internet are hearsay when offered to prove the truth of the matter asserted."). This rule makes sense. If Plaintiffs were permitted to offer the WSJ Article and similar reporting and commentary for the truth of the contents therein, then the jury would be invited to abdicate its role as the finder of fact to that of a third-party reporter who will not be testifying under oath at trial and who did not have any of the information that the jury will have at its disposal when evaluating the merits of Plaintiffs' case. The purpose of the rule against hearsay is to prevent juries from doing exactly that—relying on third-party statements with no ability to assess whether those statements are grounded in reality. Accordingly, the WSJ Article and follow-on reporting and commentary cannot be admitted for their truth.

Thus, the only conceivable relevance of the WSJ Article and similar reporting or commentary relates to Defendants' affirmative statute of limitations defenses, and, specifically, the time at which the statute of limitations began to run. To be clear, Defendants believe that the statute of limitations began to run much earlier than the date of the WSJ Article, *i.e.*, in 2016, when Flo's Privacy Policy expressly disclosed that user data would be shared with third parties including Facebook. But the WSJ Article and similar reporting and commentary matter for Defendants' statute of limitations defenses as well. Should Defendants introduce this argument and evidence at trial, then, Plaintiffs may present countervailing evidence of the date on which the statute of limitations began to run. But Plaintiffs should not be permitted to reference the WSJ Article and follow-on reporting or commentary at all, including during opening statement, unless and until Defendants first offer evidence and argument regarding the statute of limitations. And even then, *if* Defendants raise the statute of limitations and the WSJ Article and follow-on reporting and commentary, because this evidence is hearsay, it should be accompanied by an appropriate instruction to clarify for the jury that it may *only* be considered for the limited purpose of assessing when the statute of limitations began to run and *not* for the truth of the matter asserted. *See United States v. Balwani*, 2022 WL 597040, at *9 (N.D. Cal. Feb. 28, 2022) (providing a limiting instruction where a news report was offered for a non-hearsay purpose "to ensure the jury considers [evidence of the article] solely for its effect on readers").

| | |
|---|---|
| Dated: June 3, 2025 | */s/ Brenda R. Sharton* |
| | **DECHERT LLP** |
| | Brenda R. Sharton (*pro hac vice*) |
| | One International Place |
| | 100 Oliver Street |
| | Boston, MA 02110 |
| | Tel: (617) 728-7100 |
| | Fax: (617) 426-6567 |
| | brenda.sharton@dechert.com |
| | |
| | Benjamin Sadun (SBN 287533) |
| | US Bank Tower |
| | 633 West 5th Street, Suite 4900 |
| | Los Angeles, CA |
| | Tel: (213) 808-5700 |
| | Fax: (213) 808-5760 |
| | benjamin.sadun@dechert.com |
| | |
| | *Counsel for Defendant Flo Health, Inc.* |
| | |
| | */s/ Benedict Y. Hur* |
| | **WILLKIE FARR & GALLAGHER LLP** |
| | Benedict Y. Hur (SBN 224018) |
| | BHur@willkie.com |
| | Simona Agnolucci (SBN 246943) |
| | SAgnolucci@wilkie.com |
| | Eduardo E. Santacana (SBN 281668) |
| | ESantacana@wilkie.com |
| | Tiffany Lin (SBN 321472) |
| | TLin@wilkie.com |
| | 333 Bush Street |
| | San Francisco, CA 94104 |
| | Telephone: 415.858.7400 |
| | Facsimile: 415.858.7599 |
| | |
| | *Counsel for Defendant Google LLC* |
| | |
| | By: */s/ Melanie M. Blunschi* |
| | **LATHAM & WATKINS LLP** |
| | Melanie M. Blunschi (SBN 234264) |
| | *melanie.blunschi@lw.com* |
| | Kristin Sheffield-Whitehead (SBN 304635) |
| | *kristin.whitehead@lw.com* |
| | 505 Montgomery Street, Suite 2000 |
| | San Francisco, CA 94111-6538 |
| | Telephone: 415.395.5942 |
| | |
| | Andrew B, Clubok (*pro hac vice*) |
| | *andrew.clubok@lw.com* |

3

555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:  714.540.1235


**GIBSON, DUNN & CRUTCHER LLP**
Elizabeth K. McCloskey (SBN 268184)
EMcCloskey@gibsondunn.com
Abigail A. Barrera (SBN 301746)
ABarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200

Christopher Chorba (SBN 216692)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7503
CChorba@gibsondunn.com


*Counsel for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

4

| | |
|---|---|
| James M. Wagstaffe (SBN 95535) | Christian Levis (*pro hac vice*) |
| **ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP** | **LOWEY DANNENBERG, P.C.** |
| P.O. Box 3835 | 44 South Broadway, Suite 1100 |
| San Luis Obispo, CA 93403-3835 | White Plains, NY 10601 |
| Telephone: 805-543-0990 | Telephone: (914) 997-0500 |
| Facsimile: 805-543-0980 | Facsimile: (914) 997-0035 |
| wagstaffe@ammcglaw.com | clevis@lowey.com |
| | afiorilla@lowey.com |
| *Counsel for Plaintiffs Erica Frasco and Sarah Wellman* | *Co-Lead Class Counsel* |
| Carol C. Villegas (*pro hac vice*) | Diana J. Zinser (*pro hac vice*) |
| **LABATON KELLER SUCHAROW LLP** | **SPECTOR ROSEMAN & KODROFF, P.C.** |
| 140 Broadway | 2001 Market Street, Suite 3420 |
| New York, NY 10005 | Philadelphia, PA 19103 |
| Telephone: (212) 907-0700 | Telephone: (215) 496-0300 |
| Facsimile: (212) 818-0477 | Facsimile: (215) 496-6611 |
| cvillegas@labaton.com | dzinser@srkattorneys.com |
| mcanty@labaton.com | jkodroff@srkattorneys.com |
| *Co-Lead Class Counsel* | *Co-Lead Class Counsel* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>Defendants. | Civil Case No. 3:21-cv-00757-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE PLAINTIFFS FROM REFERENCING THE *WALL STREET JOURNAL* ARTICLE AND RELATED REPORTING**<br><br>Date: June 26, 2025<br>Time: 1:30 P.M.<br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor, SF |

1  Plaintiffs respectfully submit this brief in opposition to Defendants' Motion *in Limine* No. 1 to Exclude Plaintiffs from Referencing the *Wall Street Journal* Article and Related Reporting (the "Motion" or "Mot."). The Motion of Defendants Flo Health, Inc. ("Flo"), Meta Platforms, Inc. ("Meta"), and Google LLC's ("Google") asks this Court to allow one-sided evidence. Specifically, Defendants request that—***at their election***—they be permitted to offer evidence relating to the February 22, 2019 Wall Street Journal article ("*WSJ* article") to support their statute of limitations defense, but to simultaneously **prohibit** Plaintiffs from ever **"referenc[ing]"** this article for any purpose whatsoever. Mot. at 2. This is the exact type of sword and shield gamesmanship this Court has repeatedly warned against since this case began. *See* Dec. 22, 2022 Hr'g Tr. at 27:8-14, ECF No. 247 ("There are no swords and shields. If you want something, you give something.'"); *see also* Feb. 22, 2024 Hr'g Tr. at 8:15, ECF No. 422 ("You can't do sword and shield.").

In an effort to convince this Court to allow this type of one-way advocacy, Defendants claim that Plaintiffs' **only** purpose for referencing the *WSJ* article would be for the truth of its contents, whereas Defendants would use the *WSJ* article—not for its truth—but solely to "establish[] the date on which the statute of limitations period began to run." Mot. at 1. This is wrong.

As an initial matter, the fact of the *WSJ* article's **existence** is admissible evidence, separate from whether its contents are true. *See Lewis v. Smith*, 255 F. Supp. 2d 1054, 1072 (D. Ariz. 2003) (A newspaper article "is not hearsay to the extent that it shows that such information appeared in the newspaper, because it is not offered to prove the truth of the matter asserted."). Defendants fail to cite any authority claiming Plaintiffs cannot reference the fact of publication. Separately, the *WSJ* article itself contains opposing party statements from both Defendant Meta and Defendant Flo. These statements themselves are exempt from hearsay rules. *See Alley v. Cnty. of Pima*, 2024 WL 1908965, at *17 (D. Ariz. May 1, 2024) (holding that statements made by an authorized representative "are non-hearsay opposing party statements"); *see also* Fed. R. Evid. 801(d)(2). There is no basis to prevent Plaintiffs from referring to these opposing party statements.

There are also plenty of other reasons Plaintiffs would reference the *WSJ* article for purposes other than the truth of the matter asserted, which avoids the rule against hearsay. For one, the *WSJ*

article triggered significant responses by the Defendants, including responsive statements by Flo that were published to Flo's website disputing the article's accuracy, changes to the Flo App, and for the effect it had on the listeners (*e.g.*, Flo, Meta, and Google). *O'Hailpin v. Hawaiian Airlines, Inc.*, 2025 WL 1549442, at *4 (D. Haw. May 30, 2025) (news articles are admissible "to show the effect on the listener[,]" including where there is evidence "the information [in the article] formed part of the reason why Defendants implemented" certain policies). Plaintiffs are entitled to refer to the *WSJ* article and internal documents from Flo and other Defendants that refer to the *WSJ* article, as the driver of these changes. Plaintiffs are also entitled to use the *WSJ* article to rebut Defendants' statute of limitations argument by showing that the *WSJ* article does not establish notice, including because Flo went out of its way to dispute its accuracy through a coordinated disinformation campaign. *See* ECF No. 608 at 2. The jury will not understand this argument without the context provided by this article. Defendants' attempt to prohibit Plaintiffs from **ever mentioning** the *WSJ* article at trial is a blatant attempt to gain an unfair advantage by limiting the evidence Plaintiffs can rely on to prove Flo's conduct and rebut Defendants' affirmative defenses.

Equally important, Plaintiffs need to reference the *WSJ* article because internal business records produced by Defendants refer to it. *See* ECF No. 478-77, ECF No. 564-13. Plaintiffs should not be prevented from mentioning the *WSJ* article in the context of these admissible documents to explain these documents to the jury. Indeed, Plaintiffs should not be prevented from mentioning the *WSJ* article in any context that may prove necessary at trial.

To the extent Defendants have any remaining objections, those can be addressed if and when needed at trial. This Court is well-equipped to apply the Federal Rules of Evidence based on how the *WSJ* article is used without having to resort to a blanket prohibition—against just one party—from offering or referring to certain evidence in the record. And, as Defendants themselves acknowledge, the jury can be instructed to the extent necessary to clarify any issues concerning the admissibility of the *WSJ* article and whether it is (wholly or partially) admitted for the truth of the matters therein.

For the reasons stated herein, Defendants' Motion in Limine No. 1 should be denied.

Dated: June 11, 2025

*/s/ Jake Bissell-Linsk*
Jake Bissell-Linsk (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com
dizzo@labaton.com
gmedina@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: 805-543-0990
Fax: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*