1

**DECHERT LLP**
Brenda R. Sharton (pro hac vice)
One International Place
100 Oliver Street
Boston, MA 02110
Tel: (617) 728-7100
brenda.sharton@dechert.com

Benjamin M. Sadun (287533)
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA
Tel: (213) 808-5700
benjamin.sadun@dechert.com

*Counsel for Defendant Flo Health, Inc.*

**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN 224018)
*BHur@willkie.com*
Simona Agnolucci (SBN 246943)
*SAgnolucci@willkie.com*
Eduardo E. Santacana (SBN 281668)
*ESantacana@willkie.com*
Tiffany Lin (SBN 321472)
*TLin@willkie.com*
Yuhan Alice Chi (SBN 324072)
*ychi@willkie.com*
Argemira Flórez (SBN 331153)
*aflorez@willkie.com*
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

*Counsel for Defendant Google LLC*

**LATHAM & WATKINS LLP**
Andrew B. Clubok (pro hac vice)
*andrew.clubok@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Melanie M. Blunschi (SBN 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (SBN 304635)
*kristin.whitehead@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-5942

Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

**GIBSON, DUNN & CRUTCHER LLP**
Elizabeth K. McCloskey (SBN 268184)
*EMcCloskey@gibsondunn.com*
Abigail A. Barrera (SBN 301746)
*ABarrera@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200

*Counsel for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO et al., individually and on behalf of all others similarly situated, | Case No. 3:21-CV-00757-JD |
| Plaintiffs, | **DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING ADVERTISEMENTS** |
| v. | |
| FLO HEALTH, INC., et al., | Date:  June 26, 2025 |
| Defendants. | Time:  1:30 P.M. |
| | Judge: Hon. James Donato |
| | Ctrm:  11 – 19th Floor, SF |

## I.      INTRODUCTION

Defendants move to exclude evidence and argument about any advertisements that Plaintiffs claim to have received due to their use of the Flo app. Since the beginning of this case, Plaintiffs have made inflammatory and baseless claims that Google and Meta used Flo App users' "intimate health data . . . to generate revenue by selling targeted advertising to customers based on profiles on Flo App users that were developed based on their sensitive health data." Dkt. 64 ¶ 47; *id.* at ¶ 19 ("[A]rmed with knowledge that a Flo App user is pregnant or attempting to get pregnant, the Non-Flo Defendant can specifically target that user with ads for prenatal vitamins, breast pumps, or fertility treatments"). But after more than three years of discovery, there is ***no evidence*** that Defendants ever used the 12 Custom App Events at issue to target *any* advertisements, much less with the "acutely invasive" advertising that Plaintiffs allege. *Id.* at ¶ 10. And there is no evidence that any Plaintiff ever received *any* ad due to their use of the Flo App. It is axiomatic that a lay witness cannot testify to matters that are outside of their personal knowledge. *See* Fed. R. Evid. 602. And yet, should Plaintiffs be permitted to testify about any advertisements that they claim to have received from any of the Defendants due to Plaintiffs' use of the Flo App, their testimony would do exactly that. Such testimony not only runs afoul of Federal Rule of Evidence 602, but it also invites the jury to speculate that Plaintiffs were receiving advertisements from the Flo App without any factual basis to conclude as much, misleading and inflaming the jury, and further prejudicing Defendants at trial. *See* Fed. R. Evid. 403. And without any evidence that Plaintiffs received such advertisements, Defendants' advertisements, as a general matter, have no relevance to Plaintiffs' claims. *See* Fed. R. Evid. 401. Accordingly, having no evidence that any Plaintiffs received advertisements as a result of Flo's alleged data sharing practices, Plaintiffs should not be permitted to offer any evidence or argument at trial regarding advertisements that Plaintiffs claim to have received due to their use of the Flo App.

## II.     ARGUMENT

Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter[.]" Fed. R. Evid. 602. "Courts have found lay witness testimony unhelpful and thus inadmissible if it is mere speculation, an opinion of law, or if it usurps the jury's function." *California Foundation for Independent Living Ctrs. v. Cty. of*

-1-

DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING ADVERTISEMENTS                                                                      21-cv-00757-JD

*Sacramento*, 142 F. Supp. 3d 1035, 1045 (E.D. Cal. 2015).

Indeed, courts in this district have routinely granted motions *in limine* seeking to exclude speculative lay witness testimony that is outside of the witness' personal knowledge. *See, e.g.*, *Grasshopper House, LLC v. Clean and Sober Media LLC*, 2019 WL 12074086, at *5 (granting motion in *limine* where the deponent "lack[ed] personal knowledge to support lay witness testimony"); *Sempra Energy v. Marsh USA, Inc.*, 2008 WL 11335050, at *14 (C.D. Cal. Oct. 15, 2008) (grating motion *in limine* in part to the extent the witness sought to "provide speculative testimony about what might have happened and what he would have done" in a hypothetical scenario); *Malkin v. Federal Insurance Company*, 2023 WL 6967458, at *15-16 (C.D. Cal. Oct. 20, 2023) (granting motion *in limine* to "limit both parties' lay witnesses to limit their testimony to their personal observations" and precluding such witnesses from "speculat[ing] about causation").

To the extent that Plaintiffs seek to offer testimony that they received advertisements *because of their use of the Flo App*, such testimony is speculative and well outside the bounds of their personal knowledge. Indeed, at deposition, Plaintiffs testified that they had seen no evidence suggesting and had no basis for assuming any ads they may have received are *because of their use of the Flo App*:

- ***Jennifer Chen***: "I have seen advertisements but I don't know if they specifically came from Flo or not." Ex. A, Chen Tr. at 197:18-23.

- ***Autumn Meigs***: She "could not recall" "any single advertisement that [she had] seen that [she] think[s] was shown to [her] as a result of data put by [her] into the Flo app." Ex. B, Meigs Vol. II Tr. 218:14-17.

- ***Tesha Gamino***: She does "not have any evidence that ads were shown to [her] based on data Flo shared with third parties." Ex. C, Gamino Tr. 207:5-20; 208:11-15; 209:14-18; 210:5-10.

- ***Sarah Wellman.*** She does not know if "the information [she] inputted into the Flo App was used for targeted advertising." Ex. D, Wellman Tr. 79:5-9.

- ***Erica Frasco.*** She did "recall seeing any advertisements that [she] believe[s] are related to Flo's alleged sharing." Ex. E, Frasco Tr. 74:2-8.

On the other hand, Defendants have responded to discovery regarding advertising and confirmed that no ads were served based on the 12 Custom App Events at issue. Without knowing whether that data was used to send advertisements to its users (it was not), Plaintiffs certainly should not be permitted to testify at trial about any advertisements that they claim they saw as a result of using the Flo App. Not only would this

DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING ADVERTISEMENTS                                                                 21-cv-00757-JD

testimony be speculative, it would also invite the jury to render a verdict based on such unsupported speculation. But verdicts must be based on facts, not theories. With no facts, then, to support their theory that Flo sent targeted advertisements to Plaintiffs, Plaintiffs should not be permitted to testify that they received targeted advertisements from Defendants because of their use of the Flo App.

Nor should Plaintiffs be permitted to offer evidence and argument about Defendants' advertisements and attendant practices as a general matter. Because they have no evidence that Plaintiffs did, in fact, receive advertisements due to Flo's alleged data sharing practices, any evidence or argument about Defendants' advertising practices have no bearing on Plaintiffs' claim in the first instance. Such evidence is therefore not only irrelevant to Plaintiffs' claims, but also unduly prejudicial, and should likewise be excluded. *See* Fed. R. Evid. 401, 403; *see also Herwick v. Budget Rent A Car System Inc.*, 2011 WL 13213626, at *10 (excluding defendant's advertisement where it was "not relevant to Plaintiffs' remaining breach of contract claims").

Moreover, permitting Plaintiffs to make these references—including to the kinds of advertising they alleged in their complaint—would mislead and inflame the jury, unfairly prejudice Defendants, and waste time. *See* Fed. R. Evid. 403. For example, references to advertisements characterized as "acutely invasive" or regarding allegedly sensitive topics like "fertility treatments" (Dkt. 64 ¶¶ 10, 19)—again, for which there is no evidence—would risk inflaming the jury, thereby prejudicing Defendants, and should therefore be excluded. *Mendoza v. Cates*, 2024 WL 5213097, at *7 (N.D. Cal. Dec. 23, 2024) ("It is improper to … present … inflammatory rhetoric that diverts the jury's attention … or invites an irrational, purely subjective response."); *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (abuse of discretion to admit evidence "of very slight (if any) probative value … if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury"). Any such references would also mislead and confuse the jury that such advertising actually occurred, despite no such evidence. If permitted, a mini-trial would ensue, pitting Plaintiffs' speculation and rhetoric against the lack of evidence of any such advertising, unnecessarily prolonging trial. *See Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 987 (N.D. Cal. 2022) (excluding evidence with "little to no relevance" because it required "extensive explanation" and would "waste time").

For these reasons, Defendants' Motion in *Limine* No. 7 should be granted.

-3-

Dated:  June 3, 2025

/s/ Brenda R. Sharton
**DECHERT LLP**

Brenda R. Sharton (*pro hac vice*)
One International Place
100 Oliver Street
Boston, MA 02110
Tel: (617) 728-7100
Fax: (617) 426-6567
brenda.sharton@dechert.com

Benjamin Sadun (SBN 287533)
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA
Tel: (213) 808-5700
Fax: (213) 808-5760
benjamin.sadun@dechert.com

*Counsel for Defendant Flo Health, Inc.*

/s/ Benedict Y. Hur
**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN 224018)
BHur@willkie.com
Simona Agnolucci (SBN 246943) SAgnolucci@wilkie.com
Eduardo E. Santacana (SBN 281668)
ESantacana@wilkie.com
Tiffany Lin (SBN 321472)
TLin@wilkie.com
333 Bush Street
San Francisco, CA 94104
Telephone: 415.858.7400
Facsimile: 415.858.7599

*Counsel for Defendant Google LLC*

By: /s/ Melanie M. Blunschi
**LATHAM & WATKINS LLP**
Melanie M. Blunschi (SBN 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (SBN 304635)
*kristin.whitehead@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone:  415.395.5942

Andrew B, Clubok (*pro hac vice*)

-4-

LITIGATION.18693436.4

*andrew.clubok@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:  714.540.1235


**GIBSON, DUNN & CRUTCHER LLP**
Elizabeth K. McCloskey (SBN 268184)
EMcCloskey@gibsondunn.com
Abigail A. Barrera (SBN 301746)
ABarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200

Christopher Chorba (SBN 216692)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7503
CChorba@gibsondunn.com


*Counsel for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
ADVERTISEMENTS                                                                 21-cv-00757-JD

LITIGATION.18693436.4

# EXHIBIT A

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3               SAN FRANCISCO DIVISION

4

  _____

5   ERICA FRASCO, et al.,          )

6            Plaintiffs,           )

7        vs.                       ) Case No.

8   FLO HEALTH, INC., GOOGLE,      ) 3:21-cv-00757-JD

9   LLC, FACEBOOK, INC., and       ) (consolidated)

10  FLURRY, INC.,                  )

11           Defendants.           )

  _____)

12

13  *** CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER ***

14

15    VIDEOTAPED REMOTE DEPOSITION OF JENNIFER CHEN

16    Deponent testifying from Pomona, California

17            Friday, January 20, 2023

18                  Volume I

19

20

21  Stenographically Reported By:

22  Melissa M. Villagran, RPR, CSR No. 12543

23  Job No. 5650070

24

25  PAGES 1 - 322

                                     Page 1

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

```
 1    it was going to be shared without outside agencies

 2    or advertisers for monetary purposes.

 3    BY MS. SHARTON:

 4        Q   You can't identify any harm that you suffered

 5    because of Flo's alleged sharing, right?            12:18:06

 6            MS. WOOD:  Objection to form.

 7            THE DEPONENT:  I'm relying on my attorneys.

 8    BY MS. SHARTON:

 9        Q   No, I'm asking you.  I'm asking you.

10            As you sit here, you can't identify any harm   12:18:15

11    you've suffered because of Flo's alleged sharing,

12    right?

13            MS. WOOD:  Objection to form.

14            THE DEPONENT:  Yeah, it's embarrassing and

15    it's -- I feel ashamed that that information is out   12:18:27

16    there.  I didn't know that was going to happen.

17    BY MS. SHARTON:

18        Q   Have you seen any advertisements that you

19    believe are related to Flo's alleged sharing?

20            MS. WOOD:  Objection to form.                 12:18:43

21            THE DEPONENT:  I have seen advertisements but

22    I don't know if they specifically came from Flo or

23    not.

24    BY MS. SHARTON:

25        Q   What information -- you said it's            12:18:54
```

Page 197

# EXHIBIT B

HIGHLY CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4

    _____
 5                                  )
    ERICA FRASCO, et al.,           )
 6                                  )
            Plaintiffs,             )
 7                                  )
        vs.                         )No. 3:21-cv-00757-JD
 8                                  )    (consolidated)
    FLO HEALTH, INC., GOOGLE,       )
 9  LLC, FACEBOOK, INC., and        )
    FLURRY, INC.,                   )
10                                  )
            Defendants.             )
11  _____)
12
13

             *** HIGHLY CONFIDENTIAL ***
14
15    VIDEOTAPED REMOTE DEPOSITION OF AUTUMN MEIGS
16    Deponent testifying from Fredericktown, Ohio
17              Friday, January 6, 2023
18                   Volume II
19
20
21
22  Stenographically Reported By:
    Melissa M. Villagran, RPR
23  CSR No. 12543
24  Job No. 5653047
25  PAGES 182 - 324
```

                                        Page 182

HIGHLY CONFIDENTIAL

```
 1      you saw various unwanted advertisements.

 2             Is that accurate?  Did you see various

 3      unwanted advertisements?

 4             MR. WILLIAMS:  Objection to form.

 5             THE DEPONENT:  I don't know.              12:27:48

 6      BY MS. BARRERA:

 7         Q   Are there any advertisements that you have

 8      seen on any platform, Facebook, Instagram, any

 9      platform that you did not want to see?

10         A   I don't know.                             12:28:17

11         Q   Can you tell me any single advertisement that

12      you've seen that you didn't want to see?

13         A   Not that I can recall at the moment.

14         Q   Can you tell me any single advertisement that

15      you have seen that you think was shown to you as a   12:28:50

16      result of data input by you into the Flo App?

17         A   Not that I can recall at the moment.

18         Q   Do you like seeing ads on Facebook?

19             MR. WILLIAMS:  Objection to form.

20             THE DEPONENT:  I don't know.              12:29:17

21      BY MS. BARRERA:

22         Q   Well, just right now when you see ads on

23      Facebook, do you like seeing them?

24             MR. WILLIAMS:  Same objection.

25             THE DEPONENT:  What type of ads are        12:29:30
```

Page 218

# EXHIBIT C

```
 1              UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3              SAN FRANCISCO DIVISION
 4
      _____
 5                                    )
      ERICA FRASCO, et al.,           )
 6                                    )
             Plaintiffs,              )
 7                                    )
         vs.                          ) No. 3:21-cv-00757-JD
 8                                    )      (consolidated)
      FLO HEALTH, INC., GOOGLE,       )
 9    LLC, FACEBOOK, INC., and        )
      FLURRY, INC.,                   )
10                                    )
             Defendants.              )
11    _____)
12
13
14
15              *** CONFIDENTIAL ***
16      VIDEOTAPED REMOTE DEPOSITION OF TESHA GAMINO
17     Deponent testifying from Costa Mesa, California
18              Thursday, December 8, 2022
19                      Volume I
20
21
22    Stenographically Reported By:
      Melissa M. Villagran, RPR
23    CSR No. 12543
24    Job No. 5594679
25    PAGES 1 - 377
```

Page 1

CONFIDENTIAL

```
 1        A    I can't give you an exact date.  I don't
 2   remember.
 3        Q    Do you remember what year you saw those ads?
 4        A    I don't remember.
 5        Q    Do you think you received those ads for sex      03:14:43
 6   toys based on data Flo shared with third parties?
 7             MS. GALLUCCI:  Objection; form.
 8             THE DEPONENT:  I don't know.
 9   BY MS. BARRERA:
10        Q    Do you have any evidence that those ads were     03:15:04
11   shown to you based on data Flo shared with third
12   parties?
13             MS. GALLUCCI:  Objection; form.
14             THE DEPONENT:  Can you rephrase the question.
15   BY MS. BARRERA:                                            03:15:15
16        Q    Do you have any evidence at all that the ads
17   for sex toys were shown to you based on data that
18   Flo shared with third parties?
19             MS. GALLUCCI:  Objection; form.
20             THE DEPONENT:  No, I don't have any evidence.    03:15:27
21   BY MS. BARRERA:
22        Q    Let's talk about the ads for depression.
23             Where did you see the ads for depression?
24        A    On Instagram.
25        Q    Did you see ads for depression anywhere else?    03:15:45
```

Veritext Legal Solutions
866 299-5127

```
1            MS. GALLUCCI:  Objection; form.

2            THE DEPONENT:  I don't remember.

3     BY MS. BARRERA:

4        Q   When did you see the ads for depression?

5            MS. GALLUCCI:  Objection; form.              03:15:53

6            THE DEPONENT:  I don't remember.

7     BY MS. BARRERA:

8        Q   Do you remember what year you saw ads for

9     depression?

10       A   I don't remember.                            03:16:05

11       Q   Do you have any evidence at all that the ads

12    for depression were shown to you based on data that

13    Flo shared with third parties?

14           MS. GALLUCCI:  Objection; form.

15           THE DEPONENT:  No.                            03:16:17

16    BY MS. BARRERA:

17       Q   What about ads for needing a therapist, where

18    did you see those?

19           MS. GALLUCCI:  Objection; form.

20           THE DEPONENT:  Instagram.                     03:16:37

21    BY MS. BARRERA:

22       Q   Did you see those ads anywhere else?

23       A   I don't remember.

24       Q   Do you remember when you saw those ads?

25       A   I don't remember.                            03:16:43
```

1       Q   Do you have any evidence at all that the ads

2    for needing a therapist were shown to you based on

3    data that Flo shared with third parties?

4           MS. GALLUCCI:   Objection; form.

5           THE DEPONENT:   No.                          03:16:54

6    BY MS. BARRERA:

7       Q   So the ads you saw for new period products,

8    did you -- where did you see those ads?

9       A   On Instagram.

10      Q   Did you see those ads anywhere else?        03:17:07

11      A   I don't remember.

12      Q   When did you see those ads?

13      A   I don't remember.

14      Q   Do you have any evidence at all that the ads

15    for new period products were shown to you based on    03:17:22

16    data that Flo shared with third parties?

17           MS. GALLUCCI:   Objection; form.

18           THE DEPONENT:   No.

19    BY MS. BARRERA:

20      Q   The ads that you said you saw for women's     03:17:31

21    pills, which include pills for birth control,

22    vaginal health, and general women's health, where

23    did you see those ads?

24      A   On Instagram.

25      Q   Do you recall seeing those anywhere else     03:17:44

                                            Page 209

CONFIDENTIAL

```
 1    besides Instagram?

 2        A   I don't remember.

 3        Q   When did you see ads for pills?

 4        A   I don't remember.

 5        Q   Do you have any evidence at all that the ads      03:17:57

 6    based on pills for women's products or women's

 7    health were shown to you based on data Flo shared

 8    with third parties?

 9            MS. GALLUCCI:   Objection; form.

10            THE DEPONENT:   No.                               03:18:10

11    BY MS. BARRERA:

12        Q   Have you ever searched on Google for sex

13    toys?

14            MS. GALLUCCI:  Objection; form.

15            THE DEPONENT:  I don't remember.             03:18:19

16    BY MS. BARRERA:

17        Q   Have you ever searched on any search engine

18    for sex toys?

19            MS. GALLUCCI:  Same objection.

20            THE DEPONENT:  I don't remember.             03:18:32

21    BY MS. BARRERA:

22        Q   Have you ever searched on Amazon for sex

23    toys?

24            MS. GALLUCCI:  Objection; form.

25            THE DEPONENT:  I don't remember.             03:18:42
```

Page 210

# EXHIBIT D

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3              SAN FRANCISCO DIVISION

4

5     _____

6     ERICA FRASCO, et al.,          )

7              Plaintiffs,           )

8          vs.                       ) No. 3:21-cv-00757-JD

9     FLO HEALTH, INC., GOOGLE,      )     (consolidated)

10    LLC, FACEBOOK, INC., and       )

11    FLURRY, INC.,                  )

12              Defendants.          )

13    _____)

14    *** CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER ***

15

16      VIDEOTAPED REMOTE DEPOSITION OF SARAH WELLMAN

17    Deponent testifying from Santa Rosa, California

18            Wednesday, January 11, 2023

19                    Volume I

20

21    Stenographically Reported By:

22    Melissa M. Villagran, RPR, CSR No. 12543

23    Job No. 5607746

24

25    PAGES 1 - 319

                                        Page 1

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

 1    BY MS. LIN:

 2        Q   Do you recall whether you saw any

 3    advertisements when you were using the Flo App?

 4        A   I don't remember.

 5        Q   Are you claiming that the information that        10:59:53

 6    you inputted into the Flo App was used for targeted

 7    advertising?

 8        A   I don't know.  I just know it was shared or

 9    sold.

10        Q   And are you aware of any advertisements you        11:00:18

11    may have seen outside of the Flo App that came from

12    information that you inputted into the Flo App?

13        A   Not specifically, no.

14            MS. LIN:  I'm going to ask the concierge to

15    please mark Tab 16.  And this is going to be a new        11:00:41

16    exhibit.

17            CONCIERGE:  If you refresh, Exhibit 47 should

18    now be available.

19            (Exhibit 47 was marked for

20            identification and is attached        11:01:23

21            hereto.)

22            THE DEPONENT:  I have it.

23    BY MS. LIN:

24        Q   Ms. Wellman, do you recognize this e-mail?

25        A   I mean, it looks like I sent it.        11:01:32

Page 79

# EXHIBIT E

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4

    _____
 5                                )
    ERICA FRASCO, et al.,         )
 6                                )
            Plaintiffs,           )
 7                                )
        vs.                       )No. 3:21-cv-00757-JD
 8                                )    (consolidated)
    FLO HEALTH, INC., GOOGLE,     )
 9  LLC, FACEBOOK, INC., and      )
    FLURRY, INC.,                 )
10                                )
            Defendants.           )
11  _____)
12
13
14  *** CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER ***
15
16     VIDEOTAPED REMOTE DEPOSITION OF ERICA FRASCO
17    Deponent testifying from Riverdale, New Jersey
18              Monday, January 23, 2023
19                    Volume I
20
21
22  Stenographically Reported By:
    Melissa M. Villagran, RPR
23  CSR No. 12543
24  Job No. 5607745
25  PAGES 1 - 333
```

Page 1

1    BY MS. DERVISHI:

2        Q    Have you seen any advertisements that you

3    believe are related to Flo's alleged sharing?

4        A    I don't know.

5        Q    Sitting here today, you cannot recall seeing        01:24:45

6    any advertisements that you believe are related to

7    Flo's alleged sharing; is that correct?

8        A    Yes.

9            MR. LEVIS:  Objection to form.

10   BY MS. DERVISHI:                                            01:25:02

11       Q    Have you lost any money as a result of using

12   Flo?

13       A    No.

14       Q    Ms. Frasco, this sounds silly, but you've

15   never sold your own data, have you?                        01:25:15

16       A    No.

17       Q    You wouldn't ever sell your own data, right?

18       A    Never.

19            MR. LEVIS:  Objection to form.

20   BY MS. DERVISHI:                                            01:25:24

21       Q    Your reputation has not been harmed as a

22   result of using Flo, has it?

23            MR. LEVIS:  Objection to form.

24            THE DEPONENT:  No.

25   ///                                                        01:25:35

                                                        Page 74

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN**
**CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco*
*and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>Defendants. | Civil Case No. 3:21-cv-00757-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7**<br><br>Date: June 12, 2025<br>Time: 10:00 A.M.<br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor, SF |

1    Plaintiffs submit this opposition to Defendants' Motion in Limine No. 7, which seeks to

2    exclude evidence, argument, and testimony about the ads Plaintiffs saw. Mot at 1.

3    Defendants argue that Plaintiffs, as lay witnesses, should not be allowed to testify about the

4    ads they saw under any circumstances because they lack personal knowledge as to whether those ads

5    "are because of their use of the Flo app." Mot at 2. This is both illogical and irrelevant. Plaintiffs do

6    not need to have first-hand knowledge of the innerworkings of Defendants' ads systems for their

7    testimony about the advertisements they saw to be relevant. Documents in the record, show that the

8    data received from the Flo app was incorporated into Defendants' advertising systems. *See, e.g.*, Class

9    Cert. Ex. 38 at 12-13 (explaining Flo Health App Events Data was "used [by Meta] to improve,

10   through machine learning, the accuracy of content delivery, including delivery of advertisements from

11   advertisers besides Flo Health."); Class Cert. Ex. 85 ("Facebook has also used the Events data sent

12   by Flo Health to provide advertising services"); Class Cert. Ex. 86 at 34-40 (explaining how custom

13   app event data is used by Google). They also show that Flo specifically used app user data to target

14   women with ads based on their health goals. *See* Class Cert. Ex. 74 at '855-56 (Google acknowledging

15   Flo's plan to target "women who are planning to get pregnant" and "research about the behavior of

16   pregnant women online"); Class Cert. Ex. 123 (showing Flo's "Google Ads remarketing lists,"

17   including targeting "get[]pregnant" users and, another one, a "period[]tracker" group). Plaintiffs'

18   testimony regarding the ads they saw are relevant in these circumstances because, to the extent they

19   received ads consistent with their use of the Flo app or the health information they entered in it, this

20   is circumstantial evidence that the data was used. A jury is entitled to consider that in evaluating

21   Plaintiffs' claims.

22   Defendants' insistence such testimony is inappropriate because discovery has shown that "no

23   ads were served based on the 12 Custom App Events at issue" (Mot. at 2) is inaccurate. There are no

24   documents in the record that prove this. If anything, what the record shows that even Defendants

25   could not conclusively say, one way or another, whether any one piece of data caused an ad to be

26   delivered because of how their machine learnings systems are designed. *See* Class Cert. Ex. 38

27   ("because machine learning algorithms by their very nature evolve over time, it would not be

28

reasonably possible to determine how any of the Flo App's allegedly health-related Custom App Events had an effect on whether any particular ads or types of ads were shown to any users"). Excluding Plaintiffs from testifying about their experiences with ads on Defendants' platforms unless they can meet this impossible threshold is a step too far.

Defendants position that the court should exclude testimony or evidence about "Defendants' advertisements and attendant practices" (Mot. at 3) as a general matter for the same reasons is even more off base. Having acknowledged that the Flo App data was incorporated in advertising systems, it is entirely appropriate for Plaintiffs to elicit testimony, introduce evidence, and make arguments about those facts, as they go directly to showing the offensiveness of the alleged privacy violation, and Defendants' intentions for collecting and using such data. This is true regardless of whether any one Plaintiffs could tie a specific ad to a Custom App Event.

Defendants motion should be denied.

Dated: June 11, 2025

*/s/ Carol C. Villegas*
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com
dizzo@labaton.com
gmedina@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com

afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: 805-543-0990
Fax: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah
Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha
Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn
Meigs*