Brenda R. Sharton (*Admitted Pro Hac Vice*)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA  02110-2600
Telephone:  (617) 728-7100
Facsimile:  (617) 275-8374
brenda.sharton@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA  90071-2032
Telephone:  (213) 808-5700
Facsimile:  (213) 808-5760
benjamin.sadun@dechert.com

Theodore E. Yale (*Admitted Pro Hac Vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone:  (215) 994-4000
Facsimile:  (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant Flo Health, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO et al., individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FLO HEALTH, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 3:21-CV-00757-JD<br><br>**FLO'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT THAT CONTRADICTS BINDING JUDICIAL ADMISSIONS IN PLAINTIFFS' COMPLAINT**<br><br>Date:　June 26, 2025<br>Time:　1:30 P.M.<br>Judge:　Hon. James Donato<br>Ctrm:　11 – 19th Floor, SF |

## I.    INTRODUCTION

Flo moves to exclude evidence and argument from Plaintiffs that contradict *Plaintiffs' own Complaint*, where they expressly admitted—without hedge or caveat—that they agreed to Flo's Terms of Use and Privacy Policy. These are not allegations made *against* them. They are factual assertions made *by* them. It is black-letter law that "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Indeed, *according to Plaintiffs*:

- "Plaintiffs entered into a contract with Flo Health by downloading and using the Flo App. In connection with using the Flo App, both parties **agreed to abide by Flo Health's Terms of Use** ("TOU")." Dkt. No. 64, Compl. ¶ 289.

- "Plaintiffs and Defendant Flo Health are **subject to Flo Health's Privacy Policy**, which is incorporated into the TOU." *Id.* ¶ 290.

Moreover, at their depositions, each named Plaintiff reaffirmed what their Complaint already made clear: they agreed to be bound by Flo's Terms of Use and Privacy Policy. *See infra* p. 2. Having admitted in the Complaint (and, again, under oath at deposition) that they agreed to be bound by Flo's Terms of Use and the Privacy Policy, the law does not permit Plaintiffs to back away from those admissions at trial. Accordingly, Flo respectfully requests that this Court preclude Plaintiffs from attempting to do (as they already sought to do in opposing Summary Judgment).

## II.    ARGUMENT

Binding precedent from the Ninth Circuit is unambiguous: "[j]udicial admissions are formal admissions in the pleading which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co.*, 861 F.2d 224 at 226. In other words, "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Id.* In their Complaint, Plaintiffs alleged—in no uncertain terms and not once, but **several times** throughout the Complaint—that they agreed to be bound by Flo's Terms of Use and Privacy Policies. *See* Dkt. No. 64, Compl. ¶ 258 (describing the Terms of Use as "a legal agreement between [users] and Flo Health, Inc." (citations omitted, alterations in original)); *id.* ¶ 289 ("Plaintiffs entered into a contract with Flo Health by downloading and using the Flo App. In connection with using the Flo App, both parties agree to abide by Flo Health's Terms of Use ("TOU")."); *id.* ¶ 300 ("In connection with using the Flo App,

both parties agreed to abide by Flo Health's Terms of Use ("TOU")."); *id.* ¶ 290 ("Plaintiffs and Defendant Flo Health are subject to Flo Health's Privacy Policy, which is incorporated into the TOU.").

These allegations make sense; at deposition, each of the named Plaintiffs testified that that they agreed to be bound by Flo Health's Privacy Policy and Terms of Service:

**Jennifer Chen (Ex. A, Chen Tr. at 213:14-18 (objections omitted))**

Q.    So you told Flo you agreed to the privacy policy and terms of service, correct?

A.    Yeah, with regard to that, yes.

**Erica Frasco (Ex. B, Frasco Tr. at 148:17-149:1 (objections omitted))**

Q.    And by continuing, you told Flo that you agreed to its privacy policy, right?

A.    Yes.

Q.    And you told Flo that you agreed to its terms of service?

A.    Yes.

**Tesha Gamino (Ex. C, Gamino Tr. at 315:6-12 (objections omitted))**

Q.    You have to consent to the terms of an app before you start using the app, right?

A.    Correct

Q.    And that was true of Flo Health, right?

A.    Okay. Sure.

**Autumn Meigs (Ex. D, Meigs Vol. II Tr. 308:9-19 (objections omitted))**

Q.    Now, understanding how the Flo app works, can we agree you told Flo on the consent screen that you have before you right now that you agreed to its privacy policy?

A.    I guess so.

Q.    And you also agreed to its terms of service, correct?

A.    Yes.

**Sarah Wellman (Ex. E, Wellman Tr. 257:15-21)**

Q.    So you told Flo that you agreed to its privacy policy, right?

A.    Yes.

Q.    And you told Flo that you agreed to the terms of use, correct?

A.    Yes.

Thus, though the allegations in the Complaint, standing alone, are sufficient to conclusively establish that Plaintiffs agreed to Flo's Terms of Use and Privacy Policy, the fact that those allegations are entirely consistent with the named Plaintiffs' sworn testimony underscores that there is no principled basis in fact or in law for Plaintiffs to be permitted to argue otherwise at trial.

Any arguments to the contrary are unavailing. At no time in the last four years, for example, have Plaintiffs sought to amend those allegations, or claimed that the allegations in the operative complaint were the results of mistake or inadvertence. *See Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995) ("Where, however, the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight."); *see also Atencio v. TuneCore, Inc.*, 843 Fed. Appx. 42, 44 (9th Cir. 2021) (affirming district's determination that plaintiffs' "[f]actual assertions in [their] pleadings . . . are considered judicial admissions conclusively binding on them" and that plaintiffs "did not diligently seek leave to amend their complaint"). Nor could Plaintiffs claim that the allegations were "made before counsel had the opportunity to investigate the facts and theories of the case," as Plaintiffs filed their Consolidated Class Action Complaint *nine months* after the first Class Action complaint was filed, affording Plaintiffs ample time to investigate and develop the underpinnings of their claims. *Matthews v. Xerox Corp.*, 319 F. Supp. 2d 1166, 1171 (S.D. Cal. 2004).

To be sure, the allegations that Plaintiffs agreed to the Terms of Use and Privacy Policy are of core relevance to establishing one of their pending claims against Flo for breach of contract. That is because, for such a claim to exist, there must be a valid contract between Flo and Plaintiffs. That contract, according to the Complaint, is the Privacy Policy. Dkt. No. 64, Compl. ¶ 290. Here again, under California law, because "an admission that a plaintiff is a party to a contract … is binding on the party that made it," Plaintiffs cannot walk away from that admission at trial. *Ronches v. Dickerson Emp. Benefits, Inc.*, 2010 WL 11508128, at *6 (C.D. Cal. May 24, 2010); *accord, e.g.*, *Coll. of the Sequoias Farm v. White Gold Assoc., Inc.*, 2007 WL 2022040, at *17-18 (E.D. Cal. July 9, 2007). "Such admissions … have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *United States v. Davis*, 332 F.3d 1163, 1168 (9th Cir. 2003).

For these reasons, Flo's Motion in *Limine* No. 2 should be granted.

-3-

Dated: June 3, 2025

/s/ *Brenda R. Sharton*

Brenda R. Sharton (*Admitted* Pro Hac Vice)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com

Theodore E. Yale (*Admitted Pro Hac Vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone:     (215) 994-4000
Facsimile:      (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant Flo Health, Inc.*

FLO'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT THAT CONTRADICTS BINDING
JUDICIAL ADMISSIONS MADE IN THE COMPLAINT                                    21-cv-00757-JD

# EXHIBIT A

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

1          UNITED STATES DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3          SAN FRANCISCO DIVISION

4

————————————————————————

5    ERICA FRASCO, et al.,          )

6             Plaintiffs,           )

7        vs.                        ) Case No.

8    FLO HEALTH, INC., GOOGLE,      ) 3:21-cv-00757-JD

9    LLC, FACEBOOK, INC., and       ) (consolidated)

10   FLURRY, INC.,                  )

11            Defendants.           )

————————————————————————)

12

13   *** CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER ***

14

15     VIDEOTAPED REMOTE DEPOSITION OF JENNIFER CHEN

16      Deponent testifying from Pomona, California

17            Friday, January 20, 2023

18                  Volume I

19

20

21   Stenographically Reported By:

22   Melissa M. Villagran, RPR, CSR No. 12543

23   Job No. 5650070

24

25   PAGES 1 - 322

                                        Page 1

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

```
 1    its privacy policy, right?

 2           MS. WOOD:  Objection to the form.

 3           THE DEPONENT:  I don't recall.

 4    BY MS. SHARTON:

 5      Q   Well, let's take a look at it.              01:07:48

 6           The language in Exhibit 44 says (as read):

 7    "If you continue, you agree to the privacy policy

 8    and the terms of service," right?

 9      A   That's what it says, yes.

10      Q   Okay.                                       01:07:59

11           And you continued, right?

12      A   Yes.

13      Q   Okay.

14           So you told Flo you agreed to the privacy

15    policy and terms of service, correct?            01:08:04

16           MS. WOOD:  Objection to form.

17           THE DEPONENT:  Yeah, with regard to that,

18    yes.

19    BY MS. SHARTON:

20      Q   Okay.                                       01:08:13

21           And have you ever read Flo's privacy policy?

22      A   I may have looked at it the other night when

23    I was looking at some documents, but prior to that,

24    no.

25      Q   That was the first time you've ever seen it,  01:08:34
```

                                            Page 213

# EXHIBIT B

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                SAN FRANCISCO DIVISION
 4
      _____
 5                                     )
      ERICA FRASCO, et al.,            )
 6                                     )
              Plaintiffs,              )
 7                                     )
         vs.                           )No. 3:21-cv-00757-JD
 8                                     )       (consolidated)
      FLO HEALTH, INC., GOOGLE,        )
 9    LLC, FACEBOOK, INC., and         )
      FLURRY, INC.,                    )
10                                     )
              Defendants.              )
11    _____)
12
13
14    *** CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER ***
15
16       VIDEOTAPED REMOTE DEPOSITION OF ERICA FRASCO
17      Deponent testifying from Riverdale, New Jersey
18              Monday, January 23, 2023
19                     Volume I
20
21
22    Stenographically Reported By:
      Melissa M. Villagran, RPR
23    CSR No. 12543
24    Job No. 5607745
25    PAGES 1 - 333
```

Page 1

1    are links.

2          Do you see that?

3    A    Yes.

4    Q    Did you click on either of those links?

5          MR. LEVIS:  Object to form.                    03:12:21

6          THE DEPONENT:  Privacy Policy.

7    BY MS. DERVISHI:

8    Q    You clicked on Privacy Policy.  Is that

9    correct?

10   A    Yes.                                            03:12:26

11   Q    Did you click on Terms of Service?

12   A    I don't recall.  If you had to click that to

13   move forward, then yes, but I don't recall clicking

14   Terms of Service.

15   Q    Okay.                                           03:12:46

16         You continued beyond this screen, correct?

17   A    Yes.

18   Q    And by continuing, you told Flo that you

19   agreed to its privacy policy, right?

20         MR. LEVIS:  Object to form.                    03:13:03

21         THE DEPONENT:  Yes.

22   BY MS. DERVISHI:

23   Q    And you told Flo that you agreed to its terms

24   of service?

25         MR. LEVIS:  Object to form.                    03:13:08

Page 148

1            THE DEPONENT:   Yes.

2    BY MS. DERVISHI:

3        Q    When you first read the privacy policy when

4    you first opened the app, how many minutes did you

5    spend reading the privacy policy?                    03:13:23

6        A    With any privacy policy, I do not read word

7    for word but I do skim through, and if there's

8    anything that stands out to me that looks as though,

9    you know, I don't agree with it, then I will stop.

10           But, as I'm sure you know, they are very long   03:13:41

11   and hard to, you know, be very clear and concise in

12   what they say.  But yes, I do skim through.

13       Q    So would you say you spent less than five

14   minutes reviewing the privacy policy?

15       A    Yes.                                        03:14:02

16           MR. LEVIS:  Object to form.

17   BY MS. DERVISHI:

18       Q    Less than a few minutes?

19           MR. LEVIS:  Object to form.

20           THE DEPONENT:  I don't know the exact time   03:14:08

21   frame.

22   BY MS. DERVISHI:

23       Q    And how -- you've used Flo for the last

24   five years now.

25           How frequently have you checked the privacy   03:14:18

                                                    Page 149

# EXHIBIT C

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4

    _____
 5                                 )
    ERICA FRASCO, et al.,          )
 6                                 )
            Plaintiffs,            )
 7                                 )
       vs.                         ) No. 3:21-cv-00757-JD
 8                                 )      (consolidated)
    FLO HEALTH, INC., GOOGLE,      )
 9  LLC, FACEBOOK, INC., and       )
    FLURRY, INC.,                  )
10                                 )
            Defendants.            )
11  _____)
12
13
14
15            *** CONFIDENTIAL ***
16    VIDEOTAPED REMOTE DEPOSITION OF TESHA GAMINO
17   Deponent testifying from Costa Mesa, California
18             Thursday, December 8, 2022
19                    Volume I
20
21
22  Stenographically Reported By:
    Melissa M. Villagran, RPR
23  CSR No. 12543
24  Job No. 5594679
25  PAGES 1 - 377
```

                                              Page 1

CONFIDENTIAL

```
1     an agreement.

2        Q   Do you remember consenting to a privacy

3     policy back in 2016?

4        A   I don't remember.

5        Q   Okay.                                       06:37:13

6            You have to consent to the terms of an app

7     before you start using the app, right?

8            MS. GALLUCCI:   Objection; form.

9            THE DEPONENT:   Correct.

10    BY MS. SHARTON:                                     06:37:29

11       Q   And that was true of Flo Health, right?

12       A   Okay.   Sure.

13       Q   Yeah.

14           Why don't we just pull up and take a quick

15    look at the privacy policy that was in effect on    06:37:42

16    May 25, 2018.  If -- that is Tab -- let me get my

17    glasses.

18           That is Tab 0.  Tab O, letter O?

19           MS. SHARTON:  And if we could mark that as

20    the next exhibit, which I believe is 28.            06:38:06

21           (Exhibit 29 was marked for

22            identification and is attached

23            hereto.)

24           MS. SHARTON:  29?

25           29.                                          06:38:12
```

Page 315

# EXHIBIT D

HIGHLY CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3               SAN FRANCISCO DIVISION
 4

    _____
 5                              )
    ERICA FRASCO, et al.,       )
 6                              )
            Plaintiffs,         )
 7                              )
        vs.                     )No. 3:21-cv-00757-JD
 8                              )     (consolidated)
    FLO HEALTH, INC., GOOGLE,   )
 9  LLC, FACEBOOK, INC., and    )
    FLURRY, INC.,               )
10                              )
            Defendants.         )
11  _____)
12
13
              *** HIGHLY CONFIDENTIAL ***
14
15     VIDEOTAPED REMOTE DEPOSITION OF AUTUMN MEIGS
16     Deponent testifying from Fredericktown, Ohio
17             Friday, January 6, 2023
18                   Volume II
19
20
21
22  Stenographically Reported By:
    Melissa M. Villagran, RPR
23  CSR No. 12543
24  Job No. 5653047
25  PAGES 182 - 324
```

Page 182

```
 1    objection in the middle of my question.  You didn't

 2    object a moment ago.  This is on the readback.  Let

 3    the witness answer the question.

 4         MR. WILLIAMS:  I believe I did object.  But

 5    if not, I do object.  Object to form.              03:14:04

 6         THE DEPONENT:  Sorry.  Will you rephrase that

 7    and ask a different way now because --

 8    BY MR. SADUN:

 9       Q    Now, understanding how the Flo App works, can

10    we agree that you told Flo on the consent screen    03:14:24

11    that you have before you right now that you agreed

12    to its privacy policy?

13         MR. WILLIAMS:  Objection to form.

14         THE DEPONENT:  I guess so.

15    BY MR. SADUN:                                       03:14:41

16       Q    And you also told Flo that you agreed to its

17    terms of service, correct?

18         MR. WILLIAMS:  Same objections.

19         THE DEPONENT:  Yes.

20         MR. SADUN:  Let's take a break and go off the  03:14:57

21    record.

22         MR. WILLIAMS:  Sure.

23         THE VIDEOGRAPHER:  We are off the record.

24    The time is 3:15 p.m.

25         (Recess.)                                      03:15:07
```

                                                    Page 308

# EXHIBIT E

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3               SAN FRANCISCO DIVISION

4

5       _____

6   ERICA FRASCO, et al.,          )

7            Plaintiffs,           )

8        vs.                       ) No. 3:21-cv-00757-JD

9   FLO HEALTH, INC., GOOGLE,      )      (consolidated)

10  LLC, FACEBOOK, INC., and       )

11  FLURRY, INC.,                  )

12           Defendants.           )

13  _____)

14  *** CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER ***

15

16     VIDEOTAPED REMOTE DEPOSITION OF SARAH WELLMAN

17   Deponent testifying from Santa Rosa, California

18            Wednesday, January 11, 2023

19                   Volume I

20

21  Stenographically Reported By:

22  Melissa M. Villagran, RPR, CSR No. 12543

23  Job No. 5607746

24

25  PAGES 1 - 319

                                        Page 1

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

```
 1        Q    Yes?

 2        A    Yes.

 3        Q    And it means you agree to the privacy policy,

 4   right?

 5        A    Yes.                                        04:19:29

 6        Q    And the different color on terms of use and

 7   privacy policy indicates a link, right?

 8        A    Yes.

 9        Q    Okay.

10             And that brought you to the actual terms of  04:19:36

11   use and the privacy policy, right?

12             MS. VILLEGAS:  Object to the form.

13             THE DEPONENT:  I don't know.

14   BY MS. SHARTON:

15        Q    Okay.                                       04:19:51

16             So you told Flo that you agreed to its

17   privacy policy, right?

18        A    Yes.

19        Q    And you told Flo that you agreed to the terms

20   of use, correct?                                      04:20:00

21        A    Yes.

22        Q    Okay.

23             And you testified that you don't recall one

24   way or another whether you read the Flo privacy

25   policy at any time, right?                            04:20:17
```

Page 257

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN**
**CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco*
*and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>Defendants. | Civil Case No. 3:21-cv-00757-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FLO HEALTH, INC.'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT THAT CONTRADICTS BINDING JUDICIAL ADMISSIONS IN PLAINTIFFS' COMPLAINT**<br><br>Date: June 26, 2025<br>Time: 1:30 P.M.<br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor, SF |

Plaintiffs respectfully submit this brief in opposition to Defendant Flo Health, Inc.'s ("Flo") Motion in Limine No. 2 (the "Motion" or "Mot."). Flo claims to seek to "exclude evidence and argument from Plaintiffs that contradict . . . that they agreed to Flo's Terms of Use and Privacy Policy." Mot. at 1. While Plaintiffs do not disagree that there is a contract—indeed, they assert contract claims—the Parties dispute what those terms mean and which terms were binding. To the extent Flo's Motion seeks to forbid evidence or argument as to the enforceability and meaning of the contract terms, Flo's Motion must be denied. *See* Mot. at 2.

Flo asserts that Plaintiffs made admissions in their pleadings beyond that they were parties to the contract. Not so. Plaintiffs never conceded that every term of the contract was enforceable. Furthermore, it is black letter law that judicial admissions do not apply to legal conclusions. *See AdTrader, Inc. v. Google LLC*, 2019 WL 1767206, at *4 (N.D. Cal. Apr. 22, 2019) (judicial admissions "[are] not binding" with respect to "a legal question—such as contract interpretation"); *Nationwide Agribusiness Ins. v. George Perry & Sons, Inc.*, 338 F. Supp. 3d 1063, 1073 (E.D. Cal. 2018) (declining to make an "inferential leap" from "cursory references" in the complaint to a "legal conclusion" on contractual terms); *A.F. v. Evans,* 2022 WL 1541463, at *4 (D. Or. May 16, 2022) (explaining "judicial admissions" do not apply to "legal conclusions" like negligence or breach).

Previously, Flo has sought to apply the doctrine of judicial admissions—not to establish facts—but to request that this Court accept certain legal conclusions in its favor. *See* ECF No. 536 at 7-8, 12-13 (arguing its statute of limitations defense and that their assertions regarding Plaintiffs' actual notice could not be challenged because Plaintiffs referenced the *Wall Street Journal* article in their Complaint, using the adjective "bombshell"). Here,[1] Flo's Motion is a disguised attempt to forbid Plaintiffs from arguing or presenting evidence on: (1) the contract's scope; (2) the objective meaning of certain provisions; and (3) that certain provisions are non-binding under applicable law.[2] These are issues the Parties have adamantly disputed throughout this litigation. *See* ECF No. 64

---

[1] Flo would not confirm whether it was seeking judicial admission of contract formation or seeking a broader request on the contract's scope, meaning, and which terms were binding.

[2] For instance, Flo's class action waiver is unenforceable because it is unconscionable. *See* Order Re Class Certification, ECF No. 605 at 18; Summary Judgment Order Re Meta and Flo, ECF No. 608 at 3.

¶¶ 39, 46, 60, 67, 81, 183 (alleging Plaintiffs and Class Members did not consent to Flo's conduct because Flo failed to disclose the full extent of its data practices in its privacy policies); ECF No. 536 at 15-18 (Flo's Motion for Summary Judgment arguing that the class action waiver in its terms is enforceable); *id.* at 4-7, 11-12 (arguing that Plaintiff's consented to its use of SDKs based on its meaning of provisions in its terms and privacy policies); ECF No. 560-3 at 18-22 (Plaintiffs' Opposition to Flo's Motion for Summary Judgment disputing the enforceability of the class action waiver and statute of limitations provisions in Flo's terms); *id.* at 5, 10-11 (arguing Plaintiffs did not, and could not, have consented to Flo's conduct).

Indeed, from the snippets of testimony Flo cites, it is clear Flo itself plans on arguing not just that there was a contract, but that Plaintiffs "consent[e]d to the terms[.]" Mot. at 2. There is no judicial admission, and no basis to preclude testimony or argument presented by Plaintiffs, on what *terms* are actually binding, their commonsense meaning, or which provisions are enforceable. These are disputed issues for the jury to decide.

Dated: June 11, 2025

*/s/ Jake Bissell-Linsk*
Jake Bissell-Linsk (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com
dizzo@labaton.com
gmedina@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601

Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: 805-543-0990
Fax: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah
Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha
Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500

New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*