# Exhibit 1

| | |
|---|---|
| James M. Wagstaffe (95535) <br> **ADAMSKI MOROSKI MADDEN** <br> **CUMBERLAND & GREEN LLP** <br> P.O. Box 3835 <br> San Luis Obispo, CA 93403-3835 <br> Telephone: 805-543-0990 <br> Facsimile: 805-543-0980 <br> wagstaffe@ammcglaw.com <br><br> *Counsel for Plaintiffs Erica Frasco and Sarah Wellman* | Christian Levis (*pro hac vice*) <br> Amanda Fiorilla (*pro hac vice*) <br> **LOWEY DANNENBERG, P.C.** <br> 44 South Broadway, Suite 1100 <br> White Plains, NY 10601 <br> Telephone: (914) 997-0500 <br> Facsimile: (914) 997-0035 <br> clevis@lowey.com <br> afiorilla@lowey.com <br><br> *Co-Lead Class Counsel* |
| Carol C. Villegas (*pro hac vice*) <br> Michael P. Canty (*pro hac vice*) <br> **LABATON KELLER SUCHAROW LLP** <br> 140 Broadway <br> New York, NY 10005 <br> Telephone: (212) 907-0700 <br> Facsimile: (212) 818-0477 <br> cvillegas@labaton.com <br> mcanty@labaton.com <br><br> *Co-Lead Class Counsel* | Diana J. Zinser (*pro hac vice*) <br> Jeffrey L. Kodroff (*pro hac vice*) <br> **SPECTOR ROSEMAN & KODROFF, P.C.** <br> 2001 Market Street, Suite 3420 <br> Philadelphia, PA 19103 <br> Telephone: (215) 496-0300 <br> Facsimile: (215) 496-6611 <br> dzinser@srkattorneys.com <br><br> *Co-Lead Class Counsel* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FLO HEALTH INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, LLC, <br><br> Defendants | Case No. 3:21-cv-00757-JD <br><br> **PLAINTIFFS' THIRD SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)(E)** |

1

Plaintiffs Erica Frasco, Sarah Wellman, Jennifer Chen, Tesha Gamino, and Autumn Meigs ("Plaintiffs"), by their undersigned attorneys, hereby serve on Flo Health, Inc. ("Flo Health"), Meta Platforms, Inc. ("Meta"), Google LLC ("Google"), and Flurry, LLC ("Flurry") ("Defendants") a third set of supplemental initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(E), thus updating their August 5, 2021 initial disclosures, September 17, 2021 first supplemental initial disclosures, and May 27, 2025 second supplemental initial disclosures, served pursuant to Fed. R. Civ. P. 26(a)(1). By providing these supplemental initial disclosures, Plaintiffs do not waive any objections they may have, including objections to: (i) the use or reliance upon the information or documents referenced herein at trial, deposition, or for any other purpose, or (ii) the admissibility or relevancy of any of the information or documents referenced herein.

### THIRD SUPPLEMENTAL INITIAL DISCLOSURE QUALIFICATIONS

Plaintiffs make the following supplemental initial disclosures based solely on information reasonably available to them to date and reserve the right to amend or supplement these disclosures in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Plaintiffs further reserve the right to rely on information discovered from sources identified by Defendants. By making these disclosures, Plaintiffs do not represent that they have identified every document, tangible thing, or witness possibly relevant to this lawsuit or that the disclosed witnesses necessarily have current knowledge of the identified areas of information. These disclosures are made upon information presently known to Plaintiffs and are made without prejudice to Plaintiffs' rights to produce during discovery or at trial, such data, information, or documents as are: (a) subsequently discovered; (b) subsequently determined to be relevant for any purpose; or (c) subsequently determined to have been omitted from this and any supplemental disclosure statements. Plaintiffs hereby expressly reserve all objections to the use for any purpose of any of the information and documents

referenced herein in this case or any other proceeding. Plaintiffs do not waive their rights to object to the production of any document or testimony of such witness on any ground, including attorney-client privilege, the work product doctrine, relevance, or other limitations provided for in the Federal Rules of Civil Procedure or Federal Rules of Evidence. By referring to documents and individuals in the disclosure process, Plaintiffs make no representations or concessions regarding the relevancy, admissibility, or appropriateness of any particular documents or information. By referring to documents and individuals in the disclosure process, Plaintiffs do not waive their rights to object to the Defendants' discovery requests on any basis, including, but not limited to, relevance, overbreadth, burden, attorney-client privilege, the attorney work product doctrine, or any other lawful protection from disclosure. Pursuant to Rule 26(a)(1)(A), Plaintiffs do not here identify individuals whose information would be used solely for impeachment. Plaintiffs have not included experts and/or consultants whom they may retain or have retained.

**SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)(E)**

**I.    Computation of any category of damages claimed by Plaintiffs, and documents or other evidentiary materials upon which each computation is based (Rule 26(a)(1)(A)(iii))**

Plaintiffs seek damages, reasonable attorneys' fees, expert witness fees, other reasonable costs, and expenses incurred during the litigation. The computation of each category of damages below is based on the discovery record. In addition to those fees already incurred, attorney and expert witness fees and costs and expenses will be incurred on an ongoing basis. In addition to statutory damages listed below, Plaintiffs are seeking nominal and punitive damages, and reserve their right to later seek injunctive relief. Plaintiffs are no longer seeking disgorgement.

| Defendant | Claim | Damages Sought |
|---|---|---|
| Flo Health | CMIA[1] (as to Meta) | For each member of the Nationwide Class[2], for whom a violation of the CMIA is proven, related to Flo Health sharing with Meta the alleged Custom App Event ("CAE") data in connection with Flo Health's onboarding survey, damages against Flo Health shall be equal to $1,000 per violation, which is the amount of statutory damages set forth in Cal. Civ. Code § 56.36(b)(1) for violations of the CMIA. For the avoidance of doubt, Plaintiffs intend to pursue damages for a single violation of CMIA for each member of the Nationwide Class as against Flo Health for the CAE data it shared with Meta, regardless of how many CAEs were shared with Meta. |
| | CMIA (as to Google) | For each member of the Nationwide Class, for whom a violation of the CMIA is proven related to Flo Health sharing data with Google the alleged CAE data in connection with onboarding survey, damages against Flo Health shall be equal to $1,000 per violation, which is the amount of statutory damages set forth in Cal. Civ. Code § 56.36(b)(1) for violations of the CMIA. For the avoidance of doubt, Plaintiffs intend to pursue damages for a single violation of CMIA for each member of the Nationwide Class as against Flo Health for the CAE data it shared with Google, regardless of how many CAEs were shared with Google. |
| | CMIA Total | Plaintiffs estimate that based on Flo Health's own documents, there are approximately 13 million members of the Nationwide Class (*see* FLO-00106857), and if that estimation proves accurate following trial and/or a claims process, damages for the entire Nationwide Class against Flo Health for violations of the CMIA would be $26 billion. |
| | Common Law + California Constitution Claims | For each member of the Nationwide Class, for whom claims for breach of contract are proven, damages shall be equal to an amount of nominal and/or punitive damages to be determined by the jury.<br><br>For each member of the California Subclass[3], for whom a claim |

---

[1] California Confidentiality of Medical Information Act, California Civil Code §§ 56 *et seq*. ("CMIA").

[2] All Flo App users in the United States who entered menstruation and/or pregnancy information into the Flo Health App between November 1, 2016, and February 28, 2019, inclusive. ECF No. 605 at 34.

[3] All Flo App users in California who entered menstruation and/or pregnancy information into the Flo Health App while residing in California between November 1, 2016, and February 28, 2019, inclusive. *Id.*

| | | |
|---|---|---|
| | | under Art.1, Sec.1 of the California Constitution is proven, damages shall be equal to an amount of nominal and/or punitive damages to be determined by the jury. |
| | Intrusion Upon Seclusion | For each member of the Nationwide Class, for whom claims for intrusion upon seclusion are proven, damages shall be equal to an amount of nominal and/or punitive damages to be determined by the jury. |
| Meta | CIPA[4] | For each member of the California Subclass, for whom a violation of CIPA is proven as to Meta, damages against Meta shall be equal to $5,000 per violation, which is the amount of statutory damages set forth in Cal. Pen. Code § 637.2(a)(1) for violations of CIPA. For the avoidance of doubt, Plaintiffs intend to pursue damages for a single violation of CIPA for each member of the California Subclass as against Meta. |
| Google | CIPA | For each member of the California Subclass, for whom a violation of CIPA is proven as to Google, damages against Google shall be equal to $5,000 per violation, which is the amount of statutory damages set forth in Cal. Pen. Code § 637.2(a)(1) for violations of CIPA. For the avoidance of doubt, Plaintiffs intend to pursue damages for a single violation of CIPA for each member of the California Subclass as against Google. |

Dated: June 12, 2025

*/s/ Carol C. Villegas*
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
dizzo@labaton.com
gmedina@labaton.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)

---

[4] California Invasion of Privacy Act, California Penal Code §§ 630, *et seq*. ("CIPA").

5
PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)(E)
CASE NO. 3:21-CV-00757-JD

**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

James M. Wagstaffe (95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403
Tel: (805) 543-0990
Fax: (805) 543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (CA Bar 175650)
ron@consumersadvocates.com
Alexis M. Wood (CA Bar 270200)
alexis@consumersadvocates.com
Kas L. Gallucci (CA Bar 288709)
kas@consumersadvocates.com
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
Long Lake, MN 55356
Tel: (612) 940-4452
williamslawmn@gmail.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*
Tel: (619) 696-9006
Fax: (619) 564-6665

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams
**WILLIAMS LAW FIRM**
1632 Homestead Trail
Long Lake, MN 55356
612-940-4452
Email: williamslawmn@gmail.com

William Darryl Harris, II
**HARRIS LEGAL ADVISORS LLC**
605 N High Street
Suite 146
Columbus, OH 43215
(614) 504-3350
Fax: (614) 340-1940
Email: will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June, 2025, I caused the foregoing document to be served via electronic mail to counsel for Defendants Flo Health, Inc., Google, LLC, and Meta Inc.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/   *Carol C. Villegas*
Carol C. Villegas