James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ERICA FRASCO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,

Defendants.

Civil Case No. 3:21-cv-00757-JD

**SECOND JOINT STATUS REPORT REGARDING CLASS NOTICE**

Date: June 16, 2025
Time: 10:00 A.M.
Judge: Hon. James Donato
Courtroom: 11 – 19th Floor, SF

Pursuant to the Court's June 2, 2025 Order, ECF No. 619, the Parties in the above-captioned action submit the second weekly Joint Status Report regarding the status of the notice to the certified classes.

The Parties agree as to almost all of the details of notice, and the notice administrator will begin issuing notice tomorrow June 17, 2025. However, Plaintiffs believe there is an issue regarding the number of Flo's user emails from the Class Period, as described below, that warrants the Court's attention. Defendants disagree. This issue will ***not*** prevent notice from going out starting tomorrow.

**Agreed Upon Issues**

1. The Parties have agreed to the Settlement Website that was created based on the language contained in the long form notice.
2. The Parties have agreed to the publication notice attached as **Exhibit A**.
3. The Parties have agreed on the banner/social media ad image attached as **Exhibit B**.
4. The Parties have agreed that the social media notice will appear on the following platforms: Facebook, Instagram, YouTube, and Pinterest.
5. The Parties have agreed to the push notification language that Flo will implement on its App, which is attached as **Exhibit C**.
6. The Parties have agreed to the following list of print and online publications:

*Print*: *The New York Times*

*Digital*:

1. nytimes.com
2. people.com
3. womenshealthmag.com
4. parents.com
5. webmd.com
6. drugs.com
7. healthline.com

7. A.B. Data has confirmed receipt of 3,739,733 email addresses from Flo, which A.B. Data will send in tranches beginning tomorrow, June 17, to be complete by Friday, June 20. The Parties agree to the email notice attached as **Exhibit D**.

8. While preparing the publication and email notices, the Parties agreed to minor modifications to the long form and short form notices. Attached as **Exhibit E** is the updated long form notice and a redline reflecting the changes. Attached as **Exhibit F** is the updated short form notice and accompanying redline.

**<u>Issues In Dispute</u>**

9. As the parties are working around the clock to facilitate notice, a meet and confer that included counsel for Flo, counsel for Plaintiffs, and A.B. Data took place this morning at 7:30AM PT.

10. During this call, counsel for Flo specified the number of emails it would be transferring as approximately 3.7 million (the real number is 3,739,733).

11. Counsel for Flo explained during the call that the 3.7 million figure includes 100% of the email addresses it received from users during the Class Period. According to Flo, no data was lost and nothing was excluded.

12. Plaintiffs' counsel expressed concern with number of emails in Flo's possession given (1) data Flo produced during this case, and (2) its statements to the Ninth Circuit in both its 23(f) petition and motion for a stay. *See* ECF No. 628 at 1 (claiming to face "quadrillions of dollars in damages"). Specifically, Flo previously produced a spreadsheet in discovery at FLO-00106857 that stated the "cumulative number of U.S. users who ever downloaded and registered for Flo's App" during each month of the Class Period. According to this spreadsheet, approximately 13 million users had "downloaded and registered for Flo's app" as of March 2019. Plaintiffs' counsel contacted Flo to confirm the number of emails in their possession was accurate, given the difference between these numbers. Plaintiffs' counsel also requested additional information regarding the number of users who would receive direct notice through

(1) in-app notification only, and (2) in-app notification and email. Plaintiffs' concern is in ensuring that a sufficient number of Class Members receive direct notice through either means. Flo should provide answers to these questions.

13. According to counsel for Flo, Plaintiffs are misreading this data produced in discovery. While it is Plaintiffs' burden to prove class size, the number of people who downloaded and registered to use the Flo App during the Class Period is far less than 13 million. Additionally, Flo does not require users to provide email addresses in order to register. This design reflects a deliberate choice to prioritize user privacy by empowering individuals to use the App while sharing minimal personal information. Plaintiffs now appear to fault Flo for that very choice—effectively criticizing Flo for not collecting more data. But Flo cannot disclose information it never received. And no emails have been lost or withheld. The 3,739,733 email addresses provided to the notice administrator represent the entirety of the emails Flo received from users during the Class Period.

14. Additionally, according to counsel for Flo, any concern about reaching users who did not register with an email address is misplaced. **Flo has dedicated significant engineering resources to ensure that the separate in-app notification reaches all users from the Class Period, including those who did not provide emails.** The alert notification was designed precisely to ensure broad and inclusive coverage. Additionally, the (1) email notice and (2) push notice is on top of: (3) publication notice through banner ads on the Flo App; (4) publication notice through banner ads on Flo's website; (5) publication notice through banner ads on the print edition of the New York Times; (6) publication notice through banner ads on social media services Facebook, YouTube; Instagram, and Pinterest; and (7) publication notice through leading online publications People.com, womenshealthmag.com, parents.com, webmd.com, drugs.com, and healthline.com.

15. Flo contends that the banner ads on websites and social media apps as specified in Paragraphs 4 and 6 above (which are supplementing in-app notifications and email notifications), should be "geofenced" to the United States so that the dollars (and opportunity cost) spent on banner ads are focused on people in the United States and not wasted on people definitionally outside the Class and Subclass. Plaintiffs' position is that because some users of the Flo App who would be class members may be located outside of the United States and the websites themselves are primarily US-based (e.g., *The New York Times*), no such geofencing is necessary. The administrator, AB Data, has stated it can "easily" configure the publication notice to be geofenced.

**Conclusion**

16. In light of the Court's order, A.B. Data plans to move forward on June 17 with publishing the Settlement Website, securing placement for the publication notice and banner/social media ads, and sending emails to the Flo App users with the email addresses produced by Flo.

Dated: June 16, 2025

*/s/ Christian Levis*
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005

Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com
dizzo@labaton.com
gmedina@labaton.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: 805-543-0990
Fax: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

/s/ *Christopher Chorba*
**GIBSON, DUNN & CRUTCHER LLP**
Christopher Chorba (SBN 216692)
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7503
Facsimile: 213.229.6503

Elizabeth K. McCloskey (SBN 268184)
EMcCloskey@gibsondunn.com
Abigail A. Barrera (SBN 301746)
ABarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715

Telephone: 415.393.8200
Facsimile: 415.393.8306

**LATHAM & WATKINS LLP**
Melanie M. Blunschi (SBN 234264)
melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.395.5942
Facsimile: 415.395.8095

**LATHAM & WATKINS LLP**
Michele D. Johnson (SBN 198298)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235
Facsimile: 714.755.8290

*Counsel for Defendant Meta Platforms, Inc. (formerly known as Defendant Facebook, Inc.)*

*/s/Brenda R. Sharton*
Brenda R. Sharton (*pro hac vice*)
**DECHERT LLP**
One International Place
100 Oliver Street
Boston, MA 02110
Tel: (617) 728-7100
Fax: (617) 426-6567
brenda.sharton@dechert.com

**DECHERT LLP**
Benjamin Sadun (SBN 287533)
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA
Tel: (213) 808-5700
Fax: (213) 808-5760
benjamin.sadun@dechert.com

*Counsel for Defendant Flo Health, Inc.*

*/s/ Yuhan Alice Chi*
**WILLKIE FARR & GALLAGHER LLP**
Yuhan Alice Chi (SBN 324072)
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: (415) 858-7400

*Counsel for Defendant Google LLC*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the other signatories have concurred in the filing of this document.

*/S/ Christian Levis*
Christian Levis