James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, LLC,<br><br>Defendants. | Case No. 3:21-cv-00757-JD<br><br>**PLAINTIFFS' OMNIBUS MOTION *IN LIMINE* NO. 8 AND DEFENDANTS' RESPONSE THERETO**<br><br>Date: June 26, 2025<br>Time: 1:30 P.M.<br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor, SF |

In accordance with Paragraph 5 of this Court's Standing Order for Civil Jury Trials Before Judge James Donato, Plaintiffs hereby submit their following motion *in limine* and Defendants' responses thereto:

| Plaintiffs' Motion *in Limine* No. 8 | To preclude Defendants from offering evidence or making arguments harassing named Plaintiffs |
|---|---|

Dated: June 20, 2025

*/s/ Carol C. Villegas*
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
dizzo@labaton.com
gmedina@labaton.com

## E-FILING ATTESTATION

I, Carol C. Villegas, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified herein has concurred in this filing.

Dated: June 20, 2025

*/s/Carol C. Villegas*
Carol C. Villegas

**TABLE OF CONTENTS**

PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS ................................................................................................................... 1

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 8 RE: EVIDENCE AND ARGUMENTS RELATING TO NAMED PLAINTIFFS ......................... 8

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>Defendants. | Civil Case No. 3:21-cv-00757-JD<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS**<br><br>Date: June 26, 2025<br>Time: 1:30 P.M.<br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor, SF |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that after the conclusion of all briefing and on June 26, 2025 at 1:30 P.M., in Courtroom 11 in the United States District Court for the Northern District of California, on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs will move the Court to preclude Defendants Flo Health, Inc. ("Flo"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") (collectively, "Defendants") offering evidence or making arguments relating to harassing, irrelevant facts from plaintiffs' lives.

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, and all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court at the time of or before the hearing.

PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS
CASE NO. 3:21-cv-00757-JD

2

Pursuant to Federal Rules of Evidence 401, 402, 403, and 611 Plaintiffs seek to preclude Defendants from offering evidence, argument, or testimony that may embarrass, harass, annoy or, intimidate the named Plaintiffs at trial.

A.   INTRODUCTION

On numerous occasions, Defendants have confronted named Plaintiffs with highly personal, irrelevant, and inherently intimidating documents or information that have little probative value *vis a vis* the claims or defenses in this action. *See*, *e.g.* ECF No. 477-55 (Deposition of Jennifer Chen ("Chen Tr.") at 19:23, 20:1-11, 56:20-21, 57:15-25, 58:1-6, 58:10, 58:20-23, 83:23-84:8, 91:25-92:10, 98:5-8; 103:15-17, 110:8-18, 310:14-311:9 (asking Plaintiff Chen to recount irrelevant details of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ECF No. 477-52 (Deposition of Autumn Meigs Part I ("Meigs Tr.") at 38:19–41:15, 170:1–173:8, 173:11–175:20, 176:6–177:7, 259:11–264:8, 264:22–269:13 (interrogating Plaintiff Meigs about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ECF No. 477-59 (Deposition of Tesha Gamino ("Gamino Tr.") at 144:8-24; 343:11-347:13 (asking Plaintiff Gamino ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇)).

The Court has already made clear that it "expects all parties to handle personally sensitive discovery in a respectful and humane manner." With this instruction, Plaintiffs did not expect any need for a motion in *limine* on this basic subject—a subject that should warrant even greater respect and humanity at a public trial relating to Plaintiffs' menstrual, sexual, and pregnancy information. However, unfortunately, the need for such a motion in limine has arisen. Meta's June 4, 2025 preliminary exhibit list includes Plaintiff Gamino's ▇▇▇▇ (Gamino Tr. Exs. 33, 34 (Meta Exs. M78, M297)), documents relating to Plaintiff Gamino's PPP loans from after the Class period (Meta Exs. M300, M307), and post-Class period tabloid articles about Plaintiff Gamino's sexual relationships. (Meta Exs. M416-418).

For these reasons, Plaintiffs seek an order precluding Defendants from introducing

PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS
No. 3:21-cv-00757
1

3

embarrassing, harassing, or intimidating evidence regarding the named Plaintiffs' personal lives.

    **B.    ARGUMENT**

    *1.    The Disputed Evidence In Defendants' Exhibit Lists is Inadmissible Under the Federal Rules Because it Has Little to No Probative Value and Thus Little to No Relevance*

Under the Federal Rules of Evidence, admissible evidence must be relevant to the claims or defenses of the case. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401.

The documents and topics previewed in Defendants' draft exhibit list are not relevant to the claims in this case. First, several of them post-date the Class Period, which ends in 2019, and are wholly irrelevant to the claims in this action—*i.e.*, PPP loan documents from 2020 and 2021, and tabloid articles[1] from 2025. Second, those documents, as well as ███████████████████████ ███████████████, are irrelevant to the claims at issue in this case, which concern the privacy of Plaintiffs' health data. Whether Plaintiff Gamino ███████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████, is of no consequence to the central inquiry in this case, which is whether Flo, Meta, and Google violated privacy laws by (in Flo's case) breaching its promise to Flo App Users not to disclose private, sensitive health data to third parties, and (in Google and Meta's case) eavesdrop on communications to which they were not proper parties. This is especially true because the issue of one's reasonable expectation of privacy is an objective inquiry. *Rodriguez v. Google LLC*, 2024 WL 38302, at *4 (N.D. Cal. Jan. 3, 2024) ("[T]he question of whether a reasonable expectation of privacy exists is an objective one"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1076 (N.D. Cal. 2021) (similar).

    *2.    The Previewed Exhibits and Any Documents Covering Similar Topics Would be Impermissibly Prejudicial to, and Harassing of, Plaintiffs if Admitted*

---

[1] *See* Mya Abraham, "Sarunas Jackson Breaks Silence on Abuse Claims From Ex-Girlfriend," VIBE (3/18/2025) (Meta Exhibit M416); Xaviera Bryant, "Not Again?! Sarunas Jackson Accused Of Abuse & Toxic Behavior By His Ex-Girlfriend Brittney Bell," ICE CREAM CONVERSATIONS (3/16/2025) (Meta Exhibit M417); Sarunas Jackson Accused Of Abuse & Cheating, Baby Mama DomiNque Perry Co-Signs His Ex-Girlfriend & Claims 'Insecure' Actor Mocked Their Daughter's Autism (3/16/2025) (Meta Exhibit M418).

PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS
No. 3:21-cv-00757

2

4

Even if evidence is relevant to a case, it must still be excluded if its "probative value is substantially outweighed" by a risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The referenced documents on Meta's draft exhibit list—and any other documents like them—will "leav[e] Plaintiff Gamino shocked, embarrassed, and intimidated" (again) if introduced at trial, and may confuse the jury as to the elements of Plaintiffs' claims. Plaintiffs' Motion For a Protective Order To Close The Deposition Of Plaintiff Tesha Gamino And Quash The Deposition Notices Of Madeline Kiss And Jennifer Chen (ECF No. 223) at 8:14-15. Moreover, Federal Rule of Evidence 611 authorizes "[t]he court [to] exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . **protect witnesses from harassment or undue embarrassment.**" Fed. R. Evid. 611 (emphasis added).

Here, allowing Defendants to offer evidence that may embarrass, annoy, intimidate, or otherwise harass Ms. Gamino (or any Plaintiff)—▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬—would violate this Court's duty under the Federal Rules. Such tactics would also distract a jury from the legal issues with which they must grapple and could cause confusion as it relates to issues of consent and the timing of the Class Period. *See, e.g. Iser v. CSAA Fire & Cas. Ins. Co.*, 2024 WL 1466786, at *2 (N.D. Okla. Apr. 4, 2024) (noting that at trial, "[r]eference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper"); *Lee v. Lampert*, 607 F. Supp. 2d 1204 (D. Or. 2009) (acknowledging "disclosure of intimate details about their private lives" may be "embarrassing" to witnesses).

### C.  CONCLUSION

For the reasons stated herein, Defendants should be precluded from offering evidence or making arguments relating to subjects that are both minimally probative of the viability of the claims at issue *and* that may embarrass, annoy, intimidate, or otherwise harass Plaintiff, including Tesha Gamino, at trial, such as the documents referenced herein from Meta's draft exhibit list.

PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS
No. 3:21-cv-00757
3

5

| | | |
|---|---|---|
| 1 | Dated: June 11, 2025 | /s/ Carol C. Villegas |
| 2 | | Carol C. Villegas (*pro hac vice*) |
| | | Michael P. Canty (*pro hac vice*) |
| 3 | | Jake Bissell-Linsk (*pro hac vice*) |
| | | Danielle Izzo (*pro hac vice*) |
| 4 | | Gloria J. Medina (*pro hac vice*) |
| | | **LABATON KELLER SUCHAROW LLP** |
| 5 | | 140 Broadway |
| | | New York, NY 10005 |
| 6 | | Telephone: (212) 907-0700 |
| | | Facsimile: (212) 818-0477 |
| 7 | | cvillegas@labaton.com |
| | | mcanty@labaton.com |
| 8 | | jbissell-linsk@labaton.com |
| | | dizzo@labaton.com |
| 9 | | gmedina@labaton.com |
| 10 | | |
| | | *Co-Lead Class Counsel* |
| 11 | | |
| | | Christian Levis (*pro hac vice*) |
| 12 | | Amanda Fiorilla (*pro hac vice*) |
| | | **LOWEY DANNENBERG, P.C.** |
| 13 | | 44 South Broadway, Suite 1100 |
| | | White Plains, New York 10601 |
| 14 | | Telephone: (914) 997-0500 |
| | | Facsimile: (914) 997-0035 |
| 15 | | clevis@lowey.com |
| | | afiorilla@lowey.com |
| 16 | | |
| 17 | | *Co-Lead Class Counsel* |
| 18 | | |
| | | Diana J. Zinser (*pro hac vice*) |
| 19 | | Jeffrey L. Kodroff (*pro hac vice*) |
| | | **SPECTOR ROSEMAN & KODROFF, P.C.** |
| 20 | | 2001 Market Street, Suite 3420 |
| | | Philadelphia, PA 19103 |
| 21 | | Telephone: (215) 496-0300 |
| | | Facsimile: (215) 496-6611 |
| 22 | | dzinser@srkattorneys.com |
| | | jkodroff@srkattorneys.com |
| 23 | | |
| 24 | | *Co-Lead Class Counsel* |
| 25 | | |
| | | James M. Wagstaffe (SBN 95535) |
| 26 | | **ADAMSKI MOROSKI MADDEN** |
| | | **CUMBERLAND & GREEN LLP** |
| 27 | | P.O. Box 3835 |
| | | San Luis Obispo, CA 93403-3835 |

28  PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING
EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS
No. 3:21-cv-00757
4

6

Tel: 805-543-0990
Fax: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS HARASSING NAMED PLAINTIFFS
No. 3:21-cv-00757

| | |
|---|---|
| **DECHERT LLP**<br>Brenda R. Sharton (*pro hac vice*)<br>brenda.sharton@dechert.com<br>One International Place<br>100 Oliver Street<br>Boston, MA 02110<br>Telephone: (617) 728-7100<br><br>Benjamin Sadun (SBN 287533)<br>US Bank Tower<br>633 West 5th Street, Suite 4900<br>Los Angeles, CA<br>Tel: (213) 808-5700<br>Fax: (213) 808-5760<br>benjamin.sadun@dechert.com<br><br>*Counsel for Defendant Flo Health, Inc.*<br><br>**COOLEY LLP (motion to substitute pending)**<br>Benedict Y. Hur (SBN 224018)<br>BHur@cooley.com<br>Simona Agnolucci (SBN 246943)<br>SAgnolucci@cooley.com<br>Eduardo E. Santacana (SBN 281668)<br>ESantacana@cooley.com<br>Tiffany Lin (SBN 321472)<br>Tiffany.lin@cooley.com<br>Yuhan Alice Chi (SBN 324072)<br>achi@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: 415-693-2000<br><br>*Counsel for Defendant Google LLC*<br><br>[Additional Counsel Listed Below] | **LATHAM & WATKINS LLP**<br>Andrew B. Clubok (*pro hac vice*)<br>andrew.clubok@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br><br>Melanie M. Blunschi (SBN 234264)<br>melanie.blunschi@lw.com<br>Kristin Sheffield-Whitehead (SBN 304635)<br>kristin.whitehead@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: 415.395.5942<br><br>Michele D. Johnson (SBN 198298)<br>michele.johnson@lw.com<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>Telephone: 714.540.1235<br><br>**GIBSON, DUNN & CRUTCHER LLP**<br>Elizabeth K. McCloskey (SBN 268184)<br>EMcCloskey@gibsondunn.com<br>Abigail A. Barrera (SBN 301746)<br>ABarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br><br>*Counsel for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all other similarly situated,<br><br>            Plaintiffs,<br><br>  v.<br><br>FLO HEALTH, INC., et al.,<br><br>            Defendants. | Case No. 3:21-CV-00757-JD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8 RE: EVIDENCE AND ARGUMENTS RELATING TO NAMED PLAINTIFFS**<br><br>Date: June 26, 2025<br>Time: 1:30 P.M<br>Judge:      Hon. James Donato<br>Ctrm: 11 – 19th Floor, SF |

Plaintiffs' Motion *in Limine* No. 8 seeks to broadly exclude any evidence or questioning that may "embarrass, harass, intimidate, or annoy" them. Pls.' Mot. in Limine No. 8 ("MIL 8") at 1. But to the extent Plaintiffs have specified any specific evidence, it is relevant, admissible—and important to allow Defendants to respond to Plaintiffs' inflammatory claims.

***First***, Plaintiffs' argument that Defendants' evidence reveals "Plaintiff Gamino needed financial assistance during the COVID 19 pandemic," Mot. at 1, is a red herring. What that evidence shows is that Plaintiff Gamino ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. 536-14 at 72:8-78:25. Questioning on this topic is directly relevant to credibility and thus admissible under Federal Rules of Evidence 607 & 608. Plaintiffs cite no authority for the illogical assertion that only acts of dishonesty from the class period are relevant. MIL 8 at 1-2. Rules 607 and 608 have no such limitation. *See also Moser v. Health Ins. Innovations, Inc.*, 2018 WL 6735710, at *15 (S.D. Cal. Dec. 21, 2018).

***Second***, while Defendants prefer not to have to use any of the materials identified in MIL 8,[1] Plaintiffs themselves have put the privacy and sensitivity of such information at issue. Plaintiffs make very serious allegations against Defendants, seeking tens of billions of dollars in statutory damages—and punitive damages against Flo on top of that—on the theory that the Custom App Events at issue allegedly revealed sensitive, confidential information about users' sexual activity, health, and fertility. Those allegations are ***flat wrong***—the data that Flo sent Google and Meta was limited, coded information, ***not*** the information that users input into the app, and it was sent only with a device identifier and not a name or email. Nevertheless, as this Court has acknowledged before, if Plaintiffs are "say[ing] [Flo was] also releasing inappropriate details about people's sexual lives," then Plaintiffs are "going to be asked about it." Dkt. 247 at 27:15-19.

Indeed, the Court already ruled on this issue when it denied Plaintiffs' request for a protective

---

[1] Defendants asked Plaintiffs whether there was room for an agreement to avoid the need for Court intervention, but Plaintiffs would not agree unless Defendants agreed to a broader prohibition than even the MIL itself seeks, including a vague prohibition on all questioning related to "those topics," and an agreement not to ask any questions "meant to intimidate, embarrass or harass." While Defendants will not ask any questions intended to intimidate, embarrass or harass, blanket non-specific guarantees concerning both exhibits and questions on broad topics are unworkable. *See United States v. Wolfenbarger*, 2021 WL 3212833, at *1 (N.D. Cal. July 29, 2021) (Court should not "exclude broad swaths of evidence at a high level of generality").

order to preclude questioning about some of this very material at deposition (including the intimate photo Plaintiff Gamino publicly posted online), precisely because this evidence is highly relevant and probative. *See* Dkt. 223; *compare id.*, *and* Dkt. 247, *with* MIL 8 at 1. The Court appropriately reasoned that Plaintiffs "put all these things in dispute," Dkt. 247 at 31:14-16, so evidence and argument about how else Plaintiffs shared the kinds of information at issue is necessary to allow Defendants a fair opportunity to defend against Plaintiffs' claims, even if it might lead to "an uncomfortable moment." *Id.* The Court's reasoning is as applicable now as it was during discovery. Plaintiffs continue to put in dispute "menstrual, sexual, and pregnancy" information. MIL 8 at 1; *see* Pls.' Opp. to Defs.' Mot. in Limine No. 3 at 2 (arguing Plaintiffs should be able to offer evidence about sexual information entered into Flo App). So Plaintiffs' own treatment of that information, including the photo that Plaintiff Gamino posted publicly and tabloid articles regarding her public posts about pregnancy to which they object here, remains relevant. To allow Plaintiffs to accuse Defendants of harming them by sharing purported private sexual or fertility information while excluding evidence showing they themselves publicly disclosed similar or even more intimate information would be exactly the kind of "sword[] and shield[]" gamesmanship this Court has prohibited. *See* Dkt. 247 at 27:8-11.

***Third,*** this evidence is directly relevant to the claims and defenses. To establish claims premised on privacy violations, Plaintiffs must show that they had a reasonable expectation that data was confidential and would not be shared, eavesdropped upon, or recorded. *See Hernandez v. Hillsides, Inc.*, 47 Cal.4th 272, 288 (2009) (invasion of privacy and intrusion upon seclusion); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768, 776-77 (2002) (CIPA § 632). Even if the reasonableness of privacy expectations is an objective inquiry, MIL 8 at 2, Plaintiffs' conduct still matters. The "plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy." *Hill v. NCAA*, 7 Cal.4th 1, 26 (1994). When a plaintiff's actions show that she does not consider information to be "private," she cannot claim an objectively reasonable expectation. *See, e.g., id.* (citing cases); *Schmidt v. City of Pasadena*, 2024 WL 1640913, at *25 (C.D. Cal. Mar. 21, 2024) (plaintiff "no longer held a legally protected privacy interest" in voluntarily disclosed information); *Buzayan v. City of Davis*, 927 F. Supp. 2d 893, 904 (E.D. Cal. 2013) (similar); *see also* CACI No. 1800 (jury considers "[t]he extent to which other persons had access" when "deciding

whether [a plaintiff] had a reasonable expectation of privacy"). Accordingly, Defendants are entitled to show that Plaintiffs "manifested by [their] conduct a voluntary consent" to sharing certain information. *Hill*, 7 Cal. 4th at 26; *see* Dkt. 605 at 24-25.

Moreover, Plaintiffs' public posts about "sexual[] and pregnancy information," MIL 8 at 1, are relevant to "community norms" and "customs [and] practices . . . surrounding particular activities," which affect both privacy expectations and whether any intrusion is highly offensive—both elements of Plaintiffs' privacy claims. Dkt. 605 at 24 (quoting *Sheehan v. S.F. 49ers, Ltd.*, 45 Cal. 4th 992, 1000 (2009)); *see Hernandez*, 47 Cal.4th at 295 (whether intrusion was "'sufficiently serious' and unwarranted as to constitute an 'egregious breach of the social norms'" requires consideration of "all of the surrounding circumstances"). Other sharing of sexual or pregnancy information is a relevant circumstance indicating that the alleged transmission is not an "egregious breach of social norms."

This information is also relevant to Plaintiffs' request for statutory and punitive damages. *See* Dkt. 656 at 4. "[T]he reprehensibility of a defendant's actions" and "the relationship between the amount of compensatory and punitive damages" determine whether a punitive damages award is excessive. *Doe v. Lee*, 79 Cal. App. 5th 612, 618-19 (2022). And "the extent of any intrusion into the plaintiff's privacy" is a consideration in awarding statutory damages. *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 268-69 (N.D. Cal. 2016). Plaintiffs' public disclosures relating to the very information they are suing over plainly impact these inquiries. And any inconsistency in Plaintiffs' prior treatment of their information and their claims here likewise bears directly on credibility.[2]

Permitting this evidence and argument will not confuse the jury or prejudice Plaintiffs. MIL 8 at 3. Instead, it will help the jury appropriate evaluate the context and circumstances it must consider in order to fairly judge Plaintiffs' claims.[3]

---

[2] Plaintiffs' subsequent conduct is probative of social norms as well as their expectations of privacy during the class period. *See Thomas v. Baca*, 514 F. Supp. 2d 1201, 1210 (C.D. Cal. 2007) (post-class period evidence was relevant to "likelihood" of events during class period).

[3] Plaintiffs' own cases hold that relevant evidence should be admitted even if it is potentially sensitive or embarrassing. In *Lee v. Lampert*, the court concluded that evidence regarding prior sexual history had to be introduced where it was relevant to the defense, and was not "intended to embarrass." 607 F. Supp. 2d 1204, 1218 (D. Or. 2009), *rev'd*, 653 F.3d 929 (9th Cir. 2011). And in *Iser v. CSAA Fire & Cas. Ins. Co.*, 2024 WL 1466786, at *2 (N.D. Okla. Apr. 4, 2024), the court *allowed* testimony regarding a party's personal finances because "it relates to their claim for bad faith damages."

DATED: June 20, 2025

/s/ Brenda R. Sharton
**DECHERT LLP**
Brenda R. Sharton (*pro hac vice*)
One International Place
100 Oliver Street
Boston, MA 02110
Tel: (617) 728-7100
Fax: (617) 426-6567
brenda.sharton@dechert.com

Benjamin Sadun (SBN 287533)
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA
Tel: (213) 808-5700
Fax: (213) 808-5760
benjamin.sadun@dechert.com

*Counsel for Defendant Flo Health, Inc.*


/s/ Benedict Y. Hur
**COOLEY LLP**
Benedict Y. Hur (SBN 224018) (motion to substitute pending)
*BHur@cooley.com*
Simona Agnolucci (SBN 246943) (motion to substitute pending)
*SAgnolucci@cooley.com*
Eduardo E. Santacana (SBN 281668) (motion to substitute pending)
*ESantacana@cooley.com*
Tiffany Lin (SBN 321472) (motion to substitute pending)
*Tiffany.lin@cooley.com*
Yuhan Alice Chi (SBN 324072) (motion to substitute pending)
*achi@cooley.com*
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: 415-693-2000

**LATHAM & WATKINS LLP**

/s/ Melanie M. Blunschi
Melanie M. Blunschi (SBN 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (SBN 304635)
*kristin.whitehead@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.395.5942

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*

4

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8 - Case No. 3:21-CV-00757-JD

555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235

**GIBSON, DUNN & CRUTCHER LLP**
Elizabeth K. McCloskey (SBN 268184)
EMcCloskey@gibsondunn.com
Abigail A. Barrera (SBN 301746)
ABarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200

Christopher Chorba (SBN 216692)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7503
CChorba@gibsondunn.com

*Counsel for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

5
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8 - Case No. 3:21-CV-00757-JD
13