UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., et al.,<br><br>Defendants. | Case No. 21-cv-00757-JD<br><br>**PRETRIAL ORDER** |

A jury trial is set for July 21, 2025, and will be conducted under these procedures and rulings.

**I.   SCHEDULE AND TIME LIMITS**

1. The trial days are Monday through Thursday. Fridays are generally reserved for the Court's other matters, but will be used if the case is ready for closings, the jury is deliberating, or the Court so orders.

2. There will be no trial held on July 28 – July 29, 2025.

3. Trial will be held from 9:00 a.m. to approximately 2:30 p.m. each trial day, with two twenty-minute breaks and no lunch recess. Counsel must be in the courtroom and prepared to proceed no later than 8:30 a.m. on each trial day.

4. Each side will have 15 hours total for all witness examinations, including cross-examinations. Each party will have an additional 30 minutes for opening statements and 45 minutes for closing arguments. Co-parties are directed to avoid duplicative or overlapping statements to the jury. The Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.

**II.   VOIRE DIRE & JURY SELECTION**

1. The Court will seat 8 jurors.

2. The Court uses the "strike and replace" method for jury selection, as discussed during the pretrial conference. The Court will conduct the voir dire based on its practice and questions proposed by the parties.

3. The Court will post the proposed voir dire questions by Friday, July 18, 2025. Any concerns will be taken up on Monday, July 21, 2025, before the jury pool is called in.

4. Each side will have challenges for cause and three peremptory challenges. *See* 28 U.S.C. § 1870. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

5. The parties must be prepared to give their opening statements and begin presenting witnesses on Monday, July 21, 2025.

## III. TRIAL PROCEDURES

1. **Jury notebooks**. Jurors will be permitted to take notes. The parties will jointly prepare jury notebooks and bring 9 copies to court on July 21, 2025. The notebooks should be in the form of 1.5" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number) and include the following materials:
   a. 50 pages of blank lined paper.
   b. A tab for witness photos. The jury will be provided a color photo (a headshot) of each witness just before that witness takes the stand. The party calling the witness is responsible for providing the Courtroom Deputy with 11 three-hole punched copies of each photo. The Courtroom Deputy will distribute the photos. The witness must appear exactly the same in the photo as they appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear, etc.). The photo will include the witness's name in size-16 font, and nothing else.
   c. Tabs for Preliminary and Final Jury Instructions.

2. **Jury questions**. The jury will be permitted to ask questions of witnesses. The Court will provide a written form for the questions, which the Court will screen before asking.

3. **Sidebars**. There will be no sidebars during trial. The parties should not ask for one.

4. **Motions**.  No motions may be filed during trial without prior approval by the Court.
5. **Objections**.  Counsel must stand to state any objections and should do so by simply stating the basis of the objection.  No argument or elaboration may be made unless called for by the Court.
6. **Witness call**.  Each party must have its witnesses for the trial day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the introduction of evidence will constitute resting.
7. **Presentation of witnesses**.  Witnesses will be put on the witness stand only once.  For example, if plaintiffs call a witness whom defendants also intend to call, defendants' direct examination of the witness will follow plaintiffs' examination of the witness.  Neither party may put the witness on again for the presentation of their case to the jury.
8. **Presentation of expert witnesses**.  In addition to the above rules, experts who will be opining on the same topic will be put on the witness stand consecutively on the same day, regardless of whose expert the witness is.  For example, if plaintiffs call their expert witness who will opine on the technology at issue on a Tuesday, defendants should expect to call their rebuttal expert witness(es) immediately thereafter, not on a later date that week. The parties should meet and confer regarding a proposal for consolidating the presentation of expert witnesses to the jury.
9. **Witness disclosure**.  A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 3:00 p.m. two calendar days before calling the witness to the stand.  Any party that has an objection must alert the Court as soon as possible, but no later than the end of the day before any witness is to be called.  The Court will take up any objections outside the presence of the jury.
10. **Exhibits and witness binders**.  Exhibits should be prepared on a witness-by-witness basis.  The parties are directed to prepare witness binders that include those exhibits that will be offered during that witness's testimony and which the parties will move for admission into evidence.  Three copies of each witness binder should be handed to Ms.

3

1  Clark at the start of each witness's testimony.  No other copies of trial exhibits need be
2  prepared or submitted to the Court.
3  11. **Exchange of opening demonstratives**.  The parties will meet and confer and must
4  exchange demonstratives to be used in each side's opening statements no later than
5  3:00 p.m. on July 20, 2025.

## IV. JURY INSTRUCTIONS & VERDICT FORMS

1. The parties are directed to file by 12:00 p.m. California time on July 7, 2025, a joint set of proposed preliminary and final jury instructions, which are separate documents.  The Court will not give instructions that deviate from the California or Ninth Circuit model instructions, and will consider custom instructions only if a form instruction is not available.  The parties will follow to the letter the content and form of the ensuing exemplars, adapted only to the facts of this case:

    a. *In re Google Play Store Antitrust Litig.*, Case No. 21-md-02981, Dkt. No. 733 (preliminary instructions); Dkt. No. 850 (final instructions).

2. The parties will file by the same deadline a joint revised verdict form.  The parties must follow the format of the ensuing verdict form:

    a. *In re Google Play Store Antitrust Litig.*, Case No. 21-md-02981, Dkt. No. 861.

## V. MOTIONS IN LIMINE

The motions in limine were resolved as stated during the conference.  The ensuing list summarizes the dispositions.  In connection with the motions, plaintiffs stated that they are not seeking exemplary or punitive damages in this case.

1. **Plaintiffs' MIL No. 1**: **Resolution deferred to trial**.
2. **Plaintiffs' MIL No. 2**: **Terminated as moot**.  The dispute will be addressed in connection with jury instructions.
3. **Plaintiffs' MIL No. 3**: **Denied**.  Meta's proposed witness Steve Satterfield may testify at trial but must be made available to be deposed by plaintiffs.  If plaintiffs are unable to take Satterfield's deposition due to Meta's action or inaction, he will not be permitted to testify.

4

4. **Plaintiffs' MIL No. 4**: **Granted in principle**. Any evidence withheld or not produced during discovery may not be introduced at trial.

5. **Plaintiffs' MIL No. 5**: **Denied**. Flo may introduce lay witness testimony about its efforts to adhere to industry best practices, subject to adequate foundation testimony.

6. **Plaintiffs' MIL No. 6**: **Denied in principle**. Flo may introduce evidence of "good acts" that is relevant to the case. *See* Fed. R. Evid. 401. If Flo does so, plaintiffs may introduce relevant evidence of contrary or bad acts. The parties are advised that the Court will likely allow little leeway on either side out of concern for avoiding prejudice, jury confusion, and a waste of time. *See* Fed. R. Evid. 403.

7. **Plaintiffs' MIL No. 7**: **Resolution deferred to trial**.

8. **Plaintiffs' MIL No. 8**: **Resolution deferred to trial**.

9. **Plaintiffs' Motion to Exclude Fred Leach and Goksu Nebol-Perlman** (Dkt. No. 595): **Granted**. Fact discovery deadlines were set by the Court in the scheduling order pursuant to Federal Rule of Civil Procedure 16. Fact witnesses not timely disclosed are excluded from trial.

10. **Defendants' MIL No. 1**: **Granted in principle**. No party may present the *Wall Street Journal* article, or related reporting, for the truth of the matters asserted therein. Fed. R. Evid. 802. Such evidence may be proffered for the limited purpose of proving notice re the limitations period.

11. **Defendants' MIL No. 2**: **Denied**. The statements may be used for cross-examination or impeachment as circumstances warrant.

12. **Defendants' MIL No. 3**: **Denied in principle**. Plaintiffs may introduce, within reason, evidence of information other than the twelve onboarding custom app events so long as it is relevant. *See* Fed. R. Evid. 401, 403.

13. **Defendants' MIL No. 4**: **Granted**. Plaintiffs may not introduce evidence of, or refer to, government investigations, government settlements, or other lawsuits relating to the Flo App or Flo. *See* Fed. R. Evid. 401, 403.

14. **Defendants' MIL No. 5**: **Denied**.  Plaintiffs may introduce evidence of the business transactions subject to an adequate foundation.

15. **Defendants' MIL No. 6**: **Denied in principle**.  Named plaintiffs may refer to the Supreme Court of the United States' decisions in *Dobbs v. Jackson Women's Health Organization* and *Roe v. Wade* in their testimony insofar as it is relevant to their answers to defendants' questions.

16. **Defendants' MIL No. 7**: **Resolution deferred to trial**.

**IT IS SO ORDERED.**

Dated: June 27, 2025

JAMES DONATO
United States District Judge