**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
James M. Wagstaffe (SBN 95535)
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
wagstaffe@ammcglaw.com
*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
cvillegas@labaton.com
mcanty@labaton.com

**LOWEY DANNENBERG, P.C.**
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500
clevis@lowey.com
afiorilla@lowey.com

**SPECTOR ROSEMAN & KODROFF, P.C.**
Diana J. Zinser (*pro hac vice*)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
*Co-Lead Class Counsel*

**DECHERT LLP**
Brenda R. Sharton (*pro hac vice*)
Benjamin Sadun (*pro hac vice*)
One International Place
100 Oliver Street
Boston, MA 02110
Tel: (617) 728-7100
brenda.sharton@dechert.com
*Counsel for Defendant Flo Health, Inc.*

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Melanie M. Blunschi (SBN 234264)
*melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-5942

Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

**GIBSON, DUNN & CRUTCHER LLP**
Elizabeth K. McCloskey (SBN 268184)
*EMcCloskey@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
*Counsel for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., ET AL.,<br>Defendants. | Case No.: 3:21-cv-00757-JD<br><br>**JOINT SUBMISSION OF PROPOSED VERDICT FORMS**<br><br>Trial Date: July 21, 2025<br>Judge: Hon. James Donato<br>Courtroom: 11 – 19th Floor, SF |

1    Pursuant to the Court's Standing Order for Civil Jury Trials Before Judge James Donato

2    and the Pretrial Order (ECF No. 692), the Parties hereby submit the following set of proposed

3    Verdict Forms, one proposed by Plaintiffs and one jointly proposed by Defendants, as well as the

4    parties' respective position statements as to why their proposed questions should be adopted.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **PLAINTIFFS' PROPOSED VERDICT FORM**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your verdict must be unanimous.

We, the jury, return these answers as our verdict in this case:

**A.     VIOLATION OF CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT ("CMIA"), Cal. Civ. Code §§ 56 *et seq*. – AGAINST FLO HEALTH**

Did Plaintiffs prove by a preponderance of the evidence in accordance with the instructions given to you that Flo Health is liable to Plaintiffs for violation of the California Confidentiality of Medical Information Act ("CMIA"), §§ 56 *et seq.*?

Yes _____ No _____

**Continue to Question B**

**B. VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), Cal. Penal CODE §§ 632 *et seq*. – AGAINST META**

Did Plaintiffs prove by a preponderance of the evidence in accordance with the instructions given to you that Meta is liable to Plaintiffs for violation of the California Invasion of Privacy Act ("CIPA"), §§ 632 *et seq.*?

Yes _____ No _____

**Continue to Question C**

**C. INVASION OF PRIVACY AND VIOLATION OF THE CALIFORNIA CONSTITUTION ART. 1 § 1 – AGAINST FLO HEALTH**

Did Plaintiffs prove by a preponderance of the evidence in accordance with the instructions given to you that Flo Health is liable to Plaintiffs for invasion of privacy under the California Constitution, Art. 1 § 1?

Yes _____ No _____

**Continue to Question D**

**D.  BREACH OF CONTRACT – AGAINST FLO HEALTH**

Did Plaintiffs prove by a preponderance of the evidence in accordance with the instructions given to you that Flo Health is liable to Plaintiffs for breach of contract?

Yes _____ No _____

**Continue to Question E**

### E.  COMMON LAW INVASION OF PRIVACY – INTRUSION UPON SECLUSION – AGAINST FLO HEALTH

Did Plaintiffs prove by a preponderance of the evidence in accordance with the instructions given to you that Flo Health is liable to Plaintiffs for intrusion upon seclusion?

Yes _____ No _____

**Continue to Question F**

### F.   NOMINAL DAMAGES FOR CLAIMS UNDER QUESTIONS C-E

If you answered Yes to Question C, Question D, or Question E, do you find that Flo Health is liable for nominal damages for these claims, and if so, in what amount per Class member?

Yes _____ No _____

Amount _____   (Not to Exceed $1)

_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

_____

DATED:                                              Signed:

_____            _____

                                                         Presiding Juror

**DEFENDANTS' PROPOSED VERDICT FORM**

1   When answering the following questions and filling out this Verdict Form, please follow

2   the directions provided throughout the form.  Your verdict must be unanimous.

3

4   We, the jury, return these answers as our verdict in this case:

5

6   **<u>Statute of Limitations – For Plaintiffs' Claims Against Flo</u>**

7   **<u>Question No. 1:</u>**

8   Did Flo prove, by a preponderance of the evidence and in accordance with the instructions given

9   to you, that Plaintiffs' ~~Did [name of plaintiff]'s~~ claimed harm occurred before January 29,

10  2020~~[insert date from applicable statute of limitations]~~?

11  _____ YES       _____ NO

12  **If you answered "Yes" to Question 1, then continue to Question 2.**

13  **If you answered "No" to Question 1, then continue to Question 3.**

14

15  **<u>Question No. 2:</u>**

16  Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

17  given to you, that ~~Would~~ a reasonable and diligent investigation would **not** have disclosed before

18  January 29, 2020~~[insert date from applicable statute of limitations]~~ that Flo's transmission of

19  custom app events to Meta ~~[specify factual basis for cause of action]~~ contributed to

20  Plaintiffs'~~[name of plaintiff]'s~~ harm?

21  _____ YES       _____ NO

22  **Continue to Question 3.**

23

24  ***Source:*** CACI No. V-410 (as modified in blue)

25

26

27

28

1

## <u>Consent – For Plaintiffs' Claims Against Flo</u>

2

**<u>Question No. 3:</u>**

3

4

Did Flo prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Plaintiffs consented, by words or conduct, to Flo's communication of the custom app

5

events to others?

6

_____ YES          _____ NO

7

8

9

     **If you answered "yes" to Question 1 and "no" to Question 2, do not answer any additional questions regarding Flo. Proceed to Question 13.**

10

11

     **If you answered "yes" to Question 3, do not answer any additional questions regarding Flo. Proceed to Question 13.**

12

     **Otherwise, continue to Question 4.**

13

14

     *Source:* CACI 1721.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBMISSION OF PROPOSED VERDICT FORMS
Case No. 3:21-cv-00757-JD

### California Confidentiality of Medical Information Act ("CMIA") – Against Flo

**Question No. 4:**

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Flo is a provider of health care, a health care service plan, a pharmaceutical company, a contractor regarding a patient's medical history, or deemed to be a provider of healthcare under the CMIA?

_____ YES          _____ NO

**If you answered "Yes" to Question 4, then continue to Question 5.**

**If you answered "No" to Question 4, then continue to Question 13.**

**Question No. 5:**

If you answered "yes" to Question 5, did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that they are patients of Flo?

_____ YES          _____ NO

**If you answered "Yes" to Question 5, then continue to Question 6.**

**If you answered "No" to Question 5, then continue to Question 13.**

**Question No. 6:**

If you answered "yes" to Question 5, did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that the custom app events transmitted by the Meta SDK from the Flo App constitute "medical information"?

_____ YES          _____ NO

**If you answered "Yes" to Question 6, then continue to Question 7.**

**If you answered "No" to Question 6, then continue to Question 13.**

**Question No. 7:**

If you answered "yes" to Question 8, which custom app events did Plaintiffs prove constituted medical information?

8

1          _____ "R_CHOOSE_GOAL" with a parameter of "get_pregnant"

2          _____ "R_CHOOSE_GOAL" with a parameter of "track_cycle"

3          _____ "R_CHOOSE_GOAL" with a parameter of "choose_goalpregnant"

4          _____ "R_SELECT_LAST_PERIOD_DATE";

5          _____ "R_SELECT_CYCLE_LENGTH";

6          _____ "R_SELECT_PERIOD_LENGTH";

7          _____ "R_AGE_CHOSEN_PERIODS";

8          _____ "R_AGE_CHOSEN_PREGNANCY";

9          _____ "R_AGE_CHOSEN_PREGNANCY_METHOD";

10         _____ "R_PREGNANCY_METHOD";

11         _____ "R_PREGNANCY_METHOD_DATE";

12         _____ "R_PREGNANCY_WEEK_CHOSEN";

13         _____ "R_PREGNANCY_WEEK_CHOSEN_UNKNOWN";

14         _____ "SESSION_CYCLE_DAY"

15

16       **Continue to Question 8**

17

18  <u>**Question No. 8:**</u>

19 If you answered "yes" to Question 8, did Plaintiffs prove, by a preponderance of the evidence

20 and in accordance with the instructions given to you, that the medical information disclosed was

21 individually identifiable?

22         _____ YES       _____ NO

23     **If you answered "Yes" to Question 8, then continue to Question 9.**

24     **If you answered "No" to Question 8, then continue to Question 13.**

25

26  <u>**Question No. 9:**</u>

27 If you answered "yes" to Question 9, did Plaintiffs prove, by a preponderance of the evidence

28 and in accordance with the instructions given to you, that they did not authorize Flo's disclosure

of the alleged medical information?

_____ YES    _____ NO

**If you answered "Yes" to Question 9, then continue to Question 10.**

**If you answered "No" to Question 9, then continue to Question 13.**

**Question No. 10:**

If you answered "yes" to Question 10, did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Meta does not provide data processing or other administrative services to Flo?

_____ YES    _____ NO

**If you answered "Yes" to Question 10, then continue to Question 11.**

**If you answered "No" to Question 10, then continue to Question 13,**

**Question No. 11:**

If you answered "yes" to Question 11, did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that the disclosure was not made for purposes of encoding, decrypting, or anonymizing the data?

_____ YES    _____ NO

**If you answered "Yes" to Question 11, then continue to Question 12.**

**If you answered "No" to Question 11, then continue to Question 13.**

**Question No. 12:**

If you answered "yes" to Question 12, did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that an unauthorize person viewed the alleged medical information?

_____ YES    _____ NO

**Continue to Question 13.**

***Source***: California Civil Code § 56.05(k), (j), (m) (2014-21); *id.* § 56.06(b) (2015); *id.* §§ 56.10(a), (b)(3), (b)(16) (2017)

**California Invasion of Privacy Act ("CIPA") § 632 – Against Meta**

**Question No. 13:**

Did ~~[name of defendant]~~ Meta intentionally ~~[~~eavesdrop on ~~/~~or record~~]~~ ~~[name of plaintiff]~~'s Plaintiffs Chen, Gamino, and Wellman's conversations by using an electronic device?

_____ YES    _____ NO

  **If you answered "Yes" to Question 13, then continue to Question 14.**

  **If you answered "No," stop here, do not answer any further questions in this section or the following section, and proceed to Question 18.**


**Question No. 14:**

Did ~~[name of plaintiff]~~ Plaintiffs Chen, Gamino, and Wellman have a reasonable expectation that the conversations ~~was~~ were not being overheard or recorded?

  Jennifer Chen:     _____ YES    _____ NO

  Tesha Gamino:     _____ YES    _____ NO

  Sarah Wellman:     _____ YES    _____ NO

  **If you answered "Yes" to Question 14 for any Plaintiff(s), then continue to Question 15 for that Plaintiff(s).**

  **If you answered "No" to Question 14 for any Plaintiff(s), do not answer Question 15 for that Plaintiff(s).**

  **If you answered "No" for all Plaintiffs, do not answer any further questions in this section or the following section, and proceed to Question 18.**


**Question No. 15:**

Did ~~[name of defendant]~~ Meta have the consent of all parties to the conversations to ~~[~~eavesdrop on ~~/~~or record~~ it~~ them?

  Jennifer Chen:     _____ YES    _____ NO

  Tesha Gamino:     _____ YES    _____ NO

  Sarah Wellman:     _____ YES    _____ NO

**If you answered "No" to Question 15 for any Plaintiff, then continue to Question 16 for that Plaintiff.**

**If you answered "Yes" to Question 15 for any Plaintiff, do not answer Questions 16 or 17 for that Plaintiff.**

**If you answered "Yes" for all Plaintiffs, do not answer any questions in the following section, and proceed to Question 18.**

*Source*:

CACI No. VF-1807 (Privacy – Recording of Confidential Information (Pen. Code, §§ 632. 637.2)) (as modified in redline).

**Statute of Limitations – For Plaintiffs Chen, Gamino, and Wellman's Claim Against Meta**

**Question No. 16:**

Did ~~[name of plaintiff]'s~~ Plaintiffs Chen, Gamino, and Wellman's claimed harm occur before ~~[insert date from applicable statute of limitations]~~ June 7, 2020?

      Jennifer Chen               \_\_\_\_\_ YES \_\_\_\_\_ NO

      Tesha Gamino             \_\_\_\_\_ YES \_\_\_\_\_ NO

      Sarah Wellman           \_\_\_\_\_ YES \_\_\_\_\_ NO

      **If you answered "Yes" to Question 16 for any Plaintiff(s), then continue to Question 17 and answer Question 17 only for that Plaintiff(s).**

      **If you answered "No" to Question 16 for all Plaintiffs, stop here, answer no further questions in this section, and proceed to Question 18.**

**Question No. 17:**

Would a reasonable and diligent investigation have disclosed before ~~[insert date from applicable statute of limitations]~~ June 7, 2020 that ~~[specify factual basis for cause of action]~~ Flo's transmission of data to Meta contributed to ~~[name of plaintiff]'s~~ each Plaintiff's harm?

      Jennifer Chen                \_\_\_\_\_ YES \_\_\_\_\_ NO

      Tesha Gamino             \_\_\_\_\_ YES \_\_\_\_\_ NO

      Sarah Wellman           \_\_\_\_\_ YES \_\_\_\_\_ NO

      **Continue to Question 18.**

***Source***:

CACI No. VF-410 (Statute of Limitations – Delayed Discovery) (as modified in redline).

**Invasion of Privacy and Violation of the California Constitution Art. 1 § 1 – Against Flo**

*If you answered "yes" to Question 1 and "no" to Question 2, do not answer any additional questions regarding Flo. Proceed to the end of this verdict form.*

*If you answered "yes" to Question 3, do not answer any additional questions regarding Flo. Proceed to the end of this verdict form.*

*Otherwise, continue to Question 18.*

**Question No. 18:**

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that they possess a legally protected privacy interest in the twelve custom app events at issue?

_____ YES          _____ NO

**If you answered "Yes" to Question 18, then continue to Question 19.**

**If you answered "No" to Question 18, then continue to Question 22,**

**Question No. 19:**

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that they maintained a reasonable expectation of privacy in the twelve custom app events at issue?

_____ YES          _____ NO

**If you answered "Yes" to Question 19, then continue to Question 20.**

**If you answered "No" to Question 19, then continue to Question 22.**

**Question No. 20:**

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that they acted in a manner consistent with an expectation that the information allegedly conveyed to Meta was private?

_____ YES          _____ NO

1          **If you answered "Yes" to Question 20, then continue to Question 21.**

2          **If you answered "No" to Question 20, then continue to Question 22.**

3

4   **Question No. 21:**

5   Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

6   given to you, that Flo's transmission of the twelve custom app events at issue constituted an

7   egregious breach of social norms?

8          _____ YES          _____ NO

9          **Continue to Question 22.**

10

11  ***Source***: *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1075 (N.D. Cal. 2021).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **Common Law Invasion of Privacy (Intrusion Upon Seclusion) – Against Flo**

2  **Question No. 22:**

3  Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

4  given to you, that they had ~~Did [name of plaintiff] have~~ a reasonable expectation of privacy ~~in~~

5  ~~[specify place or other circumstance]~~ over the twelve custom app events transmitted by the

6  Facebook SDK?

7  _____ YES        _____ NO

8      **If you answered "Yes" to Question 22, then continue to Question 23.**

9      **If you answered "No" to Question 22, then continue to Question 27.**

10

11  **Question No. 23:**

12  Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

13  given to you, that ~~Did~~ Flo intentionally intruded into Plaintiffs' privacy?

14      _____ YES        _____ NO

15      **If you answered "Yes" to Question 23, then continue to Question 24.**

16      **If you answered "No" to Question 23, then continue to Question 27.**

17

18  **Question No. 24:**

19  Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

20  given to you, that Flo's ~~Would [name of defendant]'s~~ intrusion would be highly offensive to a

21  reasonable person?

22      _____ YES        _____ NO

23      **If you answered "Yes" to Question 24, then continue to Question 25.**

24      **If you answered "No" to Question 24, then continue to Question 27.**

25

26  **Question No. 25:**

27  Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

28  given to you, that Plaintiffs were ~~[name of plaintiff] was~~ harmed?

_____ YES        _____ NO

**If you answered "Yes" to Question 25, then continue to Question 26.**

**If you answered "No" to Question 25, then continue to Question 27.**

**Question No. 26:**

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you that ~~Was~~ Flo's ~~[name of defendant]'s~~ conduct was a substantial factor in causing harm to ~~[name of plaintiff]~~ Plaintiffs?

_____ YES        _____ NO

**Continue to Question 27.**

*Source*: CACI 1800; CACI No. VF-1800

1

**<u>Breach of Contract – Against Flo</u>**

2

**<u>Question No. 27:</u>**

3

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

4

given to you, that Plaintiffs Did *~~[name of plaintiff]~~* and Flo*~~[name of defendant]~~* entered into a

5

contract?

6

_____ YES          _____ NO

7

**If you answered "Yes" to Question 27, then continue to Question 28.**

8

**If you answered "No" to Question 27, then continue to Question 31.**

9

10

**<u>Question No. 28:</u>**

11

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

12

given to you, that they did ~~*Did [name of plaintiff] do*~~ all, or substantially all, of the significant

13

things that the contract required them~~*[him/her/nonbinary pronoun/it]*~~ to do?

14

_____ YES          _____ NO

15

**If you answered "Yes" to Question 28, then continue to Question 29.**

16

**If you answered "No" to Question 28, then continue to Question 31.**

17

18

**<u>Question No. 29:</u>**

19

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions

20

given to you, that Flo did ~~*Did [name of defendant] do*~~ something that the contract prohibited it

21

~~*[him/her/nonbinary pronoun/it]*~~ from doing?

22

_____ YES          _____ NO

23

**If you answered "Yes" to Question 29, then continue to Question 30.**

24

**If you answered "No" to Question 29, then continue to Question 31.**

25

26

27

28

**Question No. 30:**

Did Plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that they were ~~Was [name of plaintiff]~~ harmed by Flo~~[name of defendant]~~'s breach of contract?

＿＿＿＿ YES　　　　＿＿＿＿ NO

**Continue to Question 31.**

*Source:* CACI No. 303; CACI No. VF-300

## **Calculation of Damages – Against Flo**

### **Statutory Damages**

*If you did not answer Question 12, skip Question 31 and proceed to the instructions for Nominal Damages.*

*If you answered "No" to Question 12, skip Question 31 and proceed to the instructions for Nominal Damages.*

*If you answered "Yes" to Question 12, proceed to Question No. 31.*

### **Question No. 31:**

What total amount of CMIA statutory damages do you award the alleged Class?

$_____

**Continue to the instructions for Nominal Damages.**

### **Nominal Damages**

*If you did not answer any of Questions 21 __or__ 26 __or__ 30, skip Questions 32 and 33.*

*If you answered "No" to Questions 21 __and__ 26 __and__ 30, skip Questions 32 and 33.*

*If you answered "Yes" to Questions 21 __or__ 26 __or__ 30, proceed to Question 32.*

### **Question No. 32:**

Do you choose to award nominal damages against Flo?

_____ YES          _____ NO

**If you answered "Yes" to Question 32, then continue to Question 33.**

**If you answered "No" to Question 32, then go to the bottom of the form.**

### **Question No. 33:**

If you answered "yes" to Question 32, what amount of nominal damages, not to exceed one dollar ($1.00), do you award?

$_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED:                                                     Signed:

_____

                                                           _____

                                                           Presiding Juror

1

2

### **Proposed Verdict Form Questions for**
### **CIPA § 632 Claim Against Meta and Meta's Statute of Limitations Defense**

3

#### ***Plaintiffs' Position***

4

5

Plaintiffs modeled this verdict form based upon the Google Play Verdict Form, in that

6

Plaintiffs tried to match the brevity of that model.  Plaintiffs believe that more detailed questions

7

are not required because the jury instructions will properly inform the jurors how to assess the

8

questions asked of them in this form.  However, Plaintiffs intend to continue to meet and confer

9

with Defendants and believe there is a reasonable opportunity to compromise with Meta and reach

10

a mutually agreeable proposal in next several days.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Meta's Position*

Meta's proposed verdict form for CIPA § 632 (Questions Nos. 13-15) is taken directly from the Judicial Council of California's CACI model as to Section 632 liability (Instruction No. VF-1807, *Recording of Confidential Information (Pen. Code, §§ 632, 637.2)*), and reflects the elements of Section 632 succinctly and accurately. Plaintiffs' form does not follow any model instruction, and as a result, is incomplete, confusing, and would impede review.

*First*, Plaintiffs' form is incomplete, as it improperly permits the jury to find liability without deciding whether each and every element of Section 632 liability is met. For example, Meta's verdict forms asks if Meta "intentionally eavesdrop[ped]" by "using an electronic device" which are necessary elements for a Section 632 action. In other words, if the jury believes that any single factor is not met, any further inquiry as to this claim is moot. This accords with the law. *See* Cal. Penal Code § 632(a). Plaintiffs' proposal, on the other hand, fails to ask the jury about even one of the separate elements that are required to find liability under Section 632. *See, e.g.*, *Flanagan v. Flanagan*, 27 Cal.4th 766, 776–777 (2002) (defining a "confidential" conversation under CIPA 632, which is one of the elements a jury must determine before finding liability); *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 953-54 (N.D. Cal. 2024) (listing elements required to allege a Section 632 claim).

In addition, Meta's proposed verdict form for CIPA § 632 appropriately asks the jury to consider whether *each* class representative has proven their case against Meta, which is aligned with the Ninth Circuit directive to instruct the jury to "decide the case as to each [plaintiff] separately." Ninth Cir. Model Jury Instruction No. 1.8 ("Two or More Parties—Different Legal Rights"). Plaintiffs' verdict form, on the other hand, contravenes the Ninth Circuit's admonition and the CACI model instruction by reducing the elements of Section 632(a) to a single inquiry, therefore omitting mention of any class representatives' names and obscuring each plaintiff's burden to prove their case. Doing so erroneously robs the jury of the ability to find that some, but not all, plaintiffs satisfied the elements of their claims. Plaintiffs' form fails to ensure that the jury will fairly and fully evaluate "all factual issues essential to judgment." *United States v. Real Prop. Located at 20832 Big Rock Drive, Malibu, Cal. 902655*, 51 F.3d 1402, 1408 (9th Cir. 1995).

*Second*, Plaintiffs' verdict form will confuse the jury, which will have heard detailed jury instructions and evidence as to each of the elements of Section 632, but will be faced with a single, binary question that fails to list each of the required elements and ask about them with respect to each Plaintiff. Plaintiffs' vague form will leave the jury to wade through jury instructions and attempt to match those instructions to Plaintiffs' single, broad, and unguided question—or worse, risks that they will not do so and will therefore not undertake to examine each element, as the law and model instructions require. Meta's form, on the other hand, breaks down the elements in a clear and succinct manner that guides the jury through the required analysis in a way that comports with the model jury instructions and the law.

*Lastly*, lumping together all the issues and elements of Plaintiffs' Section 632 claim into a single question would obscure the jury's findings in ways that are likely to impede appellate review. It is well-established that detailed verdict forms "ease the process of appellate review" and "encourage juries to focus their deliberations on the elements of the offense." *United States v. Southerland*, 209 F. App'x 656, 658 (9th Cir. 2006) (cleaned up; citation omitted). If this case is reviewed, "the already difficult task of reviewing a case of this magnitude [will be] eased" if the court "kn[ows] precisely what the jury's findings [are] on several specific factual issues." *Pac. W. Cable Co. v. City of Sacramento*, 672 F. Supp. 1322, 1326-27 (E.D. Cal. 1987).

Meta's proposed verdict form for the statute of limitations (Questions Nos. 16-17) is similarly taken from the Judicial Council of California's CACI model as to the Statute of Limitations defense (Instruction No. VF-410, *Statute of Limitations – Delayed Discovery*). Because Meta has properly asserted this affirmative defense, it is essential that it be included in the verdict form. Plaintiffs have not proposed any statute of limitations instruction, though the parties intend to confer further in hopes of reaching an agreed-upon proposal.

The Court should therefore reject Plaintiffs' proposed verdict form. *See Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991) ("[T]he [trial] court has complete discretion over whether to have the jury return a special verdict or a general verdict."). Doing so would comport with legal precedent and the CACI model instructions in addition to helping the jury perform their duty.

1

## **Proposed Verdict Form Questions for**
## **Claims Against Flo and Flo's Affirmative Defenses**

2

### ***Plaintiffs' Position***

3

4           Plaintiffs reject Flo's proposed verdict form on the basis that some of the questions usurp

the role of jury instructions or are predicated upon irrelevant bases.  In addition, Plaintiffs note that

5

they are not pursuing aggregate damages so Flo's question to that effect is unnecessary.  Plaintiffs

6

submit that their version is more streamlined and straightforward.

7

8

### ***Flo's Position***

9

10          Plaintiff's proposed verdict form does not adequately set forth the requisite elements of the

pending claims against Flo. It is well-established that detailed verdict forms "ease the process of

11

appellate review" and "encourage juries to focus their deliberations on the elements of the

12

offense." *United States v. Southerland*, 209 F. App'x 656, 658 (9th Cir. 2006) (cleaned up; citation

13

omitted). If this case is reviewed, "the already difficult task of reviewing a case of this magnitude

14

[will be] eased" if the court "kn[ows] precisely what the jury's findings [are] on several specific

15

factual issues." *Pac. W. Cable Co. v. City of Sacramento*, 672 F. Supp. 1322, 1326-27 (E.D. Cal.

16

1987).

17          The Court should therefore reject Plaintiffs' proposed verdict form and adopt the verdict

18

form as it relates to the pending claims against Flo.  *See Floyd v. Laws*, 929 F.2d 1390, 1396 (9th

19

Cir. 1991) ("[T]he [trial] court has complete discretion over whether to have the jury return a

20

special verdict or a general verdict.").

21

22

23

24

25

26

27

28

Dated: July 7, 2025                    Respectfully submitted,


/s/ Brenda R. Sharton
**DECHERT LLP**
Benjamin Sadun (SBN 287533)
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Tel: (213) 808-5700
Fax: (213) 808-5760
benjamin.sadun@dechert.com

Brenda R. Sharton (*pro hac vice*)
**DECHERT LLP**
One International Place
100 Oliver Street
Boston, MA 02110
Tel: (617) 728-7100
Fax: (617) 426-6567
brenda.sharton@dechert.com

*Counsel for Defendant Flo Health, Inc.*


By: /s/ Melanie M. Blunschi
**LATHAM & WATKINS LLP**
Melanie M. Blunschi (SBN 234264)
melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-5942
Facsimile: (415) 395-8095

**LATHAM & WATKINS LLP**
Michele D. Johnson (SBN 198298)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

1

2          **GIBSON, DUNN & CRUTCHER LLP**
3          Elizabeth K. McCloskey (SBN 268184)
           EMcCloskey@gibsondunn.com
4          Abigail A. Barrera (SBN 301746)
           ABarrera@gibsondunn.com
5          One Embarcadero Center, Suite 2600
           San Francisco, CA 94111
6          Telephone: (415) 393-8200
           Facsimile: (415) 393-8306
7

8          *Counsel for Defendant Meta Platforms, Inc.*
           *(formerly known as Defendant Facebook, Inc.)*
9

10  Dated: July 7, 2025          */s/ Carol C. Villegas*
11          Carol C. Villegas (*pro hac vice*)
           Michael P. Canty (*pro hac vice*)
12          Danielle Izzo (*pro hac vice*)
           Gloria J. Medina (*pro hac vice*)
13          **LABATON KELLER SUCHAROW LLP**
           140 Broadway
14          New York, NY 10005
           Tel: (212) 907-0700
15          Fax: (212) 818-0477
           cvillegas@labaton.com
16          mcanty@labaton.com
           dizzo@labaton.com
17          gmedina@labaton.com
18

19          *Co-Lead Class Counsel*

20          Christian Levis (*pro hac vice*)
           Amanda Fiorilla (*pro hac vice*)
21          **LOWEY DANNENBERG, P.C.**
           44 South Broadway, Suite 1100
22          White Plains, NY 10601
           Tel: (914) 997-0500
23          Fax: (914) 997-0035
           clevis@lowey.com
24          afiorilla@lowey.com
25

26          *Co-Lead Class Counsel*

27          Diana J. Zinser (*pro hac vice*)
           Jeffrey L. Kodroff (*pro hac vice*)
28          **SPECTOR ROSEMAN & KODROFF, P.C.**

2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (95535)
**ADAMSKI MOROSKI MADDEN**
**CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403
Tel: (805) 543-0990
Fax: (805) 543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco*
*and Sarah Wellman*

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (CA Bar 175650)
ron@consumersadvocates.com
ALEXIS M. WOOD (CA Bar 270200)
alexis@consumersadvocates.com
KAS L. GALLUCCI (CA Bar 288709)
kas@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

*Counsel for Plaintiffs Jennifer Chen and Tesha*
*Gamino*

Kent Morgan Williams (*pro hac vice*)
**WILLIAMS LAW FIRM**
1632 Homestead Trail
Long Lake, MN 55356
Tel: (612) 940-4452
williamslawmn@gmail.com

Michael E. Jacobs (*pro hac vice*)
**HINKLE SHANOR LLP**
P.O. Box 2068
Santa Fe, NM 87504
Tel: (505) 982-4554

JOINT SUBMISSION OF PROPOSED VERDICT FORMS
Case No. 3:21-cv-00757-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

mjacobs@hinklelawfirm.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

JOINT SUBMISSION OF PROPOSED VERDICT FORMS
Case No. 3:21-cv-00757-JD

1

**SIGNATURE ATTESTATION**

2      I, Melanie M. Blunschi, am the ECF User whose identification and password are being

3  used to file the foregoing Joint Submission of Proposed Verdict Forms.  Pursuant to Civil L.R. 5-

4  1(i)(3) regarding signatures, I, Melanie M. Blunschi, attest that concurrence in the filing of this

5  document has been obtained.

6  DATED:  July 7, 2025                              */s/ Melanie M. Blunschi*
                                                      Melanie M. Blunschi
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28