1  James M. Wagstaffe (SBN 95535)  Christian Levis (*pro hac vice*)
   **ADAMSKI MOROSKI MADDEN**     Amanda Fiorilla (*pro hac vice*)
2  **CUMBERLAND & GREEN LLP**     **LOWEY DANNENBERG, P.C.**
   P.O. Box 3835                  44 South Broadway, Suite 1100
3  San Luis Obispo, CA 93403-3835 White Plains, NY 10601
   Telephone: 805-543-0990        Tel: (914) 997-0500
4  Facsimile: 805-543-0980        Fax: (914) 997-0035
   wagstaffe@ammcglaw.com         clevis@lowey.com
5                                 afiorilla@lowey.com
6  *Counsel for Plaintiffs Erica Frasco*
   *and Sarah Wellman*            *Co-Lead Counsel for Plaintiffs and the Class*
7

8  Carol C. Villegas (*pro hac vice*)   Diana J. Zinser (*pro hac vice*)
9  Michael P. Canty (*pro hac vice*)    **SPECTOR ROSEMAN & KODROFF,**
   Jake Bissell-Linsk (*pro hac vice*)  **P.C.**
10 **LABATON KELLER SUCHAROW LLP**      2001 Market Street, Suite 3420
   140 Broadway                         Philadelphia, PA 19103
11 New York, NY 10005                   Tel: (215) 496-0300
   Tel: (212) 907-0700                  Fax: (215) 496-6611
12 Fax: (212) 818-0477                  dzinser@srkattorneys.com
13 cvillegas@labaton.com
   mcanty@labaton.com                   *Co-Lead Counsel for Plaintiffs and the Class*
14

15 *Co-Lead Counsel for*
   *Plaintiffs and the Class*
16

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated, | Case No.: 3:21-cv-00757-JD |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR ORDERS CONCERNING FLO TRIAL WITNESSES** |
| v. | |
| FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC., | Date:  August 14, 2025<br>Time:  10:00 AM<br>Location:  Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California<br>Judge: Hon. James Donato |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE**, that pursuant to Civil Local Rule 7, Plaintiffs move this Court for an order requiring Flo Health, Inc. ("Flo") to (1) make certain witnesses on their Court-filed witness list available for trial and (2) confirm which other witnesses will be available at trial.

**STATEMENT OF ISSUES TO BE DECIDED**

(1) Whether Flo should be directed by the Court to make certain witnesses on Flo's own witness list available for trial; and

(2) Whether Flo should be required to disclose which of the witnesses on its witness list will be available for trial.

## I. INTRODUCTION

Flo is playing obstructionist games concerning witnesses. In recent meet-and-confers, Flo has made clear that each of the individuals *on its own witness list* that Plaintiffs intended to call will not be available at trial during Plaintiffs' case-in-chief. Flo apparently knows *those* witnesses are unavailable, but is unwilling to disclose which of the other witnesses it listed on its own witness list will be available. In other words, Flo is selectively only making witnesses available at its election and refusing to disclose who those witnesses will be.

Flo's objective here is clear: to prevent Plaintiffs from being able to fairly present evidence that proves their claims, while gaining an unfair advantage by ambushing Plaintiffs with witnesses in its defense. Plaintiffs file this motion to short circuit this gamesmanship and ensure that they have a fair opportunity to question witnesses and admit evidence at trial.

## II. FACTUAL BACKGROUND

On July 3, 2025, as part of a conversation about narrowing witness lists, Plaintiffs asked Flo to confirm that the witnesses listed on Plaintiffs' witness list would be available for trial. Flo would not confirm—saying instead: "*good luck*" on getting Flo witnesses to appear. On July 6, Plaintiffs asked Flo about the availability of a narrowed list of witnesses and asked Flo to confirm it was not disputing the service of trial subpoenas on these witnesses. Flo responded that *none* of the witnesses that Plaintiffs desire to call would be available and refused to confirm which of the remaining witnesses on Flo's own witness list will be available at trial.

|   |   |
|---|---|
| 1 | The one witness Flo has stated it would make available—Laure Lydon—█████ |
| 2 | ████████████████████████[1]) and therefore has limited |
| 3 | information relevant to Plaintiffs' claims.  Rather, she was selected by Flo, pursuant to the Court's |
| 4 | Order, requiring Flo to "designate a person most knowledgeable to testify at trial who's a current |
| 5 | Flo engineer" in lieu of its purported technical expert, Mr. Chris Karkanias.  Ex. B (May 15, 2025 |
| 6 | Tr.) at 22:15-17.  At her deposition, Ms. Lydon's testimony made clear that ████████ |
| 7 | ████████████████████████████████████ |
| 8 | ████████████████████████████████████ |
| 9 | ████████████████████████████████████ |
| 10 | ██████████  Simply put, Ms. Lyndon was not the person most knowledgeable on this topic. |
| 11 | Much of what little knowledge Ms. Lydon had about how the Flo App functions ████ |
| 12 | ████████████████████████████████████ |
| 13 | ████████████████████████████████████. |
| 14 | Flo's strategy of holding back witnesses is especially concerning because, with limited |
| 15 | exception, Flo has also declined to stipulate to the authenticity of documents it produced in |
| 16 | discovery.  In a meet-and-confer on July 9, 2025, Flo explicitly connected this to its strategy of |
| 17 | holding back witnesses, recognizing that Meta's willingness to reach agreement with Plaintiffs on |
| 18 | the authenticity of its documents, reflects the fact that Meta's witnesses can be made to appear at |
| 19 | trial.  In that same meeting, Flo took the position that documents ***must*** be authenticated by a |
| 20 | witness, contrary to well settled Ninth Circuit law.  *See Orr v. Bank of Am., NT & SA*, 285 F.3d |
| 21 | 764, 778 n.22 (9th Cir. 2002) (explaining no rule requires "all documents be authenticated through |
| 22 | personal knowledge"); 31 Wright & Miller, *Fed. Prac. & Proc.*, § 7105 at 39 (2d ed.) (recognizing |
| 23 | authentication can be achieved where evidence was from "production of items in . . . discovery").[2] |

---

[1] Documents cited as "Ex. ___" refer to Exhibits to the July 10, 2025 Declaration of Jake Bissell-Linsk, filed contemporaneously with this motion.

[2] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 972 (C.D. Cal. 2006) ("[T]he documents . . . were produced by defendant in discovery. This constitutes sufficient circumstantial evidence for a reasonable jury to find the documents authentic."); *Maljack Prods.,*

Notwithstanding Flo's erroneous view of what is required for authentication, its strategy is clear. Flo seeks to hold back witnesses to frustrate Plaintiffs' presentation of evidence to the jury.

### III. ARGUMENT

The Court should direct Flo to make the following witnesses available at trial: (1) Chief Technology Officer Roman Bugaev; (2) Head of User Acquisition Eugene Tiunovich; (3) Chief Product Officer Max Scrobov; and (4) CEO Dmitry Gurski.[3] This request is entirely appropriate.

**First**, both Plaintiffs **and Flo** listed these four witnesses on their own witness lists. *See* ECF No. 658 (June 13, 2025 witness list); ECF No. 684 (June 26, 2026 revised witness list). Flo's decision to put witnesses on its witness list should be interpreted as a representation that those witnesses will be available, absent a real showing that they cannot attend. Notably, Plaintiffs also asked Defendants whether they would make these witnesses available to testify by teleconference and Defendants confirmed that they would ***not*** do so; there is no real obstacle to their attendance.

**Second**, Flo should be bound by its prior conduct. At the first hearing in this case, the Court stated: "[W]e're not going to get hung up on Hague Convention and other things." ECF No. 67 at 23:5-6. In a case management filing shortly thereafter, Flo represented that it was "ascertaining whether there will be any issues with producing discovery from Belarus, including producing witnesses for depositions" and that "[if] any such issues arise," it would "bring those to Plaintiffs' attention and work to resolve those issues." ECF No. 66 at 3. Flo never raised such issues until now—days before trial. It cannot use this tactic to hold back witnesses from trial.

**Third**, Plaintiffs' request is justified by Flo's deceitful silence during the Pre-Trial Conference. *See* Ex. C (June 26, 2025 Tr.) at 30-32. The Court asked the Parties: "How many depositions do you plan to play?" *Id.* at 30:17-18. Plaintiffs responded: "Our understanding is that the witnesses from the defendants that we intend to call are all available." *Id.* at 30:49-20.

---

*Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996) (holding that the authentication requirement was satisfied where the documents at issue, many of which were printed on the plaintiff's letterhead, were produced in discovery).

[3] Plaintiffs are preparing a laser focused additional motion asking the Court to preliminarily pre-admit a small universe of authentic and relevant documents Flo produced to mitigate this risk. If that motion is granted, Plaintiffs would seek to only call Mr. Bugaev and Mr. Scrobov.

The Court asked: "Every one, live?" *Id.* at 30:22. And Plaintiffs clarified that each Google and Meta witness was confirmed to be attending in person and that Plaintiff was still "working collaboratively" with Flo on which witnesses would appear. *Id.* at 30:24-31:3. Flo's decision to stay silent through this exchange was disingenuous and deeply misleading in light of Flo's strategic decision to make none of these witnesses available.

**Fourth**, each of the witnesses at issue are senior officers of Defendant Flo and located outside of California. The Federal Rules expressly allow trial subpoenas to be issued on a "party or a party's officer." Fed. R. Civ. P. 45(c)(1)(B)(i).[4] Numerous courts have held that the Court can compel attendance by a "party's officer" who is otherwise outside the geographic reach of the Court. *In re Vioxx Prods. Liab. Litig.*, 438 F. Supp. 2d 664, 666 (E.D. La. 2006) (collecting eleven cases and compelling a party officer from New Jersey to testify at trial in New Orleans).

Moreover, the Court also has inherent authority to direct Flo to make those witnesses available, and fashion appropriate relief if they refuse to do so, because Flo chose to take advantage of California law, and its courts, with its terms of service. Indeed, Flo's Terms of Service during the Class Period *mandated* that this action be brought in California, where Flo now refuses to make its officers available to testify. Ex. D (FLO-00104564) at '568. It would be entirely inequitable to allow Flo to select a *mandatory* forum, and then strategically choose to use that forum's location as a basis to make witnesses unavailable for trial.

**Additional Request for Relief**. At the very least, the Court should direct Flo to indicate to Plaintiffs which of the remaining witnesses they listed in their witness lists will be available to testify in person. There is no valid basis for Flo to withhold this information. Doing so will be disruptive to trial and serves no purpose but to give Flo strategic advantages through surprise.

---

[4] Plaintiffs issued trial subpoenas as to each of these witnesses on June 19, 2025 and served them by email on Flo's counsel that day. Flo has taken the position that it will not accept service of these emails. Flo agreed, in the Joint Proposed Case Schedule, that it would "consent to service by electronic means with respect to discovery." ECF No. 66 at 1. Throughout this litigation, Flo's counsel has routinely accepted such electronic service. Indeed, when noticing the depositions of each of the witnesses at issue that were deposed, Flo accepted the deposition subpoenas on their behalf. Given that these witnesses are senior officers under Flo's control, it cannot reverse course on accepting service by email on their behalf on the eve of trial.

## I. CONCLUSION

For the reasons stated, the Court should grant the relief requested herein.

Dated: July 10, 2025

/s/ *Jake Bissell-Linsk*
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com

*Co-Lead Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Counsel*

[signature blocks continued on following page]
James M. Wagstaffe (SBN 95535)

**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (CA Bar 175650)
ron@consumersadvocates.com
Alexis M. Wood (CA Bar 270200)
alexis@consumersadvocates.com
Kas L. Gallucci (CA Bar 288709)
kas@consumersadvocates.com
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*