James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com

*Co-Lead Class Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-00757-JD<br><br>**PLAINTIFFS' MOTION FOR A PRELIMINARY DETERMINATION REGARDING THE AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY FLO HEALTH, INC.**<br><br>Date:  August 21, 2025<br>Time:  10:00 AM<br>Location:  Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California<br>Judge: Hon. James Donato |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rule 7, Plaintiffs move this Court for an order preliminarily authenticating and admitting certain documents that Flo Health, Inc. ("Flo") produced in this litigation (the "Motion").

**STATEMENT OF ISSUES TO BE DECIDED**

(1) Whether the 16 documents listed in Exhibit A[1] are authentic under Rule 901 of the Federal Rules of Evidence ("FRE"); and

(2) Whether the 16 documents listed in Exhibit A are admissible under FRE 402, with consideration of FRE 802, 801(c), and 801(d)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

As detailed in Plaintiffs' Motion for Orders Concerning Flo's Trial Witnesses, Flo is playing obstructionist games concerning witnesses. *See* ECF No. 704 ("Witness Motion"). Flo's gamesmanship is also impacting the Parties' ability to reach agreement on the authenticity and admissibility of trial exhibits. With limited exception, Flo has declined to stipulate to the authenticity of documents ***it produced*** in discovery. In a meet-and-confer on July 9, 2025, Flo connected this to their strategy of holding back witnesses, by claiming that Meta is likely more willing to stipulate to authenticity because—in Flo's view—unlike Flo's witnesses, Meta's witnesses can be compelled to attend trial.

While Plaintiffs and Meta have made great strides in negotiations regarding the authentication and admissibility of documents, Flo has resisted this process. On July 9, 2025, after sending a substantially narrowed list of documents for consideration, Flo finally met with Plaintiffs on this topic. Flo declined to stipulate to the admissibility of any document and contested the authenticity of all but a small number of technical documents and one screenshot file.[2]

---

[1] Documents cited as "Ex. ___" refer to Exhibits to the July 11, 2025 Declaration of Jake Bissell-Linsk ("Bissell-Linsk Decl."), filed contemporaneously with this Motion.

[2] The only other documents Flo has agreed are admissible are those listed in its Defendants' exhibit lists, which are included in Exhibit A of the Parties jointly filed list. *See* ECF No. 686-1.

2

While the Court was certainly hoping the Parties could stipulate to agreements on exhibits, in the absence of a willingness to agree by Flo, Plaintiffs believe this Motion is consistent with the Court's comments during the June 26, 2025 Pretrial Hearing:

> Let me suggest that you do a preadmitting [of] everything you possibly can. Okay? So it's a lot easier for me and for you and makes your trial time go a lot faster. Because it eats up your clock if you're going to fight about it. Sounds like you won't, which is great. But just say, "We've already agreed this can be admitted."

Ex. C (Pretrial Hearing Tr.) at 29:4-9.

While an order granting Plaintiffs' Witness Motion would address the most problematic aspects of Flo's obstructionist strategy, a preliminary ruling that certain uncontroversially authentic and facially relevant documents are admissible would greatly assist in assuring that the jury's time is well spent at trial.[3] *See* FRE 104(a) (courts determine preliminary questions regarding admissibility). This Motion seeks a preliminary determination that 16 specific documents produced by Flo in discovery are authentic and admissible at trial. For the reasons set forth below, these preliminary evidentiary determinations are entirely appropriate here.

## II.   ARGUMENT

Plaintiffs seek a preliminary determination by the Court that the 16 documents (the "Documents") listed and reproduced in Exhibit A are authentic and admissible. Exhibit A contains a chart stating the indicia of authenticity and basis of relevance for each Document and a statement of why the Document should not be excluded as hearsay.[4] While a ruling on this Motion would save significant time at trial, Plaintiffs are cognizant that it imposes some burden on the Court and have sought to keep the list for this Motion to a minimum. This list is not meant to be exhaustive of all of the documents produced by Flo that Plaintiffs may use at trial, and for example, does not include documents that are still being translated by a neutral translator agreed to by the Parties.

---

[3] If the instant Motion is granted, Plaintiffs will only seek to call two Flo witnesses: Roman Bugaev and Max Scrobov. Witness Motion at 3 n.3. However, granting the instant Motion is not a full substitute for Plaintiffs' need to question Flo witnesses at trial. *See id*. at 3-4.

[4] Exhibit B to the Bissell-Linsk Declaration is provided purely for reference, it contains copies of documents *cited* within the table of Exhibit A as relevant to establishing authenticity.

2

PLAINTIFFS' MOTION FOR A PRELIMINARY DETERMINATION REGARDING THE AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY FLO HEALTH, INC. - CASE NO. 3:21-CV-00757-JD

**Authenticity**.  Each of the documents bears the hallmarks of authenticity.  FRE 901 "requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (citations omitted).  Flo's position—and desperate strategy—appears to be that documents can only be authenticated by a witness, and that by withholding Plaintiffs access to any witness at trial, they will prevent the jury from hearing the evidence.  That is inconsistent with both the spirit and letter of the law.  The Ninth Circuit has held that there is no requirement that "all documents be authenticated through personal knowledge" and that, "for instance," documents "attached to an exhibit list in a summary judgment motion could be authenticated by review of their contents if they appear to be sufficiently genuine." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 n.24 (9th Cir. 2002).

As most relevant here, documents produced by an opposing party in discovery are routinely deemed authentic on that basis alone, barring any specific reason to doubt their authenticity.  *See id.* at 777-78 (recognizing documents could have been authenticated by "having been produced in discovery," but noting that because they were not produced in discovery, further inquiry was required).  Respected treatises recognize this uncontroversial principle.  *See* 31 *Wright & Miller's Federal Practice & Procedure* § 7105 (2d ed. 2025) ("Authentication also can be accomplished through judicial admissions such as . . . production of items in response to . . . [a] discovery request.").  Many cases also confirm this principle.  For example:

> [T]he documents . . . were produced by StreamCast in discovery. This constitutes sufficient circumstantial evidence for a reasonable jury to find the documents authentic. . . . StreamCast has not contended that the documents are not what Plaintiffs purport them to be. That would be a hard argument to make, of course, because StreamCast produced them.

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 972 (C.D. Cal. 2006) (authentication requirement was satisfied where "the documents at issue, many of which were printed on the plaintiff's letterhead, were produced in discovery"); *see also, e.g.*, *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996) (similar); *Anand v.*

3

PLAINTIFFS' MOTION FOR A PRELIMINARY DETERMINATION REGARDING THE AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY FLO HEALTH, INC. - CASE NO. 3:21-CV-00757-JD

*BP W. Coast Prods. LLC*, 484 F.Supp.2d 1086, 1092 n.11 (C.D. Cal. 2007) ("Documents produced in response to discovery requests are admissible on a motion for summary judgment since they are self-authenticating and constitute the admissions of a party opponent."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F.Supp.2d 769, 781 (C.D. Cal. 2004) (similar). This principle reflects sound legal reasoning: parties producing documents in discovery implicitly represent their authenticity.

Each document listed in Exhibit A was produced by Flo in discovery in this case, as demonstrated by the fact that each bears a bates number with the prefix "FLO-", which was the bates prefix Flo used in this litigation. That the Documents were produced by Flo is a sufficient basis to determine that they are authentic, and there is no reason whatsoever to doubt their authenticity. Critically, Flo has not suggested these Documents are forgeries, altered, or otherwise inauthentic. Its unwillingness to compromise appears to be purely tactical—an attempt to consume trial time with unnecessary foundational testimony, while limiting witness availability.

Beyond being produced by Defendants, these Documents bear other indicia of authenticity, such as being attached to emails to or from senior Flo officers, marked by Flo as confidential (indicating they contained genuine business information), or attested to as authentic by Flo's counsel in prior filings. These factors are sufficient to establish authenticity. FRE 901(b)(4) (Authenticity may be established from "appearance, contents, substance, internal patterns, or other distinctive characteristics . . . taken together with all the circumstances."); *see* supra at 3-4.

**Relevance**. As detailed in Exhibit A, each of the Documents contain information directly relevant to Plaintiffs' claims or defenses. For example, many of the documents relate to Flo's status as a health care provider or the nature of the information Flo shared. Other documents relate to issues such as inquiry notice or whether Flo's conduct complied with its privacy policies.

**Not Inadmissible Hearsay**. The relevant content in most of the Documents are factual statements by Flo, and therefore, statements of a party opponent. *See* FRE 801(d)(2). Several of the Documents relevant to inquiry notice are non-hearsay because they are not submitted for the truth of the matter but to establish the effect of Flo's public statements. *See* FRE 801(c).

4

PLAINTIFFS' MOTION FOR A PRELIMINARY DETERMINATION REGARDING THE
AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY
FLO HEALTH, INC. - CASE NO. 3:21-CV-00757-JD

### III. CONCLUSION

For the reasons stated herein, the Court should preliminarily rule that each of the Documents listed in Exhibit A may be introduced at trial as authentic and admissible, for the purposes described therein. This ruling would streamline trial substantially. The Court would not be prevented from revisiting this determination if a need to do so arises during trial.

Dated: July 11, 2025

/s/ Jake Bissell-Linsk
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com

*Co-Lead Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Counsel*

[signatures continued on following page]

5

PLAINTIFFS' MOTION FOR A PRELIMINARY DETERMINATION REGARDING THE AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY FLO HEALTH, INC. - CASE NO. 3:21-CV-00757-JD

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (CA Bar 175650)
ron@consumersadvocates.com
Alexis M. Wood (CA Bar 270200)
alexis@consumersadvocates.com
Kas L. Gallucci (CA Bar 288709)
kas@consumersadvocates.com
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

[signatures continued on following page]

6

PLAINTIFFS' MOTION FOR A PRELIMINARY DETERMINATION REGARDING THE AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY FLO HEALTH, INC. - CASE NO. 3:21-CV-00757-JD

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

7

PLAINTIFFS' MOTION FOR A PRELIMINARY DETERMINATION REGARDING THE AUTHENTICITY AND ADMISSIBILITY OF CERTAIN DOCUMENTS PRODUCED BY FLO HEALTH, INC. - CASE NO. 3:21-CV-00757-JD