James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Counsel for Plaintiffs and the Class*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Counsel for Plaintiffs and the Class*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-00757-JD<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR ORDERS CONCERNING FLO TRIAL WITNESSES**<br><br>Date: August 14, 2025<br>Time: 10:00 AM<br>Location: Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California<br>Judge: Hon. James Donato |

Plaintiffs submit this reply in support of their motion concerning Flo's witnesses (ECF No. 704, the "Motion") following Flo's opposition (ECF No. 711, the "Opposition").

I. **What Flo Confirmed**

Despite spending pages spinning out on details like who asked for which meet and confer, Flo does not deny the core fact that it is playing strategic games with witness availability to frustrate Plaintiffs' ability to present evidence at trial.

Likewise, the Opposition confirms another act of gamesmanship: that Flo is refusing to disclose which of the remaining witnesses will be available at trial. Flo's commentary about the purpose of a witness list badly misses the point. Opp. at 10. Of course, a party is not *required* to call every witness on their list. However, listing a witness (and particularly listing one's own employees) is a representation that the witness is *available* to testify at trial, barring unforeseen circumstances. Otherwise, witness lists would have no meaning and a party could identify individuals they have no intent to call to waste time forcing others to prepare for individuals with no chance of appearing in the case. At a minimum, Flo should not be allowed to hide the ball about which potential alternative witnesses are available. *Cf. United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (recognizing courts' "inherent authority" to compel witness lists).

II. **What Flo Misunderstands**

Flo's core argument is that it *is allowed* to play strategic games, because the witnesses Plaintiffs seek to call are outside the Court's subpoena power. This shocking argument misunderstands the Motion. The relief Plaintiffs requested was clearly stated: "The Court should *direct Flo* to make the following witnesses available . . ." Mot. at 3 (emphasis added). Plaintiffs' Motion explained why *Flo* — who is subject to this Court's jurisdiction, and able to control its own officers' attendance — should be directed to make those witnesses available.

The error in Flo's focus on the reach of the Court's subpoena power is made clear by considering the remedies that would follow from a violation of the Order Plaintiffs seek. If the Court granted the Motion and Flo refused to make the witnesses available, the remedy would be directed to *Flo* (*e.g.*, an appropriate jury instruction, adverse inferences, or limitation on Flo calling

witnesses) not directed to the witness. In contrast, if the issue turned on the reach of the Court's subpoena power over the individual, the remedy would be holding *the witness* in contempt.

Plaintiffs do not suggest that orders like the one requested here should issue every time defendant-employer witnesses are overseas. Rather, Plaintiffs identified specific reasons why Flo—who is squarely within the Court's jurisdiction—should be compelled to produce witnesses it controls to testify at trial. Flo's responses are entirely lacking.

**First**, Flo named each of the four witnesses at issue in the Motion in their own witness list and did so again after receiving Plaintiffs' witness list (also naming these same overlapping witnesses), and after receiving trial subpoenas for these witnesses by email. Mot. at 4. The point here is **not**, as Flo suggests (Opp. at 3), that listing a witness **obligates** a party to call them in their case-in-chief, but that Flo should not be permitted to strategically make these witnesses unavailable after choosing to list them as testifying witnesses in response to Plaintiffs intent to call them during their case-in-chief.

**Second**, after making a commitment early in this case to raise witness unavailability issues promptly, in response to the Court urging the parties to avoid Hague processes, Flo should not be allowed to raise such issues for the first time on the eve of trial. Mot. at 3. Raising those issues now is both unfair to the Plaintiffs and misleading in light of Flo's prior representations. Flo has no response to this point in its Opposition.

**Third**, Flo's deceitful silence during the pretrial conference provides another basis to grant the request. Mot. at 3-4. Flo argues that Mr. Canty's comment that he did not have confirmation that all Flo witnesses were available absolves their silence. Opp. at 10. But that misinterprets the conversation. Mr. Canty squarely stated his belief that all witnesses would be available in person and then clarified that this issue was settled as to Meta and Google, but not with Flo. Mot. at 3-4. Flo's decision, to stay silent — knowing full well that Plaintiffs named several Flo witnesses and that Flo was strategically planning to make them unavailable — was misleading. Flo's argument is further undercut by the fact that the Court subsequently asked for Defendants' position and Flo, having just heard Mr. Canty say he expected all witnesses to attend in person, **only** stated that if

any *plaintiff* is not attending Flo would plan to play their deposition testimony. ECF No. 703-5 at 30-31. Clearly, Flo made a deliberate decision to obfuscate its strategy of holding back witnesses and should not now be permitted to carry out that obstructionist strategy.

**Fourth**, Plaintiffs argued that directing Flo to make these witnesses available was justified in light of their status as officers of Flo. Mot. at 4. Flo's response misses the point. Plaintiffs cited Federal Rule Civil Procedure 45(c)(1)(B)(i) to note that its language expands the subpoena power to reach certain corporate officers — not to suggest that this expansion reaches the witnesses at issue in the Motion, but to highlight that the notion of special consideration of corporate officers is baked into the federal rules. Likewise, Plaintiffs pointed to historic law that further highlighted this point, by showing Courts had permitted subpoenas to cross ordinary jurisdictional limits to reach corporate officers. Plaintiffs then tied this to Flo's decision to select California as a **<u>mandatory venue</u>**, to further argue that it would be grossly unfair for Flo to require litigation here, while holding back its senior officers from testifying. Flo's response simply fails to address the substance of this argument. *See supra* at 1-2.

Flo should be required to make these witnesses available. Flo has provided no colorable explanation as to why the order Plaintiffs request would not be proper. *See generally Pac. Nw. Solar, LLC v. Nw. Corp.*, 2023 WL 2945314, at *3 (9th Cir. Apr. 14, 2023) (recognizing the "broad umbrella of [the District Court's] inherent authority to manage a trial") (citations omitted); *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1071 (9th Cir. 2005) (recognizing courts' inherent authority over issue concerning trial witnesses); *see e.g., Backertop Licensing LLC v. Canary Connect, Inc.*, 2023 WL 4420467, at *2 (D. Del. July 10, 2023) (a federal court's "inherent powers . . . empower [it] to order a nonparty representative of a corporate party to attend court proceedings" even if the representative is outside the geographic limits on subpoenas issued pursuant to Rule 45(a)), *aff'd by Backertop Licensing LLC v. Canary Connect, Inc.*, 107 F.4th 1335, 1343 (Fed. Cir. 2024); *cf. ConsumerDirect, Inc. v. Pentius, LLC*, 2023 WL 8876198, at *6 (C.D. Cal. Sept. 21, 2023) ("Federal courts have inherent powers to fashion an "appropriate sanction for conduct which abuses the judicial process").

3

REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR ORDERS
CONCERNING FLO TRIAL WITNESSES
CASE NO. 3:21-CV-00757-JD

### III. What Flo Misconstrues

Flo seeks to claim credit for asking for a meet and confer on narrowing witness lists, but ignores that, Plaintiffs had been trying to work with Flo on authentication (as shown in the very email thread attached to Flo's Opposition), believed Flo's witness list and silence in Court meant the Flo-officer witnesses were attending, and thought discussion of narrowing the witness list would most logically follow from resolving authentication disputes.

Flo also wrongfully suggests that Plaintiffs' have been inconsistent concerning which witnesses they seek to call. Not so. Plaintiffs' witness list named fifteen potential Flo witnesses (with only three on their "primary" list and many listed for exhibit authentication purposes only). ECF Nos. 658, 684. That list included each of the four witnesses at issue in the Motion. After Flo raised the specter of witness unavailability, Plaintiffs narrowed their list to just these four people at issue in the Motion and Laure Lyndon.

As thoroughly explained, Ms. Lyndon was the post-Class Period Flo employee proffered as a substitute for Flo's expert (but who in fact, is not an engineer at Flo). As clearly stated in the Motion, Plaintiffs do not desire to call her at trial, but sought to reserve the right to do so if no other witness is available. Mot. at 2. Flo's suggestion that it deserves credit for making Ms. Lyndon available (Opp. at 7) is nonsense — she is ***Flo's*** replacement-for-an-expert witness. Likewise, contrary to Flo's suggestion (*id*. at 6-7), Plaintiffs do not aim to antagonize Flo's CEO, Dmitry Gurski and only seek to call him if absolutely needed as a custodian of record, due to Flo's refusal to agree to the authenticity of the documents it produced in discovery. For that reason the Motion explicitly stated that Plaintiffs would **not** call Mr. Gurski or Mr. Tiunovich if Plaintiffs' Motion about exhibits (ECF No. 709) is granted. *See* Mot. at 3 n.3.

Finally, Flo argues the issue of witness availability is mooted by the prospect of playing deposition testimony at trial (Opp. 7-9). While deposition testimony may properly be played during Court, it is not a direct substitute for live testimony. Discovery is iterative and — by definition — intended to *develop* the facts. Plaintiffs should not be frustrated from their ability to

present the evidence as clearly as possible to the jury, based on the notion that they should have asked the exact questions they seek to ask at trial in depositions years ago.

I.  **CONCLUSION**

For the reasons stated, the Court should grant the relief requested in the Motion.

Dated: July 15, 2025

/s/ Jake Bissell-Linsk
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jbissell-linsk@labaton.com
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey L. Kodroff (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Co-Lead Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (CA Bar 175650)
ron@consumersadvocates.com
Alexis M. Wood (CA Bar 270200)
alexis@consumersadvocates.com
Kas L. Gallucci (CA Bar 288709)
kas@consumersadvocates.com
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Telephone: (614) 504-3350
Facsimile: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR ORDERS CONCERNING FLO TRIAL WITNESSES
CASE NO. 3:21-CV-00757-JD