UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al., | Case No.  21-cv-00757-JD |
| Plaintiffs, | |
| v. | **FINAL PRELIMINARY JURY INSTRUCTIONS** |
| FLO HEALTH, INC., et al., | |
| Defendants. | |

The Court will give these preliminary jury instructions based on the parties' joint submissions, Dkt. Nos. 698, 724, 727, and the Court's practice.

**IT IS SO ORDERED.**

Dated: July 21, 2025

_____
JAMES DONATO
United States District Judge

INSTRUCTION NO. 1

**DUTY OF JURY**

You now are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some preliminary instructions before the testimony starts.  At the end of the trial I will give you the detailed written instructions that will control your deliberations.  These are the introductory instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you.  Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.  That is for you to decide.

INSTRUCTION NO. 2

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the parties' positions.

The plaintiffs are Erica Frasco, Sarah Wellman, Jennifer Chen, Tesha Gamino, and Autumn Meigs.  The defendants are Flo Health and Meta.  During the time period relevant to this case, Meta was known as Facebook.  Documents and witnesses may use the names Meta and Facebook interchangeably.  All five plaintiffs have claims against Flo Health in connection with their use of the Flo Period and Ovulation Tracker app for women ("Flo App").  Three plaintiffs -- Chen, Gamino, and Wellman – also have claims against Meta.

Plaintiffs allege that Flo Health shared Flo App users' menstrual and sexual health information with Meta and violated the California Confidentiality of Medical Information Act, invaded their privacy, and breached the terms of its Privacy Policy.  Plaintiffs Chen, Gamino, and Wellman also allege that Meta violated the California Invasion of Privacy Act.  Plaintiffs have the burden of proving each claim by a preponderance of the evidence as to each defendant.

Flo Health denies all of plaintiffs' claims.  Flo Health alleges as affirmative defenses that users consented to the alleged information sharing and that users did not file their lawsuit within the time permitted by the statute of limitations.  Flo has the burden of proving each affirmative defense by a preponderance of the evidence.

Meta denies the claim of plaintiffs Chen, Gamino, and Wellman.  Meta alleges as an affirmative defense that these plaintiffs did not file their lawsuit within the time permitted by the statute of limitations.  Meta has the burden of proving its affirmative defense by a preponderance of the evidence.

PROPOSED INSTRUCTION NO. 3

**CLASS ACTION**

This lawsuit has been brought as a class action.  A class action is a lawsuit that has been brought by one or more persons called class representatives on behalf of a larger group of people who have similar legal claims.  All of these people together are called a class.  A class action lawsuit allows the claims of many persons to be resolved at the same time, rather than requiring each person to sue separately.  Not everyone in the class will testify, but you may assume that the evidence admitted during trial applies to all class members, unless I tell you otherwise.  The fact that this case is proceeding as a class action does not mean any decision has been made about the merits of the case, and you must not infer anything about the merits of this case based on the fact that it is a class action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

<u>INSTRUCTION NO. 4</u>

**TWO OR MORE PARTIES -- DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

United States District Court
Northern District of California

INSTRUCTION NO. 5

**CORPORATIONS -- FAIR TREATMENT**

The parties in this case are corporations.  All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers, performed within the scope of authority.  An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director, or officer engages in while carrying out that person's business.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 6

### BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 7

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

# INSTRUCTION NO. 8

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 9

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 10

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that I will now read to you.  You must treat these facts as having been proved.

1.      Plaintiff Erica Frasco is a citizen of the State of New Jersey who downloaded the Flo App.

2.      Plaintiff Sarah Wellman is a citizen of the State of California who downloaded the Flo App.

3.      Plaintiff Jennifer Chen is a citizen of the State of California who downloaded the Flo App.

4.      Plaintiff Tesha Gamino is a citizen of the State of California who downloaded the Flo App.

5.      Plaintiff Autumn Meigs is a citizen of the State of Ohio who downloaded the Flo App.

6.      Defendant Flo Health, Inc. ("Flo") is the developer of the Flo App.

7.      Defendant Meta Platforms, Inc. ("Meta") is a technology company that, among other things, offers free tools like a Facebook SDK to allow businesses to build unique and customized solutions to serve their clients.

8.      Plaintiffs first filed a lawsuit against Flo based on purported injuries arising from their use of the Flo App on January 29, 2021.

9.      Plaintiffs first filed a lawsuit against Meta based on purported injuries arising from their use of the Flo App on June 7, 2021.

10.     Flo was created in 2015 and launched the Flo App in 2016.

11.     During the Class Period, the Flo App was available for download on the iOS and Android app stores.

12.     The Flo App is a mobile application that can be used to track periods and pregnancy.

United States District Court
Northern District of California

13.    Plaintiffs Chen, Frasco, Gamino, and Meigs downloaded the Flo App to track their menstrual cycles.  Plaintiff Wellman downloaded the Flo App to track her menstrual activity and figure out the best day to get pregnant.

14.    During the Class Period, Meta offered a Facebook SDK to app developers.

15.    Flo incorporated code from a Facebook SDK into the Flo App throughout the Class Period.

16.    The Custom App Event names at issue in this lawsuit are:

- "R_CHOOSE_GOAL"
- "R_SELECT_LAST_PERIOD_DATE"
- "R_SELECT_CYCLE_LENGTH"
- "R_SELECT_PERIOD_LENGTH"
- "R_AGE_CHOSEN_PERIODS"
- "R_AGE_CHOSEN_PREGNANCY"
- "R_AGE_CHOSEN_PREGNANCY_METHOD"
- R_PREGNANCY_METHOD"
- "R_PREGNANCY_METHOD_DATE"
- "R_PREGNANCY_WEEK_CHOSEN"
- "R_PREGNANCY_WEEK_CHOSEN_UNKNOWN"
- "SESSION_CYCLE_DAY_FIRST_LAUNCH"

17.    Flo shared the Custom App Events in Paragraph 16 that I just read to you with Meta.

INSTRUCTION NO. 11

**RULING ON OBJECTIONS**

There are rules that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 12

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

5.  the opportunity and ability of the witness to see or hear or know the things testified to;

6.  the witness's memory;

7.  the witness's manner while testifying;

8.  the witness's interest in the outcome of the case, if any;

9.  the witness's bias or prejudice, if any;

10. whether other evidence contradicted the witness's testimony;

11. the reasonableness of the witness's testimony in light of all the evidence; and

12. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 13

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

At times during the trial, you may hear testimony by a witness in the form of previously recorded deposition rather than live here in court.  A deposition is the sworn testimony of a witness taken before trial.  The witness was placed under oath to tell the truth, and lawyers for each side asked questions.  The questions and answers were recorded.

Insofar as possible, you should consider deposition testimony presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

INSTRUCTION NO. 14

**EXPERT OPINION**

You will hear testimony from expert witnesses who testify to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it, reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 15

**CHARTS AND SUMMARIES**

Certain charts and summaries may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Some of those charts or summaries may be admitted into evidence, while others are not.

Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

## INSTRUCTION NO. 16

2

**NO TRIAL TRANSCRIPT**

3     I urge you to pay close attention to the trial testimony as it is given.  During deliberations

4 you will not have a transcript of the trial testimony.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 17

**TAKING NOTES**

If you would like, you may take notes during trial to help you remember the evidence. Your binder has notepaper in it.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 18

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

When the attorneys have finished examining a witness, you may propose a question to the witness to help clarify the testimony. A question may not be used to express any opinion about the testimony or argue with a witness. If you propose a question, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question using the form that has been put into your binders. Do not sign the question.

There are some proposed questions that I will not permit, or will rephrase from the wording submitted. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

United States District Court
Northern District of California

1

INSTRUCTION NO. 19

2

**CONDUCT OF THE JURY**

3      Let's talk about your conduct as jurors.  It is vitally important that you keep an open mind

4  throughout the trial.  The testimony and evidence will unfold over several weeks, and you should

5  not reach any conclusions before you have heard everything that will be presented.  In addition, do

6  not decide what the verdict should be until you and your fellow jurors have completed your

7  deliberations at the end of the case.

8      When it comes time for you to decide the verdict, your decision must be based on the

9  evidence received in the case and on my instructions on the law that applies.  You must not be

10  exposed to any other information about the case or to the issues it involves during the course of

11  your jury duty.

12      For these reasons, do not communicate with anyone in any way and do not let anyone else

13  communicate with you in any way about the merits of the case or anything to do with it.  This

14  covers every possible form of communication: in person, in writing, by phone, tablet, or computer,

15  or any other electronic means, via email, text messaging, chat room, blog, website or any social

16  media applications including but not limited to Facebook, YouTube, Twitter (X), Instagram,

17  LinkedIn, Snapchat, or TikTok.  The prohibition on communication applies to everyone, including

18  your family members, your employer, the media or press, and the people involved in the trial.  It

19  also applies to communicating with your fellow jurors until I give you the case for deliberation.

20  You are free to tell your family and your employer that you have been seated as a juror in the case,

21  and how long you expect the trial to last.  But you cannot share with them or anyone else any other

22  information about your jury service or about the case.  If anyone asks you about your jury service

23  or the case, you must say that you have been ordered not to discuss the matter.  You must also

24  promptly report the contact to me through Ms. Clark.

25      In addition, you must not, for any reason, do research or investigation on your own.  You

26  will get all the evidence and legal instruction you may properly consider for the verdict right here

27  in the courtroom.  Do not look up anything on the Internet, or in a book, or do any sleuthing or

28  investigating of any sort.  Do not visit or view any place or location that might be described during

United States District Court
Northern District of California

1   the case.  Do not do any research about the law or the people involved in this case -- including the

2   parties, the witnesses, the lawyers, or me.  Also, there may be media coverage of this case.  Please

3   make sure you do not read, watch, or listen to any news or media accounts or commentary about

4   the case or anything to do with it.  If you happen to read or hear anything touching on this case in

5   the media, turn away and let me know what happened by telling Ms. Clark.

6        That is a long list of "don'ts" but it is vitally important for you to follow these rules.  They

7   protect each party's right to have this case decided only on evidence that has been presented here

8   in court.  Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is

9   tested through the trial process.  If you do any research or investigation outside the courtroom, or

10  gain any information through improper communications, then your verdict may be influenced by

11  inaccurate, incomplete or misleading information that has not been tested by the trial process.

12  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based

13  on information not presented in court, you will have denied the parties a fair trial.  Remember, you

14  have taken an oath to follow the rules, and it is crucial that you follow these rules.

15       A juror who violates these restrictions jeopardizes the fairness of these proceedings and a

16  mistrial could result that would require the entire trial process to start over.  If any juror is exposed

17  to any outside information, please notify the Court immediately.

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

22

INSTRUCTION NO. 20

**OUTLINE OF TRIAL**

We are just about ready to start the trial. Each party may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement, and if a party chooses not to make one, you should not hold it against that party for any reason.

Plaintiffs will then present evidence and counsel for Flo and Meta may cross-examine. Then, Flo may present evidence, and counsel for plaintiffs and Meta may cross-examine. Finally, Meta may present evidence, and counsel for plaintiffs and Flo may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

United States District Court
Northern District of California