UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERICA FRASCO, et al.,

　　　　　　Plaintiffs,

　　　v.

FLO HEALTH, INC., et al.,

　　　　　　Defendants.

Case No.  21-cv-00757-JD

**FINAL JURY INSTRUCTIONS**

　　　The Court will give these final jury instructions to the jury on the morning of August 1, 2025, before the parties' closing arguments.  They are based on the parties' joint submission, Dkt. No. 699, the discussion at the jury charge conference on July 31, 2025, Meta's notice of withdrawal of the statute of limitations affirmative defense, Dkt. No. 743, and the Court's practice.

　　　**IT IS SO ORDERED.**

Dated: July 31, 2025

_____
JAMES DONATO
United States District Judge

1

United States District Court
Northern District of California

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION NO. 1</u>

**DUTY OF JURY**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  You will each be given a copy of these instructions to refer to during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you.  Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.  That is for you to decide.

INSTRUCTION NO. 2

**CLAIMS AND DEFENSES**

I will give you a brief summary of the parties' positions.

The plaintiffs are Sarah Wellman, Jennifer Chen, and Tesha Gamino. The defendant is Meta. During the time period relevant to this case, Meta was known as Facebook. Documents and witnesses may use the names Meta and Facebook interchangeably.

Plaintiffs Chen, Gamino, and Wellman allege that Flo Health shared Flo App users' menstrual and sexual health information with Meta and that Meta violated the California Invasion of Privacy Act. Plaintiffs have the burden of proving their claim by a preponderance of the evidence.

Meta denies the claim of plaintiffs Chen, Gamino, and Wellman.

<u>INSTRUCTION NO. 3</u>

**CLASS ACTION**

This lawsuit has been brought as a class action.  A class action is a lawsuit that has been brought by one or more persons called class representatives on behalf of a larger group of people who have similar legal claims.  All of these people together are called a class.  A class action lawsuit allows the claims of many persons to be resolved at the same time, rather than requiring each person to sue separately.  Not everyone in the class will testify, but you may assume that the evidence admitted during trial applies to all class members, unless I tell you otherwise.  The fact that this case is proceeding as a class action does not mean any decision has been made about the merits of the case, and you must not infer anything about the merits of this case based on the fact that it is a class action.

INSTRUCTION NO. 4

**CORPORATIONS -- FAIR TREATMENT**

The parties in this case are corporations. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers, performed within the scope of authority. An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director, or officer engages in while carrying out that person's business.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

<u>INSTRUCTION NO. 5</u>

**BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 6

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

INSTRUCTION NO. 7

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence, any facts to which the lawyers have agreed, and any facts that I have instructed you to accept as proved.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that was excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may have been received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 8

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

## INSTRUCTION NO. 9

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered, or the exhibit received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

INSTRUCTION NO. 10

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

During the trial, you heard testimony by witnesses in the form of previously recorded trial and deposition testimony, rather than live here in court.  A deposition is the sworn testimony of a witness taken before trial.  The witness was placed under oath to tell the truth, and lawyers for each side asked questions.  The questions and answers were recorded.

Insofar as possible, you should consider deposition testimony presented to you in court in lieu of live testimony in the same way as if the witness had been present to testify.

United States District Court
Northern District of California

United States District Court
Northern District of California

INSTRUCTION NO. 11

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may have said something that was not consistent with something else he or she said. Sometimes different witnesses will have given different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differed from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testified about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 12

**EXPERT OPINION**

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions.  This opinion testimony was allowed because of the education or experience of the expert witness.

Such opinion testimony should be judged like any other testimony.  You may accept it, reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 13

**CHARTS AND SUMMARIES**

During trial, certain charts and summaries were shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Some of those charts or summaries may have been admitted into evidence, while others were not.

Charts and summaries are only as good as the evidence that supports them. You should, therefore, give them only such weight as you think the evidence supporting them deserves.

United States District Court
Northern District of California

<u>INSTRUCTION NO. 14</u>

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that I will now read to you. You must treat these facts as having been proved.

1. Plaintiff Sarah Wellman is a citizen of the State of California who downloaded the Flo App.

2. Plaintiff Jennifer Chen is a citizen of the State of California who downloaded the Flo App.

3. Plaintiff Tesha Gamino is a citizen of the State of California who downloaded the Flo App.

4. Defendant Flo Health, Inc. ("Flo") is the developer of the Flo App.

5. Defendant Meta Platforms, Inc. ("Meta") is a technology company that, among other things, offers free tools like a Facebook SDK to allow businesses to build unique and customized solutions to serve their clients.

6. Plaintiffs first filed a lawsuit against Flo based on purported injuries arising from their use of the Flo App on January 29, 2021.

7. Plaintiffs first filed a lawsuit against Meta based on purported injuries arising from their use of the Flo App on June 7, 2021.

8. Flo was created in 2015 and launched the Flo App in 2016.

9. During the Class Period, the Flo App was available for download on the iOS and Android app stores.

10. The Flo App is a mobile application that can be used to track periods and pregnancy.

11. Plaintiffs Chen and Gamino downloaded the Flo App to track their menstrual cycles. Plaintiff Wellman downloaded the Flo App to track her menstrual activity and figure out the best day to get pregnant.

12. During the Class Period, Meta offered a Facebook SDK to app developers.

13.     Flo incorporated code from a Facebook SDK into the Flo App throughout the Class Period.

14.     The Custom App Event names at issue in this lawsuit are:

- "R_CHOOSE_GOAL"
- "R_SELECT_LAST_PERIOD_DATE"
- "R_SELECT_CYCLE_LENGTH"
- "R_SELECT_PERIOD_LENGTH"
- "R_AGE_CHOSEN_PERIODS"
- "R_AGE_CHOSEN_PREGNANCY"
- "R_AGE_CHOSEN_PREGNANCY_METHOD"
- "R_PREGNANCY_METHOD"
- "R_PREGNANCY_METHOD_DATE"
- "R_PREGNANCY_WEEK_CHOSEN"
- "R_PREGNANCY_WEEK_CHOSEN_UNKNOWN"
- "SESSION_CYCLE_DAY_FIRST_LAUNCH"

15.     Flo shared the Custom App Events in Paragraph 14 that I just read to you with Meta.

INSTRUCTION NO. 15

**ELEMENTS OF PLAINTIFFS' CLAIM FOR VIOLATION OF THE CALIFORNIA**

**INVASION OF PRIVACY ACT (CIPA)**

Plaintiffs Chen, Gamino, and Wellman claim that Meta violated their right to privacy.  To establish this claim, these plaintiffs must prove all of the following:

1.    That Meta intentionally eavesdropped on or recorded these plaintiffs' conversations by using an electronic device;

2.    That these plaintiffs had a reasonable expectation that their conversations were not being overheard or recorded; and

3.    That Meta did not have the consent of all parties to the conversation to eavesdrop on or record them.

United States District Court
Northern District of California

## INSTRUCTION NO. 16

### "CONSENT" UNDER CIPA

A plaintiff may express consent by words or acts that are reasonably understood by another person as consent.  A plaintiff may also express consent by silence or inaction if a reasonable person would understand that the silence or inaction intended to indicate consent.

United States District Court
Northern District of California

INSTRUCTION NO. 17

**"INTENTIONALLY" UNDER CIPA**

The recording of a confidential conversation is intentional if the person using the recording equipment does so with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation.

INSTRUCTION NO. 18

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether liable or not liable, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

INSTRUCTION NO. 19

**CONSIDERATION OF THE EVIDENCE -- CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet social media site, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

INSTRUCTION NO. 20

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 21

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Clark, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me or Ms. Clark -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of whether either of the defendants is liable, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 22

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Clark that you are ready to return to the courtroom.