Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com

*Co-Lead Class Counsel for Plaintiffs
and the Class*

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel.: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com

*Co-Lead Class Counsel for Plaintiffs
and the Class*

[additional counsel listed on signature page]

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Class Counsel for Plaintiffs
and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC., Defendants. | Case No.: 3:21-cv-00757-JD <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENTS WITH DEFENDANT GOOGLE LLC AND DEFENDANT FLO HEALTH, INC.** <br><br> Judge:    Hon. James Donato <br><br> Date:        November 6, 2025 <br> Time:       10:00 AM <br> Courtroom: 11 – 19th Floor <br>                   San Francisco Courthouse |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on November 6, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-captioned Court, in Courtroom 10 on the 19th Floor of the San Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable James Donato presiding, Plaintiffs Jennifer Chen ("Chen"), Erica Frasco ("Frasco"), Tesha Gamino ("Gamino"), Madeline Kiss ("Kiss"), Autumn Meigs (Meigs"), Justine Pietrzyk ("Pietrzyk"), Leah Ridgway ("Ridgway"), and Sarah Wellman ("Wellman") (collectively, "Plaintiffs"), by and through their undersigned counsel of record, will and hereby do move the Court, pursuant to Fed. R. Civ. P. 23(e), for entry of an order:

(i) preliminarily approving the Class Action Settlement and Release Agreement as to Google LLC ("Google Settlement Agreement" or "Google Settlement") and the Stipulation and Agreement of Settlement as to Flo Health, Inc. ("Flo Settlement Agreement" or "Flo Settlement") submitted herewith;

(ii) approving and ordering the implementation of the proposed notice plan;

(iii) preliminarily approving the proposed plan of allocation for the distribution of the proceeds of the Settlements;

(iv) appointing A.B. Data, Ltd. ("A.B. Data") as the Settlement Administrator; and

(v) setting a schedule for final approval of the Google and Flo Settlements, and the previously preliminarily approved settlement with Flurry LLC ("Flurry"), including setting a date for the final approval hearing.

This Motion is made on the grounds that the terms of the proposed Google and Flo Settlements are fair, reasonable, and adequate, and that preliminary approval of the Settlements is therefore proper because each requirement of Rule 23(e) has been met. Accordingly, Plaintiffs request that the Court preliminarily approve the Settlements, approve and order the implementation of the proposed notice plan, and schedule a final approval hearing.

The Motion is based on the Declaration of Diana J. Zinser (the "Zinser Decl.") and the exhibits attached thereto, including the Google and Flo Settlement Agreements; the Declaration of Justin Parks of A.B. Data; the Memorandum of Law filed herewith; the pleadings and papers on file in this Action; and

1  such other evidence and argument as may subsequently be presented to the Court.

2

3  Dated: September 29, 2025            */s/ Diana J. Zinser*
                                        Diana J. Zinser (*pro hac vice*)
4                                       Jeffrey L. Kodroff (*pro hac vice*)
                                        **SPECTOR ROSEMAN & KODROFF, P.C.**
5                                       2001 Market Street, Suite 3420
                                        Philadelphia, PA 19103
6                                       Tel: (215) 496-0300
                                        Fax: (215) 496-6611
7                                       dzinser@srkattorneys.com
                                        jkodroff@srkattorneys.com
8
                                        *Co-Lead Class Counsel*
9
                                        Christian Levis (*pro hac vice*)
10                                      Amanda Fiorilla (*pro hac vice*)
                                        **LOWEY DANNENBERG, P.C.**
11                                      44 South Broadway, Suite 1100
                                        White Plains, NY 10601
12                                      Tel: (914) 997-0500
                                        Fax: (914) 997-0035
13                                      clevis@lowey.com
                                        afiorilla@lowey.com
14
                                        *Co-Lead Class Counsel*
15
                                        Carol C. Villegas (*pro hac vice*)
16                                      Michael P. Canty (*pro hac vice*)
                                        Danielle Izzo (*pro hac vice*)
17                                      **LABATON KELLER SUCHAROW LLP**
18                                      140 Broadway
                                        New York, NY 10005
19                                      Tel: (212) 907-0700
                                        Fax: (212) 818-0477
20                                      cvillegas@labaton.com
                                        mcanty@labaton.com
21                                      dizzo@labaton.com
22
                                        *Co-Lead Class Counsel*
23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................ vi

I.    INTRODUCTION .............................................................................................. 1

II.   INFORMATION ABOUT THE PROPOSED SETTLEMENTS.................................. 1

    A.    PG 1(a): Class Definition............................................................................ 1

    B.    PG 1(b), (d): The Claims to Be Released and Other Impacted Cases ............... 2

    C.    PG 1(e), 1(g), 6, 7, 8: Allocations and Payments from the Settlement Funds.................. 2

        1.    The Settlement Funds ......................................................................... 2

        2.    Service Awards ................................................................................. 3

        3.    Attorneys' Fees and Expense Awards .................................................. 3

    D.    PG 1(f), 2, & 11: Settlement Administration, Estimate of Claim Rate, and Comparable Outcomes.......................................................................... 4

III.  THE PROPOSED SETTLEMENTS ARE FAIR, REASONABLE, AND ADEQUATE ............ 5

    A.    The *Hanlon* Factors Support Approval........................................................ 6

        1.    Factors 1-3: the Strength of Plaintiffs' Case vs. Risks of Continuing Litigation.......................................................................... 6

        2.    PG 1(c): The Amount Offered in Each Settlement................................. 7

        3.    The Extent of Discovery ..................................................................... 8

        4.    Experience and Views of Counsel ....................................................... 8

    B.    Rule 23(e)(2) Factors Further Support Approval............................................ 9

        1.    The Class Has Been Adequately Represented ....................................... 9

        2.    The Settlements Were Negotiated at Arm's Length................................ 9

        3.    The Settlements Provide Substantively Fair Relief to the Settlement Class ........ 10

        4.    The Settlements Treat All Class Members Equitably............................. 12

IV.   THIS COURT HAS ALREADY CERTIFIED THE CLASS .................................... 13

V.    THE PROPOSED NOTICE PROGRAM SHOULD BE APPROVED ........................ 13

    A.    The Content of the Proposed Notices Complies with Rule 23(c)(2) and the Northern District's Procedural Guidelines 3.................... 13

B.    Distribution of the Notices Will Comply with Rule 23(c)(2) ........................................... 14

VI.    CONCLUSION ................................................................................................................... 14

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT - CASE NO. 3:21-cv-00757-JD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Sirius XM Radio Inc.*,
  No. CV 18-8605, 2020 WL 7314793 (C.D. Cal. July 15, 2020) ...................................10

*Atkinson v. Minted*,
  3:20-cv-03869 (N.D. Cal.) ...........................................................................................4

*Barr v. Drizly, LLC f/k/a Drizly, Inc.*,
  1:20-cv-11492 (D. Mass.) ............................................................................................4

*Braun et al. v. The Philadelphia Inquirer, LLC*,
  No. 2:22-cv-04185 (E.D. Pa.) ......................................................................................4

*Carlin v. Dairy America, Inc.*,
  380 F. Supp.3d 998 (E.D. Cal 2019)...........................................................................11

*Carlotti v. ASUS Computer Int'l*,
  No. 18-cv-03369, 2019 WL 6134910 (N.D. Cal. Nov. 19, 2019) .................................5

*Carter v. XPO Logistics, Inc.*,
  No. 16-cv-01231, 2019 WL 5295125 (N.D. Cal. Oct. 18, 2019) ..................................6

*Elder v. Hilton Worldwide Holdings, Inc.*,
  No. 16-cv-00278, 2020 WL 11762284 (N.D. Cal. Apr. 29, 2020) .................................5

*Evans v. Linden Rsch., Inc.*,
  No. C-11-01078, 2013 WL 5781284 (N.D. Cal. Oct. 25, 2013) ..................................13

*In re Extreme Networks, Inc. Sec. Litig.*,
  No. 15-CV-04883, 2019 WL 3290770 (N.D. Cal. July 22, 2019).................................12

*In re Facebook, Inc. Consumer Privacy User Profile Litig.*,
  No. 18-md-2843 (N.D. Cal.) ........................................................................................4

*Fiorentino v. FloSports*, *Inc.*,
  No. 1:22-cv-11502 (D. Mass.) ......................................................................................4

*In re Google Location History Litig.*,
  No. 5:18-cv-05062, 2024 WL 1975462 (N.D. Cal. May 3, 2024)..................................8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................1, 6, 10

*In re Heritage Bond Litigation*,
  No. 02-ml-1475, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ..................................11

*Hilsley v. Ocean Spray Cranberries, Inc.*,
    No. 3:17-CV-2335, 2020 WL 520616 (S.D. Cal. Jan. 31, 2020) ........................................9

*Knapp v. Art*,
    283 F. Supp. 3d 823, 832 (N.D. Cal. 2017) ........................................7

*Lane v. Facebook, Inc.*,
    696 F.3d 811 (9th Cir. 2012) ........................................12

*Larsen v. Trader Joe's Co.*,
    No. 11-CV-05188, 2014 WL 3404531 (N.D. Cal. July 11, 2014)........................................6

*Low v. Trump Univ., LLC*,
    881 F.3d 1111 (9th Cir. 2018) ........................................12

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ........................................8

*Miramontes v. U.S. Healthworks, Inc.*,
    No. CV15-05689, 2017 WL 11633665 (C.D. Cal. Sept. 5, 2017)........................................8

*Moore v. Pet Smart, Inc.*,
    Case No. 5:12-cv-03577, 2015 WL 5439000 (N.D. Cal. Aug. 4, 2015) ........................................11

*Moorer v. StemGenex Med. Grp.*,
    No. 16-cv-02816, 2021 WL 4993054 (S.D. Cal. Oct. 26, 2021)........................................12

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ........................................6, 7

*In re Novant Health, Inc.*,
    No. 1:22-cv-00697 (M.D.N.C.) ........................................4

*Opperman v. Kong Techs., Inc.*,
    No. 13-CV-00453, 2017 WL 11676126 (N.D. Cal. July 6, 2017)........................................14

*In re Pacific Enterprises Securities Litigation*,
    47 F.3d 373 (9th Cir. 1995) ........................................11

*Pena v. Taylor Farms Pac., Inc.*,
    No. 2:13-CV-01282, 2021 WL 916257 (E.D. Cal. Mar. 10, 2021)........................................6

*Perks v. Activehours, Inc.*,
    No. 5:19-CV-05543, 2021 WL 1146038 (N.D. Cal. Mar. 25, 2021) ........................................10, 12

*Pipich v. O'Reilly Auto Enterprises, LLC*,
    No. 3:21-CV-01120, 2024 WL 2885342 (S.D. Cal. June 7, 2024) ........................................6

*Scholl v. Mnuchin*,
    489 F. Supp. 3d 1008 (N.D. Cal. 2020) ........................................9

*Shahar v. Hotwire, Inc.*,
    No. 12-CV-06027, 2014 WL 12647737 (N.D. Cal. July 25, 2014)................................14

*Smith v. Kaiser Found. Hosps.*,
    No. 18-CV-00780, 2021 WL 2433955 (S.D. Cal. June 15, 2021)..................................6

*State of California v. eBay, Inc.*,
    No. 5:12-CV-05874, 2014 WL 4273888 (N.D. Cal. Aug. 29, 2014) ............................12

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .......................................................................................9

*Stewart v. Apple Inc.*,
    No. 19-CV-04700, 2022 WL 3013122 (N.D. Cal. Feb. 17, 2022) ...............................14

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ......................................................................5

*In re Twitter Inc. Sec. Litig.*,
    No. 4:16-cv-05314-JST, ECF No. 658 (N.D. Cal. Aug. 5, 2022) ...............................12

*Vela v. AMC Networks, Inc.*,
    No. 1:23-cv-02524 (S.D.N.Y.) ....................................................................................4

*Villegas v. J.P. Morgan Chase & Co.*,
    No. CV 09-00261, 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)...............................10

*In re: Vizio Consumer Privacy Litigation*,
    No. 8:16-ml-02693 (C.D. Cal.) ....................................................................................4

*Wellens v. Sankyo*,
    No. C 13-00581, 2016 WL 8115715 (N.D. Cal. Feb. 11, 2016) ................................11

**Statutes**

Cal Civ. Code §§ 56.05(j), (m), (p)..........................................................................................7

Class Action Fairness Act of 2005, 28 U.S.C. § 1715.............................................................13

**Other Authorities**

4 A Conte & H. Newberg, Newberg on Class Actions, § 11:50 (4th ed. 2002)....................6

California Constitution, Art. 1, § 1 ..........................................................................................7

Manual for Complex Litig., § 21.633 (4th ed. 2004) .........................................................13

Fed. R. Civ. P. 23 ..........................................................................................................*passim*

## I.    **INTRODUCTION**

Plaintiffs seek preliminary approval of a $48,000,000 Settlement with Defendant Google and a $8,000,000 settlement with Defendant Flo.[1] These significant Settlements were reached just prior to trial (with respect to Google) and during trial (with respect to Flo), after months of negotiations and with the close involvement of Magistrate Judge Thomas S. Hixon and Ambassador Jeffrey Bleich, and thus represent negotiated resolutions that are fair, reasonable, and adequate.

Accordingly, Plaintiffs respectfully request that the Court: (i) grant preliminary approval of the proposed Google and Flo Settlements;[2] (ii) approve and order implementation of the proposed settlement notice plan; (iii) preliminarily approve the proposed plan of allocation for the distribution of the proceeds of the Settlements; (v) appoint A.B. Data as the Settlement Administrator; and (vi) set a schedule for settlement related events and the Final Approval Hearing.

## II.    **INFORMATION ABOUT THE PROPOSED SETTLEMENTS**

The key terms of both Settlements are summarized below, in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements ("Procedural Guidance" or "PG").[3]

### A.    **PG 1(a): Class Definition**

The proposed Class is the same as the litigation class certified by this Court for purposes of trial: "all Flo App users in the United States who entered menstruation and/or pregnancy information into the Flo Health mobile application between November 1, 2016 and February 28, 2019, inclusive." *See* ECF No. 605; Google Settlement Agreement § 1(J); Flo Settlement Agreement § 1(J).

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Google Settlement Agreement and/or the Flo Health Settlement Agreement, attached as Exhibits 1 and 2, respectively, to the Zinser Declaration. ECF cites are to the docket in this Action, and all internal citations and quotations are omitted.

[2] On May 15, 2025, the Court preliminarily approved Plaintiffs' settlement with Defendant Flurry LLC, subject to additional proceedings with respect to the provision of notice. ECF Nos. 597; 776, at 3:1-2.

[3] As PG 1(c) overlaps with the evaluation of the Settlements pursuant to the factors in *Hanlon*, this factor is addressed below, *see* Section III.A. The considerations for PG 3 through 5, relating to notice, opt-outs, and objections, are addressed in Section V.

**B.  PG 1(b), (d): The Claims to Be Released and Other Impacted Cases**

The Google and Flo Settlement Agreements release the Released Google Parties and the Released Flo Parties, respectively, from all "Released Plaintiffs' Claims," *i.e.*, all claims, liabilities, damages, etc. that have been, could have been, or could be brought through the Execution Date of the Settlement Agreements, that are based on, arise out of or relate to the allegations in the Action, or allegations that could have been made in the Action relating to the same factual predicates and theories of liability in the Action. *See* Google Settlement Agreement § 1(SS); Flo Settlement Agreement § 1(SS). Class Counsel is not aware of any other cases that will be affected by the Google and Flo Settlements and their releases. Zinser Decl. ¶ 67.

**C.  PG 1(e), 1(g), 6, 7, 8: Allocations and Payments from the Settlement Funds**

**1.  The Settlement Funds**

Google will pay $48,000,000 and Flo will pay $8,000,000 into the respective Google and Flo Settlement Fund Escrow Accounts, which will be used to pay for Notice and Settlement Administration Costs, Taxes and Tax Expenses, banking costs, Court-approved Attorneys' Fees and Expenses Awards, Service Awards to Plaintiffs, any other fees and costs approved by the Court, and payments to Authorized Claimants. *See* Google Settlement Agreement § 2(C); Flo Settlement Agreement ¶ 3. The Google and Flo Settlement Amounts return to Google and Flo only if the respective Settlement is terminated, or if the Court does not approve it, or the Effective Date is not reached. Google Settlement Agreement § 15(A); Flo Settlement Agreement ¶¶ 69-70.

The Net Settlement Funds will be distributed *pro rata* to Authorized Claimants who submit valid Claim Forms. Google Settlement Agreement § 9(I); Flo Settlement Agreement ¶ 48. To account for the increased legal value of claims under California's data protection laws, which provide statutory damages, Authorized Claimants who provide reasonable information showing they were residents of California during the Class Period will receive twice the *pro rata* share of Authorized Claimants who are residents of other states. *Id*. Any funds remaining after a 60-day deadline for negotiating Claim Payments will be subject to redistribution to Authorized Claimants who negotiated their Claim Payments, so long as the reallocated *pro rata* share to each eligible Authorized Claimant is at least $5.00. Google Settlement

2

Agreement § 9(I)(iv)-(vii); Flo Settlement Agreement ¶ 48(c)–(g).[4] Once it is no longer feasible or economical to make further distributions, any unclaimed balance that still remains in the Google and Flo Net Settlement Funds, after payment of Notice and Settlement Administration Costs, Taxes and Tax Expenses, shall be contributed to a non-profit, non-sectarian 501(c) organization to be mutually agreed upon by Class Counsel, Google's Counsel, and Flo's Counsel and approved by the Court, or as ordered otherwise by the Court. Google Settlement Agreement § 9(I)(viii); Flo Settlement Agreement ¶ 48(h).

### 2. Service Awards

In recognition of their efforts on behalf of the Class, Plaintiffs may apply to the Court for Service Awards, in an amount to be determined later, as appropriate compensation for their time and effort serving as Plaintiffs and Class Representatives. Plaintiffs may seek, in the aggregate, up to a total of $155,000 for Service Awards. Each of the Plaintiffs have expended substantial time and energy, particularly those who testified at trial, assisting with the prosecution of this Action by investing time and resources to: (1) collect and analyze documents and respond to discovery; (2) review filings, pleadings, motions, and orders; and (3) prepare for and testify at depositions and, in some instances at trial, including answering highly personal questions relating to menstruation and pregnancies in front of the jury. Zinser Decl. ¶ 68.

### 3. Attorneys' Fees and Expense Awards

The Google Settlement Fund and Flo Settlement Fund each may be used to pay Court-approved Attorneys' Fees and Expenses Awards incurred in this Action. *See* Google Settlement Agreement § 2(C); Flo Settlement Agreement ¶ 3. Class Counsel will, on behalf of Plaintiffs' Counsel in the Action, petition the Court for an award of no more than 33.3% of the $48,000,000 Google Settlement Fund and for an award of not more than 33.3% of the $8,000,000 Flo Settlement Fund, plus Litigation Expenses of no more than $3,600,000 (inclusive of any Service Awards). Zinser Decl. ¶ 69. There is no "clear sailing" agreement between Plaintiffs, Class Counsel, Google or Flo.

---

[4] Pursuant to discussions with A.B. Data, depending on the claims rate, the *de minimis* amount may be lowered to $1.00.

### D.  PG 1(f), 2, & 11: Settlement Administration, Estimate of Claim Rate, and Comparable Outcomes

The proposed Settlement Administrator is A.B. Data. *Id.* ¶ 70. A.B. Data was previously proposed as the Settlement Administrator in connection with Plaintiffs' settlement with Flurry LLC in this case and was appointed to issue notice of the certified litigation class. *Id.* ¶¶ 70-71 Class Counsel has extensively utilized A.B. Data as an administrator for recent settlements. This is Lowey's seventh engagement with A.B. Data in the last two years. *Id.* at ¶ 72. This is Labaton's tenth engagement (out of 27 class action settlements) with A.B. Data in the last two years. *Id.* This is SRK's second engagement with A.B. Data in the last two years. *Id.*

A.B. Data employs numerous control systems and procedures that it believes meet or exceed relevant industry standards and court guidance for securely handling class member data, including technical controls, administrative policies, and physical access controls for handling such data and appropriate data collection and retention, data destruction, audit, and crisis and risk management policies. *See* Declaration of Justin Parks of A.B. Data Regarding the Proposed Notice Plan and In Support of Plaintiffs' Motion for Preliminary Approval of Class Settlements with Defendants Flo Health, Inc. and Google LLC ("Parks Settlement Decl."), dated September 29, 2025, ¶ 46, attached as Exhibit 11 to the Zinser Declaration. A.B. Data accepts responsibility for the security of Class Member's information and also agrees to comply with the provisions included in this District's Procedural Guidance. *Id.* ¶¶ 46-47.

A.B. Data estimates a claim rate of approximately 6% based on its experience administrating consumer data breach and data privacy settlements, as well as a 2019 FTC Study analyzing consumer class actions. *Id.* ¶¶ 42-44.[5] This is consistent with claims rates in comparable settlements, which have a range of 3-10%.[6] The settlements selected for comparison are consumer privacy class action cases arising from the alleged disclosure of consumers' private information without consent, some of which concern similar technology to that involved in this Action.[7]

---

[5] *Id.* ¶ 43 (citing *In re: Vizio Consumer Privacy Litigation*, No. 8:16-ml-02693 (C.D. Cal.); *Barr v. Drizly, LLC f/k/a Drizly, Inc.*, 1:20-cv-11492 (D. Mass.); *Atkinson v. Minted*, 3:20-cv-03869 (N.D. Cal.)).

[6] *See Braun et al. v. The Philadelphia Inquirer, LLC*, No. 2:22-cv-04185 (E.D. Pa.) (claims rate of 13%); *In re Novant Health, Inc.*, No. 1:22-cv-00697 (M.D.N.C.) (claims rate of 11.7%); *Fiorentino v. FloSports, Inc.*, No. 1:22-cv-11502 (D. Mass.) (claims rate of 3.3%); *Vela v. AMC Networks, Inc.*, No. 1:23-cv-02524 (S.D.N.Y) (claims rate of 7.6%); *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-md-2843 (N.D. Cal.) (claims rate of 7.5%).

[7] A chart of comparable cases can be found in Exhibit 7 to the Zinser Declaration.

4

As described in the Parks Settlement Declaration, consistent with the Class Notice Plan, A.B. Data proposes to utilize a combination of direct notice through email (using information already provided by Flo to facilitate the class notice prior to trial); push notifications to current Flo App users who used the App during the Class Period; paid print publication (*The New York Times*); digital and social media; banner ads on the Flo App and Flo's website to notify the Class about the Settlements. Parks Settlement Decl. ¶¶ 10-25. A.B. Data has already created a website, www.periodtrackerdataprivacylitigation.com, to notify Class Members that the Court certified a nationwide Class and a California Subclass. A.B. Data has also established and maintains a dedicated toll-free telephone number and email address to answer Class Member questions and provide additional information. *Id.* ¶¶ 27-28. A.B. Data will update the website with information regarding the Google, Flo, and Flurry Settlements, including key filings and Court Orders, and create a claims portal to allow the submission of claims online. Claimants will also be able to mail Claim Forms to A.B. Data. A.B. Data estimates Notice and Settlement Administration Costs will be between $389,000 and $670,000, assuming a 6% claims rate. *Id.* ¶¶ 42, 50-51. This amount is reasonable given that it accounts for only approximately 1% of the total Settlement value. The Notice and Settlement Administration Costs are to be paid from the Settlement Funds. *See* Google Settlement Agreement § 2(C); Flo Settlement Agreement ¶ 3; Stipulation and Agreement of Settlement, dated as of March 18, 2025 ("Flurry Settlement Agreement") § 3(C).

## III.    THE PROPOSED SETTLEMENTS ARE FAIR, REASONABLE, AND ADEQUATE

Preliminary approval should be granted and notice of a settlement should be disseminated where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *see also Elder v. Hilton Worldwide Holdings, Inc.*, No. 16-cv-00278, 2020 WL 11762284, at *4 (N.D. Cal. Apr. 29, 2020) (same). The Court's role is to ensure that the settlement is fundamentally fair, reasonable, and adequate. *See Carlotti v. ASUS Computer Int'l*, No. 18-cv-03369, 2019 WL 6134910, at *3 (N.D. Cal. Nov. 19, 2019).

When making this determination, the Ninth Circuit has instructed district courts to balance several factors: (1) "the strength of the plaintiffs' case;" (2) "the risk, expense, complexity, and likely duration of

further litigation;" (3) "the risk of maintaining class action status throughout the trial;" (4) "the amount offered in settlement;" (5) "the extent of discovery completed and the stage of the proceedings;" and (6) "the experience and views of counsel."[8] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Carter v. XPO Logistics, Inc.*, No. 16-cv-01231, 2019 WL 5295125, at *2 (N.D. Cal. Oct. 18, 2019). In addition to these factors, courts also consider the four enumerated factors in Federal Rule of Civil Procedure Rule 23(e)(2), and any agreement required to be identified under Rule 23(e)(3). *See* Fed. R. Civ. P. 23(e)(2); *accord Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282, 2021 WL 916257, at *2-3 (E.D. Cal. Mar. 10, 2021). There is a significant overlap between the *Hanlon* factors and the Rule 23(e)(2) factors, and each support approval of the Google and Flo Settlements.

### A.    The *Hanlon* Factors Support Approval

#### 1.    Factors 1-3: the Strength of Plaintiffs' Case vs. Risks of Continuing Litigation

The first three *Hanlon* factors present a cost-benefit analysis of the strength of Plaintiffs' case against the risk of continued litigation. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 4 A Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 11:50 at 155 (4th ed. 2002)).

The balance in this case favors approval of the Settlements. The Settlements with Google ($48,000,000) and Flo ($8,000,000) provide a very favorable recovery for the Class, when balanced against the risks and costs associated with further litigating through trial and post-trial proceedings as to Google, and through the end of trial and post-trial proceedings as to Flo.[9] Both Google and Flo disputed Plaintiffs' allegations and mounted rigorous defenses—*i.e.*, Google by arguing that it did not record or

---

[8] In *Hanlon*, the Ninth Circuit also instructed district courts to consider "the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. This factor is more appropriately considered at final approval and will be addressed at that time. *See Pipich v. O'Reilly Auto Enterprises, LLC*, No. 3:21-CV-01120, 2024 WL 2885342, at *10 (S.D. Cal. June 7, 2024) (explaining a full assessment of the fairness factors is not necessary at the preliminary approval stage and is "reserved" for final approval).

[9] *See Larsen v. Trader Joe's Co.*, No. 11-CV-05188, 2014 WL 3404531, at *4 (N.D. Cal. July 11, 2014) ("[T]he risk in obtaining and maintaining class certification" throughout litigation supports approval of settlement); *Smith v. Kaiser Found. Hosps.*, No. 18-CV-00780, 2021 WL 2433955, at *7 (N.D. Cal. June 15, 2021) (finding that risk of "continued litigation" at later stages such as summary judgment weighs in favor of approval where some "factual disputes" remain).

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS - CASE NO. 3:21-cv-00757-JD

eavesdrop on conversations in violation of CIPA and Flo by arguing that it did not violate the CMIA or violate common law Invasion of Privacy – Intrusion Upon Seclusion and Invasion of Privacy under the California Constitution, Art. 1, § 1.

For instance, after Plaintiffs rested their case at trial, Flo moved for judgment as a matter of law on the claim with statutory damages, the CMIA claim. ECF No. 751 at 1094:15-1095:3. In response, the Court noted that Plaintiffs appeared to have "an insurmountable problem" in that the evidence at trial did not satisfy the statutory definitions of "patients," "provider of healthcare," or "medical information." *Id.* at 1104:3-7; *see* Cal Civ. Code §§ 56.05(j), (m), (p). If Flo's motion had been granted, the only claims remaining against Flo would have been contract/privacy claims, which had only nominal damages. The Class could have been left with provable damages as to Flo of only $13 million, with significant trial and appellate risk.

With respect to Google, it asserted that it did not use Flo App data for any purpose other than to provide services to the Flo App and did not use the data to personally identify any users, creating challenges to proving intent. Google had also supplemented its discovery responses just prior to trial at Plaintiffs' request and, from the data it had available, asserted that it had data associated with only roughly 1.3 million unique Flo App users nationwide. Since the Court certified only the California Subclass of Flo App users with respect to Plaintiffs' CIPA claim, had this evidence been presented to the jury and credited, the damages caused by Google's alleged conduct could have been drastically reduced from their theoretical maximum.

In the end, all of the ongoing risks counseled in favor of settling with Google and Flo, rather than proceeding with the trial.

### 2.    PG 1(c): The Amount Offered in Each Settlement

The determination of "the fairness, adequacy, and reasonableness of the amount offered in settlement is not a matter of applying a particular formula." *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 832 (N.D. Cal. 2017). In assessing the consideration available to class members in a proposed settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *DIRECTV, Inc.*, 221 F.R.D. at 527.

Here, the cash value of the proposed Google Settlement and Flo Settlement is $48,000,000 and $8,000,000, respectively. *See* Google Settlement Agreement §1(BB); Flo Settlement Agreement ¶1(CC). Given the risks mentioned above to obtaining recoveries from these Defendants, these amounts represent a favorable recovery for the Class, and substantially increase the funds available to Class Members from the $3,500,000 settlement with Flurry. Flo has also agreed to display on the landing page of its website a prominent notice about Flo's commitment to privacy, along with a prominent link to its Privacy Policy, in large font, for the duration of one year from the date the Final Approval Order and Final Judgment become Final. *See* Flo Settlement Agreement ¶ 6.

### 3.    The Extent of Discovery

Courts also evaluate whether class counsel had sufficient information to make an "informed decision" about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). After litigating this case for over four years through motions to dismiss, fact and expert discovery, class certification, summary judgment, and a two week-long trial, Plaintiffs and Class Counsel were fully informed about the strengths and weaknesses of the claims. Zinser Decl. ¶¶ 17-41; 61-65.

### 4.    Experience and Views of Counsel

The judgment of experienced counsel regarding the Google and Flo Settlements is entitled to great weight. *Miramontes v. U.S. Healthworks, Inc.*, No. CV15-05689, 2017 WL 11633665, at *7 (C.D. Cal. Sept. 5, 2017) ("Significant weight should be attributed to the belief of experienced counsel that the settlement is in the best interest of the Class"). "[T]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Google Location History Litig.*, No. 5:18-cv-05062, 2024 WL 1975462, at *8 (N.D. Cal. May 3, 2024). Class Counsel have extensive experience in prosecuting and litigating complex class action cases. Zinser Decl. ¶ 66; *see id.* Exs. 8-10. The fact that qualified and well-informed counsel, after four years of litigation through a week of trial, endorse the Google and Flo Settlements as being fair, reasonable, and adequate under the applicable factors weighs heavily in favor of this Court's approval of both Settlements.

### B.    Rule 23(e)(2) Factors Further Support Approval

#### 1.    The Class Has Been Adequately Represented

The Google and Flo Settlements are procedurally fair under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(2)(A), (B) (requiring the class has been adequately represented in connection with the settlement and that the settlement was negotiated at arm's length). The Court appointed Plaintiffs Chen, Frasco, Gamino, Meigs, and Wellman as Class Representatives when certifying the litigation, previously finding them to be adequate representatives. Their interests are aligned with other Class Members' interests because they allegedly suffered the same injuries when Flo  shared and Google allegedly recorded their data. *See* Zinser Decl. ¶ 31; *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 3:17-CV-2335, 2020 WL 520616, at *5 (S.D. Cal. Jan. 31, 2020) (adequacy under Rule 23(a)(4) also satisfies the adequacy factor under Rule 23(e)(2)(A)). Nothing has occurred to alter the propriety of the Court's determination. Indeed the Class Representatives have continued to vigorously and tenaciously, through highly personal and burdensome efforts, pursue the claims of the Class and have no conflicts or positions antagonistic to other Class Members.

Further, as the Court has already determined in its class certification order and seen during the course of this litigation, Class Counsel have vigorously and adequately represented the Class through this Action, consistent with their experience in similar cases. *See* Zinser Decl. Exs. 8-10; *see also Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1045 (N.D. Cal. 2020) ("a court may consider the proposed counsel's professional qualifications, skill, and experience, as well as such counsel's performance in the action itself"). This factor thus favors preliminary approval of the Google and Flo Settlements.

#### 2.    The Settlements Were Negotiated at Arm's Length

The proposed Google and Flo Settlements are the result of multiple rounds of extensive negotiations assisted by two separate mediators throughout the litigation: Magistrate Judge Thomas S. Hixson and, most recently, Ambassador Jeffrey Bleich. Zinser Decl. ¶¶ 43-45; 47-48. Plaintiffs and Google reached an agreement in principle to settle the Action just prior to trial on July 3, 2025 and executed the Google Settlement Agreement on August 8, 2025. Zinser Decl. ¶ 50. Plaintiffs and Flo reached an agreement in principle to settle the Action on July 30, 2025, almost at the close of the trial, and executed the Settlement Agreement on September 22, 2025. Zinser Decl. ¶ 53. The difficult negotiations

9

leading to the resolution of the claims against Google and Flo demonstrate that the Settlements as fair and reasonable, and without any doubt at arm's length. *See Perks v. Activehours, Inc.*, No. 5:19-CV-05543, 2021 WL 1146038, at *5 (N.D. Cal. Mar. 25, 2021) (approving settlement achieved following "arm's-length negotiations . . . supervised by [an experienced neutral]" and involving experienced class counsel that had performed sufficient investigation "to make an informed decision about the Settlement and about the legal and factual risks of the case"); *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (finding use of mediators "tends to support the conclusion that the settlement process was not collusive").

### 3.    The Settlements Provide Substantively Fair Relief to the Settlement Class

Whether relief is adequate takes into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C)(i-iv). These factors subsume several *Hanlon* factors addressed above. *See* Section III.A.

Regarding "the effectiveness of any proposed method of distributing relief to the class," "[a] claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Alvarez v. Sirius XM Radio Inc.*, No. CV 18-8605, 2020 WL 7314793, at *6 (C.D. Cal. July 15, 2020) (citing Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes). Under the terms of the proposed Settlements, Class Members who submit valid claims will be issued *pro rata* payments (primarily through digital payment platforms) from the Net Settlement Fund. Google Settlement Agreement § 9(I); Flo Settlement Agreement ¶ 48. The claims process requires minimal effort, *i.e.*, "logging on to the Settlement Website and submitting a [c]laim there, or a Settlement Class Member may print the Claim [F]orm from that website and mail a filled-in hard-copy to the Settlement Administrator if they prefer." *Alvarez*, 2020 WL 7314793, at *6; *see* Parks Settlement Decl. ¶ 32. "[T]his process is not unduly demanding, and [] the proposed method of distributing relief to the Class is effective." *Id.*; *see* Parks Settlement Decl., Ex. F (Claim Form).

With respect to attorneys' fee and expenses, Class Counsel will apply, on behalf of all Plaintiffs' Counsel, for a fee award of no more than 33.3% of the Google Settlement Fund, a fee award of no more

than 33.3% of the Flo Settlement Fund, and Litigation Expenses of no more than $3.6 million (inclusive of Service Awards for the Plaintiffs).[10] Zinser Decl. ¶ 69. There is no "clear sailing" agreement with Google or Flo. Class Counsel will provide detailed information to the Court in support of the Fee and Expense Application, to be filed with the Court 35 days before the Objection Deadline. This potential maximum fee would be fair and reasonable, under the circumstances of this case, based on Plaintiffs' Counsel spending over four years to litigate to trial this highly complex case on a contingency fee basis, with the threat of no recovery at all absent a successful resolution. It is also on par with attorney fee awards made in cases of similar size in this Circuit. *See. e.g.*, *Carlin v. Dairy America, Inc.*, 380 F. Supp.3d 998, 1006 (E.D. Cal 2019) (approving 33% of $40 million settlement fund in attorneys' fees); *In re Heritage Bond Litigation*, No. 02-ml-1475, 2005 WL 1594403, at *18 (C.D. Cal. June 10, 2005) (approving 33 1/3% of $27,783,000 common fund in attorneys' fees); *In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 379 (9th Cir. 1995) (finding that district court's award of 33% in attorneys' fees from $12 million settlement was not an abuse of discretion); *Wellens v. Sankyo*, No. C 13-00581, 2016 WL 8115715, at *3 (N.D. Cal. Feb. 11, 2016) (awarding 35% of $8,200,000 settlement fund in attorneys' fees); *Moore v. Pet Smart, Inc.*, Case No. 5:12-cv-03577, 2015 WL 5439000, at *4 (N.D. Cal. Aug. 4, 2015) (approving 33.33% of $10 million settlement amount in attorneys' fees).

Pursuant to Rule 23(e)(3), the only agreements made by the settling parties in connection with the Settlements are two memoranda of understandings, which have been subsumed by the two Settlement Agreements, and the confidential Exhibit A to the Google Settlement Agreement and confidential Exhibit B to the Flo Settlement Agreement concerning the circumstances under which Google and Flo could terminate the Settlement based upon the number of exclusion requests received. Both Exhibit A and Exhibit B were emailed to the Court *in camera*. It is standard to keep such agreements confidential so that a group of class members cannot intentionally try to leverage a better recovery for themselves by threatening to opt out *en masse*, at the expense of the class. However here, the opt-out deadline of July 20, 2025 has passed and only 57 requests were received. ECF No. 736-1. The settling parties are not requesting that the Court require a second opportunity for Class Members to seek exclusion from the Class given the

---

[10] Class Counsel reserve the right to propose a different fee request in connection with any subsequent settlements or judgments in the Action.

opportunity previously provided in connection with the very recent Class Notice. *See Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018) ("[There is] no authority of any kind suggesting that due process requires that members of a Rule 23(b)(3) class be given a second chance to opt out. We think it does not."); *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST, ECF No. 658 (N.D. Cal. Aug. 5, 2022); *Moorer v. StemGenex Med. Grp.*, No. 16-cv-02816, 2021 WL 4993054, at *6 (S.D. Cal. Oct. 26, 2021). Accordingly, Exhibits A and B to the Settlement Agreements are moot.

In sum, the value of the Google and Flo Settlements supports their approval.

### 4.     The Settlements Treat All Class Members Equitably

"The final Rule 23(e)(2) factor is whether 'the proposal treats class members equitably relative to each other.'" *Perks*, 2021 WL 1146038, at *6 (citing Fed. R. Civ. P. 23(e)(2)(D)). Here, any Class Member may submit a claim and be paid a *pro rata* portion of the Settlements. *See* Google Settlement Agreement § 9(I); Flo Settlement Agreement ¶ 48. As mentioned above, to account for the increased legal value of claims under California's data protection laws, which provide statutory damages, Authorized Claimants who provide reasonable information showing they were residents of California during the Class Period will receive twice the *pro rata* share of Authorized Claimants who are residents of other states. *See* Section II.C.1. Courts in this district have found that allocating settlement benefits *pro rata* among class members is equitable. *See In re Extreme Networks, Inc. Sec. Litig.*, No. 15-CV-04883, 2019 WL 3290770, at *8 (N.D. Cal. July 22, 2019) (finding *pro rata* distribution equitable); *State of California v. eBay, Inc.*, No. 5:12-CV-05874, 2014 WL 4273888, at *5 (N.D. Cal. Aug. 29, 2014) (explaining a proposed settlement is appropriate where it "does not improperly grant preferential treatment to class representatives or segments of the class").

To the extent feasible, unclaimed funds will be redistributed to Class Members who have submitted valid claims and negotiated their payments; if infeasible, Class Counsel, Google's counsel and Flo's counsel will jointly propose a *cy pres* recipient for Court approval that is aligned with the Class and promotes data privacy, among other things, which would indirectly benefit Class Members. *See* Google Settlement Agreement § 9(I)(vii)(viii); Flo Settlement Agreement ¶48(g)-(h); Zinser Decl. ¶ 60. This satisfies the requirements for a *cy pres* award in the Ninth Circuit. *See Lane v. Facebook, Inc.*, 696 F.3d

811, 819–22 (9th Cir. 2012). Thus, this factor weighs in favor of granting preliminary approval of the Settlements.

## IV.     THIS COURT HAS ALREADY CERTIFIED THE CLASS

Under Rule 23, a class action may be maintained if all of the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b). The Court has already certified the same exact class for trial. *See* ECF No. 605. Accordingly, Settlement notices may be issued, which will inform Class Members of the existence and terms of the proposed Settlements, of their right to be heard on their fairness, of their right to object, and of the date, time, and place of the Final Approval Hearing. *See* MANUAL for COMPLEX LITIG., § 21.633 (4th ed. 2004).

## V.     THE PROPOSED NOTICE PROGRAM SHOULD BE APPROVED

The settling parties' proposed Notice Plan comports with Rule 23 and should be approved.[11]

### A.     The Content of the Proposed Notices Complies with Rule 23(c)(2) and the Northern District's Procedural Guidelines 3

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), the notice program must provide "the best notice that is practicable under the circumstances." *Evans v. Linden Rsch., Inc.*, No. C-11-01078, 2013 WL 5781284, at *5 (N.D. Cal. Oct. 25, 2013). Under the proposed Settlement Notice Plan, consistent with Class Notice, the Settlement Administrator will directly email those Class Members identified to date, using contact information previously provided by Flo and gathered in connection with the June 2025 class notice program, notice of the Google, Flo, and Flurry Settlements. *See* Parks Settlement Decl. ¶¶ 11-12, Ex. C. The proposed email includes text describing the key terms of the three Settlements, deadlines, and provides a link to the website, which will host additional documents and information, such as the Long Form Notice, Settlement Agreements, claim portal, and any updates relating to the Final Approval Hearing or deadlines in the case. *See* Zinser Decl. Exs. 1-6; Parks Settlement Decl. Ex. C.

Similar information will be published in *The New York Times* using the short form notice. *See* Zinser Decl. Ex. 5; Parks Settlement Decl. ¶ 24, Ex. E.

---

[11] As explained in the Parks Settlement Declaration, on September 24, 2025, A.B. Data sent notices of the Google Settlement and Flo Settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. *See* Parks Settlement Decl. ¶ 8. Flurry has already issued its CAFA notice. *See* ECF No. 593 (notice of CAFA mailing).

13

The Long Form Notice describes: (i) the general terms of the three Settlements, (ii) the proposed relief to Class Members, (iii) the general terms of the Fee and Expense Application, (iv) Class Members' rights to object and/or to appear at the Final Approval Hearing, and (v) the process for submitting a Claim to obtain the proposed relief. *See* Zinser Decl. Ex. 4; Parks Settlement Decl. Ex. D. The Claim Form is simple, requiring only information necessary to identify a claimant as a Class Member and California Subclass member, and to facilitate a payment from the Settlements to Authorized Claimants. *See* Zinser Decl. Ex. 3; Parks Settlement Decl. Ex. F.

Several courts have approved similar email notice plans, recognizing that email is a reliable means of notification for class members. *See Opperman v. Kong Techs., Inc.*, No. 13-CV-00453, 2017 WL 11676126, at *5 (N.D. Cal. July 6, 2017) (approving the notice plan which will provide "email notice to every user who downloaded and registered for the app during the relevant time period"); *Shahar v. Hotwire, Inc.*, No. 12-CV-06027, 2014 WL 12647737, at *2 (N.D. Cal. July 25, 2014) (recognizing the "direct e-mail notice" plan was "the best notice practicable under the circumstances"); *Stewart v. Apple Inc.*, No. 19-CV-04700, 2022 WL 3013122, at *5 (N.D. Cal. Feb. 17, 2022) (same).

## B. Distribution of the Notices Will Comply with Rule 23(c)(2)

In connection with Class Notice, A.B. Data provided direct email notice to Class Members using contact information provided by Flo. *See* Parks Settlement Decl. ¶ 11; ECF No. 694-1. Digital advertising, banner advertisements, and push notifications within the Flo App were also issued. *Id.* The website was made operational as of June 17, 2025 and will continue to be maintained until one hundred eighty (180) calendar days after the Effective Dates of the Settlements or when the Net Settlement Fund has been fully distributed, whichever is later. *Id.* Google Settlement Agreement § 6(E); Flo Settlement Agreement ¶ 24. The same methods of notice will be used in connection with the Google, Flo, and Flurry Settlements, including push notification via the Flo App; print publication of the Short Form Notice in *The New York Times*; and digital and social media banner ads. *See* Parks Settlement Decl. ¶ 11-24.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and preliminarily approve the Settlements with Google and Flo, approve the proposed forms and methods of notice to the Class, approve A.B. Data's selection as Settlement Administrator, order implementation

of the Settlement Notice Plan; and schedule a hearing for final approval of the Google, Flo, and Flurry Settlements.

Dated: September 29, 2025                    Respectfully submitted,

                                             /s/ Diana J. Zinser
                                             Diana J. Zinser (*pro hac vice*)
                                             Jeffrey L. Kodroff (*pro hac vice*)
                                             **SPECTOR ROSEMAN & KODROFF, P.C.**
                                             2001 Market Street, Suite 3420
                                             Philadelphia, PA 19103
                                             Tel: (215) 496-0300
                                             Fax: (215) 496-6611
                                             dzinser@srkattorneys.com
                                             jkodroff@srkattorneys.com

                                             *Co-Lead Class Counsel*

                                             Christian Levis (*pro hac vice*)
                                             Amanda Fiorilla (*pro hac vice*)
                                             Margaret MacLean (*pro hac vice*)
                                             **LOWEY DANNENBERG, P.C.**
                                             44 South Broadway, Suite 1100
                                             White Plains, NY 10601
                                             Tele: (914) 997-0500
                                             Fax: (914) 997-0035
                                             clevis@lowey.com
                                             afiorilla@lowey.com
                                             mmaclean@lowey.com

                                             *Co-Lead Class Counsel*

                                             Carol C. Villegas (*pro hac vice*)
                                             Michael P. Canty (*pro hac vice*)
                                             Danielle Izzo (*pro hac vice*)
                                             **LABATON KELLER SUCHAROW LLP**
                                             140 Broadway
                                             New York, NY 10005
                                             Tel: (212) 907-0700
                                             Fax: (212) 818-0477
                                             cvillegas@labaton.com
                                             mcanty@labaton.com
                                             dizzo@labaton.com

                                             *Co-Lead Class Counsel*

                                             James M. Wagstaffe (SBN 95535)
                                             **ADAMSKI MOROSKI MADDEN
                                             CUMBERLAND & GREEN LLP**
                                             P.O. Box 3835
                                             San Luis Obispo, CA 93403-3835
                                             Tel: (805) 543-0990

15

Fax: (805) 543-0980
wagstaffe@wvbrlaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (772) 783-8436
kent.williams@sirillp.com


William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, Ohio 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS - CASE NO. 3:21-cv-00757-JD