# Exhibit 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-00757-JD<br><br>STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.<br><br>Judge: Hon. James Donato |

# TABLE OF CONTENTS

**Page**

RECITALS ........................................................................................................................... 1

I.      DEFINITIONS ....................................................................................................... 5

II.     SETTLEMENT FUND AND NON-MONETARY RELIEF ........................................... 14

III.    ADMINISTRATION/MAINTENANCE OF THE SETTLEMENT FUND ................... 15

IV.     RELEASES AND COVENANTS NOT TO SUE ....................................................... 17

V.      MOTION FOR PRELIMINARY APPROVAL ......................................................... 19

VI.     NOTICE PLAN ...................................................................................................... 20

VII.    SETTLEMENT ADMINISTRATION ........................................................................ 22

VIII.   REQUESTS FOR EXCLUSION (OPT-OUTS) ......................................................... 22

IX.     SETTLEMENT AND CLAIMS ADMINISTRATION ............................................... 24

X.      OBJECTION PROCEDURES ................................................................................ 29

XI.     PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION
        EXPENSES, AND SERVICE AWARDS .................................................................. 30

XII.    MOTION FOR FINAL APPROVAL AND ENTRY OF FINAL JUDGMENT ............. 32

XIII.   BEST EFFORTS TO EFFECTUATE THIS SETTLEMENT ....................................... 34

XIV.    TERMINATION ..................................................................................................... 34

XV.     EFFECT OF TERMINATION ................................................................................ 35

XVI.    CONFIDENTIALITY ............................................................................................. 36

XVII.   SUCCESSORS AND ASSIGNS ............................................................................. 37

XVIII.  NO ADMISSIONS ................................................................................................ 37

XIX.    REPRESENTATIONS ............................................................................................ 37

XX.     HEADINGS .......................................................................................................... 39

XXI.    JOINT DRAFTING ............................................................................................... 40

XXII.   CHOICE OF LAW ................................................................................................ 40

i

XXIII.     COSTS AND FEES ...................................................................................................... 40

XXIV.     EXECUTION IN COUNTERPARTS AND EXECUTION DATE ............................... 40

XXV.     SUBMISSION TO AND RETENTION OF JURISDICTION ...................................... 40

XXVI.     NOTICES ..................................................................................................................... 41

XXVII.     AUTHORITY .............................................................................................................. 42

XXVIII.     FINAL AND COMPLETE RESOLUTION ................................................................ 42

XXIX.     RECITALS ................................................................................................................... 42

XXX.     DAYS .......................................................................................................................... 43

XXXI.     CHANGE OF TIME PERIODS .................................................................................. 43

XXXII.     INADMISSIBILITY ................................................................................................... 43

XXXIII.     GOOD FAITH ............................................................................................................. 44

XXXIV.     BENEFICIAL AND FAIR ......................................................................................... 44

XXXV.     WAIVER ..................................................................................................................... 44

XXXVI.     SEVERABILITY ........................................................................................................ 44

XXXVII.     SINGULAR AND PLURAL ...................................................................................... 44

XXXVIII. CONSULTATION WITH COUNSEL ........................................................................ 45

XXXIX.     CLASS MEMBER COMMUNICATIONS ................................................................. 45

ii

This STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC. ("Settlement Agreement") is entered into as of September 16, 2025, on behalf of Plaintiffs Sarah Wellman, Erica Frasco, Autumn Meigs, Leah Ridgway, Madeline Kiss, Justine Pietrzyk, Jennifer Chen, and Tesha Gamino (collectively, "Plaintiffs"), individually and on behalf of the "Class" (defined below), by and through their undersigned counsel ("Class Counsel"), and on behalf of Defendant Flo Health, Inc. ("Flo"), by and through Flo's undersigned counsel ("Flo's Counsel") (collectively, the "Parties"). The Parties enter into this Settlement Agreement to effect a full and final settlement and dismissal of all claims against Flo, including but not limited to in the actions captioned *Chen v. Flo Health, Inc.*, No. 3:21-cv-01485-JD (N.D. Cal.); *Frasco v. Flo Health, Inc.*, No. 3:21-cv-00757-JD (N.D. Cal.); *Gamino v. Flo Health, Inc.*, No. 3:21-cv-02551-JD (N.D. Cal.); *Kiss v. Flo Health, Inc.*, No. 3:21-cv-04333-JD (N.D. Cal.); *Pietrzyk v. Flo Health, Inc.*, No. 3:21-cv-01141-JD (N.D. Cal.); *Ridgway et al.  v. Flo Health, Inc.*, No. 3:21-cv-03031-JD (N.D. Cal.); and *Wellman v. Flo Health, Inc.*, No. 3:21-cv-01099-JD (N.D. Cal.), which have been consolidated into a certified class action under the caption *Frasco et al. v. Flo Health, Inc. et al.*, 3:21-cv-00757-JD (N.D. Cal.) (collectively, the "Action," defined further below). Capitalized terms shall have the meanings ascribed to them in Section I or as otherwise specified herein.

This Settlement Agreement is conditioned upon and subject to approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure. The Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, the Action as to Flo and all Released Claims (as defined below) shall be finally and fully settled, compromised, and released, on the following terms and conditions:

## RECITALS

**WHEREAS**, on January 29, 2021, Plaintiff Erica Frasco filed a complaint in the United States District Court for the Northern District of California, which was later consolidated with *Madeline Kiss v. Flo Health, Inc., et. al* (Case No. 4:21-cv-04333-DMR) and other pending related actions into a consolidated class action, styled, *Erica Frasco, et al. v. Flo Health, Inc., et al.* (Case No. 3:21-cv-00757-JD) (the "Action");

**WHEREAS**, Plaintiffs filed a Consolidated Class Action Complaint ("Complaint") on September 2, 2021, alleging, among other things, claims against Flo for: (a) Common Law Invasion of Privacy – Intrusion Upon Seclusion; (b) Invasion of Privacy and Violation of the California Constitution, Art. 1, § 1; (c) Breach of Contract; (d) Breach of Implied Contract; (e) unjust enrichment; (f) violation of the Stored Communications Act ("SCA") 18 U.S.C. §§ 2702, et seq.; (g) violation of California Confidentiality of Medical Information Act ("CMIA") Civil Code Section 56 et seq.; (h) violations of Cal. Bus. & Prof. Code §§ 17200 et. seq.; and (i) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Pen. Code § 502 (Dkt. No. 64). The Complaint also asserted claims against Flurry LLC ("Flurry"), Google LLC ("Google"), and Facebook, Inc. (now known as Meta Platforms, Inc.) ("Meta");

**WHEREAS**, on October 12, 2021, the Court entered an Order appointing Carol C. Villegas of Labaton Sucharow LLP, Diana J. Zinser of Spector Roseman & Kodroff, P.C., and Christian Levis of Lowey Dannenberg, P.C. to serve as interim co-lead class counsel (Dkt. No. 80);

**WHEREAS**, on June 6, 2022, the Court entered an Order on Flo's Motion to Dismiss, wherein, as to Flo, the Court dismissed the SCA claim and denied the Motion to Dismiss for all other claims (Dkt. No. 158);

**WHEREAS**, on August 8, 2022, Flo filed its Answer to the Consolidated Complaint (Dkt. No. 175);

**WHEREAS**, the parties to the Action have collectively engaged in approximately three years of fact and expert discovery including: serving discovery requests and multiple rounds of written responses; meeting and conferring; production and review of hundreds of thousands of pages of documents; preparation and disclosure of multiple expert reports; two rounds of expert discovery; taking and defending the depositions of multiple witnesses—including several experts more than once; third-party discovery; and engaging in discovery motion practice;

**WHEREAS**, in Plaintiffs' August 29, 2024 Motion for Class Certification, Plaintiffs disclaimed all claims for actual or compensatory damages and sought only statutory, punitive, nominal, and disgorgement damages (Dkt. No. 477);

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

**WHEREAS**, on September 19, 2024, the Court referred the case to private mediation with Ambassador Jeffrey Bleich (Ret.) (Dkt. No. 484);

**WHEREAS**, in March 2025, Plaintiffs and Defendant Flurry entered into a partial settlement agreement. On March 21, 2025, Plaintiffs filed an unopposed motion for preliminary approval of the Flurry settlement. Dkt. No. 589. On May 15, 2025, the Court preliminarily approved in principle the class-wide settlement between Plaintiffs and Flurry, pending further proceedings with respect to formal approval (Dkt. No. 597);

**WHEREAS**, on May 19, 2025, the Court certified the following nationwide class for Plaintiffs' breach of contract and intrusion upon seclusion claims and claims brought under the California Confidentiality of Medical Information Act (CMIA) against Defendant Flo: All Flo App users in the United States who entered menstruation and/or pregnancy information into the Flo Health App between November 1, 2016 and February 28, 2019, inclusive. Dkt. No. 605. The Court appointed the following plaintiffs as named representatives for the nationwide class: Erica Frasco, Sarah Wellman, Jennifer Chen, Tesha Gamino, and Autumn Meigs (*id.*);

**WHEREAS**, the Court also certified a California subclass for Plaintiffs' invasion of privacy claims against Flo and claims brought under Section 632 of the California Invasion of Privacy Act (CIPA) against Defendants Meta and Google: All Flo App users in California who entered menstruation and/or pregnancy information into the Flo Health App while residing in California between November 1, 2016, and February 28, 2019, inclusive. Dkt. No. 605. The Court appointed the following plaintiffs as named representatives for the California subclass: Sarah Wellman, Jennifer Chen, and Tesha Gamino;

**WHEREAS**, the Court appointed Carol C. Villegas of Labaton Keller Sucharow LLP, Diana J. Zinser of Spector Roseman & Kodroff, P.C., and Christian Levis of Lowey Dannenberg, P.C., as class counsel for both the nationwide class and the California subclass (*id.*);

**WHEREAS**, on May 22, 2025, the Court entered an Order on Flo's Motion for Summary Judgment granting summary judgment on the implied contract, UCL and unjust enrichment claims, as well as all claims asserted by plaintiff Pietrzyk as to Flo, but otherwise denying the Motion (Dkt. No. 608);

3

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

**WHEREAS**, the Court subsequently ordered that the parties provide notice of the class certification Order by June 23, 2025 ("Class Notice") and of Class Members' right to request exclusion from the Class. Dkt. No. 619.  Beginning on June 17, 2025, the Class Notice was publicly posted, emailed to potential Class Members, and a website was created for the Action. The deadline for mailing any requests for exclusion from the Class was July 20, 2025;

**WHEREAS**, on June 11, 2025, Plaintiffs withdrew their request for disgorgement damages;

**WHEREAS**, on June 12, 2025, the Parties filed trial briefs, motions *in limine*, and other pretrial submissions (Dkt. Nos. 637-653);

**WHEREAS**, on June 26, 2025, the Court conducted a pretrial conference and issued a Pretrial Order the following day (Dkt. No. 692);

**WHEREAS**, at the June 26, 2025 pretrial conference Plaintiffs withdrew their request for punitive damages, leaving only claims for nominal and CMIA statutory damages against Flo;

**WHEREAS**, on July 7, 2025, Google and Plaintiffs notified the Court that they had entered into a settlement agreement and, on July 9, 2025, the Court stayed the Action with respect to Google (Dkt. Nos. 696 & 701);

**WHEREAS**, beginning on July 21, 2025, a jury trial ("Jury Trial") of the remaining claims against Meta and Flo began;

**WHEREAS**, Plaintiffs and Flo, among others, participated in mediations on August 23, 2022 and April 30, 2024 before Magistrate Judge Thomas S. Hixson; on November 7, 2024 and January 24, 2025 before Ambassador Jeffrey Bleich (Ret.), and participated in subsequent additional settlement discussions with and through Ambassador Bleich;

**WHEREAS**, on July 30, 2025, the Parties executed a Binding Memorandum of Understanding ("MOU") agreeing, subject to the Court's approval, to settle the disputes between them;

**WHEREAS**, before entering into this Settlement agreement, Plaintiffs, through Class Counsel, conducted an investigation of the facts and the law regarding the Action, considered the Settlement set forth herein to be fair, reasonable, adequate, and in the best interests of Plaintiffs and the Class, and determined that it is in the best interests of the Class to enter into this Settlement

4

Agreement in order to avoid the uncertainties of complex litigation and to assure a benefit to the Class;

**WHEREAS**, Flo denies each and all of the claims and allegations of wrongdoing in Plaintiffs' pleadings and maintains that it has good and meritorious defenses to the claims of liability and damages made by Plaintiffs; maintains it has acted lawfully at all times and that its privacy practices were transparently disclosed and affirmatively consented to by users through the Flo App's Privacy Policies and Terms of Service; denies that the Plaintiffs' allegations state valid claims, and vigorously disputes that Plaintiffs and the Class are entitled to any relief whatsoever, but Flo nevertheless agrees to resolve the Action on the terms set forth in this Settlement Agreement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation;

**WHEREAS**, the Parties intend for this Settlement Agreement fully and finally to compromise, resolve, discharge, and settle the Released Claims, as defined and on the terms set forth below, and to the full extent reflected herein, subject to approval of the Court;

**WHEREAS**, the Parties have agreed to stay all other non-settlement related proceedings in the Action as to Flo and vacate all deadlines as to Flo (Dkt. No. 740);

**WHEREAS**, the Court stayed the case with respect to Flo and relieved Flo of all remaining deadlines;

**NOW, THEREFORE,** the Plaintiffs (individually and on behalf of the Class) and Flo have AGREED that, subject to the approval of the Court, this Action as to Flo shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set in this Settlement Agreement.

## I.    DEFINITIONS

The words and terms used in this Settlement Agreement, which are expressly defined below, shall have the meanings specified below:

(a)    "**Action**" means the consolidated class action styled, *Erica Frasco, et al. v. Flo Health, Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal.).

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

(b)    **"Agreement"** or **"Settlement Agreement"** means this Stipulation and Agreement of Settlement as to Flo Health, Inc., together with any appendices and exhibits attached hereto, which are incorporated herein by reference.

(c)    **"Approved Claim"** means a Claim Form submitted by a Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, or is otherwise accepted by the Court and satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement, and has been approved for payment by the Settlement Administrator.

(d)    **"Arbitrator"** means Ambassador Jeff Bleich and, if Ambassador Jeff Bleich is unavailable, a mutually agreeable substitute arbitrator that the Parties cooperatively select in good faith .

(e)    **"Attorneys' Fees and Expenses Award"** means the amount awarded by the Court to be paid to Plaintiffs' Counsel from the Settlement Fund to compensate Class Counsel and other counsel that represented Plaintiffs for payment of reasonable attorneys' fees and Litigation Expenses in connection with the Action and the Settlement.

(f)    **"Authorized Claimant"** means any Class Member who, in accordance with the terms of this Settlement Agreement and orders of the Court, submits a timely and valid Proof of Claim and Release form and is entitled to monetary relief from the Settlement Fund pursuant to this Settlement Agreement or order of the Court.

(g)    **"Business Day"** means Monday through Friday, inclusive, of each week unless such day is a holiday in the United States pursuant to Fed. R. Civ. P. 6.

(h)    **"Claim(s)"** shall mean a Class Member's claim or request for settlement benefits, as evidenced by a submitted Claim Form.

(i)    **"Claims Filing Deadline"** means the date set by the Court by which all Claim Forms must be postmarked (if mailed) or submitted electronically to be considered timely.

(j)    **"Class"** means all Flo App users in the United States who entered menstruation and/or pregnancy information into the Flo Health mobile application between November 1, 2016 and February 28, 2019, inclusive (Dkt. No. 605). For the avoidance of doubt, this definition includes all

6

persons who opened the Flo App and selected a goal and/or entered dates pertaining to their pregnancy, fertility, or menstrual cycles during the Class Period. Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly executed and filed a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; (6) the legal representatives, successors, and assigns of any excluded persons.

(k)    "**Class Counsel**" means Carol C. Villegas of Labaton Keller Sucharow LLP, Christian Levis of Lowey Dannenberg, P.C., and Diana J. Zinser of Spector Roseman & Kodroff P.C.

(l)    "**Class Member(s)**" means a person or persons who are members of the Class and are not excluded by the definition of the Class.

(m)    "**Class Period**" means November 1, 2016 through February 28, 2019, inclusive.

(n)    "**Court**" means the U.S. District Court for the Northern District of California.

(o)    "**Defendant**" or "**Flo**" means Flo Health, Inc.

(p)    "**Defendants**" means Flurry LLC, Meta Platforms, Inc. (f/k/a Facebook, Inc.) ("Meta"), Google LLC ("Google"), and Flo.

(q)    "**Distribution Plan**" means the plan of allocation of the Net Settlement Fund described in Section IX, or such other plan approved by the Court, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.

(r)    "**Effective Date**" means seven (7) calendar days after both the Final Approval Order and Final Judgment become Final, provided the Flo Settlement Amount has been paid in accordance with the provisions of Section II, the non-monetary relief has been implemented, and this Agreement has not been terminated in accordance with the provisions of Section XIV.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

(s)    **"Escrow Account"** means an account at Citibank, N.A. (Private Bank), which may be interest-bearing, or such other national banking institution that is mutually agreeable to Flo's Counsel and Class Counsel and administered by the Settlement Administrator.

(t)    **"Execution Date"** means the date on which the last of the below-listed signatories to this Agreement executes this Agreement.

(u)    **"Fee and Expense Application"** is defined in Section XI.

(v)    **"Final"** means, with respect to any judicial ruling or order, that such ruling or order represents a final and binding determination of all issues within its scope: (i) if no appeal, motion for reconsideration, re-argument and/or rehearing, or petition for writ of certiorari has been filed, and the prescribed time to file such an appeal, motion, and/or petition has expired; or (ii) if an appeal, motion for reconsideration, re-argument and/or rehearing, or petition for writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.

(w)    **"Final Approval Hearing"** means a hearing scheduled by the Court following the issuance of the Preliminary Approval Order and Settlement Notice for purposes of: (a) entering a Final Approval Order and Final Judgment and dismissing the Action as to Flo with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an application for Service Awards; (d) ruling upon an application by Class Counsel for an Attorneys' Fees and Expenses Award; and (e) entering any final order providing for an Attorneys' Fees and Expenses Award and Service Awards.

(x)    **"Final Approval Order"** means an order of the Court granting final approval of the terms of this Settlement Agreement.

(y)    **"Final Judgment"** means the order of judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action as to Flo with prejudice.

(z)    **"Flo App"** refers to the mobile application known as "Flo," "Flo Cycle & Period Tracker," and similar names developed by Flo and/or other Released Flo Parties and all versions of the same, including prior versions and versions designed for different operating systems.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

(aa)    **"Flo's Counsel"** or **"Defendant's Counsel"** means the law firm of Dechert LLP.

(bb)    **"Flo-Related Parties"** means all persons or entities involved in the creation, publication, development, operation, or distribution of the Flo App, including Flo and its predecessors, successors, and present, future and former affiliates, present affiliates, parents, subsidiaries, divisions, branches, units, insurers, reinsurers, officers, directors, board members, principals, attorneys, agents, members, shareholders, beneficiaries, trustees, employee benefit plans, representatives, servants, attorneys, employees, and assigns, including, without limitation, any investors, trusts, or other similar or affiliated entities and all persons acting by, through, under, or in concert with any of them. For the avoidance of doubt, this definition does not include Flurry, Google, or Meta.

(cc)    **"Flo Settlement Amount"** means Eight Million U.S. Dollars ($8,000,000 USD) and is the total amount that Defendant will be obligated to pay to the Class in consideration of settlement of all Plaintiffs' and Class Members' Released claims, provided that the relevant terms and conditions of this Agreement are met.

(dd)    **"Litigation Expenses"** means costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, mediating, and settling the Action, and obtaining Final Judgment.

(ee)    **"Net Settlement Fund"** means the amount of funds that remain in the Settlement Fund, including any interest accrued in the Escrow Account for the Settlement Fund, after payment of: (i) Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement; (ii) Taxes and Tax Expenses; (iii) any Escrow Account costs to hold and invest the Settlement Fund; (iv) any Attorneys' Fees and Expenses Award approved by the Court; (v) Service Awards; and (vi) any other costs or awards approved by the Court.

(ff)    **"Notice and Settlement Administration Costs"** means all fees, costs, and expenses related to the issuance of Settlement Notice to the Class and the administration of the settlement process by the Settlement Administrator, including but not limited to the preparation and

9

distribution of the Court-approved notices, processing of Claim Forms, and issuance of payments to Authorized Claimants.

(gg) "**Notice Date**" means the date by which implementation of the Notice Plan is to commence, which shall be defined in the Preliminary Approval Order or such other order authorizing the implementation of the Notice Plan.

(hh) "**Notice Plan**" means the plan and methods for distributing Settlement Notice of the terms of this Agreement and the Final Approval Hearing to the Class Members, as developed by the Settlement Administrator in collaboration with the Parties and as set forth in Section VI.

(ii) "**Objection Deadline**" means the date set by the Court in the Preliminary Approval Order and Settlement Notice by which Class Members must submit written objections, if any, to the Settlement and/or the Fee and Expense Application, pursuant to the requirements described herein, in the Settlement Notice, and in the Preliminary Approval Order.

(jj) "**Parties**" means Flo and Plaintiffs, on behalf of themselves and the Class, collectively, and "**Party**" applies to each individually. For the avoidance of doubt, Flurry, Google, and Meta are not Parties to this Settlement Agreement.

(kk) "**Person**" means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, any business or legal entity, or any other entity or organization.

(ll) "**Plaintiffs**" means the named Plaintiffs in the Action— Jennifer Chen, Erica Frasco, Tesha Gamino, Madeline Kiss, Autumn Meigs, Justine Pietrzyk, Leah Ridgway, and Sarah Wellman. This Settlement Agreement is entered into with each and every Plaintiff, individually and on behalf of the Class.

(mm) "**Plaintiffs' Counsel**" means Class Counsel, together with the Law Office of Ronald A. Marron, Siri & Glimstad LLP, Harris Legal Advisors LLC, and Adamski Moroski Madden Cumberland & Green LLP.

(nn) "**Preliminary Approval Order**" means an order of the Court issued in response to the Motion for Preliminary Approval described in Section V.

10

(oo)    "**Proof of Claim and Release**" or "**Claim Form**" means the form to be provided to potential Class Members, upon further order(s) of the Court, substantially in the form annexed hereto as Exhibit A-1, by which Class Members may make a claim to the Net Settlement Fund.

(pp)    "**Released Flo Parties**" means Flo Health, Inc. and the Flo-Related Parties.

(qq)    "**Released Parties**" means the Released Flo Parties and the Released Plaintiff Parties.

(rr)    "**Released Plaintiff Parties**" means named plaintiffs in the Action and their respective attorneys (including Plaintiffs' Counsel), heirs, executors, administrators, beneficiaries, trustees, predecessors, successors in interest, transferees and assignees, in their capacities as such.

(ss)    "**Released Plaintiffs' Claims**" means any and all actions, claims, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, complaints, charges, commissions, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, liabilities, obligations, complaints, rights, and demands of every nature and description whatsoever, pursuant to any theory of recovery (including, but not limited to, those based on contract or tort, federal, state, local, statutory, or common law or equity or any other law, statute, ordinance, rule, or regulation), whether known or unknown, suspected or unsuspected, against Flo or any Released Flo Party, under federal law or the law of any state (from any of the 50 states, District of Columbia, and United States territories), including without limitation claims that were or could have been asserted by a parent or guardian on behalf of a minor child or ward, existing, arising, or accruing at any point from the beginning of time through and including the Execution Date, by any or all of the Releasing Plaintiff Parties against any or all of the Released Flo Parties that are based on, arise out of one or more of the same factual predicates and theories of liability or are related to the allegations made in the Action or in any complaint that was filed in this Action including the complaints filed before the case was consolidated, and including claims abandoned, waived, dismissed, or not certified for class treatment by the Court, or that could have been made in the Action, relating to the allegations in the Action that could have been brought as of the time Plaintiffs' filed their original consolidated complaint through the Execution Date. For the avoidance of doubt, this

11

includes any claims relating to: the collection, use, storage, transmission, disclosure, or sharing of any data from or belonging to users of the Flo App and any versions of the Flo App, including online website versions or other media.

(tt)     "**Released Claims**" means the Released Plaintiffs' Claims and the claims released by Flo in Section IV, below.

(uu)     "**Releasing Plaintiff Parties**" means Plaintiffs and all Class Members, as well as any and all of their respective present, past, or future heirs, executors, estates, grantees, creditors, administrators, trustees, principals, beneficiaries, parents, guardians, executors, predecessors, successors, assigns, consultants, independent contractors, insurers, accountants, financial and other advisors, investment bankers, underwriters, lenders, partners, attorneys, representatives, agents, and trusts, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, each in their respective capacity as such.

(vv)     "**Releasing Parties**" means the Releasing Plaintiff Parties and Flo.

(ww)     "**Request for Exclusion**" means a potential Class Member's written and signed request to be excluded from, *i.e.*, opt out of, the Class in connection with the Class Notice.

(xx)     "**Service Award**" means any incentive/service award by the Court to named Plaintiffs, as further described in Section XI.

(yy)     "**Settlement**" or "**Settlement Agreement**" means this Stipulation and Agreement of Settlement as to Flo and the settlement embodied in it, including all attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), subject to approval of the Court pursuant to Fed. R. Civ. P. 23(e).

(zz)     "**Settlement Administrator**" means A.B. Data, Ltd., which is the firm previously approved by the Court to provide notice to the Class.

(aaa)     "**Settlement Fund**" means the non-reversionary sum of the Flo Settlement Amount, to be paid by Flo as specified in this Agreement, plus any interest accrued, which shall be used as the only source of payment for all costs of the Settlement, including Taxes and Tax Expenses, and the claims of Authorized Claimants. Flo's funding obligation to the Class under this Settlement

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

Agreement, excluding the costs of implementing the non-monetary relief set forth in Section II, shall under no circumstances exceed the Flo Settlement Amount.

(bbb)   "**Settlement Notice**" means the forms of notice of the proposed Settlement to be distributed to the Class, as provided in this Settlement Agreement, the Preliminary Approval Order, and any other order of the Court, substantially in the forms annexed hereto as Exhibits A - 2 to 4.

(ccc)   "**Taxes**" means (a) all federal, state, or local taxes of any kind, including any estimated taxes, interest or penalties, arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Flo Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this Settlement Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses").

(ddd)   "**Termination Notice**" means written notice of a Party's election to terminate this Agreement, provided to all other Parties, as described in Section XIV.

(eee)   "**Unknown Claims**" means any and all claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might have affected his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not object to the Settlement, or seek exclusion from the Class. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code. Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true

with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

## II.    SETTLEMENT FUND AND NON-MONETARY RELIEF

1.     Flo agrees to pay and tender the Flo Settlement Amount into the Escrow Account as consideration for the releases and covenants set forth herein by ten (10) Business Days prior to the Final Approval Hearing, but in no event shall payment be made before Class Counsel provides a completed W-9 tax form and appropriate wiring instructions for the Escrow Account to Flo's Counsel. All interest earned by any portion of the Flo Settlement Amount paid into the Escrow Account shall be added to and become part of the Settlement Fund. The Parties expressly acknowledge and agree that the Flo Settlement Amount: (i) is the result of good-faith negotiations conducted by and between the Parties; (ii) represents the sole consideration for the release of the Released Claims; and (iii) constitutes fair and reasonable consideration for the release of any and all released claims.

2.     This is not a claims-made settlement. As of the Effective Date, Flo and/or any other Person funding the Flo Settlement Amount on Flo's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

3.     The Settlement Fund shall be used to pay for: (i) Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement and/or approved by the Court, (ii) any Taxes and Tax Expenses, (iii) any banking costs incurred to hold and invest the Settlement Fund, (iv) any Attorneys' Fees and Expenses Award as approved by the Court, (v) Service Awards to Plaintiffs, (vi) any other fees, costs, or awards approved by the Court, and (vii) payments to Authorized Claimants. The Settlement Administrator will maintain control over the Settlement Fund, under the direction of Class Counsel, and shall be responsible for all disbursements.

4.     Flo's deposit of the Flo Settlement Amount into the Settlement Fund represents the total extent of Flo's monetary obligations to the Class under this Agreement, except as specified herein. The Flo Settlement Amount is an "all in" payment to Plaintiffs and the Class that includes all attorneys' fees and expenses, any Service Awards, costs of the Notice Plan, the Settlement Administrator's fees and costs and any other class administration costs or expenses, any Taxes or

other Tax Expenses, and any other fees or costs associated with settlement of the Action, except that Flo shall be responsible for the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), as set forth in Section VI, and for the costs of implementing the non-monetary relief, as set forth in this Section II. In no event shall Defendant's monetary obligations to the Class with respect to this Agreement exceed the Flo Settlement Amount, except for the costs, if any, of the CAFA notice and the implementation of the injunctive relief as set forth in Section II.

5.      No amounts may be withdrawn from the Settlement Fund unless: (i) authorized by this Settlement Agreement, or (ii) as may be approved by the Court. Class Counsel may authorize the periodic payment of Taxes and Tax Expenses, banking costs, and Notice and Settlement Administration Costs from the Settlement Fund as such expenses are incurred without further order of the Court or approval of Flo. The Settlement Administrator shall provide Class Counsel with notice of any withdrawal or payment to be made from the Settlement Fund prior to making such withdrawal or payment.

6.      As further consideration for the Settlement, Flo agrees to display on the landing page of its website a prominent notice about Flo's commitment to privacy, along with a prominent link to its Privacy Policy, in large font, for the duration of one year from the date the Final Approval Order and Final Judgment become Final. The Parties further agree this notice is not, and shall not be construed as or offered as evidence of, an admission of wrongdoing by Flo (which is expressly denied) or an admission to any of Plaintiffs' allegations in the Action in any context for any purpose whatsoever.

## III.    ADMINISTRATION/MAINTENANCE OF THE SETTLEMENT FUND

7.      The Settlement Fund shall be maintained by the Settlement Administrator and Class Counsel under supervision of the Court and shall be distributed solely at such times, in such manner, and to such Persons as shall be directed by this Settlement Agreement and subsequent orders of the Court, if any.

8.      After the Flo Settlement Amount has been paid into the Escrow Account, the Parties intend that the Settlement Fund be treated as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B. The Settlement Administrator shall ensure that the Settlement Fund

15

at all times complies with Treasury Regulation § 1.468B in order to maintain its treatment as a qualified settlement fund. Any failure to ensure that the Settlement Fund complies with Treasury Regulation § 1.468B-2, and the consequences thereof, shall be the sole responsibility of the Settlement Administrator.  The Settlement Administrator shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Section, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Settlement Administrator, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and informational returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds in the Settlement Fund and Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided for herein.

(b)    All Taxes and Tax Expenses shall be paid out of the Settlement Fund.  In all events, Flo, Flo-Related Parties, and Flo's Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority.  In the event any Taxes are owed by Flo on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

(c)     The Escrow Account shall indemnify and hold the Parties, Class Counsel, and Flo's Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

(d)     Taxes and Tax Expenses with respect to the Flo Settlement Amount and the Settlement Fund shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Settlement Administrator out of the Settlement Fund without prior order from the Court or approval by the Parties. The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties hereto agree to cooperate with each other, the Settlement Administrator, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this Section III.  The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any accrued interest and payments made, upon reasonable request of any Party.

9.     All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Settlement Agreement, and/or further order of the Court.  The funds in the Escrow Account shall be invested in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Flo and Flo's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions in connection with the Escrow Account.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

## IV.     RELEASES AND COVENANTS NOT TO SUE

10.     "Releases" mean the releases and waivers set forth in this Settlement Agreement and in the Final Approval Order and Final Judgment.

17

11.    Upon the Effective Date of the Settlement Agreement, all Releasing Plaintiff Parties shall be deemed to have, and by operation of the Final Approval Order and Final Judgment in this Action shall have, fully, finally and forever released, relinquished, and discharged any and all Released Plaintiffs' Claims, including Unknown Claims as of the Notice Date, against the Released Flo Parties, except for claims relating to the enforcement of the Settlement.

12.    The Released Plaintiffs' Claims shall be construed and interpreted to effect complete finality over the Action with respect to the Released Flo Parties.

13.    The Released Plaintiffs' Claims include known and Unknown Claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Upon the Effective Date, the Releasing Plaintiff Parties will expressly, knowingly, and voluntarily waive any and all provisions, rights, and benefits conferred by California Civil Code Section 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

In connection with such waiver and relinquishment, the Releasing Plaintiff Parties hereby acknowledge, or shall by operation of the Final Approval Order and Final Judgment be deemed to have acknowledged, that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Plaintiffs' Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Plaintiffs' Claims known or unknown, suspected or unsuspected, that they or a parent or guardian acting on their behalf, or their heirs, assigns, estates, grantees, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, in their stead, or through them, have against the Released Flo Parties.

14.    Upon the Effective Date of the Settlement Agreement, Flo and the Flo-Related Parties shall fully, finally, and forever release, relinquish, and discharge from and covenant not to sue the Released Plaintiff Parties, in their capacities as such, for any claims, including Unknown Claims, arising out of or related to the institution, prosecution, or settlement of the claims asserted in the Action, except for claims relating to the enforcement of the Settlement.

15.    In furtherance of such intention, the Releases herein given to the Released Parties shall be and remain in effect as a full and complete release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.

16.    Upon the Effective Date: (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (b) Plaintiffs stipulate to, and the Releasing Plaintiff Parties shall be permanently barred by Court order from, initiating, asserting, or prosecuting against the Released Flo Parties, in any federal or state court or tribunal, any and all Released Plaintiffs' Claims.

## V.    MOTION FOR PRELIMINARY APPROVAL

17.    Within ten (10) days after the Execution Date, Class Counsel, on behalf of Plaintiffs, shall submit this Settlement Agreement to the Court and shall file a motion for entry of the Preliminary Approval Order in the Action requesting:

(a)    Preliminary approval of the Settlement Agreement and Settlement, as set forth herein;

(b)    Approval of Settlement Notice, the Notice Plan, and the Claim Form to be drafted and agreed upon by the Parties in coordination with the Settlement Administrator;

(c)    Appointment of the Settlement Administrator;

(d)    Establishment of procedures and requirements for objections by any Class Member to the proposed Settlement contained in this Settlement Agreement, the entry of the Final Approval Order and Final Judgment and Class Counsel's Fee and Expense Application, including that any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection Deadline, such objector files with the Court a written objection, and otherwise complies with the requirements in the Preliminary Approval Order;

19

(e)    Deadlines by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any objections; and

(f)    A date for the Final Approval Hearing.

18.    The Preliminary Approval Order may also request that the Court delay the issuance of Settlement Notice for a set period of time or until any additional settlement in this Action is preliminarily approved, or until a judgment is rendered after a jury verdict in the District Court, whichever is earlier, and delay the scheduling of a Final Approval Hearing and briefing schedule for the motion for final approval and entry of Final Judgment until after Settlement Notice is issued.

## VI.    NOTICE PLAN

19.    In connection with the preparation of Plaintiffs' Motion for Preliminary Approval of this Settlement Agreement, Flo, Class Counsel, and the Settlement Administrator will cooperate to jointly develop and recommend a mutually agreeable Notice Plan to provide Settlement Notice to Class Members through reasonable and appropriate forms of notice.

20.    The text of the proposed notices shall be agreed upon by the Parties before submission to the Court for approval.

21.    Notice shall follow the same procedures—method of delivery, similar content updated for settlement, and scope—as the pre-trial notice program previously approved by the Court. *See* ECF. 619, ECF. 632.Notice shall not be sent to persons who opted out of the Class prior to trial.

22.    To preserve Class resources and avoid undue prejudice to Flo, subject to Court approval, notice of this Settlement shall be combined with notice of the settlements with Flurry and Google.

23.    The proposed notices shall collectively explain: (i) the general terms of the Settlement, (ii) the general terms of the proposed relief to Class Members, (iii) the general terms of the Fee and Expense Application, (iv) Class Members' rights to object to the Settlement and/or the Fee and Expense Application, and/or to appear at the Final Approval Hearing, and (v) the process for submitting a Claim Form to obtain the proposed relief.

24.    Pursuant to the Notice Plan, no later than the Notice Date, the Settlement Administrator will populate the website https://periodtrackerdataprivacylitigation.com/, into which

the Parties have already invested time and resources and with which interested persons are already familiar, with text and content to be provided by the Parties. The website shall contain the Complaint, the Settlement Notices, this Settlement Agreement, and other mutually agreed relevant Settlement and court documents. A link to the case website shall be included in any emails sent to Class Members. The case website shall be maintained from the Notice Date until one hundred eighty (180) calendar days after the Effective Date or when the Net Settlement Fund has been fully distributed, whichever is later.

25.    The Settlement Administrator shall accurately and objectively describe the terms of the Settlement Agreement in communications with Class Members, including by training its employees and agents accordingly. Any written materials provided by the Settlement Administrator to Class Members concerning the Settlement Agreement, including advertisements or public websites, shall be consistent with the exhibits attached hereto, the Notice Plan approved by the Court, and subject to revision and preapproval by Class Counsel. A copy of any such draft materials given to or reviewed by Class Counsel shall also be provided to Flo's counsel simultaneously.

26.    The Notice Plan shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure and all applicable requirements of due process under the U.S. Constitution.

27.    All fees, costs, and expenses associated with disseminating notice to any Class Member, responding to inquiries from the Class, and performing all other of the Settlement Administrator's duties under this Agreement will be considered Notice and Settlement Administration Costs and be paid from the Settlement Fund. Plaintiffs and the Settlement Administrator shall mutually agree on the budget in connection with Notice and Settlement Administration Costs and shall use all reasonable efforts to avoid unnecessary expenses.

28.    No later than ten (10) calendar days after the filing of this Settlement Agreement with the Court, Flo shall notify, or cause to be notified, the appropriate state and federal officials of this Settlement Agreement pursuant to CAFA, at no cost to the Class, Class Counsel, the Settlement Administrator, or Plaintiffs.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

29.    The Parties agree that the Notice Plan contemplated by this Settlement Agreement is valid and effective, that if effectuated, it would provide reasonable notice to the Class of the Settlement, and that it represents the best practicable notice under the circumstances.

30.    No later than seven (7) calendar days prior to the Final Approval Hearing, Class Counsel and Flo's Counsel shall cause to be filed with the Court, an appropriate affidavit or declaration from the Settlement Administrator with respect to complying with the Court-approved Notice Plan.

## VII.    SETTLEMENT ADMINISTRATION

31.    Other than as set forth herein, the Parties and their counsel shall not have any responsibility for or liability whatsoever with respect to (a) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the distribution of the Settlement Fund; (c) the formulation, design, or terms of the disbursement of the Settlement Fund; (d) the administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (f) the payment or withholding of any Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

32.    Upon request, the Settlement Administrator will serve copies of all Requests for Exclusion on Class Counsel and Flo's Counsel, as well as reports on objections.

## VIII.    REQUESTS FOR EXCLUSION (OPT-OUTS)

33.    The deadline to request exclusion from the Class passed on July 20, 2025.  The Parties do not believe that an additional opportunity to request exclusion is warranted and will ask the Court not to exercise its discretion to require a second opportunity.

34.    The Parties agree that the decision to opt out of the Class is to be left to individual Class Members. If contacted by a Class Member, Class Counsel may provide advice or assistance as such Class Member requests. By signing this Settlement Agreement, Plaintiffs represent that each agrees that they support the Settlement and believes it is in the best interests of the Class, and

Plaintiffs, Class Counsel and Flo's Counsel represent and agree that they shall not seek to encourage, counsel, or represent others to submit a Request for Exclusion from the Class.

35.     In the event the Court orders that there be a second opportunity to request exclusion, any Class Member (other than Plaintiffs) who wishes to exclude themselves from the Class must submit a written Request for Exclusion pursuant to the requirements set by the Court.

36.     Should the Court permit a second opportunity to opt out of the Settlement, any additional Requests for Exclusion permitted by the Court must be postmarked, emailed, or uploaded to the case website by 11:59 PM PT on the deadline set by the Court. A Request for Exclusion must be personally signed only by the person requesting exclusion (except for Requests for Exclusion by Class Members under the age of eighteen (18), which may be submitted and signed by the person's parent or legal guardian so long as the Request for Exclusion indicates that the request is being made by such Class Member's parent or legal guardian). A Request for Exclusion must include:

(a)     The name of this litigation or a decipherable approximation, *i.e.*, *Frasco v. Flo Health, Inc.*, No. 3:21-cv-757 (N.D. Cal.);

(b)     The full name, address, current email, email used in connection with the requester's Flo App account, telephone number and signature of the Class Member requesting exclusion; or for those acting through a representative, the full name, address, current email, email used in connection with the requester's Flo App account, telephone number and signature of the Class Member requesting exclusion and the full name, address, current email, telephone number, relationship, and signature of the individual acting on behalf of the Class Member; and

(c)     The words "Opt-Out" or "Request for Exclusion" clearly in the document requesting exclusion from the Settlement.

37.     Any individual who submits a valid and timely Request for Exclusion shall not: (a) be bound by any orders or judgments entered in connection with the Settlement; (b) be entitled to any relief under, or be affected by, this Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement.

38.     Any individual in the Class who does not submit a valid and timely Request for Exclusion in the manner required herein and in the Class Notice shall be deemed to be a Class Member

23

upon expiration of the Request for Exclusion (Opt Out) Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Class.

39. In the event the Court orders that there be a second opportunity to request exclusion, and only in that event, Defendant may, in its sole discretion, terminate this Settlement Agreement if the number of unique valid and timely Requests for Exclusion, excluding those received on or before the Execution Date, exceeds a number agreed to by the Parties, as set out in Exhibit B, which shall be submitted confidentially to the Court *in camera*. If Defendant elects to terminate the Settlement pursuant to this provision of the Settlement Agreement, it shall provide written notice to Class Counsel within five (5) Business Days following the additional Request for Exclusion (Opt Out) Deadline. If Defendant rescinds the Settlement Agreement pursuant to this provision of the Agreement, it shall have no further obligations to pay the Flo Settlement Amount and shall be responsible for only the fees and expenses actually incurred by the Settlement Administrator.

## IX. SETTLEMENT AND CLAIMS ADMINISTRATION

40. The Settlement Administrator has signed an Acknowledgment and Agreement to be Bound by the Protective Order in the Action, (Dkt. No. 112), and will take all reasonable steps to ensure that any information provided to it by Defendants and Class Members will be used solely for the purpose of effectuating this Settlement, including by complying with the Protective Order, the Northern District of California Data Protection Checklist, and the Northern District of California Procedural Guidance for Class Action Settlements. The Settlement Administrator will not use the information provided by Defendants or Class Counsel in connection with the Settlement or the Notice Plan for any purposes other than providing notice of the Settlement or conducting claims administration.

41. The Settlement Administrator, subject to such supervision and direction by the Court, and/or Class Counsel as may be necessary, shall administer the Claim Forms submitted by claimants. After the Effective Date of the Settlement, the Settlement Administrator shall oversee the distribution of payments to Authorized Claimants that file timely and valid Claim Forms.

42. In order to be considered timely and valid, a Claim Form must be electronically submitted or postmarked by no later than the Claims Filing Deadline. The Settlement Notice will

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

specify the Claims Filing Deadline and other relevant dates described herein. A Claim Form that is sent to an address other than that designated by the Settlement Administrator, or that is not timely postmarked or electronically submitted, shall be invalid.

43.     Subject to consultation with the Settlement Administrator, a claimant submitting a Claim Form shall provide:

(a)     His or her full name, mailing address, email address, and contact telephone number, if required for digital payment;

(b)     An affirmation that the person is a member of the Class; and

(c)     A signature and affirmation of the truth of the contents of the Claim Form.

(d)     The Claim Form shall further state that: (a) each Class Member may submit only one Claim Form and receive compensation from Defendant for settlement of the Released Plaintiffs' Claims only once; (b) submitting false information will render a Claim Form invalid; and (c) payments from the Net Settlement Fund will be based on pro rata allocation formulas approved by the Court.

44.     The Settlement Administrator shall have the right to audit each Claim Form for validity, timeliness, completeness, and fraud. If, in the determination of the Settlement Administrator, the claimant submits a timely but incomplete Claim Form, the Settlement Administrator shall attempt to contact the person who submitted the Claim Form at least once by email, or if no email address is available, by regular U.S. mail (i) to give the claimant notice of the deficiencies and (ii) the claimant shall have twenty (20) calendar days from the date of the written notice to cure the deficiencies (or a lesser period of time if the Claim Form is untimely). If the defect is not cured within the required time period, then the Claim Form will be deemed invalid.

45.     If at any time during the claims process, the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify Class Counsel of that fact and the basis for its suspicion. The Settlement Administration and Class Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary and agreed upon by Class Counsel and the Settlement Administrator, Class Counsel and/or the Settlement Administrator will promptly seek assistance from the Court.

25

46.    The Settlement Administrator shall notify the Parties that all approved Claims have been paid within five (5) Business Days of the last such payment.

47.    The Settlement Administrator's determination of the validity or invalidity of Claim Forms shall be binding, subject to Court review.

48.    **Distribution Plan.** Subject to the terms and conditions of this Settlement Agreement, after the Effective Date of the Settlement, the Settlement Administrator shall mail or otherwise provide a payment, via check or electronic means using an electronic payment platform (a "Claim Payment"), to each Authorized Claimant for their pro rata share of the Net Settlement Fund, in accordance with the following distribution procedures and those developed by the Settlement Administrator.

(a)    The Settlement Administrator shall utilize the Net Settlement Fund to make all Claim Payments.

(b)    The amount of each Claim Payment shall be calculated by dividing the Net Settlement Fund by the number of Authorized Claimants that submit a valid Claim Form. Authorized Claimants that provide reasonable documentation showing they are residents of California will receive twice the pro rata share of Authorized Claimants who are residents of other states. Any decision by the Court concerning this plan of allocation shall not affect the validity or finality of the Settlement or operate to terminate or cancel this Settlement or affect the finality of the Final Approval Order. In the event the Court approves a different allocation plan, this will not be grounds to disturb or terminate the Settlement Agreement by any Party.

(c)    The Settlement Administrator will distribute the Net Settlement Fund to Authorized Claimants, using commercially reasonable efforts, under Class Counsel's supervision in accordance with this Settlement Agreement and subject to the jurisdiction of the Court.

(d)    All Claim Payments shall be void if not negotiated within sixty (60) calendar days of their date of issue. Authorized Claimants will be informed that, if they do not cash their Claim Payment before the void date, their Claim Payment will lapse and their entitlement to recovery will be irrevocably forfeited and subject to redistribution to other Authorized Claimants. Claim Payments that are not negotiated within sixty (60) calendar days of their date of issue shall not be reissued,

26

except if within the same sixty (60) calendar day period, the Authorized Claimant requests a reissuance.

(e) For any Claim Payment checks returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Claim Payment check. If the Settlement Administrator finds a valid address and resends the Claim Payment check, if the reissued check is not negotiated within sixty (60) calendar days of the issuance date, the check shall become void. The Settlement Administrator shall make only one attempt to resend a Claim Payment check.

(f) Each Claim Payment issued via an electronic payment platform will be processed according to the Authorized Claimant's electronic payment platform election. If the Authorized Claimant fails to provide sufficient information to successfully transmit the Claim Payment via the selected electronic payment platform and fails to provide updated information if requested, a check will be sent to the Authorized Claimant.

(g) Any balance that remains in the Net Settlement Fund from un-negotiated Claim Payments, after accounting for and paying any additional Taxes or Notice and Settlement Administration Costs that may have been or will be incurred, will be reallocated pro rata among Authorized Claimants who negotiated their Claim Payments, so long as the reallocated pro rata share to each eligible Authorized Claimant is at least $5.00.

(h) Once it is no longer feasible or economical to make further distributions, any unclaimed balance that still remains in the Net Settlement Fund, after payment of Notice and Settlement Administration Costs, Taxes, and Tax Expenses, shall be contributed to a non-profit, non-sectarian 501(c) organization to be mutually agreed upon by Class Counsel and Flo's Counsel and approved by the Court, or as ordered by the Court.

49. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall retain all such records as required by law and under its normal business practices, and such records will be made available to Class Counsel and Flo's Counsel upon reasonable request.

50.     Personal information relating to or submitted by claimants pursuant to this Settlement Agreement shall be deemed confidential and protected as such by the Settlement Administrator, the Parties, and their respective counsel. The Settlement Administrator and Class Counsel and Flo's Counsel shall not use or disclose such records for any purpose other than effectuating the Settlement contemplated by this Agreement.

51.     All Class Members who fail to submit timely and valid Claim Forms within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Final Approval Order and Final Judgment once the Effective Date is reached.

52.     No Person shall have any claim against the Settlement Administrator, Plaintiffs, Released Flo Parties, Plaintiffs' Counsel, and/or Flo's Counsel based on distributions made substantially in accordance with this Agreement and the Settlement contained herein, an approved Distribution Plan for the Net Settlement Fund, or further orders of the Court. Flo, Flo's Counsel, Plaintiffs, and Class Counsel shall have no liability to any Class Member for missed payments, overpayments, or underpayments of the Net Settlement Fund.

53.     The Released Flo Parties shall not have any responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the Distribution Plan and the disbursement of the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Flo also shall have no obligation to communicate with Class Members and others regarding amounts paid under the Settlement.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

## X.    OBJECTION PROCEDURES

54.    The Parties agree that the decision to object to the Settlement is to be left to individual Class Members. By signing this Settlement Agreement, Plaintiffs each represent and agree that they have no objection to this Settlement, and Plaintiffs, Class Counsel, and Defendant represent and agree that they shall not seek to encourage, counsel, or represent others to object to the Settlement.

55.    Any Class Member (other than the Plaintiffs) who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's Fee and Expense Application or any requested Service Awards must follow the procedures in this Section and the Preliminary Approval Order.

56.    Such Objections must be in writing and must: (i) identify the Action by case name and number; (ii) set forth the objector's full name, current address, telephone number, and email address; (iii) contain the objector's physical signature; (iv) contain proof or an attestation that the objector is a natural person residing in the United States who entered menstruation and/or pregnancy information into the Flo Health mobile application during the Class Period (between November 1, 2016 and February 28, 2019, inclusive); (v) state whether the objection applies only to the Class Member, to a specific subset of the Class, or to the entire Class; (vi) set forth a statement of the specific grounds for the objection, including any legal and factual basis for the objection; (vii) provide copies of any documents that the Class Member wishes to submit in support of his/her position; (viii) identify all counsel representing the Class Member, if any; (ix) if submitted by a representative, contain the signature of the Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; (x) contain a list, including case name, court, and docket number, of all other cases in which the objecting Class Member and/or the objecting Class Member's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and (xi) contain a statement of whether the objector intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

57.    To be timely, an objection in the appropriate form must be (a) filed with the Clerk of the Court electronically or in person at any location of the United States District Court for the

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

Northern District of California or be mailed to the Clerk of Court; and (b) be filed or postmarked on or before the Objection Deadline.

58.    Any Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear at the Final Approval Hearing and/or to object to any terms or approval of the Settlement and/or the Fee and Expense Application, but shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means, unless otherwise agreed by the Parties.

59.    Class Members cannot both object and exclude themselves from the Class. Any Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to this Agreement or any of its terms. In other words, Class Members who submit a valid and timely objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Class and their objection will be void and invalid.

## XI.    PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS

60.    Subject to Court approval, Plaintiffs and Plaintiffs' Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees and expenses including, but not limited to, attorneys' fees, and past, current, or future Litigation Expenses, and any Service Awards approved by the Court. Flo shall have no responsibility for any costs, fees, or expenses incurred for or by Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives.

61.    Prior to the Final Approval Hearing, Class Counsel may apply, on behalf of Plaintiffs' Counsel, to the Court for an award from the Settlement Fund of reasonable attorneys' fees (plus accrued interest), reimbursement from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses (plus accrued interest), and/or Service Awards (the "Fee and Expense Application"). Class Counsel shall file any such motion 35 days before the Objection Deadline, and such motion shall be made available on the case website. Additionally, the maximum amount of attorneys' fees, costs, expenses, and Service Awards sought by Class Counsel shall be disclosed in the Settlement Notice.

30

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

62.    Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses Award among Class Counsel and any other counsel that represented Plaintiffs in the Action. Defendant shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses Award. The Released Flo Parties shall have no responsibility for, and no liability with respect to, any payment(s) for attorneys' fees, Litigation Expenses, or Service Awards and/or to any other Person who may assert some claim thereto, or any fee and expense award the Court may make in the Action.

63.    It is not a condition of this Settlement Agreement that any particular amount of attorneys' fees, costs, or expenses, or Service Awards be approved by the Court, or that such fees, costs, expenses, or awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement.

64.    Upon the Court's approval of an Attorneys' Fees and Expenses Award, such approved amounts shall be paid from the Escrow Account within five (5) calendar days following the later of (a) the entry of the Final Approval Order, and (b) entry by the Court of an order awarding attorneys' fees and expenses. The Fee and Expense Award shall be payable from the Settlement Fund in accordance with this paragraph, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Any payment of an Attorneys' Fees and Expenses Award pursuant to this Section shall be subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Agreement or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the Attorneys' Fees and Expenses Award is reduced or reversed by Final non-appealable court order.  Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Settlement Agreement, notice from a court of

31

appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the Attorneys' Fees and Expenses Award by Final non-appealable court order. Class Counsel, as a condition of receiving any such Attorneys' Fees and Expenses Award, agree that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Section.

65. The settlement was reached following multiple mediation sessions conducted before third-party neutral, Ambassador Jeff Bleich; following Court-ordered settlement conferences with Magistrate Judge Hixson; and as a result of direct inter-party negotiations that followed. The Parties did not discuss Service Award payments or attorneys' fees and expenses at any of those sessions or conferences or while negotiating the material terms of the Settlement Agreement, and they have made no agreements in connection with the Plaintiffs' requests for Service Award payments or Class Counsel's attorneys' fees and expenses. Defendant expressly reserves the right to contest the amount of any requests for an Attorneys' Fees and Expenses Award or Service Awards.

## XII.    MOTION FOR FINAL APPROVAL AND ENTRY OF FINAL JUDGMENT

66. After Settlement Notice is issued, and prior to the Final Approval Hearing, Class Counsel, on behalf of the Plaintiff(s) and Class, shall move for entry of the Final Approval Order and Final Judgment in this Action. Class Counsel will provide a draft of the motion in advance to Flo's Counsel for review. The motion will request that the Court:

(a) Find that the Court has personal jurisdiction over all Class Members, that the Court has subject-matter jurisdiction over the claims asserted in the Action, and that the venue is proper;

(b) Find that Settlement Notice constituted the best notice practicable under the circumstances and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

(c) Finally approve this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement of the Class's claims against Flo under Rule 23 of the Federal Rules of Civil Procedure;

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

(d)     Direct that the Action be dismissed as to the Released Flo Parties with prejudice and without costs, except as provided herein;

(e)     Discharge and release the Released Claims as to the Released Parties effective as of the Effective Date;

(f)     Authorize the Parties to implement the terms of the Settlement;

(g)     Permanently bar and enjoin all Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction against any Released Party based on the Released Claims;

(h)     Dismiss the Action as to Flo with prejudice and enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

(i)     Determine, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and directing that the Final Judgment shall be final and appealable;

(j)     Determine that the Settlement Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence, a presumption, a concession, or an admission by any Party of liability or nonliability, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement, as further set forth in this Settlement Agreement;

(k)     Reserve the Court's continuing and exclusive jurisdiction over the Settlement and this Agreement, including the administration, enforcement, interpretation, and consummation of this Agreement, the Final Approval Order and Final Judgment, and any final order approving the Attorneys' Fees Expenses Award and Service Awards; and

(l)     Contain such other and further provisions consistent with the terms of this Agreement to which Flo and Plaintiffs expressly consent in writing.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

67.    As provided in Section XI, Class Counsel will timely request, by separate motion, that the Court approve its Fee and Expense Application. The Fee and Expense Application is separate and apart from the Settlement between the Parties.

## XIII.    BEST EFFORTS TO EFFECTUATE THIS SETTLEMENT

68.    The Parties and their respective counsel agree to cooperate with one another to the extent reasonably necessary to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. The Parties and their respective counsel agree they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement, including to obtain a Final Approval Order and Final Judgment approving the Settlement.

## XIV.    TERMINATION

69.    If the Effective Date does not or cannot occur, then this Settlement Agreement shall be terminated, subject to and in accordance with the subsections below, unless the Parties mutually agree in writing to continue with this Agreement for a specified period of time.

70.    Flo and Class Counsel (acting on behalf of Plaintiffs) shall have the right, but not the obligation, each in their sole discretion, to terminate this Settlement Agreement by providing written notice to the other Party's Counsel, pursuant to Section XXVI, within fifteen (15) Business Days of learning of any of the following conditions:

(a)    the Court declines to enter or modifies the Preliminary Approval Order sought pursuant to Section V or the Final Approval Order sought pursuant to Section XII in any material respect (including, but not limited to, the Flo Settlement Amount, definition of the Class, or the definition of Released Claims);

(b)    the Court declines to grant Final Approval of the Settlement Agreement or any material part of it;

(c)    the Court declines to enter the Final Approval Order and Final Judgment in any material respect; or

(d)    the Final Approval Order or the Final Judgment is modified or reversed or vacated by any appellate court or the U.S. Supreme Court in any material respect and is not, or cannot

34

be, reinstated and finally approved without material change by the Court on remand. Notwithstanding the above, the Parties agree to negotiate in good faith to amend the Settlement Agreement to the extent the basis for termination can be resolved by the Parties.

71.    The results of the Jury Trial against Meta, and any appeals relating thereto, shall have no effect on the enforceability of this Settlement Agreement, shall not be cause for delay of the Effective Date, and cannot be cause for Termination of the Settlement Agreement.

## XV.    EFFECT OF TERMINATION

72.    In the event that the Effective Date does not occur or this Settlement Agreement should terminate, or it otherwise fails to become effective for any reason, then:

(a)    Within ten (10) Business Days after the Termination Notice is provided to all Parties, any monies already paid by Flo, plus all interest earned, and any amount required to be refunded by Class Counsel pursuant to Section XI, minus Taxes and Tax Expenses paid, and Notice and Settlement Administration Costs incurred, will be refunded, reimbursed, and repaid to Flo by the Settlement Administrator, pursuant to written instructions from Flo's Counsel;

(b)    At the request of Flo's Counsel, the Settlement Administrator or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Flo, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to Flo; and

73.    Upon termination of this Settlement Agreement with respect to all Parties:

(a)    this Settlement Agreement shall be null and void and of no further effect, and Flo, Plaintiffs, and Class Members shall not be bound by its terms, other than those set forth in Sections XIV-XVI & XVIII;

(b)    any and all releases hereunder shall be of no further force and effect;

(c)    the Action will revert to the status that existed before the MOU execution date, and no term or draft of this Settlement Agreement, nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding the Settlement Agreement (including the Preliminary Approval Order and, if applicable, the Final Approval Order

35

and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Action, or any other proceeding. If the Court does not approve the Settlement or enter the Final Approval Order and Final Judgment for any reason, or if the Effective Date cannot occur for any reason, the Parties shall retain all their respective rights, including, for example, Flo's right to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party for any other purpose; and

(d)    any and all rulings, orders, or judgments entered, altered, amended, or vacated by the Court in accordance with the terms of this Settlement Agreement shall be deemed reverted *nunc pro tunc* to their respective status as of the execution date of the MOU, and shall proceed in all respects as if the MOU and this Settlement Agreement had not been executed, without prejudice in any way from the negotiation, fact, or terms of the Settlement.

74.    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approval of the Court.

75.    The Parties agree that the effectiveness of this Settlement Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees and Expenses Award or any Service Awards. If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses or Service Awards, all remaining provisions in this Settlement Agreement shall remain in full force and effect.

## XVI.    CONFIDENTIALITY

76.    Plaintiffs, Plaintiffs' Counsel, Flo's Counsel, and Flo agree to maintain the confidentiality of the terms of this Settlement prior to the filing of a Motion for Preliminary Approval. During this period, the Settlement terms are and shall be treated as confidential and shall not be shared or disclosed unless both Parties agree to disclose the Settlement terms, or if ordered by the Court.

77.    To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement. The provision of the confidentiality agreement entered into with respect to the mediation

36

process concerning this matter is waived for the limited purpose of permitting the Parties to confirm that they participated in the mediation and that the mediation process was successful.

## XVII. SUCCESSORS AND ASSIGNS

78.    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Flo, the Released Parties, Plaintiffs, Plaintiffs' Counsel, and Releasing Plaintiff Parties, including any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize, each of which is entitled to enforce this Settlement Agreement.

## XVIII. NO ADMISSIONS

79.    Flo denies each and every claim and contention alleged against it in the Action and all allegations of wrongdoing or liability alleged against it. Nonetheless, Flo has entered into this Settlement solely to avoid the time and expense of further litigation.

80.    Neither this Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement or the MOU: (i) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any released claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, including but not limited to in any United States jurisdiction.

## XIX. REPRESENTATIONS

81.    Plaintiffs represent and warrant that they are the sole owners of their claims released herein, both individually and together, and that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the claims released.

82.    Each Party represents that:

(a)    Such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

(b)     Such Party is voluntarily entering into this Agreement as a result of arm's-length negotiations conducted by its counsel;

(c)     Such Party is relying upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

(d)     Such Party has been represented by, and consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such counsel and agree to the language of the provisions herein;

(e)     The execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

(f)     Except as provided herein, such Party has not been influenced to any extent in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

(g)     Each Party assumes the risk of mistake as to fact or law;

(h)     This Agreement constitutes a valid, binding, and enforceable agreement; and

(i)     No consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

83.     Plaintiffs represent and warrant that upon the Effective Date of the Settlement, they will have no surviving claim or cause of action against any of the Released Flo Parties with respect to any of the Released Plaintiffs' Claims.

84.     Class Counsel represent and warrant that they have not solicited current or prospective clients to bring new claims against Flo, have no knowledge of any non-Class Member clients pursuing an action against Flo through them or other counsel, and have no knowledge of their clients individually or collectively planning to opt-out of the Class. Class Counsel further advise that they have not undertaken a specific inquiry of all clients and potential clients regarding those individuals'

38

intentions. The Parties stipulate that Class Counsel are not required to make such additional inquiry or represent and warrant anything beyond their own current state of knowledge with respect to these matters. Entire Agreement, Exhibits, and Parol Evidence

85.     This Settlement Agreement, including any exhibits hereto and agreements referenced herein, contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for or referenced herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. This Settlement Agreement supersedes all prior or contemporaneous discussions, agreements, and understandings among the Parties to this Settlement Agreement with respect hereto. This Settlement Agreement may not be modified in any respect except by a writing that is executed by all the Parties hereto.

86.     All of the exhibits to this Settlement Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein. Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

87.     No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Settlement Agreement, its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed. This Settlement Agreement supersedes all prior negotiations and agreements. The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

## XX.    HEADINGS

88.     The headings used in this Settlement Agreement are for the convenience of the reader only and shall not have any substantive effect on the meaning and/or interpretation of this Settlement Agreement.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

## XXI.  JOINT DRAFTING

89.     This Settlement Agreement was jointly drafted by the Parties. None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision herein for the purpose of any statute, case law, or rule of interpretation or construction that might cause any provision to be construed against the drafter. This Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Settlement Agreement is the result of arm's length negotiations and that all Parties have contributed substantially and materially to the preparation of the Agreement. The Parties agree that the provisions of California Civil Code Section 1654 and common law principles of construing ambiguities against the drafter shall have no application.

## XXII.  CHOICE OF LAW

90.     All provisions of this Settlement Agreement and its exhibits shall be governed by and interpreted according to the substantive laws of the State of California, without regard to its choice of law or conflict of laws principles.

## XXIII. COSTS AND FEES

91.     The Parties agree to bear their own costs and attorneys' fees and expenses not otherwise awarded in accordance with this Settlement Agreement.

## XXIV. EXECUTION IN COUNTERPARTS AND EXECUTION DATE

92.     This Settlement Agreement may be executed in one or more counterparts. Facsimile and scanned/PDF or electronic signatures shall be considered original and valid signatures. All executed counterparts shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. There shall be no agreement until the fully signed counterparts have been exchanged and delivered to each of the Parties. The execution date shall be the last date when all signatories have signed the Agreement.

## XXV.  SUBMISSION TO AND RETENTION OF JURISDICTION

93.     To the extent the Parties cannot reach agreement on the enforceability of the terms of this Settlement Agreement, they shall attempt to resolve their dispute(s) by submitting them to

Ambassador Bleich according to such processes as he shall unilaterally determine, and all expenses incurred thereby shall be split by the Parties.  However, Ambassador Bleich shall have no authority to alter the total amount of the Flo Settlement Amount or limit the scope of the non-monetary relief.

94.    To the extent any dispute arising out of or concerning this Settlement Agreement is not subject to arbitration or is not resolved by Ambassador Bleich, the Parties, Released Flo Parties, and the Releasing Plaintiff Parties irrevocably submit, to the fullest extent permitted by law, to the exclusive jurisdiction of the United States District Court for the Northern District of California, if federal jurisdiction exists, otherwise the Superior Court for the County of Santa Clara, California, solely for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, or the exhibits hereto. For the purpose of such suit, action, or proceeding, to the fullest extent permitted by law, the Parties, Released Parties, and the Releasing Plaintiff Parties irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is, in any way, an improper venue or an inconvenient forum or that the Court lacked power to approve this Settlement Agreement or enter any of the orders contemplated hereby.

## XXVI. NOTICES

95.    All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement by registered mail, return receipt requested, or by email, as follows:

(a)    **For Flo:**

Brenda R. Sharton
Dechert LLP
One International Place
100 Oliver Street
Boston, MA 02110
brenda.sharton@dechert.com

Benjamin M. Sadun
Dechert LLP
633 W. Fifth Street
Ste 4900
Los Angeles, CA 90071
213-808-5700
benjamin.sadun@dechert.com

41

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

       (b)    **For Plaintiffs:**

Carol C. Villegas
Labaton Keller Sucharow LLP
140 Broadway
New York, NY 10005
cvillegas@labaton.com

Christian Levis
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
clevis@lowey.com

Diana J. Zinser
Spector Roseman & Kodroff, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
dzinser@srkattorneys.com

## XXVII.    AUTHORITY

96.    Each counsel or other person executing this Settlement Agreement on behalf of any Party hereby warrants that such person has the full authority to do so. Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement. Class Counsel, on behalf of the Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Class that Class Counsel and the Plaintiffs deem appropriate.

## XXVIII.    FINAL AND COMPLETE RESOLUTION

97.    The Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action.

## XXIX. RECITALS

98.    The Parties agree that the Recitals are contractual in nature and form a material part of this Settlement Agreement.

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

## XXX.  DAYS

99.    Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days. In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first Business Day thereafter.

## XXXI. CHANGE OF TIME PERIODS

100.    All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class. The Parties reserve the right, subject to the Court's approval, to agree to reasonable extensions of time that might be necessary to carry out any provisions of this Agreement.

## XXXII.         INADMISSIBILITY

101.    The Settlement Agreement, the Settlement, the MOU, all documents, orders, and other evidence relating to the Settlement; the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms; and any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received as evidence in any court, tribunal, criminal, civil, or regulatory proceeding, including but limited to in any United States jurisdiction except as set forth in the following paragraph, nor shall they be deemed to be, used as, construed as, or constitute a presumption, concession, admission, or evidence of (a) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Parties; (b) any fact alleged, any defense asserted, or any fault, misrepresentation, or omission by the Released Parties; and/or (c) whether the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Action, in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

102.    Notwithstanding the foregoing, any Party to this agreement or any of the Released Parties may file the Settlement Agreement and/or the Final Approval Order and Judgment, and such

43

material may be admitted as evidence, in any action for the limited purposes of (i) enforcing this Settlement Agreement or (ii) supporting a claim, counterclaim, or defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

## XXXIII.     GOOD FAITH

103.     The Parties agree that the consideration provided to the Class and the other terms of the Settlement Agreement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of an independent, neutral mediator. The Parties further agree that there have been no commitments between the Parties beyond what is reflected in this Settlement Agreement.

## XXXIV.     BENEFICIAL AND FAIR

104.     The Plaintiffs and Class Counsel have concluded that the Settlement set forth herein is beneficial and fair to the Class. Defendant likewise agrees that the Settlement set forth herein is beneficial to the Class.

## XXXV.     WAIVER

105.     The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

## XXXVI.     SEVERABILITY

106.     Should any part, term, or provision of this Settlement Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder except that the total amount of the Settlement Fund owed by Flo shall be a non-severable material term.

## XXXVII.     SINGULAR AND PLURAL

107.     In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

**XXXVIII.     CONSULTATION WITH COUNSEL**

108.     All Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted without duress or undue influence. The Plaintiffs further acknowledge, agree, and understand that: (a) each has read and understands the terms of this Settlement Agreement; (b) each has been advised in writing to consult with their attorney before executing this Settlement Agreement; and (c) each has obtained and considered such legal counsel as he or she deems necessary.

**XXXIX.     CLASS MEMBER COMMUNICATIONS**

109.     No Party shall make or authorize any communication that is intended or reasonably likely to encourage Class Members to exclude themselves from the Class or to object to the Settlement. Defendant may, however, continue any and all ordinary-course-of-business communications with Class Members. Defendant may further, in its discretion, authorize communications referring all questions from Class Members regarding the Settlement to Class Counsel, the Settlement Administrator, and the Settlement Website.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, and/or corporate representative, as of the last date below.

Dated: September 16, 2025

_____
Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

45

Dated: September 16, 2025

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: September 16, 2025

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: September 16, 2025

Madeline Kiss
Plaintiff

Dated: September ___, 2025

Erica Frasco
Erica Frasco (Sep 22, 2025 11:59:24 EDT)
Plaintiff

Dated: September ____, 2025

Tesha Marie Gamino (Sep 18, 2025 17:21:15 PDT)
Tesha Gamino
Plaintiff

Dated: September ____, 2025

Jennifer Chen
Jennifer Chen (Sep 18, 2025 11:04:23 PDT)
Jennifer Chen
Plaintiff

46

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

Dated: September ____, 2025

_____
Sarah Wellman
Plaintiff

Dated: September ____, 2025

_____
Autumn Meigs
Plaintiff

Dated: September ____, 2025

_____
Justine Pietrzyk
Plaintiff

Dated: September _17_, 2025

*Leah Ridgway*
_____
Leah Ridgway
Plaintiff

Dated: September _16_, 2025

DocuSigned by:

*Tamara Orlova*
E2183FCA16914FF...
_____
Tamara Orlova
Chief Financial Officer
Flo Health, Inc.

47

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

Dated: September ____, 2025

_____
Sarah Wellman
Plaintiff

Dated: September 18, 2025

*Autumn Meigs*
_____
Autumn Meigs
Plaintiff

Dated: September ____, 2025

_____
Justine Pietrzyk
Plaintiff

Dated: September ____, 2025

_____
Leah Ridgway
Plaintiff

Dated: September 16, 2025

DocuSigned by:

*Tamara Orlova*
E2183FCA16914FF...
_____
Tamara Orlova
Chief Financial Officer
Flo Health, Inc.

47

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

Dated: September __16__, 2025

_____

Sarah Wellman
Plaintiff

Dated: September _____, 2025

_____

Autumn Meigs
Plaintiff

Dated: September __16__, 2025

_____
Justine Pietrzyk (Sep 16, 2025 18:08:46 EDT)

Justine Pietrzyk
Plaintiff

Dated: September _____, 2025

_____

Leah Ridgway
Plaintiff

Dated: September __16__, 2025

DocuSigned by:

Tamara Orlova

E2183FCA16914FF...

Tamara Orlova
Chief Financial Officer
Flo Health, Inc.

47

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO FLO HEALTH, INC.
CASE NO. 3:21-CV-00757-JD

# Exhibit A-1

# Claim Form

«FIRST NAME» «LAST NAME»
«STREET»
«CITY» «STATE» «ZIP»
**Unique ID:** XXXXX
**PIN:** XXXXXXXX

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC.,<br><br>    Defendants. | Case No.: 3:21-cv-00757-JD |

### PROOF OF CLAIM FORM

Before completing this form, it is important that you review the **Notice of Proposed Class Action Settlements, Final Approval Hearing and Class Members' Rights** ("Notice"), and the Settlement Agreements between Plaintiffs and Flurry LLC, Google LLC, and Flo Health, Inc., which are available on the case website, www.PeriodTrackerDataPrivacyLitigation.com.

You must submit a Claim **online on the website** www.PeriodTrackerDataPrivacyLitigation.com **by 11:59 p.m. Pacific Time no later than [Date] OR complete, postmark and mail this form to the Administrator no later than [Date].**

Each Class Member may submit only one Claim and receive compensation from Google, Flo, and Flurry for the release of Released Plaintiffs' Claims only once. Submission of this Claim Form does not guarantee payment. Your Claim Form must be approved by the Administrator. If you are unable to submit the required information as described below or have any questions, you should email the Administrator for further instructions.

### I.    CLAIMANT INFORMATION

The Administrator will use this information for all communications relevant to this Claim Form and may use it in connection with anything related to this case. If your information changes after you submit this form, please notify the Administrator in writing otherwise you may not receive your payment. If you are completing and signing this Claim Form on behalf of a Claimant, you must attach documents that prove you are authorized to do so.

1

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address (no P.O. Boxes)**

| | | |
|---|---|---|
| **City** | **State** | **Zip   Code** |

| | |
|---|---|
| **Email Address** | **Phone Number** |

## II.    PROOF OF CALIFORNIA RESIDENCY

If you lived in California during the Class Period (November 1, 2016 through and including February 28, 2019), please complete the information below. Because of California's data protection laws, Authorized Claimants who prove they lived in California during the Class Period and used the Flo Period and Ovulation Tracker app ("Flo App") while in California during the Class Period, are eligible to receive a greater *pro rata* (or proportional) share of the Settlements than Authorized Claimants who lived in other states.

Please check <u>all</u> boxes below that apply to you:

☐ Between November 1, 2016 and February 28, 2019, both dates inclusive, I resided in the state of California and entered menstruation and/or pregnancy information into the Flo App during that time. I acknowledge and consent to address verification solely for the purpose of verifying the state where I lived. I understand that this verification may be conducted through secure third-party validation services, and any addresses obtained or used for verification purposes will not be stored, shared, or used for any other purpose beyond compliance and verification requirements in this case.

☐ By checking this box, I affirm under penalty of perjury, to the best of my knowledge, that the selections and the information I provided in this Section are true and accurate.

<u>If the Administrator is unable to verify your California residency, you will not receive additional notice and will not be eligible to receive a payment as part of the California Subclass. However, you will still receive a standard share if you are an Authorized Claimant.</u>

## III.    PAYMENT METHOD AND NOTIFICATIONS

**All information about payments will be sent to you digitally via email.** Please ensure you provide a current, valid email address and mobile phone number with your Claim submission. If the email address or mobile phone number you include with your submission becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Administrator to receive a reissued payment.

When you receive the email and/or mobile phone text notifying you of your payment, you will be provided with a number of digital payment options, such as PayPal, Venmo, Apple Pay, Amazon,

2

or direct deposit, to immediately receive your payment. The email and/or text will also give you the option to request a paper check.

By submitting this Claim, you agree to receive automated emails and/or text messages from the Settlement Administrator at the email and/or phone number you have provided regarding anything related to this case.

### IV.    ACKNOWLEDGMENTS AND CERTIFICATION

Submitting false information will render this Claim invalid.

☐    Between November 1, 2016 and February 28, 2019, both dates inclusive, I was in the United States and entered menstruation and/or pregnancy information into the Flo App during that time.

**By signing below, I acknowledge that I understand and agree to be bound by the terms of each Settlement, the notices, and this Claim, including the Releases provided for in the Settlements.**

**BY SIGNING BELOW, I CERTIFY, UNDER PENALTY OF PERJURY, THAT ALL THE INFORMATION PROVIDED BY ME ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE.**


_____              _____
Signature of Claimant                                                    Print Name of Claimant


Date: _____
              MM/DD/YY


**REMINDER:    YOUR CLAIM FORM MUST BE SUBMITTED ONLINE BY 11:59 P.M. PACIFIC TIME ON [DATE] OR POSTMARKED AND MAILED NO LATER THAN [DATE] TO:**

*Period Tracker Data Privacy Litigation*
**c/o A.B. Data**
**P.O. Box 173126**
**Milwaukee, WI 53217**


**QUESTIONS?** Please visit www.PeriodTrackerDataPrivacyLitigation.com or email info@PeriodTrackerDataPrivacyLitigation.com.

3

# Exhibit A-2

# Long Form Notice

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC.,<br><br>　　　　　Defendants. | Case No.: 3:21-cv-00757-JD |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENTS, FINAL APPROVAL HEARING AND CLASS MEMBERS' RIGHTS**

# If You Used the Flo App Anytime From November 1, 2016 to February 28, 2019

## You Could Get Money from $59.5 Million in Settlements

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

The purpose of this Notice is to inform you that proposed settlements (the "Settlements") have been reached with three Defendants: Google LLC ("Google"), Flo Health, Inc. ("Flo"), and Flurry LLC ("Flurry" and, together with Flo and Google, "Settling Defendants"), in a class action lawsuit. Plaintiffs entered into a Settlement Agreement with Flurry on March 20, 2025, with Google as of August 8, 2025, and with Flo on September ___, 2025.

The lawsuit alleged that between November 1, 2016 and February 28, 2019 (the "Class Period"), Flo incorporated code from Flurry, Meta Platforms, Inc. (f/k/a Facebook, Inc.) ("Meta"), and Google's software development kits ("SDKs"), among others, in the Flo Period and Ovulation Tracker app (the "Flo App") through which Flo allegedly shared information with Flurry, Meta, and Google related to Flo App users' menstruation and/or pregnancy.

Generally, Plaintiffs alleged violation of their common law privacy rights, along with various federal and California state privacy and consumer protection laws. For example, Plaintiffs said that Flo's alleged disclosure of their personal health information between November 1, 2016 and February 28, 2019 violated the California's Confidentiality of Medical Information Act ("CMIA"), intruded upon their seclusion, was an invasion of privacy under Art. 1 Sec. 1 of the California Constitution, and was a breach of contract. Plaintiffs also said that Flurry, Meta, and Google's alleged receipt of this alleged personal health information between November 1, 2016 and February 28, 2019 violated Section 632 of the California Invasion of Privacy Act ("CIPA"). Flo, Flurry, and Google all deny Plaintiffs' allegations, deny that they violated any laws, deny that personal or health information was shared, and deny they did anything wrong. The Court has not determined whether they did anything wrong or caused damages.

You may have seen a previous notice about the Court certifying a nationwide Class and California Subclass and determining that certain claims could proceed to trial as a class action.

Google, Flurry, and Flo have not admitted any wrongdoing, but have agreed to the Settlements solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation. If the Court approves the proposed Settlements, the claims in the lawsuit against Google, Flo, and Flurry will be resolved.

Under the Settlements, Google has agreed to pay $48,000,000, Flo has agreed to pay $8,000,000, and Flurry has agreed to pay $3,500,000 to the Class. These amounts will be combined into a total Settlement Fund of $59,500,000 that will be used to compensate eligible Class Members (including California Subclass Members) that submit valid and timely Claim Forms. The Settlement Fund will also be used to pay for the notice and settlement administration costs, taxes, service awards for the named Plaintiffs, and attorneys' fees and expenses.

**Please do not contact the Court regarding this Notice**. Inquiries concerning this Notice, the Claim Form, or any other questions should be directed to:

*Period Tracker Data Privacy Litigation*
P.O. Box 173126
Milwaukee, WI 53217
Tel: (866) 778-9626
Email: info@PeriodTrackerDataPrivacyLitigation.com
Website: www.PeriodTrackerDataPrivacyLitigation.com

The following table contains a summary of your rights and options regarding the Settlements. More detailed information can be found in the Settlement Agreements, which are available at www.PeriodTrackerDataPrivacyLitigation.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **DO NOTHING** | **Get no payment from the Settlements.** If you do nothing, you will receive no payment from the Settlements. *See* Question 19. |
| **SUBMIT A CLAIM FORM** | The only way to receive your share of the Settlement Fund is to complete and submit a timely and valid Claim Form electronically by **no later than [DATE]**, or to mail your Claim Form so that it is postmarked **no later than [DATE].** *See* Question 13. |
| **OBJECT** | Write to the Court about why you do not like the Settlements or related relief by **no later than [DATE].** If you wish to object to the Settlements, you must file a written objection with the Court by this date. You must be a Class Member to object. *See* Questions 20-22. |
| **GO TO THE FINAL APPROVAL HEARING** | You may ask the Court for permission to speak about the Settlements at the Final Approval Hearing by including such a request in your written objection, which you must file with the Court by **[DATE]**. The Final Approval Hearing is scheduled for **[DATE]**. *See* Questions 25-26. |
| **APPEAR THROUGH AN ATTORNEY** | You or your own attorney may appear at your own expense. *See* Question 27. |

These rights and options, and the deadlines to exercise them, are explained in this Notice.

The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreements, which are available at www.PeriodTrackerDataPrivacyLitigation.com. The Court in charge of this case still has to decide whether to approve the Settlements. Payments will only be made if the Court approves the Settlement and after any appeals, if any, are resolved. Please be patient.

The Court has appointed lawyers to represent members of the Class and California Subclass in this Action. The following are lead counsel representing the Class:

2

Christian Levis
**LOWEY DANNENBERG, P.C**.
44 South Broadway, Ste 1100
White Plains, NY 10601

Carol C. Villegas
**LABATON KELLER
SUCHAROW LLP**
140 Broadway
New York, NY 10005

Diana J. Zinser
**SPECTOR ROSEMAN &
KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ........................................................................................................................ 4

1.    Why is there a notice? ................................................................................................. 4

2.    What is a class action lawsuit? ................................................................................... 4

3.    What definitions are used in this notice? .................................................................... 4

4.    What is this lawsuit about? .......................................................................................... 4

5.    What about Meta (Facebook)? .................................................................................... 5

6.    What is the history of this litigation? .......................................................................... 5

7.    Why are there Settlements? ......................................................................................... 6

WHO GETS MONEY FROM THE SETTLEMENTS ....................................................................... 7

8.    Who is included in the Settlements? ........................................................................... 7

9.    What if I am still not sure if I am included? ............................................................... 7

10.   Can I still ask to exclude myself from the Settlements? ............................................ 7

11.   If I didn't exclude myself previously, can I sue later? ............................................... 7

THE SETTLEMENTS' BENEFITS ................................................................................................... 7

12.    What do the Settlements provide? ............................................................................. 7

13.    How can I get a payment? .......................................................................................... 8

14.    How much will my payment be? ................................................................................ 8

15.    What happens if there are funds remaining? .............................................................. 9

16.    When will I receive a payment? ................................................................................. 9

17.    What do I have to do after I submit a Claim Form? ................................................... 9

18.    If I excluded myself, can I get money from the Settlements? .................................... 9

19.    What if I do nothing? ................................................................................................. 9

OBJECTING TO THE SETTLEMENTS .......................................................................................... 9

20.    How do I tell the Court what I think about the Settlements? ..................................... 9

21.    If I object to the Settlements, can I still submit a Claim? ........................................ 10

22.    What is the difference between objecting and excluding myself? ............................ 10

THE LAWYERS REPRESENTING YOU ....................................................................................... 10

23.    Do I have a lawyer in this case? .............................................................................. 10

24.    How will the lawyers be paid? ................................................................................. 11

THE COURT'S FINAL APPROVAL HEARING ........................................................................... 11

25.    When and where will the Court decide whether to approve the Settlements? .......... 11

26.    Do I have to come to the Final Approval Hearing? ................................................. 11

27.    May I speak at the Final Approval Hearing? ........................................................... 11

GETTING MORE INFORMATION ................................................................................................ 12

28.    How do I get more information?.................................................................................................12

## BASIC INFORMATION

### 1.  Why is there a notice?

Class Members have a right to know about the proposed Settlements with Google, Flo, and Flurry before the Court decides whether to approve the Settlements. This Notice explains the consolidated litigation, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible. Your legal rights are affected whether you act or not.

The purpose of this Notice is also to inform you of the Final Approval Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlements, and to consider requests for awards of attorneys' fees and expenses, and any service awards for Plaintiffs ("Fee and Expense Application"), and the plan for allocating the Settlements among eligible Class Members.

Judge James Donato of the United States District Court for the Northern District of California is overseeing this case.  The lawsuit is known as *Frasco et al. v. Flo Health, Inc. et al.*, No. 3:21-cv-00757 (N.D. Cal.).  The people who filed the case are called the Plaintiffs.  The remaining non-settling Defendant in the lawsuit is Meta.

### 2.  What is a class action lawsuit?

A class action is a lawsuit in which one or more representative plaintiffs bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants.

In this case, Erica Frasco, Sarah Wellman, Jennifer Chen, Tesha Gamino, and Autumn Meigs are class representatives for the nationwide class ("Class Representatives"). Sarah Wellman, Jennifer Chen, and Tesha Gamino are also class representatives for the California Subclass.

One court decides the issues for everyone in the class—except for those people who chose to exclude themselves from the class or are excluded by definition—and the class representatives, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Here, the Court decided that the lawsuit can move forward as a class action because, among other things, the claims of the nationwide Class and California Subclass are similar enough that trying them all together would be fair and more efficient than trying them separately.

However, when class representatives enter into a settlement with a defendant on behalf of a class, such as in these Settlements with Flurry, Google, and Flo, the court requires that the class members be given notice of the settlement and an opportunity to be heard with respect to the settlement. The court then conducts a hearing (called a Final Approval Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 3.  What definitions are used in this notice?

Capitalized terms used in this Notice, but not otherwise defined, generally have the same meanings as in the Settlement Agreements with Google, Flo, and Flurry, and the Court's Preliminary Approval Order. The Settlement Agreements and the Court's Preliminary Approval Order are posted on the case website, www.PeriodTrackerDataPrivacyLitigation.com.

### 4.  What is this lawsuit about?

Flo operates a period-tracking app in the United States that allows users to track their menstrual cycle, predicts ovulation times, and tracks pregnancy, among other functions. Plaintiffs allege that between November 1, 2016 and February 28, 2019, Flo incorporated code from Flurry, Meta, and Google's software development kits ("SDKs") in the Flo App, through which Flo allegedly shared information with Flurry, Meta, and Google, among others, related to Flo App users' menstruation and/or pregnancy along with persistent identifiers unique to those users' devices.

4

Plaintiffs alleged Flo (i) violated California's Confidentiality of Medical Information Act ("CMIA"), (ii) was liable for common law invasion of privacy - intrusion upon seclusion, (iii) was liable for invasion of privacy under Art. 1 Sec. 1 of the California Constitution, and (iv) breached its contracts with Plaintiffs. Plaintiffs alleged Flurry, Meta, and Google violated Section 632 of the California Invasion of Privacy Act ("CIPA"). Flo, Google, and Flurry each deny all of Plaintiffs' allegations, that they violated any laws, and that personal or health information was shared, and assert they did nothing wrong. The Court did not decide whether Flo, Flurry, or Google did anything wrong.

## 5. What about Meta (Facebook)?

Separate from the allegations against Flurry, Google, and Flo, Plaintiffs also alleged that Meta (formerly known as Facebook) unlawfully intercepted Flo App communications in violation of Section 632 of CIPA. A trial between Plaintiffs and Meta concluded on August 1, 2025, and the jury returned a verdict in favor of Plaintiffs. If you are eligible to receive money from that verdict, you will be contacted at a later time. Your election in response to this notice will not impact your right to receive money from the Meta verdict.

## 6. What is the history of this litigation?

On January 29, 2021, Plaintiff Erica Frasco filed the initial complaint in this action against Flo, alleging that Flo incorporated software development kits ("SDKs") in the Flo Health App through which Flurry, Google, and Meta intercepted Flo App users' communications with Flo, including their health information. Six later-filed actions were subsequently consolidated with the case, and on September 2, 2021, Plaintiffs filed a consolidated class action complaint alleging claims against Flurry, Google, AppsFlyer, and Meta, in addition to Flo.

Google, Meta, Flurry, and AppsFlyer jointly and Flo separately filed motions to dismiss the case. The Court granted the motion to dismiss as to AppsFlyer only and granted the motion as to the Stored Communications Act as to Flo, but denied the motions in other respects, in the end sustaining Plaintiffs' claims under CIPA, California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), the Federal Wiretap Act, Unfair Competition Law ("UCL"), CMIA, and common law invasion of privacy.

Following the motions to dismiss and Defendants' answers to the Complaint, Plaintiffs engaged in substantial discovery, serving numerous Requests for Production of Documents, Interrogatories, and Requests for Admission on Defendants, as well as answering discovery requests from Defendants. Class Counsel reviewed thousands of documents produced by Flo as well as tens of thousands of documents produced by Flurry, Meta, and Google. The Parties spent a significant amount of time preparing for and taking or defending depositions. In addition to expert depositions, Class Counsel deposed current and former Flurry, Flo, Meta, and Google employees and corporate representatives, and defended the depositions of each of the eight named Plaintiffs.

Plaintiffs engaged in extensive expert discovery, offering three experts to testify on the various highly technical or scientific aspects of the case and to rebut Defendants' nine expert witnesses. Class Counsel took the deposition of each of Defendants' experts and defended the depositions of Plaintiffs' experts.

Following the close of fact and expert discovery, Plaintiffs moved for class certification, and Plaintiffs and Defendants filed their respective motions to exclude experts. After those motions were fully briefed, the Court terminated the motions without prejudice and provided additional direction to facilitate a renewed motion for class certification. Class Counsel resumed expert discovery, proffering two experts and a third expert to rebut Defendants' economics expert. Class Counsel again took the deposition of Defendants' five experts identified in this round of expert discovery and defended the depositions of Plaintiffs' three experts.

During this time, Flurry filed an amended corporate disclosure statement with the Court in which Flurry alerted the Court that it was in the process of dissolving.

After the conclusion of the renewed expert discovery, Plaintiffs again moved for class certification.

Shortly after Plaintiffs moved for class certification, Google also moved for summary judgment, which Plaintiffs opposed. The Court granted Google's motion as to Plaintiffs' UCL and aiding-and-abetting claims, but otherwise denied the motion. In February 2025, Flo and Meta moved for summary judgment.

While briefing for Plaintiffs' renewed motion for class certification was ongoing, the Court referred the Parties to private mediation before retired Ambassador Jeff Bleich. Plaintiffs and Flurry mediated before Ambassador Bleich on October 30, 2024, and after extensive negotiations, Plaintiffs and Flurry reached an agreement in principle to settle Plaintiffs' claims against Flurry for $3,500,000. Plaintiffs and Flurry negotiated the material terms of the Settlement and executed the Settlement Agreement on March 20, 2025. Flurry denies the allegations in the pleadings in the case, denies that it has engaged in any wrongdoing, denies that Plaintiffs' allegations state valid claims, and vigorously disputes that Plaintiffs and the Class are entitled to any relief, but nevertheless agrees to resolve the case to eliminate the uncertainties, burden, expense, and delay of further protracted litigation.

On May 19, 2025, the Court certified the Class and California Subclass and determined that the remaining claims should proceed to trial as a class action. Notice of the class action was issued beginning in June 2025.

On May 22, 2025, as to Flo, the Court granted Flo's motion for summary judgment as to implied contract, UCL, and unjust enrichment, as well as all claims asserted by plaintiff Pietrzyk as to Flo, but otherwise denied the motion. As to Meta, the Court denied Meta's motion for summary judgment except as to Plaintiffs' UCL claim and aiding-and-abetting claims.

On July 3, 2025, Plaintiffs and Google reached an agreement in principle to settle Plaintiffs' claims against Google for $48,000,000. Plaintiffs and Google negotiated the material terms of the Settlement and executed the Settlement Agreement as of August 8, 2025.  Google denies the allegations in the pleadings in the case, denies that it has engaged in any wrongdoing, denies that Plaintiffs' allegations state valid claims, and vigorously disputes that Plaintiffs and the Class are entitled to any relief, but nevertheless agrees to resolve the case to eliminate the uncertainties, burden, expense, and delay of further protracted litigation.

The trial against Flo and Meta began on July 21, 2025.  While the trial was ongoing, on July 30, 2025, Plaintiffs and Flo reached an agreement in principle to settle Plaintiffs' claims against Flo for $8,000,000.

Plaintiffs and Flo negotiated the material terms of the Settlement and executed the Settlement Agreement on September ___, 2025.  Flo denies each and all of the claims and allegations of wrongdoing in Plaintiffs' pleadings and maintains that it has good and meritorious defenses to the claims of liability and damages made by Plaintiffs, but Flo nevertheless agreed to resolve the Action on the terms set forth in this Settlement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation.

The trial concluded on August 1, 2025 against Meta, as the sole non-settling Defendant. A jury verdict for Class Representatives was delivered as to Meta on August 1, 2025 and announced on the docket on August 4, 2025.

### 7. Why are there Settlements?

Plaintiffs and Class Counsel believe that Class Members have been damaged by Flurry, Google, and Flo's conduct. Flurry, Google, and Flo deny the allegations made by Plaintiffs, believe that they have meritorious defenses to them, and contend that Plaintiffs' claims would have been dismissed before trial, at trial, or on appeal. As a result, Flurry, Google, and Flo believe Plaintiffs would have received nothing if the lawsuit against them had continued to trial and verdict.

The Court did not decide in favor of Plaintiffs, Flurry, Google, or Flo. Instead, Class Counsel engaged in separate negotiations with Flurry, Google, and Flo to reach the negotiated Settlements. The Settlements allow the parties to avoid the risks and costs of lengthy litigation and the uncertainty of additional pre-trial proceedings, a trial, and/or appeals. If approved, the Settlements will also permit Class Members who submit timely and valid Claim Forms to receive some compensation, rather than risk ultimately receiving nothing. Plaintiffs and Class Counsel believe the Settlements are in the best interest of all Class Members.

If the Settlements are approved, the claims against Flurry, Google, and Flo in this Action will be resolved; all Released Plaintiffs' Claims (as defined in the Settlement Agreements) against the Released Flurry, Google and Flo Parties will be released by the Releasing Plaintiffs Parties. If the Settlements are not approved, Class Representatives will continue to litigate their claims against Flurry, Google, and Flo.

### WHO GETS MONEY FROM THE SETTLEMENTS

**8.   Who is included in the Settlements?**

You are included in the Settlements if you are a member of the nationwide Class and/or California Subclass and you did not previously request to be excluded or you are not excluded by definition.

You are a member of the nationwide Class if:

i.    You used the Flo App in the United States between November 1, 2016, and February 28, 2019; *and*

ii.   You entered menstruation and/or pregnancy information into the Flo App during that time.

You are a member of the California Subclass if:

i.    You used the Flo App in California between November 1, 2016 and February 28, 2019;

ii.   You entered menstruation and/or pregnancy information into the Flo App during that time; *and*

iii.  You resided[1] in California during that time.

These people are excluded from the nationwide Class and California Subclass by definition:

(1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly executed and filed a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; (6) the legal representatives, successors, and assigns of any excluded persons.

**9.   What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help. You can email info@PeriodTrackerDataPrivacyLitigation.com, call toll-free 1-866-778-9626 or visit the website, www.PeriodTrackerDataPrivacyLitigation.com for more information.

**10. Can I still ask to exclude myself from the Settlements?**

No. The deadline to exclude yourself from the Class (and, if applicable, California Subclass) has passed.  If you did not exclude yourself previously in connection with the June 2025 class notice, you cannot ask to be excluded now.

**11. If I didn't exclude myself previously, can I sue later?**

No. Unless you previously excluded yourself from the Class (and, if applicable, California Subclass), you gave up the right to sue Defendants for the claims in this lawsuit, and will be bound by the releases in the Settlement Agreements and all orders and judgments in the Action, whether favorable or unfavorable. You can access the Settlement Agreements, including the release language, on the website: www.PeriodTrackerDataPrivacyLitigation.com.

## THE SETTLEMENTS' BENEFITS

**12. What do the Settlements provide?**

Google has agreed to pay $48,000,000, Flo has agreed to pay $8,000,000, and Flurry has agreed to pay $3,500,000 to the Class in exchange for the releases and dismissals of claims. These amounts will be combined into a total Settlement Fund of $59,500,000.

The Settlement Fund will be used to pay any Court-approved disbursements, including notice and settlement administration costs, taxes, service awards for representative Plaintiffs, attorneys' fees, and litigation expenses. The remaining amount ("Net Settlement Fund") will be used to make payments to eligible Class Members who submit timely and valid Claim Forms ("Authorized Claimants").

---

[1] You must have lived in California, but California did not need to be the state of your legal residency.

If the Settlements are approved, each Authorized Claimant will receive a *pro rata* (or proportional) share of the Net Settlement Fund, calculated according to the plan of allocation approved by the Court. To account for the increased legal value of claims under California's data protection laws, which provide statutory damages, Authorized Claimants who provide reasonable documentation showing they are also members of the California Subclass will receive twice the *pro rata* share of Authorized Claimants who are residents of other states.

### 13. How can I get a payment?

If you are a Class Member and did not exclude yourself previously, you are eligible to submit a Claim Form to receive your share of money from the Net Settlement Fund. Claim Forms must be submitted online at the website, www.PeriodTrackerDataPrivacyLitigation.com, on or before 11:59 p.m. Pacific Time on **[DATE]**, OR be postmarked by **[DATE]** and  mailed to:

*Period Tracker Data Privacy Litigation*
P.O. Box 173126
Milwaukee, WI 53217

Following the timely submission and receipt of your Claim Form online, a printable "Confirmation of Claim Receipt" will be displayed on the screen, which will acknowledge receipt of your Claim. If you do not submit a Claim Form, you will not receive any payments under the Settlements. Class Members who do not timely submit valid Claim Forms will still be bound by the Settlements.

### 14. How much will my payment be?

At this time, we do not know precisely how much each Authorized Claimant will receive from the Settlements or when payments will be made. The amount of your payment will primarily depend on the number of timely valid claims submitted; the amount of fees and expenses approved by the Court; whether you are a member of the California Subclass; and the plan of allocation approved by the Court.

The Settlement Amounts paid by the Settling Defendants, and interest earned, is the gross "Settlement Fund." The Settlement Fund, after the deduction of Court-approved attorneys' fees, litigation expenses, notice and administration expenses, taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlements are approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants according to the following proposed plan of allocation, or another plan of allocation that the Court approves. The Court may approve the proposed plan of allocation, or modify it, without additional individual notice to the Class. Any order modifying the plan of allocation will be posted on www.PeriodTrackerDataPrivacyLitigation.com.

The objective of this plan of allocation is to distribute the Net Settlement Fund equitably among Class Members as a result of the alleged violations. The calculations made pursuant to the plan of allocation, however, are not intended to estimate, or be indicative of, the amounts that Class Members might have been able to recover after a trial. The computations under the plan of allocation are only a method to weigh the Claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Settlement Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund.

Pursuant to the proposed plan of allocation, Authorized Claimants who are members of the California Subclass will be allocated twice the *pro rata* amount allocated to Authorized Claimants who are not members of the California Subclass.  This is to account for the increased legal value of claims under California's data protection laws, which provide statutory damages.

The Net Settlement Fund will be paid to all Authorized Claimants whose prorated payment is $1.00 or more, given the costs of issuing payments. If the prorated payment to any Authorized Claimant calculates to less than $1.00, it will not be included in the calculation and no payment will be made to that Authorized Claimant. Payments will be made after all Claims have been processed and after the Court has finally approved the Settlements and the Settlements have reached their Effective Dates.

### 15. What happens if there are funds remaining?

8

If there are any funds remaining after all Claims are processed and paid, the unclaimed funds will be redistributed to Authorized Claimants who negotiated their prior payment, if feasible and economical, after the payment of notice and administration expenses, taxes, and any unpaid attorneys' fees and expenses. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute. Any balance that still remains, after payment of unpaid notice and administration expenses and taxes, will be contributed to a non-profit, non-sectarian organization approved by the Court. No remaining funds will be returned to Flurry, Google or Flo.

### 16. When will I receive a payment?

The Court will hold the Final Approval Hearing on **[DATE]** to decide whether to approve the Settlements. If the Court approves the Settlements, there may be appeals after that. It can sometimes take a year or more for the appellate and Claims process to conclude. Please be patient; status updates will be posted on the website.

### 17. What do I have to do after I submit a Claim Form?

The Settlement Administrator will evaluate your Claim Form after you submit it to determine if you have provided sufficient information to validate whether you are a Class Member and to approve your Claim. If the Settlement Administrator determines that your Claim Form is deficient or defective for any reason other than a determination that the Claim was fraudulently submitted, it will contact you, and you will have twenty (20) days from the date of the written notice to cure the deficiencies. If you then provide information that satisfies the Settlement Administrator and shows your Claim Form is valid, you will just have to provide accurate and current payment information. If the defect is not cured within the 20-day period, then your Claim will be deemed invalid. Claims determined to be fraudulently submitted will be denied without further recourse. If any disputes cannot be resolved, Class Counsel will submit them to the Court, and the Court will make a final determination about your Claim Form's validity.

### 18. If I excluded myself, can I get money from the Settlements?

No. You cannot submit a Claim, and you will not get any money from the Settlements if you timely and validly excluded yourself.

### 19. What if I do nothing?

Unless you previously excluded yourself from the Class (and, if applicable, California Subclass), you remain a Class Member. However, if you do not submit a timely and valid Claim Form, you will not receive any payment from the Settlements. You are bound by past and any future Court rulings, including rulings on the Settlements. You cannot start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit about the claims against the Defendants in this case, including the Released Plaintiffs' Claims (as defined in the Settlement Agreements).

## OBJECTING TO THE SETTLEMENTS

### 20. How do I tell the Court what I think about the Settlements?

If you are a Class Member and you did not exclude yourself, you can tell the Court what you think about the Settlements. You can object to all or any part of the Settlements, the application for attorneys' fees and expenses, and/or the motion for any service awards for the named Plaintiffs. You can give reasons why you think the Court should approve them or not. You can't ask the Court to order different settlements; the Court can only approve or reject the Settlements. If the Court denies approval, no settlement payments will be made, and the lawsuit against Flurry, Google and Flo will continue. The Court will consider your views.

If you choose to object, you must file a written objection with the Court. You cannot object by telephone or email. All written objections and supporting papers must: (i) clearly identify the case name and number (*Frasco, et al. v. Flo Health, Inc., et al.*, No. 3:21-cv-00757 (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, or by filing them electronically through an attorney; and (iii) be filed *no later than _____, 2025*.

9

Your written objection must also include: (i) your full name, current address, telephone number, email address, and email address that you used with the Flo App (if any); (ii) your signature; (iii) proof[2] or an attestation that you are a Class Member; (iv) a statement of whether your objection applies only to you, to a specific subset of the Class, or to the entire Class; (v) a statement of whether your objection applies to the Flurry Settlement, Google Settlement, Flo Settlement or all three Settlements; (vi) a statement about the legal and factual basis for your objection; (vii) copies of any documents that the you wish to submit in support of your position, and the names of any witnesses; (viii) an identification of all attorneys representing you, if any; (ix) the signature of your duly authorized attorney or other duly authorized representative, if any, along with documentation of their representation; and (ix) a list, including case name, court, and docket number, of all other cases in which you and/or your attorney have filed an objection to any proposed class action settlement in the past three (3) years.

You may, but are not required to, appear at the Final Approval Hearing. If you intend to speak at the Final Approval Hearing (whether on your own or through an attorney), you must file a notice of appearance **on or before _____, 2025**, and you must identify: the attorney(s) representing you who will appear at the Final Approval Hearing, if any, by including the attorney's name, address, phone number, email address, the state bar(s) to which the attorney is admitted, as well as associated state bar numbers.

If you appear through your own attorney, you are responsible for hiring and paying that attorney and they must formally appear in the case. If you do not appear through your own attorney, you will be represented by Class Counsel.

If you do not timely and validly submit your objection, your views will not be considered by the Court or any court on appeal. Check the website, www.PeriodTrackerDataPrivacyLitigation.com, for updates on important dates and deadlines relating to the Settlements.

### 21. If I object to the Settlements, can I still submit a Claim?

Yes. You may submit a Claim if you are a Class Member even if you object to the Settlements.

### 22. What is the difference between objecting and excluding myself?

Objecting is telling the Court that you do not like something about the Settlements. You can object only if you did not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be a part of a class. The time to exclude yourself has already passed. If you previously excluded yourself, you cannot object because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 23. Do I have a lawyer in this case?

Yes. The Court has appointed lawyers to represent the members of the Class and California Subclass. These lawyers are called Class Counsel. The following lawyers are Class Counsel here:

| | | |
|---|---|---|
| Christian Levis | Carol C. Villegas | Diana J. Zinser |
| **LOWEY DANNENBERG, P.C**. | **LABATON KELLER SUCHAROW LLP** | **SPECTOR ROSEMAN & KODROFF, P.C.** |
| 44 South Broadway, Ste 1100 | 140 Broadway | 2001 Market Street, Suite 3420 |
| White Plains, NY 10601 | New York, NY 10005 | Philadelphia, PA 19103 |

You will not be individually charged for contacting these lawyers or for their services. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

[2]Proof may include the Unique ID code and other information included on the Email Notice you may have received from the Settlement Administrator that identifies you as a Class Member.

**24. How will the lawyers be paid?**

To date, Class Counsel and the other Plaintiffs' Counsel have not been paid anything for their work on this case. The Settlements provide that Class Counsel may apply to the Court, on Plaintiffs' Counsel's behalf, for an Attorneys' Fees and Litigation Expenses award from the Settlement Fund. Class Counsel will ask the Court for an award not to exceed 32.5% of the Settlement Fund (20% of the Flurry Settlement, and 33.3% of the Settlements with Flo and Google) as an attorneys' fees award and up to $_____ for Litigation Expenses. Plaintiffs may also ask the Court to grant Service Awards up to a total of $_____.

This is only a summary of the request for attorneys' fees, Litigation Expenses, and Service Awards. Any motions in support of the requests will be available for viewing on the website after they are filed. If you wish to review the motion papers, you may do so by viewing them at www.PeriodTrackerDataPrivacyLitigation.com.

The Court will consider the motion for attorneys' fees, Litigation Expenses, and Service Awards at or after the Final Approval Hearing. Any awards approved by the Court will be paid out of the Settlement Fund.

<u>THE COURT'S FINAL APPROVAL HEARING</u>

**25. When and where will the Court decide whether to approve the Settlements?**

The Court will hold the Final Approval Hearing on [DATE], at [TIME], at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, CA 94102. The Final Approval Hearing may be moved to a different date or time without notice to you. The Final Approval Hearing could also be conducted remotely. Although you do not need to attend, if you plan to do so, you should check www.PeriodTrackerDataPrivacyLitigation.com or the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov to confirm that the date has not been changed before making travel plans.

At the Final Approval Hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. The Court will also consider whether to approve the requests for attorneys' fees, Litigation Expenses, and any Service Awards for the named Plaintiffs. If there are any objections, the Court will consider them at this time. We do not know how long the Final Approval Hearing will take or when the Court will make its decision. The Court's decision may be appealed.

**26. Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you file your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

**27. May I speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. If you want to appear at the Final Approval Hearing, you must enter an appearance at your own expense, individually, or through your own attorney, by filing a notice of appearance with the Clerk of Court as described in Question 27, such that it is received **no later than [DATE]**, or as the Court may otherwise direct. All documents sent to the Court by any Class Member, including any objection to the proposed Settlements, are filed electronically by the Clerk and therefore, will be available for public review. Any Class Member who does not enter an appearance will be represented by Class Counsel. You cannot request to speak at the Final Approval Hearing by telephone or email.

<u>GETTING MORE INFORMATION</u>

**28. How do I get more information?**

The Court has appointed A.B. Data, Ltd. as the Settlement Administrator. Among other things, the Settlement Administrator is responsible for providing this Notice about the Settlements and processing the Claim Forms.

11

This Notice summarizes the Settlement Agreements. For the precise terms of the Settlements, please see the Settlement Agreements, which are available for your review at the website, www.PeriodTrackerDataPrivacyLitigation.com, by accessing the Court docket in this case (for a fee) through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. The case website also has answers to common questions about the Settlements, the Claim Form, and other information to help you determine whether you are a Class Member and if you are eligible for a payment. You may contact the Settlement Administrator at:

*Period Tracker Data Privacy Litigation*
P.O. Box 173126
Milwaukee, WI 53217
(866) 778-9626
info@PeriodTrackerDataPrivacyLitigation.com
www.PeriodTrackerDataPrivacyLitigation.com

If your contact information changes, please send it to the Settlement Administrator at the mailing or email address above.

***\*PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE, THE SETTLEMENTS, OR FOR ADDITIONAL INFORMATION ABOUT THE CLAIMS PROCESS.\****

DATED: _____, 2025                              BY ORDER OF THE COURT

# Exhibit A-3

# Short Form Notice

**IF YOU USED THE FLO APP ANYTIME BETWEEN NOVEMBER 1, 2016
AND FEBRUARY 28, 2019
You Could Get Money from $59.5 Million in Settlements**

**www.PeriodTrackerDataPrivacyLitigation.com**

Proposed Settlements totaling $59.5 million have been reached with Google LLC ("Google"), Flo Health, Inc. ("Flo"), and Flurry LLC ("Flurry"), in a class action lawsuit regarding Flo's Period and Ovulation Tracker app (the "Flo App"). The case is *Frasco et al. v. Flo Health, Inc. et al.*, No. 3:21-cv-00757 (N.D. Cal.). Plaintiffs alleged that the Flo App disclosed information related to users' menstruation and/or pregnancy information to Flurry, Meta Platforms, Inc. ("Meta"), and Google. The Court did not decide who is right or whether Flo, Flurry, or Google did anything wrong. Flo, Flurry, and Google deny all of Plaintiffs' allegations, dispute that personal or health information was shared, and dispute that they did anything wrong.

**What is this lawsuit about?**

Plaintiffs alleged that between November 1, 2016 and February 28, 2019 ("Class Period"), Flo incorporated code from Flurry, Meta, and Google's software development kits ("SDKs"), among others, in the Flo App through which Flo allegedly shared information with Flurry, Meta and Google related to Flo App users' menstruation and/or pregnancies. Plaintiffs claimed the alleged disclosure of this personal health information violated certain state and federal laws. Defendants deny the claims and that they did anything wrong. Flurry, Google, and Flo agreed to settle with Plaintiffs solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation; they have not admitted any wrongdoing as part of the Settlements.

The Court previously certified a nationwide Class and California Subclass in this case and decided the claims against Flo, Google, and Meta could proceed to trial. Plaintiffs, Google, and Flo reached Settlements before the trial concluded.

**Who is included in the Settlements?**

Generally, you are included in the Settlements if you are a member of the nationwide Class and/or California Subclass and you did not exclude yourself by July 20, 2025, or you are not excluded by definition.

Unless you are excluded, you are a member of the nationwide Class if you used the Flo App in the United States between November 1, 2016, and February 28, 2019; *and* you entered menstruation and/or pregnancy information into the Flo App during that time.

Unless you are excluded, you are a member of the California Subclass if you used the Flo App in California between November 1, 2016 and February 28, 2019; you lived in California during that time; *and* you entered menstruation and/or pregnancy information into the Flo App during that time.

A more detailed notice, including the exact Class and California Subclass definitions and who is not included, is available at www.PeriodTrackerDataPrivacyLitigation.com.

**What do the Settlements provide?**

Under the Settlements, Google has agreed to pay $48,000,000, Flo has agreed to pay $8,000,000, and Flurry has agreed to pay $3,500,000 to the Class in exchange for releases of all claims and related claims. These amounts will be combined into a total Settlement Fund of $59,500,000 that will be used to compensate eligible Class Members (including California Subclass Members) that file valid and timely Claim Forms. The Settlement Fund will also be used to pay for notice and settlement administration costs, taxes, service awards for representative Plaintiffs, attorneys' fees, and Litigation Expenses.

**How can I get a payment?**

If you are Class Member and did not exclude yourself previously, you must submit a Claim Form to get a payment. Claim Forms must be submitted online at www.PeriodTrackerDataPrivacyLitigation on or before 11:59 p.m. Pacific Time on **[DATE]** or be postmarked by **[DATE]**. The amount of your payment will depend on the number of valid claims and if you are a member of the California Subclass.

**What are my rights and options?**

If you are a Class Member, you can participate in and will be bound by the Settlements with Google, Flo, and Flurry, and all related orders and judgments.

If you did not exclude yourself, you may object to the Settlements by [**DATE**]. Details on how to object are contained in the Long Form Notice at www.PeriodTrackerDataPrivacyLitigation. The Court will hold a hearing on [**DATE**] to consider whether to approve the Settlements and requests for attorneys' fees up to 32.5% of the Settlement Fund (20% of the Flurry Settlement, and 33.3% of the Settlements with Flo and Google), Litigation Expenses up to $_____, and service awards up to $_____ for the named Plaintiffs. You or your own lawyer may appear and speak at the hearing at your own expense. Please check the website for updated information.

**FOR MORE INFORMATION**

**www.PeriodTrackerDataPrivacyLitigation.com**          **1-866-778-9626**

# Exhibit A-4

# Email Notice

Subject: Period Tracker Data Privacy Settlements
Preheader: Did you use the Flo App?

**Name:** XXXXXXXX                                                    **Notice ID:** XXXXX
**Unique ID:** XXXXX
**PIN:** XXXXXXXXX

### If You Used the Flo App Anytime Between November 1, 2016 and February 28, 2019 You Could Get Money from $59.5 Million in Settlements

**This is a Court authorized notice**. Records show that you could get a payment from proposed Settlements in a class action lawsuit. Generally, you are included as a member of the nationwide Class if you used the Flo Period and Ovulation Tracker App ("Flo App") in the United States between November 1, 2016, and February 28, 2019 ("Class Period"); *and* you entered menstruation and/or pregnancy information into the Flo App during that time. You are also included as a member of the California Subclass if you used the Flo App in California during the Class Period, entered menstruation and/or pregnancy information into the Flo App, *and* lived in California during that time.

Under the Settlements, Google LLC ("Google") will pay $48 million, Flo Health, Inc. ("Flo") will pay $8 million, and Flurry LLC ("Flurry") will pay $3.5 million. Among other things, the combined Settlement Fund will be used to pay money to eligible Class Members (including California Subclass Members). You may be eligible to get a payment. If you are eligible and want to participate, click the button below to submit a claim **no later than [DATE]**.

**Submit a Claim**

Flo operates the Flo App in the United States that allows users to track their menstrual cycle, predict ovulation, and track pregnancy, among other things. The lawsuit alleged that between November 1, 2016, and February 28, 2019 Flo incorporated code from Flurry, Meta Platforms, Inc. (f/k/a Facebook, Inc) ("Meta") and Google's software development kits ("SDKs"), among others, in the Flo App through which Flo allegedly shared information related to Flo App users' menstruation and/or pregnancies. Plaintiffs say this was against the law. Flurry, Google, and Flo deny Plaintiffs' allegations and deny they did anything wrong, but agreed to settle to resolve the claims solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation.

If you are a Class Member, you can now submit a Claim Form to ask for a payment and/or object to the Settlements and related relief. Even if you do nothing, if you are in the Class (and did not exclude yourself by July 20, 2025), you will be bound by the Court's decisions. If you did not exclude yourself previously, you may object by [**DATE**] by following the instructions in the Long Form Notice available here. The Court will hold a hearing about the Settlements on [**DATE**]. Class Counsel will ask the Court to approve attorneys' fees up to 32.5% of the Settlement Fund (20% of the Flurry Settlement and 33.3% of the Settlements with Google and Flo), Litigation Expenses up to $_____, and service awards up to $___ for the named Plaintiffs. You, or your own lawyer at your own expense, may appear and speak at the hearing at your own expense.

For more information:
**Visit:** www.PeriodTrackerDataPrivacyLitigation.com
**Email:** info@PeriodTrackerDataPrivacyLitigation.com
**Call:** 866-778-9626
**Write to:** Period Tracker Data Privacy Litigation, P.O. Box 173126, Milwaukee, WI 53217

# Exhibit B

# Submitted to Court
# *in camera* via email
# on September 23, 2025