# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>　　　　　Defendants. | Case No. 3:21-cv-00757-JD (consolidated)<br><br>**[PROPOSED] ORDER REGARDING META'S ENHANCEMENT OF FLO DATA**<br><br>Judge:　　Hon. James Donato<br>Court:　　Courtroom 11 – 19th Floor |

WHEREAS, Plaintiffs executed settlement agreements with Defendants Flurry, Inc. ("Flurry"), Google, LLC ("Google"), and Flo Health, Inc. ("Flo") to resolve all claims against those Defendants on a classwide basis.

WHEREAS, A.B. Data, Ltd. ("AB Data") has been appointed by the Court to serve as the settlement administrator to effectuate notice to the settlement class (the "Class") in *Frasco v. Flo Health Inc.*, No. 3:21-CV-00757-JD (the "Action").

WHEREAS, Flo has provided seven fields of information to AB Data corresponding to Class members in this Action (the "Flo Data").

WHEREAS, on December 5, 2025, following a hearing on preliminary approval, the Court entered a Minute Entry specifying the purpose for which that data could be shared with and used by Defendant Meta Platforms, Inc. ("Meta") and ClaimScore LLC d/b/a Covalynt ("Claim Score") ("Court-Ordered Permitted Purpose"), stating: "The Court approves the parties' request for AB Data to be permitted to share data received from Flo with Meta and Claim Score for the purpose of enriching the user data and improving the proposed notice plan. The parties will submit a proposed order for the Court's consideration." Dkt. 811.

The Court **ORDERS** as follows:

1. Within two (2) days of entry of this Order, AB Data shall transmit the Flo Data to Meta via a secure, one-way encrypted electronic transfer into a physically or logically air-gapped environment that is isolated from Meta's computer systems (the "Isolated Environment").[1] Meta shall maintain a detailed audit log ("Audit Log") within the Isolated Environment documenting: (a) all personnel access; (b) all queries executed using Flo Data; (c) all data imports; and (d) all data exports.

2. Within five (5) days of receiving the Flo data from AB Data, Meta shall select a small team of up to three personnel (the "Selected Team") for the purpose of identifying users of Meta

---

[1] Except as detailed herein, the Isolated Environment shall: (i) have no connectivity to Meta's internal corporate networks except as necessary to carry out the tasks expressly permitted herein; (ii) have no connectivity to Meta's production systems, R&D systems, or cloud infrastructure; (ii) allow only authorized personnel with MFA-protected temporary credentials; (iii) disable all telemetry, logging exports, automated backups, or replication to any Meta-controlled environment outside the Isolated Environment; (iv) prevent any outbound transmission except as expressly permitted herein; (v) disable and prevent any remote administration utilities, command relays, or internal Meta developer tools.

services that are associated with Flo Data, and inform Flo and Class Counsel of its selections. Meta shall identify the individuals on the Selected Team before they are provided access to the Isolated Environment. Before those individuals are provided access to the Isolated Environment, Flo and Class Counsel will be given an opportunity to veto any individual for good cause. Flo or Class Counsel must notify Meta of such veto decisions within two (2) days of Meta's identification of the Selected Team. Those individuals must complete and sign a written acknowledgment in the Form of Appendix A attached hereto. These individuals must also execute Exhibit A to the Protective Order in this Action. These acknowledgments shall be shared with Flo. Only members of the Selected Team shall access the Isolated Environment, the Flo Data, or anything derived from the Flo Data,[2] except as expressly stated in this Order.

3. The Selected Team shall search for and identify all data sources within Meta's custody and control that may be used to associate users of Meta services (*e.g.*, Facebook, Instagram, WhatsApp) with one or more value in the Flo Data and import those data sources into the Isolated Environment. This search shall be exhaustive of the information in Meta's custody or control. In ascertaining potentially relevant data sources, the Selected Team, Meta, and Meta's counsel may communicate with other Meta employees about the types of data fields included within the Flo Data, but may not disclose any specific data from the Flo Data, such as any IP address, email address, name, or advertising ID of individuals. The Selected Team shall begin this process within three (3) days of its selection.

4. The Selected Team shall take all possible steps to identify users of Meta that are, or can be, associated with one or more value in the Flo Data.[3] For the avoidance of doubt, Meta shall not

---

[2] For the avoidance of doubt, no contractors or vendors may access the Isolated Environment or automated agents (*e.g.*, scripts that operate under general corporate service accounts) may access the Isolated Environment. For the further avoidance of doubt, programmatic steps used solely within the Isolated Environment or in processes permitted pursuant to Paragraph 5 are not prohibited by the prior sentence's reference to automated agents.

[3] Individuals do not need to be identified by the information solely in a single location such as a table, database, or system to be included here. Rather, to the extent it is possible to identify an individual by joining information across multiple locations, these individuals will also be included. For example, if Meta has historical data about which IDFAs were targeted in an advertising campaign ("Table 1") and a separate historical data table about which Facebook users were served ads pursuant to that campaign ("Table 2"), such that joining IDFAs from the Flo Data to Table 1 will allow Meta to identify Facebook users in Table 2, data about the individuals in Table 2 shall be produced.

exclude individuals who are associated with one or more value in the Flo Data on any basis, including on the grounds that: (1) Meta contends those individuals fall outside the Class definition in this Action; and (2) that more than one user of Meta services may be associated with the same value (*e.g.*, an IP Address) in the Flo Data.  For each individual identified, Meta shall collect all information of the following types: user ID, name, email address, IP addresses, physical address, phone number, age, gender, sex, home location.  To the extent historical information shows that the information in these categories for any individual changed over time (*e.g.*, an individual has or has had more than one phone number or address), or to the extent Meta otherwise has more than one value for any of these types of data for an individual, Meta will produce each version of such user information.  Within the Isolated Environment, Meta shall prepare a file containing this data and transmit this information (the "Results") and provide that file to AB Data via an encrypted electronic transfer.  AB Data shall maintain these results in a secure environment consistent with its ordinary practices and shall not use such data for purposes other than its Court-approved role in this Action.  No other transmission from the Isolated Environment shall occur, except as expressly authorized herein.[4]

5. If Meta has data or technological capabilities that may assist in identifying users from the Flo Data (or in collecting the information to be included in the Results), wherein it is not feasible to import the relevant data into the Isolated Environment or perform the relevant work within the Isolated Environment, Meta may propose to transfer data from the Isolated Environment ("Transfer Event") for those purposes.  In proposing such a Transfer Event, Meta shall inform Flo, Class Counsel, and AB Data of its proposed data transfer and provide a detailed plan stating how the transfer will be conducted and logged.  Any proposal concerning such Transfer Event shall explain: (a) that such transfer will be subject to detailed auditable controls to ensure that any Flo Data, information derived from the Flo Data, or any artifacts or impressions of such data are not used for any other purpose besides identifying Meta users from the Flo Data (or the information to be included in the Results); and (b) that any Flo Data, information derived from the Flo Data, or any artifacts or impressions of such

---

[4] For the avoidance of doubt, AB Data may share the Results with ClaimScore consistent with its Court-approved role in this Action.  For example, in sending Meta notice of a filed claim, AB Data may include information concerning the fact that such Claim originated from a direct notice sent to a potential Class member and in so doing may include information from the Results related to that Claim.

data will be retained on Meta's system outside of the Isolated Environment for only the minimum period of time needed to identify Meta users from the Flo Data (or collect the information to be included in the Results). For the avoidance of doubt, the Flo Data and any information derived from it, may not be stored or retained anywhere outside of the Isolated Environment, except pursuant to the process detailed in this Paragraph, or pursuant to the terms for transfer of Results pursuant to Paragraph 4.

6. Meta shall maintain a reasonably detailed log ("Work Log") of what inquiries were made as to potentially relevant data sources, what data tables or data logically linkable to data tables may include relevant information, but were not imported into the Isolated Environment and why, and what processes were used to identify individuals (or the information to be included in the Results). Such Work Log shall not contain or reveal any of the Flo Data aside from generic descriptions of the types of data at issue, and as such, shall not include any specific IP address, email address, name, or advertising ID, but shall include a description of each data table imported into the Isolated Environment and the details of the potentially relevant data fields in the data table, and whether data included in that table was limited to a particular time period or geography. Meta shall provide the Work Log containing this information to AB Data, Flo, and Class Counsel for review after completing the process described above.

7. Meta and Claim Score shall use the Flo Data—and any information derived from it—solely for the Court-Ordered Permitted Purpose. Meta and Claim Score are expressly prohibited from using the Flo Data or derivatives thereof for any other purpose, including but not limited to: (a) advertising; (b) analytics; (c) machine learning or artificial-intelligence model training, tuning, or evaluation; (d) product development; (e) enhancement of Meta's systems, including the internal user-identity graph; and (f) enhancement of Claim Score's systems.

8. Notwithstanding Paragraph 7, Claim Score may provide information concerning the Results to Class Counsel, which may be used for enriching the Flo User data and improving the proposed notice plan for the post-verdict claim process involving Meta. The same information may also be used by Claim Score and/or A.B. Data to assist in claim validation and fraud prevention for the settlements in this Action and post-verdict claims process.

9. Meta shall complete the steps described in Paragraphs 3 through 7 and transmit the Results file to AB Data within thirty (30) days of beginning the process. If Meta is unable to do so, it shall file a letter with the Court explaining the reasons for the delay.

10. After transmitting the Results file to AB Data and confirming with AB Data that it has received the Results file, within fourteen (14) days after receiving such confirmation from AB Data, Meta shall delete the Flo Data, the Results, and all derivatives it possess of either, along with all other data within the Isolated Environment and any other environment it imported data into or created pursuant to Paragraph 5, except it shall retain the Audit Log and Work Log until an order of the Court permits the deletion of those documents. Deletion shall use National Institute of Standards and Technology ("NIST")-compliant secure erasure methods for all storage media. Deletion shall include all ephemeral computer artifacts such as memory snapshots, container layers, virtual-machine images, scratch space, swap files, encryption keys, and any other material from which Flo Data or derivatives could be reconstructed.

11. Following the deletion described in Paragraph 10, within three (3) days, Meta shall then provide Flo with a sworn certification executed by an authorized information-security officer attesting to the deletion, describing the method used, and confirming that none of the Flo Data or derivatives remain in any Meta system, backup, cache, archive, log aggregation pipeline, or developer tool and that none of the Flo Data or derivatives was ever transferred or exposed—directly or indirectly—to any machine learning pipeline, analytics service, or Meta system capable of ingesting such data outside of the Isolated Environment, except to the extent permitted following a Transfer Event pursuant to the terms of this Order.

12. Meta must notify the Parties within forty-eight (48) hours of any suspected or confirmed unauthorized access, leakage, or policy violation relating to Flo Data and shall be strictly responsible for any violation, misuse, unauthorized access, disclosure, or other breach of this Order, whether committed by Meta personnel, contractors, systems, or any third party. Meta shall indemnify, defend, and hold harmless Flo from any claims, damages, liabilities, penalties, costs, or expenses (including reasonable attorneys' fees) arising out of or relating to any such violation, misuse, or unauthorized

access or disclosure of Flo Data or derivative information. Nothing in this paragraph shall limit the Court's authority to impose additional sanctions, remedies, or relief for any breach of this Order.

**IT SO ORDERED.**

DATED: _____

_____
THE HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

# APPENDIX A

**Selected Team Written Acknowledgment**

1. I am a Meta employee selected to assist the process set forth in Order Regarding Settlement Class Contact Information in the case *Frasco v. Flo Health Inc*, No. 3:21-CV-00757-JD (the "Order").

2. I have thoroughly reviewed that Order, understand its terms, and I agree to comply with those terms.

3. I was provided with a copy of Exhibit A to the Protective Order in this case (ECF No. 112), have reviewed that document, agree to its terms, and have executed that document.

4. I am educated on best practices for the handling of sensitive personal information and have participated in training on that topic through my employment at Meta.

5. If I become aware of any violations of the Order, whether through my own actions or not, I will notify counsel for Meta as soon as practicable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____                                         _____

Name:

Title: