# Exhibit 1

| | |
|---|---|
| **LATHAM & WATKINS LLP**<br>Andrew B. Clubok (*pro hac vice*)<br>andrew.clubok@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br><br>**GIBSON, DUNN & CRUTCHER LLP**<br>Elizabeth K. McCloskey (SBN 268184)<br>EMcCloskey@gibsondunn.com<br>Abigail A. Barrera (SBN 301746)<br>ABarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br><br>*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)*<br><br>**DECHERT LLP**<br>Brenda R. Sharton (*pro hac vice*)<br>Benjamin M. Sadun (SBN 287533)<br>One International Place<br>100 Oliver Street<br>Boston, MA 02110<br>Tel: (617) 728-7100<br>brenda.sharton@dechert.com<br><br>*Counsel for Defendant Flo Health, Inc.* | **LABATON KELLER SUCHAROW LLP**<br>Carol C. Villegas (*pro hac vice*)<br>Michael P. Canty (*pro hac vice*)<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>cvillegas@labaton.com<br>mcanty@labaton.com<br><br>**LOWEY DANNENBERG, P.C.**<br>Christian Levis (*pro hac vice*)<br>Amanda Fiorilla (*pro hac vice*)<br>44 South Broadway, Suite 1100<br>White Plains, New York 10601<br>Telephone: (914) 997-0500<br>clevis@lowey.com<br>afiorilla@lowey.com<br><br>**SPECTOR ROSEMAN & KODROFF, P.C.**<br>Diana J. Zinser (*pro hac vice*)<br>2001 Market Street, Suite 3420<br>Philadelphia, PA 19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611<br>dzinser@srkattorneys.com<br><br>*Co-Lead Class Counsel* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FLO HEALTH, INC., GOOGLE, LLC, META PLATFORMS, INC., and FLURRY, INC.,<br><br>    Defendants. | Case No. 3:21-cv-00757-JD (consolidated)<br><br>**[PROPOSED] ORDER REGARDING CLASS INFORMATION**<br><br>Judge:  Hon. James Donato<br>Court:  Courtroom 11 – 19th Floor |

WHEREAS, Plaintiffs executed settlement agreements with Defendants Flurry, Inc. ("Flurry"), Google, LLC ("Google"), and Flo Health, Inc. ("Flo") to resolve all claims against those Defendants on a classwide basis.

WHEREAS, on August 1, 2025, the jury rendered a verdict in this Action as to the claim against Defendant Meta Platforms, Inc. ("Meta").

WHEREAS, on August 27, 2025, the Court ordered Plaintiffs and Meta to jointly propose a post-verdict claims procedure. Dkt. 770.

WHEREAS, on September 30, 2025, the Court held a remedy hearing on the post-verdict claims process, during which Class Counsel explained that they had just "reached an agreement with Flo" for Flo to provide "information for nationwide users" that was not produced during the litigation, and that they would use the "data that we get from Flo Health . . . to cross-check" whether individual claimants were users of the Flo app during the Class Period (November 1, 2016 through February 28, 2019) and had valid claims. Sept. 30, 2025 Hr'g Tr. at 6:20-22, 11:3-7. Class Counsel further explained that they would like to provide "the data that we get from Flo" to Meta, so that "Meta can provide us with the names and email addresses of those individuals that used the Flo Health app that they have Facebook accounts for as another cross-check to send direct notice to." *Id.* at 14:19-15:2. At this hearing, the Court stated that it "want[ed] to see as many cross-checks as we can possibly have." *Id.* at 11:25-12:1.

WHEREAS, on October 1, 2025, following the September 30 hearing, the Court entered a minute order directing Plaintiffs and Meta to revise the claim form and notice plan. Dkt. 791. The minute entry also reiterated that Flo "will voluntarily produce user data to plaintiffs," and that "Plaintiffs and Meta will meet and confer regarding the data and possible cross-checks and sampling to be conducted by Meta to confirm class membership. The Court's expectation is that the parties will work cooperatively on these issues." *Id.*

WHEREAS, Class Counsel and Meta are in the process of negotiating the post-verdict claims process.

WHEREAS, A.B. Data, Ltd. ("AB Data") has been appointed by the Court to serve as the claims administrator and will effectuate notice and manage the claims' process, including "employ[ing]

a number of fraud prevention techniques," to both the settlement class and the post-verdict class (the "Class") in *Frasco v. Flo Health Inc*., No. 3:21-CV-00757-JD (the "Action"). *See* Dkt. 785 at 8-10.

WHEREAS, in November 2025, Flo provided seven fields of information to AB Data corresponding to nationwide users of the Flo app during the Class Period (the "Flo Data").

WHEREAS, on January 11, 2022, the Court entered the Parties' Stipulated Protective Order in this Action. "Even after final disposition of this litigation" the terms of the Protective Order remain in effect "until a Designating Party agrees otherwise in writing or a Court order otherwise directs." Dkt. 112 at 4–5.

WHEREAS, on December 5, 2025, following the December 4, 2025 hearing on preliminary approval of the settlement agreements, the Court entered a Minute Entry stating: "The Court approves the parties' request for AB Data to be permitted to share data received from Flo with Meta and Claim Score for the purpose of enriching the user data and improving the proposed notice plan. The parties will submit a proposed order for the Court's consideration." Dkt. 811.

WHEREAS, in light of the Court's statements at both the September 30 and December 4 hearings and the Court's minute orders, the parties understand the Court to be requiring AB Data to share the data received from Flo with Meta and ClaimScore to assist with both the settlement and post-verdict claims' notice processes, and to assist with running "cross checks" for fraud prevention purposes ("Court Ordered Permitted Purposes"). *See* Sept. 30, 2025 Hr'g Tr. at 11:25-12:1, 14:9-15:2; Dkt. 791; Dkt. 811.

The Court **ORDERS** as follows:

1.  Within two (2) days of entry of this Order, AB Data shall transmit a sample of the Flo Data to Meta via a secure, one-way encrypted electronic transfer that Meta will move into a restricted environment (the "Restricted Environment").

2.  Within ten (10) days of receiving the sample of Flo Data from AB Data, Meta shall select a team of up to five personnel who can access the sample of Flo Data to review it and preliminarily assess the steps that would be involved in attempting to compare the Flo Data to Meta's data (the "Preliminary Selected Team"). The parties will thereafter meet and confer regarding the

number of Meta personnel necessary to compare the full set of Flo Data to Meta's data (the "Selected Team").

3.   All individuals on the Preliminary Selected Team and the Selected Team must (1) review the Protective Order and sign Exhibit A, and (2) complete and sign a written acknowledgment that they have reviewed and will comply with the terms of this Order (attached hereto as Exhibit 1).

4.   With respect to Meta's employees, only members of the Preliminary Selected Team and the Selected Team shall access the Restricted Environment, the Flo Data, and the data in the Restricted Environment that has been associated with one or more values in the Flo Data, except as expressly stated in this Order.

5.   Meta shall conduct a reasonable search for data within Meta's possession, custody and control that may be used to compare the Flo Data to Meta user data through methods that could reasonably identify possible Flo users and copy the identified user data into the Restricted Environment. In ascertaining potentially relevant data sources, the Selected Team and Meta's counsel may communicate with other Meta employees about the types of data fields included within the Flo Data, but may not disclose any specific data from the Flo Data, such as any IP address, email address, name, or advertising ID of individuals other than to the Selected Team.

6.   The Selected Team shall take reasonable steps to identify information associated with Meta user accounts that may be associated with one or more values in the Flo Data.[1] For each Meta user account that Meta determines may be associated with one or more values in the Flo Data,[2] Meta shall search for information that may be useful for notice, fraud prevention, and/or claim verification, including but not limited to data of the following types: user ID, name, email address, IP address, physical address, phone number, age, gender, sex, and location. Meta will search for both current information in the aforementioned categories and historical information created since November 1,

---

[1] Individuals do not need to be identified by the information solely in a single location such as a table, database, or system to be included here. Rather, to the extent it is reasonable to identify an individual by joining information across multiple locations, these individuals will also be included.

[2] If it becomes necessary to exclude individuals who are associated with one or more values in the Flo Data, for example, on the grounds that: (1) Meta contends those individuals fall outside the Class definition in this Action and (2) that more than one user of Meta services may be associated with the same value (e.g., an IP address) in the Flo Data, Meta shall meet and confer with Class Counsel about a reasonable process for addressing these situations.

2016, to the extent it exists. Within the Restricted Environment, Meta shall prepare this information in reasonably usable form (the "Results") and transmit the Results to AB Data via encrypted electronic transfer. The parties may meet and confer as necessary on specific information formats for the Results.

7. AB Data shall maintain the Results in a secure environment consistent with its ordinary practices and shall not use such data for purposes other than its Court-approved role in this Action.[3] AB Data shall retain the Flo Data and the Results until all settlements, claims processes, and appeals have been fully resolved and the matter has been closed. No other transmissions from the Restricted Environment shall occur, except as expressly authorized herein.[4]

8. If Meta has data or technological capabilities that may assist in identifying users from the Flo Data (or collecting the information to be included in the Results) wherein it is not feasible to import the relevant data into the Restricted Environment or perform the relevant work within the Restricted Environment, Meta may propose to transfer data from the Restricted Environment ("Transfer Event") for those purposes. In proposing such Transfer Event, Meta shall meet and confer with Flo, Class Counsel, and AB Data of its proposed data transfer and provide sufficient information stating how the Transfer Event will be conducted. For the avoidance of doubt, the Flo Data and the Results may not be stored or retained anywhere outside of the Restricted Environment, except pursuant to the process detailed in this Paragraph, or pursuant to the terms for transfer of Results pursuant to this Order.

9. Meta shall use the Flo Data and the Results solely for the Court-Ordered Permitted Purposes, except that AB Data is authorized to provide the Flo Data and the Results to Meta, and Meta is authorized to use the Flo Data and the Results, for litigation purposes after any appeals are resolved, to the extent the data is relevant to any litigation that occurs after such appeals are resolved. Meta reserves all rights with respect to the Flo Data and the Results and its need to use such data in connection with future litigation.

---

[3] For example, in sending Meta notice of a filed claim, AB Data may include information concerning the fact that such Claim originated from a direct notice sent to a potential Class member and in so doing may include information from the Results related to that Claim.

[4] For the avoidance of doubt, AB Data may share the Results with ClaimScore consistent with its Court-approved role in this Action.

10. Meta, Class Counsel, and Flo will comply with the terms of the Protective Order which states that it "must not . . . use[]" the data "for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever." Dkt. 112 ¶ 7.1.

11. Meta shall provide reasonable updates to the parties regarding the timing of the process described above. The parties shall meet and confer as necessary regarding the timing of this process.

12. Within thirty (30) days of transmitting the Results file to AB Data and confirming with AB Data that it has received the Results file, Meta shall delete the Flo Data from the Restricted Environment and certify its destruction consistent with Section 13 of the Protective Order.

13. At all times, Meta, Flo and Plaintiffs shall comply with the Protective Order in this matter when handling the Flo Data and the Results.

14. Neither Flo nor Class Counsel shall assert claims against Meta or allege any wrongdoing on Meta's behalf for acting in good faith to comply with the terms of this Order.

**IT SO ORDERED.**

DATED: _____

_____
THE HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX A

**Selected Team Written Acknowledgment**

1. I am a Meta employee selected to assist the process set forth in the Order Regarding Class Information in the case *Frasco v. Flo Health Inc*, No. 3:21-CV-00757-JD (the "Order").

2. I have reviewed the Order, understand its terms, and agree to comply with those terms.

3. If I become aware of any violations of the Order, whether through my own actions or not, I will notify counsel for Meta as soon as practicable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____                              _____

Name:

Title: