**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200

Michele D. Johnson (SBN 198298)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:  714.540.1235

Melanie M. Blunschi (SBN 234264)
melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone:  415.395.5942

**GIBSON, DUNN & CRUTCHER LLP**
Christopher Chorba (SBN 216692)
cchorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7396

Elizabeth K. McCloskey (SBN 268184)
*EMcCloskey@gibsondunn.com*
Abigail A. Barrera (SBN 301746)
*ABarrera@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERICA FRASCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FLO HEALTH, INC., GOOGLE, LLC, FACEBOOK, INC., and FLURRY, INC., <br><br> Defendants. | CASE NO. 3:21-cv-00757-JD (consolidated) <br><br> **NOTICE OF META'S FILING OF STATEMENT RE: LETTER FROM MICHAEL P. CANTY RE: STATUS UPDATE ON ENRICHMENT OF FLO'S DATA** |

Meta seeks to clarify two points made in Plaintiffs' January 14, 2026 letter regarding the efforts to process Flo's data and proposing ways in which Plaintiffs believe Meta would be able to further "enrich[]" that data. Dkt. 818.

*First*, Plaintiffs are incorrect to claim that Meta's proposed order, which was submitted to the Court on December 23, 2025 (Dkt. 816), "provides insufficient transparency and protections for Class Members' data" (Dkt. 818 at 3). Meta's proposed order provides robust transparency and data protection while ensuring the process is technically feasible and accounts for how Meta's systems actually work—which Plaintiffs' proposed order does not.

Specifically, Meta's proposed order identifies the steps it will take to ascertain relevant data sources and then attempt to compare that data to Flo's data. Dkt. 816-1 ¶¶ 5–6. Meta's proposal also includes significant protections for Flo's data, including by requiring the data to be maintained in a "Restricted Environment" that can only be accessed by a small number of people, and incorporating the Protective Order already in effect in this matter, which prohibits the parties from using data from this case for any purpose other than "prosecuting, defending, or attempting to settle this litigation." Dkt. 816-1 ¶¶ 1–8, 10 (citing Dkt. 112 ¶ 7.1). Meta's proposal also contemplates "reasonable updates" and "meet and confer[s]" with Class Counsel and Flo regarding the process, rather than burdening the Court regularly if Meta cannot meet the onerous demands laid out in Plaintiffs' proposal. *Id.* ¶¶ 2, 6, 8, 11.

Importantly, as Meta explained previously, Plaintiffs' proposed order includes provisions that are not technically feasible (let alone reasonable or proportional). Dkt. 816. For example, given the scope and importance of the data processing and matching efforts, Meta may need more than three personnel and will likely need more than thirty days to complete them, but Plaintiffs have been unwilling to allow either more resources or more time. Dkt. 815-1 ¶¶ 2, 9. And the prohibition on contractors, vendors, and automated agents (*id.* ¶ 2 fn. 2) may not be feasible, including because data stored within Meta's systems is subject to certain automated processing techniques for safety and security reasons. These are just two of many examples—other unreasonable provisions of Plaintiffs' proposal include onerous logging provisions and the right to veto specific people slated to assist with this process. *Id.* ¶¶ 1–2, 6.

*Second*, Meta may be able to compare Flo's data to its own data and identify additional information that may relate to potential class members, and it has agreed to attempt to do so. But Plaintiffs overstate Meta's abilities. For example, they misleadingly say Meta can "uniquely determine individual identities based on static residential IP addresses," "use its data to identify individuals and their locations based on their IP addresses," and "determine individual identities based on advertising identifiers." Dkt. 818 at 2. And they conclude without basis that Meta can "potentially locate direct contact information for *several million additional people* based on IP addresses, advertising identifiers, and/or device identifiers." *Id.* at 2–3 (emphasis added). Given the class period in this case is from November 1, 2016 through February 28, 2019, Plaintiffs' expectations likely far exceed what can be done here. But, as Meta has explained, Meta needs Flo's data to determine what is possible, and Meta's ability to compare Flo's data to Meta's data will depend on several factors, including but not limited to the quality of the data and whether the data is recent or stale. In addition, IP addresses are often associated with multiple accounts, such as when multiple devices are connected to the same network, and often cannot be used to accurately and precisely identify an accountholder's location for various reasons, including the use of VPN services.

Accordingly, Meta requests that the Court enter its version of the Proposed Order (Dkt. 816-1), or order the parties to confer in good faith and submit a joint order.

Dated: January 20, 2026

*/s/ Christopher Chorba*

**GIBSON, DUNN & CRUTCHER LLP**
Christopher Chorba (SBN 216692)
cchorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7396

Elizabeth K. McCloskey (SBN 268184)
*EMcCloskey@gibsondunn.com*
Abigail A. Barrera (SBN 301746)
*ABarrera@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:   415.393.8200

**LATHAM & WATKINS LLP**
Andrew B. Clubok (*pro hac vice*)

*andrew.clubok@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone:    202.637.2200

Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone:    714.540.1235

Melanie M. Blunschi (SBN 234264)
*melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone:    415.395.5942

*Counsel for Defendant Meta Platforms, Inc.*