# Exhibit 1

EXECUTION VERSION

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com

*Co-Lead Class Counsel*

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco
and Sarah Wellman*

[additional counsel listed below]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-00757-JD<br><br>CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT AS TO GOOGLE LLC<br><br>Judge: Hon. James Donato |

## TABLE OF CONTENTS

**Page**

Recitals ........................................................................................................................... 1

1.    Definitions ............................................................................................................ 5

2.    Settlement Fund ................................................................................................. 13

3.    Administration/Maintenance of the Settlement Fund ........................................ 14

4.    Releases and Covenants Not to Sue .................................................................. 17

5.    Motion for Preliminary Approval ..................................................................... 18

6.    Notice Plan ........................................................................................................ 19

7.    Settlement Administration ................................................................................. 21

8.    Requests for Exclusion (Opt-Outs) ................................................................... 22

9.    Settlement and Claims Administration .............................................................. 23

10.    Objection Procedures ........................................................................................ 28

11.    Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards ................................................................................................... 29

12.    Motion for Final Approval and Entry of Final Judgment ................................. 31

13.    Best Efforts to Effectuate This Settlement ....................................................... 33

14.    Termination ........................................................................................................ 33

15.    Effect of Termination ........................................................................................ 34

16.    Confidentiality .................................................................................................. 36

17.    Successors and Assigns ..................................................................................... 36

18.    No Admissions and Preclusion .......................................................................... 36

19.    Representations .................................................................................................. 37

20.    Entire Agreement, Exhibits, and Parol Evidence ............................................. 37

21.    Headings ............................................................................................................ 38

22.    Joint Drafting .................................................................................................... 38

23.    Choice of Law ................................................................................................... 38

24.    Costs and Fees ................................................................................................... 39

STIPULATION AND AGREEMENT OF SETTLEMENT AS TO GOOGLE LLC - CASE NO. 3:21-CV-00757-JD

25.   Execution in Counterparts and Execution Date ..................................................... 39

26.   Submission to and Retention of Jurisdiction ........................................................ 39

27.   Notices .................................................................................................................. 39

28.   Authority .............................................................................................................. 40

29.   Final and Complete Resolution. .......................................................................... 40

30.   Recitals. ................................................................................................................ 40

31.   Days. ..................................................................................................................... 41

32.   Change of Time Periods. ...................................................................................... 41

33.   Inadmissibility. ..................................................................................................... 41

34.   Good Faith. ........................................................................................................... 41

35.   Beneficial and Fair. .............................................................................................. 42

36.   Waiver. .................................................................................................................. 42

37.   Singular and Plural. .............................................................................................. 42

38.   Consultation with Counsel. .................................................................................. 42

CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT AS TO GOOGLE LLC - CASE NO. 3:21-CV-00757-JD

**CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT AS TO GOOGLE LLC**

This CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT AS TO GOOGLE LLC ("Settlement Agreement") is entered into on July 11, 2025. This Settlement Agreement is entered into on behalf of Plaintiffs Jennifer Chen, Erica Frasco, Tesha Gamino, Madeline Kiss, Autumn Meigs, Justine Pietrzyk, Leah Ridgway, and Sarah Wellman (collectively, "Plaintiffs"), individually and on behalf of the "Class" (defined below), by and through their undersigned counsel ("Class Counsel"), and on behalf of Defendant Google LLC ("Google"), by and through Google's undersigned counsel ("Google's Counsel") (collectively, the "Parties"). The Parties enter into this Settlement Agreement to effect a full and final settlement and dismissal of the claims asserted against Google in *Frasco et al. v. Flo Health, Inc. et al.*, 3:21-cv-00757-JD (N.D. Cal.) (the "Action," defined further below). Capitalized terms shall have the meanings ascribed to them in Section 1 or as otherwise specified herein.

This Settlement Agreement is conditioned upon and subject to approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure. The Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, the Action and all Released Claims (as defined below) shall be finally and fully settled, compromised, and released, on the following terms and conditions:

## RECITALS

**WHEREAS**, on January 29, 2021, Plaintiff Erica Frasco filed a complaint in the United States District Court for the Northern District of California, which was later consolidated with *Madeline Kiss v. Flo Health, Inc., et. al* (Case No. 4:21-cv-04333-DMR) and other pending related actions into a consolidated class action, styled, *Erica Frasco, et al. v. Flo Health, Inc.*, *et al.* (Case No. 3:21-cv-00757-JD) (the "Action");

**WHEREAS**, Plaintiffs filed a Consolidated Class Action Complaint ("Complaint") on September 2, 2021, alleging, among other things, claims against Google for: (a) unjust enrichment; (b) California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (c) aiding and abetting violations of the UCL; (d) aiding and abetting common law invasion of privacy - intrusion upon seclusion; (e) Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*; (f) violation of the

California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630, *et seq.*; (g) violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Pen. Code § 502 (Dkt. No. 64);

WHEREAS, on October 12, 2021, the Court entered an Order appointing Carol C. Villegas of Labaton Sucharow LLP, Diana J. Zinser of Spector Roseman & Kodroff, P.C., and Christian Levis of Lowey Dannenberg, P.C. to serve as interim co-lead class counsel (Dkt. No. 80);

WHEREAS, on June 6, 2022, the Court entered an Order on Google, Meta, Flurry, and AppsFlyer's Motion to Dismiss, wherein the Court dismissed the unjust enrichment claim as to Google and denied the Motion as to all other claims against Google (Dkt. No. 158);

WHEREAS, on August 8, 2022, Google filed its Answer to the Consolidated Complaint (Dkt. No. 174);

WHEREAS, the Parties have engaged in approximately three years of discovery including: serving discovery requests and written responses; meeting and conferring; engaging in discovery motion practice; and taking and defending depositions;

WHEREAS, on September 19, 2024, the Court referred the case to private mediation with Ambassador Jeffrey Bleich (Ret.) (Dkt. No. 484);

WHEREAS, on September 23, 2024, the Court entered an Order on Google's Motion for Summary Judgment, dismissing the UCL and aiding and abetting claims as to Google and denying the Motion as to Plaintiffs' Federal Wiretap Act, CIPA, and CDAFA claims (Dkt. No. 485);

WHEREAS, in March 2025, Plaintiffs and Defendant Flurry entered into a partial settlement agreement. On March 21, 2025, Plaintiffs filed an unopposed motion for preliminary approval of the Flurry settlement. Dkt. No. 589. On May 15, 2025, the Court preliminarily approved in principle the class-wide settlement between Plaintiffs and Flurry, pending further proceedings with respect to formal approval (Dkt. No. 597);

WHEREAS, on May 19, 2025, the Court certified the following nationwide class for Plaintiffs' breach of contract and intrusion upon seclusion claims and claims brought under the California Confidentiality of Medical Information Act (CMIA) against Defendant Flo: All Flo App

2

users in the United States who entered menstruation and/or pregnancy information into the Flo Health App between November 1, 2016 and February 28, 2019, inclusive. Dkt. No. 605. The Court appointed the following plaintiffs as named representatives for the nationwide class: Erica Frasco, Sarah Wellman, Jennifer Chen, Tesha Gamino, and Autumn Meigs (*id.*);

WHEREAS, the Court also certified a California subclass for Plaintiffs' invasion of privacy claims against Flo and claims brought under Section 632 of the California Invasion of Privacy Act (CIPA) against Defendants Meta and Google: All Flo App users in California who entered menstruation and/or pregnancy information into the Flo Health App while residing in California between November 1, 2016, and February 28, 2019, inclusive. Dkt. No. 605. The Court appointed the following plaintiffs as named representatives for the California subclass: Sarah Wellman, Jennifer Chen, Tesha Gamino;

WHEREAS, the Court also appointed Carol C. Villegas of Labaton Keller Sucharow LLP, Diana J. Zinser of Spector Roseman & Kodroff, P.C., and Christian Levis of Lowey Dannenberg, P.C., as class counsel for both the nationwide class and the California subclass (*id.*);

WHEREAS, the Court subsequently ordered that the parties provide notice of the class certification Order by June 23, 2025 ("Class Notice") and of Class Members' right to request exclusion from the Class. Dkt. No. 619.  Beginning on June 17, 2025, the Class Notice was publicly posted, emailed to potential Class Members, and a website was created for the Action. The deadline for mailing any requests for exclusion from the Class is July 20, 2025;

WHEREAS, on June 12, 2025, the Parties filed trial briefs, motions *in limine*, and other pretrial submissions (Dkt. Nos. 637-653);

WHEREAS, on June 27, 2025, the Court conducted a pretrial conference and issued a Pretrial Order (Dkt. No. 692);

WHEREAS, Google denies each and all of the claims and allegations of wrongdoing in Plaintiffs' pleadings, and maintains that it has good and meritorious defenses to the claims of liability and damages made by Plaintiffs;

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

**WHEREAS**, Plaintiffs and Google (collectively, the "Parties") participated in mediations on August 23, 2022 and April 30, 2024 before Magistrate Judge Thomas S. Hixson; on November 7, 2024 and January 24, 2025 before Ambassador Jeffrey Bleich (Ret.), and participated in subsequent additional settlement discussions through Ambassador Bleich;

**WHEREAS**, on July 3, 2025, the Parties fully executed a Binding Memorandum of Understanding agreeing, subject to the Court's approval, to settle the dispute;

**WHEREAS**, the Action is scheduled for a jury trial set to begin on July 21, 2025 (the "Jury Trial");

**WHEREAS**, before entering into this Settlement agreement, Plaintiffs, through Class Counsel, conducted an investigation of the facts and the law regarding the Action, considered the Settlement set forth herein to be fair, reasonable, adequate, and in the best interests of Plaintiffs and the Class, and determined that it is in the best interests of the Class to enter into this Settlement Agreement in order to avoid the uncertainties of complex litigation and to assure a benefit to the Class;

**WHEREAS**, Google, denies the allegations in the pleadings in the Action, denies that it has engaged in any wrongdoing, denies that the Plaintiffs' allegations state valid claims, and vigorously disputes that Plaintiffs and the Class are entitled to any relief whatsoever, but nevertheless agrees to resolve the Action on the terms set forth in this Settlement Agreement to eliminate the uncertainties, burden, expense, and delay of further protracted litigation;

**WHEREAS**, the Parties intend for this Settlement Agreement fully and finally to compromise, resolve, discharge, and settle the Released Claims, as defined and on the terms set forth below, and to the full extent reflected herein, subject to approval of the Court; and

**WHEREAS**, the Parties have agreed to stay other non-settlement related proceedings in the Action, including vacating any upcoming deadlines, including the July 21, 2025, trial date as to Google (Dkt. No. 696);

**WHEREAS**, the Court stayed the case with respect to Google and relieved Google of all remaining pretrial and trial deadlines (Dkt. No. 701);

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

**NOW, THEREFORE**, the Plaintiffs (for themselves and on behalf of the Class) and Google have AGREED that, subject to the approval of the Court, this Action shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set in this Settlement Agreement.

### 1.      Definitions

The words and terms used in this Settlement Agreement, which are expressly defined below, shall have the meanings specified below:

(A)      **"Action"** means the consolidated class action styled, *Erica Frasco, et al. v. Flo Health, Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal.).

(B)      **"Agreement" or "Settlement Agreement"** means this Class Action Settlement and Release Agreement as to Google LLC, together with any appendices and exhibits attached hereto, which are incorporated herein by reference.

(C)      **"Alternative Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Final Judgment provided for in this Settlement Agreement, provided that the Alternative Judgment may not differ in any material respect from the form of Final Judgment provided for in this Settlement Agreement absent the Parties' consent.

(D)      **"Approved Claim"** means a Claim Form submitted by a Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, or is otherwise accepted by the Court and satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement, and has been approved for payment by the Settlement Administrator.

(E)      **"Attorneys' Fees and Expenses Award"** means the amount awarded by the Court to be paid to Plaintiffs' Counsel from the Settlement Fund to compensate Class Counsel and other counsel that represented Plaintiffs for payment of reasonable attorneys' fees and Litigation Expenses in connection with the Action and the Settlement.

(F) **"Authorized Claimant"** means any Class Member who, in accordance with the terms of this Settlement Agreement and orders of the Court, submits a timely and valid Proof of Claim and Release form and is entitled to monetary relief from the Settlement Fund pursuant to this Settlement Agreement or order of the Court.

(G) **"Business Day"** means Monday through Friday, inclusive, of each week unless such day is a holiday in the United States pursuant to Fed. R. Civ. P. 6.

(H) **"Claim(s)"** shall mean a Class Member's claim or request for settlement benefits, as evidenced by a submitted Claim Form.

(I) **"Claims Filing Deadline"** means the date set by the Court by which all Claim Forms must be postmarked (if mailed) or submitted electronically to be considered timely.

(J) **"Class"** means all Flo App users in the United States who entered menstruation and/or pregnancy information into the Flo Health mobile application between November 1, 2016 and February 28, 2019, inclusive (Dkt. No. 605). Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly executed and filed a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; (6) the legal representatives, successors, and assigns of any excluded persons.

(K) "**Class Counsel**" means Carol C. Villegas of Labaton Keller Sucharow LLP, Christian Levis of Lowey Dannenberg, P.C., and Diana J. Zinser of Spector Roseman & Kodroff P.C.

(L) **"Class Member(s)"** means a person or persons who are members of the Class and are not excluded by the definition of the Class.

(M) "**Class Period**" means November 1, 2016 through February 28, 2019, inclusive.

(N) **"Court"** means the U.S. District Court for the Northern District of California.

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

(O)    **"Defendant"** means Google LLC.

(P)    **"Defendants"** means Meta Platforms, Inc. (f/k/a Facebook, Inc.), Google LLC, and Flo Health, Inc.

(Q)    **"Distribution Plan"** means the plan of allocation of the Net Settlement Fund described in Section 9, or such other plan approved by the Court, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants.

(R)    **"Effective Date"** means seven (7) calendar days after both the Final Approval Order and Final Judgment become Final, provided the Google Settlement Amount has been paid in accordance with the provisions of Section 2 and this Agreement has not been terminated in accordance with the provisions of Section 14.

(S)    **"Escrow Account"** means an account at a national banking institution, which may be interest-bearing, which is mutually agreeable to Google's Counsel and Class Counsel and administered by the Settlement Administrator.

(T)    **"Execution Date"** means the date on which this Agreement is executed by the last Party to do so.

(U)    **"Fee and Expense Application"** is defined in Section 11.

(V)    **"Final"** means, with respect to any judicial ruling or order, that such ruling or order represents a final and binding determination of all issues within its scope: (i) if no appeal, motion for reconsideration, re-argument and/or rehearing, or petition for writ of certiorari has been filed, and the prescribed time to file such an appeal, motion, and/or petition has expired; or (ii) if an appeal, motion for reconsideration, re-argument and/or rehearing, or petition for writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.

(W)    **"Final Approval Hearing"** means a hearing scheduled by the Court following the issuance of the Preliminary Approval Order and Settlement Notice for purposes of: (a) entering a Final Approval Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an

application for Service Awards; (d) ruling upon an application by Class Counsel for an Attorneys' Fees and Expenses Award; and (e) entering any final order providing for an Attorneys' Fees and Expenses Award and Service Awards.

(X)    **"Final Approval Order"** means an order of the Court granting final approval of the terms of this Settlement Agreement.

(Y)    **"Final Judgment"** means the order of judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action with prejudice.

(Z)    **"Google's Counsel"** means the law firm of Cooley LLP.

(AA)    **"Google-Related Parties"** means Alphabet Inc., and XXVI Holdings Inc., and their current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, affiliates, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on their behalf. For the avoidance of doubt, Google-Related Parties does not include the Non-Settling Defendants.

(BB)    **"Google Settlement Amount"** means Forty-Eight Million U.S. Dollars ($48,000,000 USD) and is the total amount that Defendant will be obligated to pay in consideration of settlement of all Plaintiffs' and Class Members' Released claims, provided that the relevant terms and conditions of this Agreement are met.

(CC)    **"Litigation Expenses"** means costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, mediating, and settling the Action, and obtaining Final Judgment.

(DD)    **"Net Settlement Fund"** means the amount of funds that remain in the Settlement Fund, including any interest accrued in the Escrow Account for the Settlement Fund, after payment of: (i) Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement; (ii) Taxes and Tax Expenses; (iii) any Escrow Account costs to hold and invest the Settlement Fund; (iv) any Attorneys' Fees and Expenses Award approved by the Court; (v) Service Awards; and (vi) any other costs or awards approved by the Court.

(EE)    **"Non-Settling Defendants"** means Meta Platforms, Inc. and Flo Health, Inc.

(FF)    **"Notice and Settlement Administration Costs"** means all fees, costs, and expenses related to the issuance of Settlement Notice to the Class and the administration of the settlement process by the Settlement Administrator, including but not limited to the preparation and distribution of the Court-approved notices, processing of Proofs of Claim, and issuance of payments to Authorized Claimants.

(GG)    **"Notice Date"** means the date by which implementation of the Notice Plan is to commence, which shall be defined in the Preliminary Approval Order or such other order authorizing the implementation of the Notice Plan.

(HH)    **"Notice Plan"** means the plan and methods for distributing Settlement Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing, as developed by the Settlement Administrator in collaboration with the Parties and as set forth in Section 6.

(II)    **"Objection Deadline"** means the date set by the Court in the Preliminary Approval Order and Settlement Notice by which Class Members must submit written objections, if any, to the Settlement and/or the Fee and Expense Application, pursuant to the requirements described herein, in the Settlement Notice, and in the Preliminary Approval Order.

(JJ)    **"Parties"** means Google and Plaintiffs, on behalf of themselves and the Class, collectively, and **"Party"** applies to each individually.

(KK)    **"Person"** means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, any business or legal entity, or any other entity or organization.

(LL)    **"Plaintiffs"** means the named Plaintiffs in the Action— Jennifer Chen, Erica Frasco, Tesha Gamino, Madeline Kiss, Autumn Meigs, Justine Pietrzyk, Leah Ridgway, and Sarah Wellman. This Settlement Agreement is entered into with each and every Plaintiff.

(MM) **"Plaintiffs' Counsel"** means Class Counsel, together with the Law Office of Ronald A. Marron, Williams Law Firm, Harris Legal Advisors LLC, and Adamski Moroski Madden Cumberland & Green LLP.

(NN) **"Preliminary Approval Order"** means an order of the Court, in a form to be agreed upon by the Parties, issued in response to the Motion for Preliminary Approval described in Section 5.

(OO) **"Proof of Claim and Release"** or **"Claim Form"** means the form to be provided to potential Class Members, upon further order(s) of the Court, by which Class Members may make a claim to the Net Settlement Fund.

(PP) **"Released Google Parties"** means Google LLC and the Google-Related Parties.

(QQ) **"Released Parties"** means the Released Google Parties and the Released Plaintiff Parties.

(RR) "**Released Plaintiff Parties**" means named plaintiffs in the Action and their respective attorneys (including Plaintiffs' Counsel), heirs, executors, administrators, beneficiaries, trustees, predecessors, successors in interest, transferees and assignees, in their capacities as such.

(SS) **"Released Plaintiffs' Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, ascertained or unascertained, existing or claimed to exist, suspected or unsuspected claims, demands, liabilities, rights, arbitrations, suits, debts, liens, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees, or obligations (including Unknown Claims) that have been, could have been, or could be brought, whether in law or in equity, accrued or unaccrued, direct, individual, or representative, of every nature and description whatsoever, pursuant to any theory of recovery (including, but not limited to, those based on contract or tort, federal, state, local, statutory, or common law or equity or any other law, statute, ordinance, rule, or regulation), including without limitation claims that were or could have been asserted by a parent or guardian on behalf of a minor child or ward, by all of the Releasing Plaintiff Parties against

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

the Released Google Parties, or any of them, that are based on, arise out of one or more of the same factual predicates or theories of liability or are related to the allegations made in the Action, or that could have been made in the Action relating to the facts, events, circumstances, or allegations of wrongdoing, from the beginning of time through and including the Execution Date. For avoidance of doubt, this includes any claims made or that could have been made based on the facts alleged in any complaint that was filed in this Action, including the complaints filed before the case was consolidated, and including claims that were dismissed or were not certified by the Court.

(TT) **"Released Claims"** means the Released Plaintiffs' Claims and the Released Google Claims in Section 4, below.

(UU) **"Releasing Plaintiff Parties"** means Plaintiffs and all Class Members, as well as any and all of their respective present, past, or future heirs, executors, estates, administrators, trustees, principals, beneficiaries, parents, guardians, executors, predecessors, successors, assigns, consultants, independent contractors, insurers, accountants, financial and other advisors, investment bankers, underwriters, lenders, partners, attorneys, representatives, agents, and trusts, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, each in their respective capacity as such.

(VV) **"Releasing Parties"** means the Releasing Plaintiff Parties and Google LLC.

(WW) **"Request for Exclusion"** means a potential Class Member's written and signed request to be excluded from, *i.e.*, opt out of, the Class in connection with the Class Notice.

(XX) **"Service Award"** means any incentive/service award by the Court to named Plaintiffs, as further described in Section 11.

(YY) **"Settlement" or "Settlement Agreement"** means the settlement embodied in this Class Action Settlement and Release Agreement as to Google LLC, including all attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), subject to approval of the Court pursuant to Fed. R. Civ. P. 23(e).

(ZZ) **"Settlement Administrator"** means A.B. Data, Ltd., which is the firm previously approved by the Court to provide notice to the Class.

(AAA) **"Settlement Fund"** means the non-reversionary sum of the Google Settlement Amount, to be paid by Google as specified in this Agreement, plus any interest accrued, which shall be used as the only source of payment for all costs of the Settlement, including Taxes and Tax Expenses, and the claims of Authorized Claimants. Google's funding obligation under this Settlement Agreement shall under no circumstances exceed the Google Settlement Amount.

(BBB) **"Settlement Notice"** means the forms of notice of the proposed Settlement to be distributed to the Class, as provided in this Settlement Agreement, the Preliminary Approval Order, and any other order of the Court.

(CCC) **"Taxes"** means (a) all federal, state, or local taxes of any kind, including any estimated taxes, interest or penalties, arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Google Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this Settlement Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses").

(DDD) **"Termination Notice"** means written notice of a Party's election to terminate this Agreement, provided to all other Parties, as described in Section 14.

(EEE) **"Unknown Claims"** means any and all claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might have affected his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not object to the Settlement, or seek exclusion from the Class. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code. Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions,

rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

**2.      Settlement Fund**

(A)     Google agrees to pay and tender the Google Settlement Amount into the Escrow Account as consideration for the releases and covenants set forth herein within sixty (60) calendar days of the later of the (i) entry of the Preliminary Approval Order or (ii) date upon which Class Counsel provides a completed W-9 tax form and appropriate wiring instructions for the Escrow Account to Google's Counsel. All interest earned by any portion of the Google Settlement Amount paid into the Escrow Account shall be added to and become part of the Settlement Fund. The Parties expressly acknowledge and agree that the Google Settlement Amount: (i) is the result of good-faith negotiations conducted by and between the Parties; (ii) represents the sole consideration for the release of the Released Claims; and (iii) constitutes fair and reasonable consideration for the release of any and all released claims.

(B)     This is not a claims-made settlement. As of the Effective Date, Google and/or any other Person funding the Google Settlement Amount on Google's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

(C)     The Settlement Fund shall be used to pay for: (i) Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement and/or approved by the Court, (ii) any Taxes and Tax Expenses, (iii) any banking costs incurred to hold and invest the Settlement Fund, (iv) any Attorneys' Fees and Expenses Award as approved by the Court, (v) Service Awards to Plaintiffs, (vi) any other fees, costs, or awards approved by the Court, and (vii) payments to

Authorized Claimants. The Settlement Administrator will maintain control over the Settlement Fund, under the direction of Class Counsel, and shall be responsible for all disbursements.

(D)     Google's deposit of the Google Settlement Amount into the Settlement Fund represents the total extent of Google's monetary obligations under this Agreement, except as specified herein. The Google Settlement Amount is an "all in" payment to Plaintiffs and the Class that includes all attorneys' fees and expenses, any Service Awards, costs of the Notice Plan, the Settlement Administrator's fees and costs and any other class administration costs or expenses, any Taxes or other Tax Expenses, and any other fees or costs associated with settlement of the Action, except that Google shall be responsible for the costs of the notice as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), as set forth in Section 6. In no event shall Defendant's monetary obligations with respect to this Agreement exceed the Google Settlement Amount, except for the costs of the CAFA notice.

(E)     No amounts may be withdrawn from the Settlement Fund unless: (i) authorized by this Settlement Agreement, or (ii) as may be approved by the Court. Class Counsel may authorize the periodic payment of Taxes and Tax Expenses, banking costs, and Notice and Settlement Administration Costs from the Settlement Fund as such expenses are incurred without further order of the Court or approval of Google. The Settlement Administrator shall provide Class Counsel with notice of any withdrawal or payment to be made from the Settlement Fund prior to making such withdrawal or payment.

**3.     Administration/Maintenance of the Settlement Fund**

(A)     The Settlement Fund shall be maintained by the Settlement Administrator and Class Counsel under supervision of the Court and shall be distributed solely at such times, in such manner, and to such Persons as shall be directed by this Settlement Agreement and subsequent orders of the Court, if any.

(B)     After the Google Settlement Amount has been paid into the Escrow Account, the Parties intend that the Settlement Fund be treated as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B. The Settlement Administrator shall ensure that the

14

Settlement Fund at all times complies with Treasury Regulation § 1.468B in order to maintain its treatment as a qualified settlement fund. Any failure to ensure that the Settlement Fund complies with Treasury Regulation § 1.468B-2, and the consequences thereof, shall be the sole responsibility of the Settlement Administrator.  The Settlement Administrator shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Section, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(i)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Settlement Administrator, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and informational returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds in the Settlement Fund and Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided for herein.

(ii)    All Taxes and Tax Expenses shall be paid out of the Settlement Fund. In all events, Google, Google-Related Parties, and Google's Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority.  In the event any Taxes are owed by Google on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

(iii)    The Escrow Account shall indemnify and hold the Parties, Class Counsel, and Google's Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

(iv)    Taxes and Tax Expenses with respect to the Google Settlement Amount and the Settlement Fund shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Settlement Administrator out of the Settlement Fund without prior order from the Court or approval by the Parties. The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties hereto agree to cooperate with each other, the Settlement Administrator, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this Section 3.  The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any accrued interest and payments made, upon reasonable request of any Party.

(C)    The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Settlement Agreement, and/or further order of the Court.  The funds in the Escrow Account shall be invested in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Google and Google's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions in connection with the Escrow Account.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

16

**4.      Releases and Covenants Not to Sue**

(A)      "Releases" mean the releases and waivers set forth in this Settlement Agreement and in the Final Approval Order and Final Judgment.

(B)      Upon the Effective Date of the Settlement Agreement, all Releasing Plaintiff Parties shall be deemed to have, and by operation of the Final Approval Order and Final Judgment in this Action shall have, fully, finally and forever released, relinquished, and discharged any and all Released Plaintiffs' Claims, including Unknown Claims as of the Notice Date, against the Released Google Parties, except for claims relating to the enforcement of the Settlement.

(C)      The Released Plaintiffs' Claims shall be construed and interpreted to effect complete finality over the Action with respect to the Released Google Parties.

(D)      The Released Plaintiffs' Claims include known and Unknown Claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder. Upon the Effective Date, the Releasing Plaintiff Parties will expressly, knowingly, and voluntarily waive any and all provisions, rights, and benefits conferred by California Civil Code Section 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

In connection with such waiver and relinquishment, the Releasing Plaintiff Parties hereby acknowledge, or shall by operation of the Final Approval Order and Final Judgment be deemed to have acknowledged, that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Plaintiffs' Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Plaintiffs' Claims known or unknown, suspected or unsuspected, that they or a parent or guardian acting on their behalf have against the Released Google Parties.

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

(E)    Upon the Effective Date of the Settlement Agreement, Google and the Google-Related Parties shall fully, finally, and forever release, relinquish, and discharge from and covenant not to sue the Released Plaintiff Parties, in their capacities as such, for any claims, including Unknown Claims, arising out of or related to the institution, prosecution, or settlement of the claims asserted in the Action, except for claims relating to the enforcement of the Settlement.

(F)    In furtherance of such intention, the Releases herein given to the Released Parties shall be and remain in effect as a full and complete release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.

(G)    Upon the Effective Date: (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (b) Plaintiffs stipulate to, and the Releasing Plaintiff Parties shall be permanently barred by Court order from, initiating, asserting, or prosecuting against the Released Google Parties, in any federal or state court or tribunal, any and all Released Plaintiffs' Claims.

## 5.    Motion for Preliminary Approval

(A)    At a time mutually agreed upon by the Parties or ordered by the Court, Class Counsel, on behalf of Plaintiffs, shall submit this Settlement Agreement to the Court and shall file a motion for entry of the Preliminary Approval Order in the Action requesting:

(i)    preliminary approval of the Settlement Agreement and Settlement, as set forth herein;

(ii)    approval of Settlement Notice, the Notice Plan, and the Proof of Claim agreed upon by the Parties in coordination with the Settlement Administrator;

(iii)    appointment of the Settlement Administrator;

(iv)    establishment of procedures and requirements for objections by any Class Member to the proposed Settlement contained in this Settlement Agreement, the entry of the Final Approval Order and Final Judgment and Class Counsel's Fee and Expense Application, including that any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection Deadline, such objector files with the

Court a written objection, and otherwise complies with the requirements in the Preliminary Approval Order;

(v)    deadlines by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any objections; and

(vi)    a date for the Final Approval Hearing.

(B)    The Preliminary Approval Order may also request that the Court delay the issuance of Settlement Notice for a set period of time or until any additional settlement in this Action is preliminarily approved, or until a judgment is rendered after a jury verdict in the District Court, whichever is earlier, and delay the scheduling of a Final Approval Hearing and briefing schedule for the motion for final approval and entry of Final Judgment until after Settlement Notice is issued.

**6.    Notice Plan**

(A)    In the event that the Court preliminarily approves the Settlement and authorizes the issuance of Settlement Notice, the Settlement Administrator shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure, provide Settlement Notice to Class Members pursuant to the Court-approved Notice Plan. The Parties shall confer with the Settlement Administrator on the form and content of the notices contemplated in the Notice Plan. The Parties shall confer and approve the proposed Notice Plan by the Settlement Administrator prior to submitting the Notice Plan to the Court for approval, and the text of the proposed notices shall be agreed upon by the Parties before submission to the Court for approval.

(B)    Google agrees to cooperate with Class Counsel and the Settlement Administrator to develop and recommend a Notice Plan to provide Settlement Notice to Class Members through reasonable and appropriate forms of notice.

(C)    The Notice Plan may include direct notice by email and/or mail, digital advertising, and banner advertisements, among other means. The Parties anticipate providing direct notice of the Settlement to Class Members utilizing the Class Members' email addresses in Flo Health, Inc.'s records, subject to the Court's approval, or by mail if necessary. Pursuant to the Notice Plan, no later than the Notice Date, the Settlement Administrator shall send direct notice to all Class

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

Members by email for whom email addresses are available. Direct notice may also be sent by U.S. Mail to those Class Members whose email addresses are invalid and for whom a mailing address is available.

(D)    The proposed notices shall collectively explain: (i) the general terms of the Settlement, (ii) the general terms of the proposed relief to Class Members, (iii) the general terms of the Fee and Expense Application, (iv) Class Members' rights to object to the Settlement and/or the Fee and Expense Application, and/or to appear at the Final Approval Hearing, and (v) the process for submitting a Proof of Claim to obtain the proposed relief.

(E)    Pursuant to the Notice Plan, no later than the Notice Date, the Settlement Administrator will populate the dedicated case website that was previously created in connection with the Class Notice. The Settlement Administrator shall cause the Complaint, the Settlement Notices, this Settlement Agreement, and other relevant Settlement and court documents to be available on the case website. A link to the case website shall be included in any emails sent to Class Members.  The case website shall be maintained from the Notice Date until one hundred eighty (180) calendar days after the Effective Date or when the Net Settlement Fund has been fully distributed, whichever is later.

(F)    The Settlement Administrator shall accurately and objectively describe the terms of the Settlement Agreement in communications with Class Members, including by training its employees and agents accordingly.

(G)    The Notice Plan shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure and all applicable requirements of due process under the U.S. Constitution.

(H)    If, after entry of the Preliminary Approval Order or any order authorizing the issuance of the Settlement Notice, either Party believes that supplemental notice in a form other than that approved is warranted or any aspect of the Notice Plan should be amended, the Parties shall work together, with the Settlement Administrator, in good faith to evaluate additional notice forms and take all reasonable actions as may be necessary, subject to Court approval, if necessary.

(I)    All fees, costs, and expenses associated with disseminating notice to any Class Member, responding to inquiries from the Class, and performing all other of the Settlement Administrator's duties under this Agreement will be considered Notice and Settlement Administration Costs and be paid from the Settlement Fund. Plaintiffs and the Settlement Administrator shall mutually agree on the budget in connection with Notice and Settlement Administration Costs and shall use all reasonable efforts to avoid unnecessary expenses.

(J)    No later than ten (10) calendar days after the filing of this Settlement Agreement with the Court, the Settlement Administrator, on Google's behalf and with Google's approval, shall notify the appropriate state and federal officials of this Settlement Agreement pursuant to CAFA. The Settlement Administrator shall draft and prepare the notice in conformity with CAFA and identify the appropriate state and federal officials to be notified, but Google shall bear the costs and responsibility for timely serving notice of the Settlement in compliance with CAFA.

(K)    The Parties agree that the Notice Plan contemplated by this Settlement Agreement is valid and effective, that if effectuated, it would provide reasonable notice to the Class of the Settlement, and that it represents the best practicable notice under the circumstances.

(L)    No later than seven (7) calendar days prior to the Final Approval Hearing, Class Counsel and Google's Counsel shall cause to be filed with the Court, an appropriate affidavit or declaration from the Settlement Administrator with respect to complying with the Court-approved Notice Plan.

7.    **Settlement Administration**

(A)    Other than as set forth herein, the Parties and their counsel shall not have any responsibility for or liability whatsoever with respect to (a) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the distribution of the Settlement Fund; (c) the formulation, design, or terms of the disbursement of the Settlement Fund; (d) the administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (f) the payment or withholding of any

Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(B)    Upon request, the Settlement Administrator will serve copies of all Requests for Exclusion on Class Counsel and Google's Counsel, as well as reports on objections.

**8.    Requests for Exclusion (Opt-Outs)**

(A)    The Parties agree that the decision to opt out of the Class is to be left to individual Class Members. If contacted by a Class Member, Class Counsel may provide advice or assistance as such Class Member requests. By signing this Settlement Agreement, Plaintiffs represent that each  agrees that they support the Settlement and believes it is in the best interests of the Class, and Plaintiffs, Class Counsel and Google's Counsel represent and agree that they shall not seek to encourage, counsel, or represent others to exclude themselves from the Class.

(B)    Any Class Member (other than Plaintiffs) who wishes to exclude themselves from the Class must submit a written Request for Exclusion pursuant to the requirements of the previously issued Class Notice.

(C)    Requests for Exclusion must be postmarked, emailed, or uploaded to the case website by July 20, 2025 at 11:59 PM PT. A Request for Exclusion must be personally signed only by the person requesting exclusion (except for Requests for Exclusion by Class Members under the age of eighteen (18), which may be submitted and signed by the person's parent or legal guardian so long as the Request for Exclusion indicates that the request is being made by such Class Member's parent or legal guardian).

(D)    Any individual who submits a valid and timely Request for Exclusion in the manner required herein and in the Class Notice shall not: (a) be bound by any orders or judgments entered in connection with the Settlement; (b) be entitled to any relief under, or be affected by, this Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement.

(E)    Any individual in the Class who does not submit a valid and timely Request for Exclusion in the manner required herein and in the Class Notice shall be deemed to be a Class

Member upon expiration of the Request for Exclusion (Opt Out) Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Class.

(F)    Defendant may, in its sole discretion, terminate this Settlement Agreement if the number of unique valid and timely Requests for Exclusion exceeds a number agreed to by the Parties, as set out in Exhibit A, which shall be filed confidentially with the Court under seal. If Defendant elects to terminate the Settlement pursuant to this provision of the Settlement Agreement, it shall provide written notice to Class Counsel within five (5) Business Days following the Request for Exclusion (Opt Out) Deadline. If Defendant rescinds the Settlement Agreement pursuant to this provision of the Agreement, it shall have no further obligations to pay the Google Settlement Amount and shall be responsible for only the fees and expenses actually incurred by the Settlement Administrator, for which the Plaintiffs and Class Counsel are not liable.

**9.    Settlement and Claims Administration**

(A)    The Settlement Administrator has signed an Acknowledgment and Agreement to be Bound by the Protective Order in the Action, (Dkt. No. 112), and will take all reasonable steps to ensure that any information provided to it by Defendants and Class Members will be used solely for the purpose of effecting this Settlement, including by complying with the Protective Order, the Northern District of California Data Protection Checklist, and the Northern District of California Procedural Guidance for Class Action Settlements. The Settlement Administrator will not use the information provided by Defendants or Class Counsel in connection with the Settlement or the Notice Plan for any purposes other than providing notice of the Settlement or conducting claims administration.

(B)    The Settlement Administrator, subject to such supervision and direction by the Court, and/or Class Counsel as may be necessary, shall administer the Proofs of Claim submitted by claimants. After the Effective Date of the Settlement, the Settlement Administrator shall oversee the distribution of payments to Authorized Claimants that file timely and valid Proofs of Claim.

(C)    In order to be considered timely and valid, a Proof of Claim must be electronically submitted or postmarked by no later than the Claims Filing Deadline. The notices will

specify the Claims Filing Deadline and other relevant dates described herein. A Proof of Claim that is sent to an address other than that designated by the Settlement Administrator, or that is not timely postmarked or electronically submitted, shall be invalid.

(D)    Subject to consultation with the Settlement Administrator, a claimant submitting a Proof of Claim shall provide, for example:

(i)    His or her full name, mailing address, email address, and contact telephone number, if required for digital payment;

(ii)    An affirmation that the person is a member of the Class; and

(iii)    A signature and affirmation of the truth of the contents of the Claim Form.

(iv)    The Claim Form shall further state that: (a) each Class Member may submit only one Claim Form and receive compensation from Defendant for settlement of the Released Plaintiffs' Claims only once; (b) submitting false information will render a Claim Form invalid; and (c) payments from the Net Settlement Fund will be based on *pro rata* allocation formulas approved by the Court.

(E)    The Settlement Administrator shall have the right to audit each Proof of Claim for validity, timeliness, completeness, and fraud. If, in the determination of the Settlement Administrator, the claimant submits a timely but incomplete Proof of Claim, the Settlement Administrator shall attempt to contact the person who submitted the Claim Form at least once by e-mail, or if no email address is available, by regular U.S. mail (i) to give the claimant notice of the deficiencies and (ii) the claimant shall have twenty (20) calendar days from the date of the written notice to cure the deficiencies (or a lesser period of time if the Proof of Claim is untimely). If the defect is not cured within the required time period, then the Proof of Claim will be deemed invalid.

(F)    If at any time during the claims process, the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify Class Counsel of that fact and the basis for its suspicion. The Settlement Administration and Class Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary and agreed upon

by Class Counsel and the Settlement Administrator, Class Counsel and/or the Settlement Administrator will promptly seek assistance from the Court.

(G)    The Settlement Administrator shall notify the Parties that all approved Claims have been paid within five (5) Business Days of the last such payment.

(H)    The Settlement Administrator's determination of the validity or invalidity of Proofs of Claim shall be binding, subject to Court review.

(I)    **Distribution Plan**. Subject to the terms and conditions of this Settlement Agreement, after the Effective Date of the Settlement, the Settlement Administrator shall mail or otherwise provide a payment, via check or electronic means using an electronic payment platform (a "Claim Payment"), to each Authorized Claimant for their *pro rata* share of the Net Settlement Fund, in accordance with the following distribution procedures and those developed by the Settlement Administrator.

(i)    The Settlement Administrator shall utilize the Net Settlement Fund to make all Claim Payments.

(ii)    The amount of each Claim Payment shall be calculated by dividing the Net Settlement Fund by the number of Authorized Claimants that submit a valid Proof of Claim. Authorized Claimants that provide reasonable documentation showing they are residents of California will receive twice the *pro rata* share of Authorized Claimants who are residents of other states. Any decision by the Court concerning this plan of allocation shall not affect the validity or finality of the Settlement or operate to terminate or cancel this Settlement or affect the finality of the Final Approval Order. In the event the Court approves a different allocation plan, this will not be grounds to disturb or terminate the Settlement Agreement by any Party.

(iii)    The Settlement Administrator will distribute the Net Settlement Fund to Authorized Claimants, using commercially reasonable efforts, under Class Counsel's supervision in accordance with this Settlement Agreement and subject to the jurisdiction of the Court.

(iv)    All Claim Payments shall be void if not negotiated within sixty (60) calendar days of their date of issue. Authorized Claimants will be informed that, if they do not cash

their Claim Payment before the void date, their Claim Payment will lapse and their entitlement to recovery will be irrevocably forfeited and subject to redistribution to other Authorized Claimants. Claim Payments that are not negotiated within sixty (60) calendar days of their date of issue shall not be reissued, except if within the same sixty (60) calendar day period, the Authorized Claimant requests a reissuance.

(v)    For any Claim Payment checks returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Claim Payment check. If the Settlement Administrator finds a valid address and resends the Claim Payment check, if the reissued check is not negotiated within sixty (60) calendar days of the issuance date, the check shall become void. The Settlement Administrator shall make only one attempt to resend a Claim Payment check.

(vi)    Each Claim Payment issued via an electronic payment platform will be processed according to the Authorized Claimant's electronic payment platform election. If the Authorized Claimant fails to provide sufficient information to successfully transmit the Claim Payment via the selected electronic payment platform and fails to provide updated information if requested, a check will be sent to the Authorized Claimant.

(vii)    Any balance that remains in the Net Settlement Fund from un-negotiated Claim Payments, after accounting for and paying any additional Taxes or Notice and Settlement Administration Costs that may have been or will be incurred, will be reallocated pro rata among Authorized Claimants who negotiated their Claim Payments, so long as the reallocated pro rata share to each eligible Authorized Claimant is at least $5.00.

(viii)    Once it is no longer feasible or economical to make further distributions, any unclaimed balance that still remains in the Net Settlement Fund, after payment of Notice and Settlement Administration Costs, Taxes, and Tax Expenses, shall be contributed to a non-profit, non-sectarian 501(c) organization to be mutually agreed upon by Class Counsel and Google's Counsel and approved by the Court, or as ordered by the Court.

(J)   The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall retain all such records as required by law and under its normal business practices, and such records will be made available to Class Counsel and Google's Counsel upon reasonable request.

(K)   Personal information relating to or submitted by claimants pursuant to this Settlement Agreement shall be deemed confidential and protected as such by the Settlement Administrator, the Parties, and their respective counsel. The Settlement Administrator and Class Counsel and Google's Counsel shall not use or disclose such records for any purpose other than effectuating the Settlement contemplated by this Agreement.

(L)   All Class Members who fail to submit timely and valid Proofs of Claim within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Final Approval Order and Final Judgment once the Effective Date is reached.

(M)   No Person shall have any claim against the Settlement Administrator, Plaintiffs, Released Google Parties, Plaintiffs' Counsel, and/or Google's Counsel based on distributions made substantially in accordance with this Agreement and the Settlement contained herein, an approved Distribution Plan for the Net Settlement Fund, or further orders of the Court. Google, Google's Counsel, Plaintiffs, and Class Counsel shall have no liability to any Class Member for mispayments, overpayments, or underpayments of the Net Settlement Fund.

(N)   The Released Google Parties shall not have any responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the Distribution Plan and the disbursement of the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of the Settlement

Fund; or (v) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Google also shall have no obligation to communicate with Class Members and others regarding amounts paid under the Settlement.

**10.     Objection Procedures**

(A)     The Parties agree that the decision to object to the Settlement is to be left to individual Class Members. By signing this Settlement Agreement, Plaintiffs each represent and agree that they have no objection to this Settlement, and Plaintiffs, Class Counsel, and Defendant represent and agree that they shall not seek to encourage, counsel, or represent others to object to the Settlement.

(B)     Any Class Member (other than the Plaintiffs) who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's Fee and Expense Application or any requested Service Awards must follow the procedures in this Section and the Preliminary Approval Order.

(C)     Such Objections must be in writing and must: (i) identify the Action by case name and number; (ii) set forth the objector's full name, current address, telephone number, and email address; (iii) contain the objector's physical signature; (iv) contain proof or an attestation that the objector is a natural person residing in the United States who entered menstruation and/or pregnancy information into the Flo Health mobile application during the Class Period (between November 1, 2016 and February 28, 2019, inclusive); (v) state whether the objection applies only to the Class Member, to a specific subset of the Class, or to the entire Class; (vi) set forth a statement of the specific grounds for the objection, including any legal and factual basis for the objection; (vii) provide copies of any documents that the Class Member wishes to submit in support of his/her position; (viii) identify all counsel representing the Class Member, if any; (ix) if submitted by a representative, contain the signature of the Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; (x) contain a list, including case name, court, and docket number, of all other cases in which the objecting Class Member and/or the objecting Class Member's counsel has filed an objection to any proposed class

action settlement in the past three (3) years; and (xi) contain a statement of whether the objector intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

(D)    To be timely, an objection in the appropriate form must be (a) filed with the Clerk of the Court electronically or in person at any location of the United States District Court for the Northern District of California or be mailed to the Clerk of Court; and (b) be filed or postmarked on or before the Objection Deadline.

(E)    Any Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear at the Final Approval Hearing and/or to object to any terms or approval of the Settlement and/or the Fee and Expense Application, but shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means, unless otherwise agreed by the Parties.

(F)    Class Members cannot both object and exclude themselves from the Class. Any Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to this Agreement or any of its terms. In other words, Class Members who submit a valid and timely objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Class and their objection will be void and invalid.

**11.    Payment of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards**

(A)    Subject to Court approval, Plaintiffs and Plaintiffs' Counsel shall be reimbursed and paid solely out of the Settlement Fund for all fees and expenses including, but not limited to, attorneys' fees, and past, current, or future litigation expenses, and any Service Awards approved by the Court. Google shall have no responsibility for any costs, fees, or expenses incurred for or by Plaintiffs' or Class Members' respective attorneys, experts, advisors, agents, or representatives.

(B)    Prior to the Final Approval Hearing, Class Counsel may apply, on behalf of Plaintiffs' Counsel, to the Court for an award from the Settlement Fund of reasonable attorneys' fees

(plus accrued interest), reimbursement from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses (plus accrued interest), and/or Service Awards (the "Fee and Expense Application"). Class Counsel shall file any such motion 35 days before the Objection Deadline, and such motion shall be made available on the case website. Additionally, the maximum amount of attorneys' fees, costs, expenses, and Service Awards sought by Class Counsel shall be disclosed in the Settlement Notice.

(C)    Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses Award among Class Counsel and any other counsel that represented Plaintiffs in the Action. Defendant shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses Award. The Released Google Parties shall have no responsibility for, and no liability with respect to, any payment(s) for attorneys' fees, Litigation Expenses, or Service Awards and/or to any other Person who may assert some claim thereto, or any fee and expense award the Court may make in the Action.

(D)    It is not a condition of this Settlement Agreement that any particular amount of attorneys' fees, costs, or expenses, or Service Awards be approved by the Court, or that such fees, costs, expenses, or awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement.

(E)    Upon the Court's approval of an Attorneys' Fees and Expenses Award, such approved amounts shall be paid from the Escrow Account within five (5) calendar days following the later of (a) the entry of the Final Approval Order, and (b) entry by the Court of an order awarding attorneys' fees and expenses. The Fee and Expense Award shall be payable from the Settlement Fund in accordance with this paragraph, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Any payment of an Attorneys' Fees and Expenses Award pursuant to this Section shall be subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as

is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Agreement or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the Attorneys' Fees and Expenses Award is reduced or reversed by Final non-appealable court order.  Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Settlement Agreement, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the Attorneys' Fees and Expenses Award by Final non-appealable court order.  Class Counsel, as a condition of receiving any such Attorneys' Fees and Expenses Award, agree that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Section.

(F)    The settlement was reached following multiple mediation sessions conducted before third-party neutral, Ambassador Jeff Bleich; following Court-ordered settlement conferences with Magistrate Judge Hixson; and as a result of direct inter-party negotiations that followed. The Parties did not discuss Service Award payments or attorneys' fees and expenses at any of those sessions or conferences or while negotiating the material terms of the Settlement Agreement, and they have made no agreements in connection with the Plaintiffs' requests for Service Award payments or Class Counsel's attorneys' fees and expenses. Defendant expressly reserves the right to contest the amount of any requests for an Attorneys' Fees and Expenses Award or Service Awards.

**12.    Motion for Final Approval and Entry of Final Judgment**

(A)    After Settlement Notice is issued, and prior to the Final Approval Hearing, Class Counsel, on behalf of the Plaintiff(s) and Class, shall move for entry of the Final Approval Order and Final Judgment in this Action. Class Counsel will provide a draft of the motion in advance to Google's Counsel for review. The motion will request that the Court:

(i)    find that the Court has personal jurisdiction over all Class Members, that the Court has subject-matter jurisdiction over the claims asserted in the Action, and that the venue is proper;

(ii)    find that Settlement Notice constituted the best notice practicable under the circumstances and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

(iii)    finally approve this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement of the Class's claims against Google under Rule 23 of the Federal Rules of Civil Procedure;

(iv)    direct that the Action be dismissed as to the Released Google Parties with prejudice and without costs, except as provided herein;

(v)    discharge and release the Released Claims as to the Released Parties effective as of the Effective Date;

(vi)    Authorize the Parties to implement the terms of the Settlement;

(vii)    Permanently bar and enjoin all Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction against any Released Party based on the Released Claims;

(viii)    Dismiss the Action with prejudice and enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

(ix)    determine, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and directing that the Final Judgment shall be final and appealable;

(x)    Determine that the Settlement Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence, a presumption, a concession, or an admission by any Party of liability or nonliability, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement, as further set forth in this Settlement Agreement; and

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

(xi)    reserve the Court's continuing and exclusive jurisdiction over the Settlement and this Agreement, including the administration, enforcement, interpretation, and consummation of this Agreement, the Final Approval Order and Final Judgment, and any final order approving the Attorneys' Fees Expenses Award and Service Awards; and

(xii)    contain such other and further provisions consistent with the terms of this Agreement to which Google and Plaintiffs expressly consent in writing.

(B)    As provided in Section 11, Class Counsel will timely request, by separate motion, that the Court approve its Fee and Expense Application. The Fee and Expense Application is separate and apart from the Settlement between the Parties.

**13.    Best Efforts to Effectuate This Settlement**

The Parties and their respective counsel agree to cooperate with one another to the extent reasonably necessary to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. The Parties and their respective counsel agree they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement, including to obtain a Final Approval Order and Final Judgment approving the Settlement.

**14.    Termination**

(A)    If the Effective Date does not or cannot occur, then this Settlement Agreement shall be terminated, subject to and in accordance with the subsections below, unless the Parties mutually agree in writing to continue with this Agreement for a specified period of time.

(B)    Google and Class Counsel (acting on behalf of Plaintiffs) shall have the right, but not the obligation, each in their sole discretion, to terminate this Settlement Agreement by providing written notice to the other Party's Counsel, pursuant to Section 27, within fifteen (15) Business Days of learning of any of the following conditions:

(i)    the Court declines to enter or modifies the Preliminary Approval Order sought pursuant to Section 5 or the Final Approval Order sought pursuant to Section 12 in any material

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

respect (including, but not limited to, the Google Settlement Amount, definition of the Class, or the definition of Released Claims);

(ii)    the Court declines to grant Final Approval of the Settlement Agreement or any material part of it;

(iii)    the Court declines to enter the Final Approval Order and Final Judgment in any material respect; or

(iv)    the Final Approval Order or the Final Judgment (or the Alternative Judgment) is modified or reversed or vacated by any appellate court or the Supreme Court in any material respect. Notwithstanding the above, the Parties agree to negotiate in good faith to amend the Settlement Agreement to the extent the basis for termination can be resolved by the Parties.

(C)    The results of the Jury Trial scheduled for July 21, 2025 against the Non-Settling Defendants Meta and/or Flo, and any appeals relating thereto, shall have no effect on the enforceability of this Settlement Agreement, shall not be cause for delay of the Effective Date, and cannot be cause for Termination of the Settlement Agreement.

## 15.    Effect of Termination

(A)    In the event that the Effective Date does not occur or this Settlement Agreement should terminate, or it otherwise fails to become effective for any reason, then:

(i)    Within ten (10) Business Days after the Termination Notice is provided to all Parties, the Google Settlement Amount, plus all interest earned, and any amount required to be refunded by Class Counsel pursuant to Section 11, minus Taxes and Tax Expenses paid, and Notice and Settlement Administration Costs incurred, will be refunded, reimbursed, and repaid to Google by the Settlement Administrator, pursuant to written instructions from Google's Counsel;

(ii)    At the request of Google's Counsel, the Settlement Administrator or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Google, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to Google; and

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

(B)    Upon termination of this Settlement Agreement with respect to all Parties, then:

(i)    this Settlement Agreement shall be null and void and of no further effect, and Google, Plaintiffs, and Class Members shall not be bound by its terms, other than those set forth in Sections 1(YY), 3(B), 7(A), 8(F), 9(A), 15, 16, 18, 23, 26, and 33;

(ii)    any and all releases hereunder shall be of no further force and effect;

(iii)    the Action will revert to the status that existed before the Settlement Agreement's execution date, and no term or draft of this Settlement Agreement, nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding the Settlement Agreement (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Action, or any other proceeding. If the Court does not approve the Settlement or enter the Final Approval Order and Final Judgment for any reason, or if the Effective Date cannot occur for any reason, the Parties shall retain all their respective rights, including, for example, Google's right to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party for any other purpose; and

(iv)    any and all rulings, orders, or judgments entered, altered, amended, or vacated by the Court in accordance with the terms of this Settlement Agreement shall be deemed reverted *nunc pro tunc* to their respective status as of the Execution Date, and shall proceed in all respects as if this Settlement Agreement had not been executed, without prejudice in any way from the negotiation, fact, or terms of the Settlement.

(C)    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approval of the Court.

(D)    The Parties agree that the effectiveness of this Settlement Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees and Expenses Award or any Service Awards. If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses or Service Awards, all remaining provisions in this Settlement Agreement shall remain in full force and effect.

## 16.    Confidentiality

(A)    Plaintiffs, Plaintiffs' Counsel, Google's Counsel, and Google agree to maintain the confidentiality of the terms of this Settlement prior to the filing of a Motion for Preliminary Approval. During this period, the Settlement terms are and shall be treated as confidential and shall not be shared or disclosed unless both Parties agree to disclose the Settlement terms, or if ordered by the Court.

(B)    To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement. The provision of the confidentiality agreement entered into with respect to the mediation process concerning this matter is waived for the limited purpose of permitting the Parties to confirm that they participated in the mediation and that the mediation process was successful.

## 17.    Successors and Assigns

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Google, the Released Parties, Plaintiffs, Plaintiffs' Counsel, and Releasing Plaintiff Parties, including any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize, each of which is entitled to enforce this Settlement Agreement.

## 18.    No Admissions and Preclusion

Neither this Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any released claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is, or may be deemed to be, or may be used as an admission of, or evidence of, any

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action or proceeding in order to support a claim, counterclaim, or defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar claim, counterclaim, or defense. Google denies, and will continue to deny, that it engaged in any wrongdoing of any kind, or violated any law or regulation, or breached any duty, obligation, or promise to Plaintiffs or any individual in the Class.

**19.    Representations**

Plaintiffs represent and warrant that they are the sole owners of their claims released herein, both individually and together, and that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the claims released.

**20.    Entire Agreement, Exhibits, and Parol Evidence**

(A)    This Settlement Agreement, including any exhibits hereto and agreements referenced herein, contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for or referenced herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. This Settlement Agreement supersedes all prior or contemporaneous discussions, agreements, and understandings among the Parties to this Settlement Agreement with respect hereto. This Settlement Agreement may not be modified in any respect except by a writing that is executed by all the Parties hereto.

(B)    All of the exhibits to this Settlement Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein. Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

(C)    No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Settlement Agreement, its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed. This Settlement Agreement supersedes all prior negotiations and agreements. The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

**21.    Headings**

The headings used in this Settlement Agreement are for the convenience of the reader only and shall not have any substantive effect on the meaning and/or interpretation of this Settlement Agreement.

**22.    Joint Drafting**

This Settlement Agreement was jointly drafted by the Parties. None of the Parties shall be considered to be the drafter of this Settlement Agreement or any provision herein for the purpose of any statute, case law, or rule of interpretation or construction that might cause any provision to be construed against the drafter. This Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Settlement Agreement is the result of arm's length negotiations and that all Parties have contributed substantially and materially to the preparation of the Agreement. The Parties agree that the provisions of California Civil Code Section 1654 and common law principles of construing ambiguities against the drafter shall have no application.

**23.    Choice of Law**

All provisions of this Settlement Agreement and its exhibits shall be governed by and interpreted according to the substantive laws of the State of California, without regard to its choice of law or conflict of laws principles.

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

**24.    Costs and Fees**

The Parties agree to bear their own costs and attorneys' fees and expenses not otherwise awarded in accordance with this Settlement Agreement.

**25.    Execution in Counterparts and Execution Date**

This Settlement Agreement may be executed in one or more counterparts. Facsimile and scanned/PDF or electronic signatures shall be considered original and valid signatures. All executed counterparts shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. There shall be no agreement until the fully signed counterparts have been exchanged and delivered to each of the Parties. The execution date shall be the last date when all signatories have signed the Agreement.

**26.    Submission to and Retention of Jurisdiction**

The Parties, Released Google Parties, and the Releasing Plaintiff Parties irrevocably submit, to the fullest extent permitted by law, to the exclusive jurisdiction of the United States District Court for the Northern District of California, if federal jurisdiction exists, otherwise the Superior Court for the County of Santa Clara, California, solely for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement, or the exhibits hereto. For the purpose of such suit, action, or proceeding, to the fullest extent permitted by law, the Parties, Released Parties, and the Releasing Plaintiff Parties irrevocably waive and agree not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is, in any way, an improper venue or an inconvenient forum or that the Court lacked power to approve this Settlement Agreement or enter any of the orders contemplated hereby.

**27.    Notices**

All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement by registered mail, return receipt requested, or by email, as follows:

        (A)    For Google:

            Benedict Y. Hur
            Simona Agnolucci
            Cooley LLP

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
bhur@cooley.com
sagnolucci@cooley.com

(B)    For Plaintiffs:

Carol C. Villegas
Labaton Keller Sucharow LLP
140 Broadway
New York, NY 10005
cvillegas@labaton.com

Christian Levis
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
clevis@lowey.com

Diana J. Zinser
Spector Roseman & Kodroff, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
dzinser@srkattorneys.com

**28.    Authority**

Each counsel or other person executing this Settlement Agreement on behalf of any Party hereby warrants that such person has the full authority to do so. Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement. Class Counsel, on behalf of the Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Class that Class Counsel and the Plaintiffs deem appropriate.

**29.    Final and Complete Resolution.**

The Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action.

**30.    Recitals.**

The Parties agree that the Recitals are contractual in nature and form a material part of this Settlement Agreement.

40

**31.    Days.**

Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days. In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first Business Day thereafter.

**32.    Change of Time Periods.**

All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class. The Parties reserve the right, subject to the Court's approval, to agree to reasonable extensions of time that might be necessary to carry out any provisions of this Agreement.

**33.    Inadmissibility.**

The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement; the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms; and any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received as evidence, nor shall they be deemed to be, used as, construed as, or constitute a presumption, concession, admission, or evidence of (a) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Parties; (b) any fact alleged, any defense asserted, or any fault, misrepresentation, or omission by the Released Parties; and/or (c) whether the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Action, in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

**34.    Good Faith.**

The Parties agree that the consideration provided to the Class and the other terms of the Settlement Agreement were negotiated at arm's-length and in good faith by the Parties, and reflect a

settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of an independent, neutral mediator. The Parties further agree that there have been no commitments between the Parties beyond what is reflected in this Settlement Agreement.

**35.    Beneficial and Fair.**

The Plaintiffs and Class Counsel have concluded that the Settlement set forth herein is beneficial and fair to the Class. Defendant likewise agrees that the Settlement set forth herein is beneficial to the Class.

**36.    Waiver.**

The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

**37.    Singular and Plural.**

In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

**38.    Consultation with Counsel.**

All Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted without duress or undue influence. The Plaintiffs further acknowledge, agree, and understand that: (a) each has read and understands the terms of this Settlement Agreement; (b) each has been advised in writing to consult with their attorney before executing this Settlement Agreement; and (c) each has obtained and considered such legal counsel as he or she deems necessary.

**IN WITNESS WHEREOF,** the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys and/or corporate representatives.

Dated: July 11, 2025

_____

Carol C. Villegas (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway

140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: July 11, 2025

_____
Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: July 11, 2025

_____
Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: July ___21___, 2025

_____
Madeline Kiss
Plaintiff

Dated: July _____, 2025

_____
Erica Frasco
Plaintiff

43

140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: July 11, 2025

_____

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: July 11, 2025

_____

Diana J. Zinser (*pro hac vice*)
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com

*Co-Lead Class Counsel (on behalf of the named Plaintiffs and the Class)*

Dated: July _____, 2025

_____

Madeline Kiss
Plaintiff

Dated: July 14 _____, 2025

_____

Erica Frasco (Jul 14, 2025 09:14 EDT)
Erica Frasco
Plaintiff

43

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

08/08/2025
Dated: July _____, 2025

Tesha Gamino (Aug 8, 2025 06:37:11 PDT)
Tesha Gamino
Plaintiff

Dated: July _____, 2025

_____
Jennifer Chen
Plaintiff

Dated: July _____, 2025

_____
Sarah Wellman
Plaintiff

Dated: July _____, 2025

_____
Autumn Meigs
Plaintiff

Dated: July _____, 2025

_____
Justine Pietryzk
Plaintiff

Dated: July _____, 2025

_____
Leah Ridgway
Plaintiff

Dated: July 11, 2025

_____
Benedict Y. Hur (SBN 224018)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
bhur@cooley.com

*Counsel for Defendant Google LLC*

Dated: July _____, 2025

_____
Cassandra Knight
Vice President, Litigation & Discovery
Google LL

44
STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

Dated: July _____, 2025

_____
Tesha Gamino
Plaintiff

08/08/2025
Dated: July _____, 2025

*Jennifer Chen*
Jennifer Chen (Aug 8, 2025 08:47:00 PDT)
_____
Jennifer Chen
Plaintiff

Dated: July _____, 2025

_____
Sarah Wellman
Plaintiff

Dated: July _____, 2025

_____
Autumn Meigs
Plaintiff

Dated: July _____, 2025

_____
Justine Pietryzk
Plaintiff

Dated: July _____, 2025

_____
Leah Ridgway
Plaintiff

Dated: July 11, 2025

_____
Benedict Y. Hur (SBN 224018)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
bhur@cooley.com

*Counsel for Defendant Google LLC*

Dated: July _____, 2025

_____
Cassandra Knight
Vice President, Litigation & Discovery
Google LL

44
STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

Dated: July _____, 2025

_____
Tesha Gamino
Plaintiff

Dated: July _____, 2025

_____
Jennifer Chen
Plaintiff

Dated: July __18__, 2025

_____
Sarah Wellman
Plaintiff

Dated: July _____, 2025

_____
Autumn Meigs
Plaintiff

Dated: July _____, 2025

_____
Justine Pietryzk
Plaintiff

Dated: July _____, 2025

_____
Leah Ridgway
Plaintiff

Dated: July 11, 2025

_____
Benedict Y. Hur (SBN 224018)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
bhur@cooley.com

*Counsel for Defendant Google LLC*

Dated: July __11__, 2025

_____
Cassandra Knight
Vice President, Litigation & Discovery
Google LLC

44

STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

Dated: July _____, 2025

_____
Tesha Gamino
Plaintiff

Dated: July _____, 2025

_____
Jennifer Chen
Plaintiff

Dated: July _____, 2025

_____
Sarah Wellman
Plaintiff

Dated: July _____, 2025

_____Autumn Meigs_____
Autumn Meigs
Plaintiff

Dated: July _____, 2025

_____
Justine Pietryzk
Plaintiff

Dated: July _____, 2025

_____
Leah Ridgway
Plaintiff

Dated: July 11, 2025

_____
Benedict Y. Hur (SBN 224018)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
bhur@cooley.com

*Counsel for Defendant Google LLC*

Dated: July 11_____, 2025

_____Cassandra Knight_____
Cassandra Knight
Vice President, Litigation & Discovery
Google LLC

44
STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

Dated: July _____, 2025

_____
Tesha Gamino
Plaintiff

Dated: July _____, 2025

_____
Jennifer Chen
Plaintiff

Dated: July _____, 2025

_____
Sarah Wellman
Plaintiff

Dated: July _____, 2025

_____
Autumn Meigs
Plaintiff

Dated: July <sup>17/07/2025</sup>, 2025

_____
Justine Pietrzyk (Jul 17, 2025 15:08 EDT)
Justine Pietryzk
Plaintiff

Dated: July _____, 2025

_____
Leah Ridgway
Plaintiff

Dated: July 11, 2025

_____
Benedict Y. Hur (SBN 224018)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
bhur@cooley.com

*Counsel for Defendant Google LLC*

Dated: July _____, 2025

_____
Cassandra Knight
Vice President, Litigation & Discovery
Google LLC

44

Dated: July _____, 2025

_____
Tesha Gamino
Plaintiff

Dated: July _____, 2025

_____
Jennifer Chen
Plaintiff

Dated: July _____, 2025

_____
Sarah Wellman
Plaintiff

Dated: July _____, 2025

_____
Autumn Meigs
Plaintiff

Dated: July _____, 2025

_____
Justine Pietryzk
Plaintiff

Dated: July _____, 2025

*Leah Ridgway*
_____
Leah Ridgway
Plaintiff

Dated: July 11, 2025

*Bd R*
_____
Benedict Y. Hur (SBN 224018)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
bhur@cooley.com

*Counsel for Defendant Google LLC*

Dated: July 11 _____, 2025

*Cassandra Knight*
_____
Cassandra Knight
Vice President, Litigation & Discovery
Google LLC

44
STIPULATION AND AGREEMENT OF SETTLEMENT - CASE NO. 3:21-CV-00757-JD

# Exhibit A

# Submitted to Court
# *in camera* via email
# on July 11, 2025