**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

ERICA FRASCO, et al., individually and on behalf of all others similarly situated,

Plaintiff,

v.

FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE LLC,  and FLURRY, INC.,

Defendants.

Case No. 3:21-CV-00757-JD

**ORDER RE PRELIMINARY APPROVAL RE GOOGLE LLC AND FLO HEALTH, INC.**

The proposed classwide settlements with defendants Goggle LLC and Flo Health, Inc., are preliminarily approved on the ensuing terms.  This order is based on a proposed order lodged by the parties and modified according to the Court's conclusions and practices.  It should be read in its entirety.

1.      The Settlement Agreements preliminarily appear to be fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at the final approval hearing.

2.      As stated in the Order certifying the Class, the Class is: all users of the Flo Health mobile application in the United States who entered menstruation and/or pregnancy information into the Flo Health mobile application between November 1, 2016 and February 28, 2019, inclusive.  Excluded from the Class are: (i) any Judge or Magistrate presiding over this action and any members of their families; (ii) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and their current or former employees, officers, and directors; (iii) persons who properly executed and filed a timely Request for Exclusion from the Class; (iv) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (v) Plaintiffs' counsel and Defendants' counsel; (vi) the legal representatives, successors, and assigns of any excluded persons.

3.      Plaintiffs Chen, Frasco, Gamino, Meigs, and Wellman will continue as Class Representatives.

4.      Attorneys Carol Villegas of Labaton Keller Sucharow LLP, Diana J. Zinser of Spector Roseman & Kodroff, P.C., and Christian Levis of Lowey Dannenberg, P.C. will continue as Class counsel.

5.      A Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure will be held in Courtroom 11 in San Francisco, California, on October 29, 2026, at 11:00 a.m. for the following purposes:

(a)      to determine whether the proposed Settlements, including the previously preliminarily approved settlement with Flurry LLC ("Flurry Settlement"), is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether final judgments, as provided for under the Settlements, should be entered, and to determine whether the releases, as set forth in the Settlements, should be provided to the released defendant parties;

(c)      to determine whether the proposed plan of allocation for the proceeds of the Settlements is fair and reasonable and should be approved by the Court;

(d)      to consider Class Counsel's application, on behalf of Plaintiffs' Counsel, for awards of attorneys' fees and expenses (which may include applications for service awards to Plaintiffs related to their efforts in the Action); and

(e)      to rule upon such other matters as the Court may deem appropriate.

6.      The Court may approve the Settlements with or without modifications as may be consented to by the settling parties and with or without further notice to the Class.  The Court may enter judgments approving the Settlements regardless of whether it will approve the proposed plan of allocation or award attorneys' fees and expenses.  The Court may also adjourn or continue the Final Approval Hearing or modify any of the dates herein without further individual notice to members of the Class.  Any changes to scheduling will be posted on the website for the Action.

7.      All proceedings in this Action with respect to Google, Flo, and Flurry, other than such proceedings as may be necessary to implement the proposed Settlements or to effectuate the terms of the Settlement Agreements, are stayed pending further order of the Court.

8.      All Class Members and their legally authorized representatives, unless they previously submitted a valid request to exclude themselves from the Class, are preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the released plaintiffs' claims; and (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the released plaintiffs' claims.

9.      A.B. Data, Ltd. is appointed as Settlement Administrator of the Settlements to supervise and administer the notice procedure, and process the claims.

10.      The proposed Long Form Notice, Short Form Notice, Email Notice, and banner ads attached as exhibits to the Declaration of Justin Parks of A.B. Data Regarding the Proposed Notice Plan and in Support of Plaintiffs' Renewed Motion for Preliminary Approval of Class Settlements with Defendants Google LLC and Flo Health, Inc.("Parks Declaration") are approved.  The proposed revised Notice Plan set forth in the Parks Declaration is approved subject to modifications that Plaintiffs and A.B. Data may seek from the Court after the review of any data provided to them by Flo, as discussed with the Court at the hearing on the instant motion and further subject to deferral of any Jewel notice including as set forth in the Parks Declaration.  The issue of a Jewel Notice is deferred pending further proceedings.  The Notice Plan, Claim Form, and forms of notice to the Class: (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the circumstances of this case, to apprise Class Members of the status of the Action, the definition of the Class, the claims and defenses, their right to appear, their right to object to the proposed Settlements, and the binding effect of the judgments; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the

Settlements and the Final Approval Hearing; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and Due Process. Non-material modifications, including formatting, to the forms of notice and the Claim Form may be made without further order of the Court.

11. The Settlement Administrator will implement the Notice Plan no later than June 12, 2026.

12. The Settlement Administrator will continue to maintain the case website, www.periodtrackerdataprivacylitigation.com. The case website will provide access to copies of the complaint, the Settlement Agreements, this Order, the long-form Notice, the Claim Form, and the motion for final approval of the Settlements and the Fee and Expense Application. The case website will also identify important deadlines, provide answers to frequently asked questions, and allow online claim submission. The case website may be amended as appropriate during the course of the administration. The website shall be searchable on the internet. The Settlement Administrator will implement other aspects of the Notice Plan as described therein.

13. No later than October 22, 2026, the Settlement Administrator will serve and file a sworn statement attesting to compliance with the notice provisions of this Order.

14. All Taxes and Notice and Settlement Administration Costs incurred in effectuating the Notice Plan and administering the Settlements will be paid from the Settlement Funds, pursuant to the terms of the Settlement Agreements.

15. The Settlement Administrator will maintain a copy of all paper communications with Class Members related to the Settlements for a period of one (1) year after distribution of Claim Payments to Authorized Claimants, and shall maintain a copy of all electronic records related to the Settlements for a period of one (1) year after the distribution of Claim Payments to Authorized Claimants, after which time all such materials shall be destroyed, absent further direction from the settling parties or the Court.

16. All funds held in the Settlement Fund are deemed to be *in custodia legis* of the Court, and will remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreements or further order of the Court. The Court approves

the establishment of the Escrow Accounts defined in the Settlement Agreements as qualified settlement funds, pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

17.    To be eligible to receive a distribution from the Net Settlement Funds, in the event the Settlements are effectuated in accordance with the terms and conditions set forth in the Settlement Agreements, each Claimant will take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form must be submitted to the Settlement Administrator, using the procedures provided for in the Claim Form, no later than October 15, 2026.  This deadline may be extended by the Court or by Class Counsel in their discretion.  Each Claim Form will be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) or, for any Claim Form submitted in any other manner, when it is actually received by the Settlement Administrator.  Any Class Member who does not timely submit a Claim Form within the time provided for will be barred from sharing in the distribution of the Net Settlement Funds, unless otherwise ordered by the Court or allowed by Class Counsel, but will remain bound by all determinations and judgments in this Action concerning the Settlements.

(b)    The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed by the Court or Class Counsel: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included with the Claim Form; and (iii) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

18.    Any Class Member or other person with standing who wishes to object to the fairness, reasonableness, or adequacy of the Settlements, the Fee and Expense Application, or the plan of allocation, or who otherwise wishes to be heard, may appear in person or by their attorney

at the Final Approval Hearing and present evidence or argument that may be proper and relevant. No objection will be considered unless a written objection was submitted to the Court no later than October 8, 2026.  For the objection to be considered by the Court, the written objection must include:

          (a)     The name of the Action;

          (b)     The Class Member's full name, current address, telephone number, email address, and email address at the time the Flo App was used (if different);

          (c)     The Class Member's signature;

          (d)     Proof or an attestation that the Class Member is a member of the Class, which may include the Unique ID code and other information included on the Email Notice provided by the Settlement Administrator that identifies the person as a Class Member;

          (e)     A statement of whether the objection applies to the Flurry Settlement, Google Settlement, and/or Flo Settlement;

          (f)     A statement of whether the objection applies only to the Class Member, to a specific subset of the Class, or to the entire Class;

          (g)     A statement of the legal and factual basis for the objection;

          (h)     Copies of any documents that the Class Member wishes to submit in support of their position;

          (i)     Identification of all counsel representing the Class Member, if any;

          (j)     The signature of the Class Member's duly authorized attorney or other duly authorized representative, if any, along with documentation setting forth such representation; and

          (k)     A list, including case name, court, and docket number, of all other cases in which the objecting Class Member and/or the objecting Class Member's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

19.     In addition to the foregoing requirements, if an objecting Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), they must file a notice of appearance with the Court by the Objection Deadline.  The Class Member's written objection must also identify: (a) the attorney(s) representing the objecting Class Member who will appear at

the Final Approval Hearing by including counsel's name, address, phone number, email address, the state bar(s) to which counsel is admitted, as well as associated state bar numbers; (b) any witnesses they may seek to call to testify (including the Class Member) at the Final Approval Hearing; and (c) all exhibits the objecting Class Member may introduce into evidence at the Final Approval Hearing.

20.    To be timely, a written objection must either be electronically filed on the Action's electronic docket on or before the Objection Deadline; delivered in person at any location of the United States District Court for the Northern District of California on or before the Objection Deadline, or be sent via first class, postage-prepaid United States Mail, to the Clerk of Court at the address below so that it is received no later than the Objection Deadline.

| COURT |
|---|
| Clerk of Court |
| United States District Court for the Northern District of California |
| 450 Golden Gate Avenue |
| San Francisco, CA 94102 |

21.    Any objection submitted by a Class Member pursuant to paragraphs 18-20 of this Order must be signed by the Class Member (and, if applicable, their legally authorized representative), even if the Class Member is represented by counsel.

22.    Any person who fails to comply with the requirements for objecting in writing described in this Order: shall be deemed to have waived any such objection, will not be permitted to object to any terms or approval of the Settlements at the Final Approval Hearing, and will be precluded from seeking any review of the Settlements by appeal or any other means.  Such Class Members will be bound by all terms of the Settlement Agreements and by all proceedings, orders, and judgments in the Action.

23.    Class Counsel will file motions for payment of attorneys' fees and expenses (*i.e.*, the Fee and Expense Application), Plaintiffs' "service awards," and final approval of the Settlements no later than August 20, 2026.  Any reply papers in further support of the motions shall be filed no later than October 22, 2026.

24.    Neither the Settlement Agreements, whether or not they become Final, nor any negotiations, documents, and discussions associated with them, nor the judgments, may be deemed

or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law, or any liability or wrongdoing by Google or Flo or any released person; (b) the truth of any of the claims or allegations alleged in the Action; or (c) the incurrence of any damage, loss, or injury by any person.  All rights of Plaintiffs and Google and Flo are reserved and retained if the Settlements do not become final in accordance with their terms.

25.     The Court may extend any of the deadlines set forth in this Order without individual notice to Class Members, other than which may be posted at the Court or on the case website.

26.     This Order will become null and void and shall be without prejudice to the rights of Plaintiffs, Google, and Flo, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlements are not finally approved by the Court or are terminated in accordance with the terms of the Settlements.  If the Settlements are not finally approved or they do not reach their Effective Dates under the terms of the Settlements, then this Order will be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Google and/or Flo of any fault, wrongdoing, breach, or liability; will not be construed or used as an admission, concession, or declaration by or against any Plaintiff or any other Class Member that their claims lack merit or that the relief requested is inappropriate, improper, unavailable; and will not constitute a waiver by any party of any defense or claims they may have in this Action or in any other lawsuit.

27.     Unless a time period is specified in "business days," which will mean Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the U.S. federal government and weekends, the word "days," as used herein, means calendar days.  In the event that any date or deadline set forth herein falls on a weekend or observed holiday, such date or deadline will be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

DATED:  April 22, 2026

_____
JAMES DONATO
United States District Judge