Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com

*Co-Lead Class Counsel*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR CALDES & CORRIGAN, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
dzinser@scc.com

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco
and Sarah Wellman*

[additional counsel listed below]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FRASCO, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC.,<br><br>Defendants. | Case No.: 3:21-cv-00757-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENTER CLAIMS ADMINISTRATION AND NOTICE PROGRAMS**<br><br>Date: August 6, 2026<br>Time: 10:00AM<br>Location: Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Judge: Hon. James Donato |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 6, 2026, at 10:00 a.m., before the Honorable Judge James Donato in Courtroom 11 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Sarah Wellman, Tesha Gamino, and Jennifer Chen (collectively "Plaintiffs"), by and through their attorneys undersigned, will move the Court to enter an order implementing Plaintiffs' proposed claim program (the "Claim Program")[1] and proposed notice program (the "Notice Programs").[2]    Plaintiffs' motion is based on the accompanying Memorandum of Points and Authorities, the concurrently filed Villegas Declaration and supporting exhibits, the pleadings and papers on file in this Action; and such other evidence and argument as may subsequently be presented to the Court.

## ISSUES PRESENTED

1. Whether the Court should enter Plaintiffs' proposed Claim Program and order that the claims process begin in accordance with the process stated therein.

2. Whether the Court should enter Plaintiffs' proposed Notice Program and order that the notice process begin in accordance with the process set forth herein and in the Parks Declaration.

Dated: July 2, 2026

/s/ Carol C. Villegas
Carol C. Villegas

---

[1] **Exhibit A** to the Declaration of Carol C. Villegas ("Villegas Declaration").

[2] Discussed in the Declaration of Justin Parks of A.B. Data Regarding the Proposed Notice Program ("Parks Declaration," **Exhibit F** to the Villegas Declaration).

**INTRODUCTION**

Plaintiffs seek to approval of a process for handling claims arising from the August 1, 2025 jury verdict entered against Defendant Meta Platforms, Inc. ("Meta").  *See* ECF No. 756 (the "Meta Verdict").  Consistent with the Court's instructions, this motion contains both (i) a notice program designed to reach members of the California Class (the "Notice Program"); and (ii) a claims administration program (the "Claim Program") which sets forth the procedures for California Class Members to submit claims, how those claims will be reviewed for validity, how deficiencies and disputes will be handled, and how accepted claims will be paid.[3]

Now is the appropriate time to initiate both processes.  Nearly eleven months ago, Plaintiffs and Meta litigated their claims through trial.  Following the trial, on August 1, 2025, a jury entered a verdict against Meta finding Meta liable for violating the California Invasion of Privacy Act, California Penal Code ("CIPA") §§ 630, *et seq*.  Meta subsequently filed a series of post-trial motions that the Court rejected in orders dated September 15 and 17, 2025.  ECF Nos. 775, 776.  On September 30, 2025, the Court held a remedies hearing to initiate discussions of the process for administering and paying Class Members' claims.  Since then, Plaintiffs have sought to collaborate with Meta to enrich user records Flo Health, Inc., ("Flo") provided in preparation for a Notice Program and Claim Program to administer claims arising from the Meta Verdict.  Despite multiple requests for collaboration, Meta has not provided Plaintiffs with any information that could be used to assist with direct notice.  Nonetheless, Plaintiffs, through Covalynt, have identified at least 1,246,866 Class Members.  Within this group, Plaintiffs have identified approximately 373,874 individuals with an active, deliverable email address for purposes of providing direct notice.

Plaintiffs' proposed Notice Program meets and surpasses the requirements set forth in Federal Rule of Civil Procedure ("Federal Rule") 23 which calls for the "best practicable" notice under the circumstances.  This proposal largely mirrors the notice plan the Court has already approved for the settlements with Flo, Google LLC, and Flurry LLC (the "Settlements").  Specifically, the proposed

---

[3] On April 16, 2026, the Court instructed the parties to "file expeditiously a proposed order regarding the notice plan and claims procedure to be utilized and relief to be awarded on the jury verdict."  ECF No. 828.

PLAINTIFFS' MOTION TO ENTER CLAIMS ADMINISTRATION AND NOTICE PROGRAMS
CASE NO. 3:21-CV-00757-JD

Notice Program is designed to reach as many California Class Members as reasonably possible, prompting claims submissions that will allow A.B. Data Ltd. ("A.B. Data") to distribute money to them.  As with the Settlements, Plaintiffs' proposal employs a combination of direct notice and a broad indirect notice campaign across print and digital publications, social media, the Flo app and website, streaming audio platforms, and Meta's platforms.  Together, these efforts are expected to generate more than 49 million impressions, including through digital media focused in California.  While Plaintiffs have sought to improve the Notice Program's efficiency with data from Meta as part of the Court-ordered enrichment process (*see* ECF No. 827). Meta has so far refused to participate in any meaningful way.  Plaintiffs can no longer wait for Meta's cooperation.

To avoid further delay, Plaintiffs retained Covalynt to identify California Class Members in Flo's customer records to enhance the Notice Program.  *See* Declaration of Bryan Heller Regarding Identity Resolution, Data Enrichment, and Claim Validation by Covalynt (the "Heller Decl.").[4] Covalynt's identity resolution processes have identified active, deliverable email addresses for 373,874 individuals associated with the approximately 1.2 million California Class members found in Flo's user data.  *Id*. ¶¶ 20-23.  This information will be leveraged to provide direct notice as well as to target indirect notice to those remaining individuals known to have registered for the Flo app within California, but for whom current contact information is unavailable.

Plaintiffs' proposed Claim Program is designed to efficiently process claims and payments to Class Members while providing a meaningful opportunity for the parties to be heard on any disputes. Plaintiffs propose a clear, straightforward Claim Form,[5] that mirrors the claim form the Court previously approved in connection with the Settlements (ECF 834 ¶ 10).  Plaintiffs also propose the appointment of A.B. Data to oversee the collection, review, and processing of each claim.  As is typical in class claims administration processes, A.B. Data will collect and review claim forms, contact claimants where additional information is needed, and, ultimately, validate claims.  A.B. Data will also employ robust anti-fraud measures throughout this process, including working with Covalynt directly.  Consistent with the Court's instructions during the September 30, 2025 remedies

---

[4] The "Heller Declaration," **Exhibit G** to the Villegas Declaration.
[5] **Exhibit B** to the Villegas Declaration.

hearing (ECF No. 792), Meta will have an opportunity to challenge A.B. Data's claim determinations by identifying factual reasons for why a claim should not be accepted. *Id*. at 18-20. A.B. Data will resolve any disputes among the parties and determine the claims to be paid. *Id*. at 19. For these reasons and the reasons stated herein, Plaintiffs ask the Court to approve the proposed Notice Program and Claim Program so the administration process for claims arising from the Meta Verdict can begin.

**ARGUMENT**

It has now been nearly 11 months since a jury entered a verdict against Meta for violating CIPA, and 9 months since the Court denied Meta's post-trial motions in September 2025. *See* ECF Nos. 775, 776. The time has come to move this case to the next step in the process: providing notice to Class Members and processing claims for compensation. *See* April 16, 2026 Hearing Transcript (ECF No. 833) at 20:7-21:20. *See Siqueiros v. Gen. Motors LLC*, No. 3:16-cv-07244-EMC (N.D. Cal. 2023), ECF No. 653 (accepting Plaintiffs' arguments and ordering parties to proceed to post-trial claims and judgment administration process); ORDER Preliminarily Approving Settlement and Providing for Notice. *Lawrence E. Jaffe Pension Plan v. Household Intl' Inc.* (N.D. Ill.), ECF No. 2215 (approving proposed claims administration protocol).

### A. The Court Should Order the Proposed Notice Program

Pursuant to Federal Rule 23(c)(2), a class notice program must provide "the best notice that is practicable under the circumstances." *Evans v. Linden Rsch., Inc.*, 2013 WL 5781284, at \*5 (N.D. Cal. Oct. 25, 2013) (citation omitted). This standard applies irrespective of whether the notice concerns a settlement or judgment class. *See* Fed. R. Civ. P. 23(c)(3).

Plaintiffs' proposed Notice Program satisfies the Federal Rule 23 standard. Indeed, this proposal follows the Court's guidance provided in connection with class certification and the Settlements with some enhancements (commensurate to the size of the California Class and claimants' $5,000 recovery), such as jewel notice on Meta's platforms, and commensurate with the value of the Class's claims. *See supra* Section C, below; *see also* ECF No. 834 (approving "The Notice Program, Claim Form, and forms of notice to the [Settlement] Class").

**Direct Notice.** The Notice Program here incorporates "individual notice to all members who can be identified through reasonable effort." *See Chinitz v. Intero Real Est. Servs.*, 2020 WL

4

7042871, at *1 (N.D. Cal. Dec. 1, 2020).  Plaintiffs will utilize at least two means of direct notice to reach Class Members: (1) email notice to the 373,874 individuals with active, deliverable email addresses, and (2) direct mail to 207,565 individuals with mailing addresses.  *See* Heller Decl. ¶¶ 20-25.  These numbers may increase to the extent additional information becomes available (*e.g.*, if Meta produces additional contact information), but, as it stands, reflect the minimum number of Class Members who will receive direct notice under the Plan.

**Indirect Notice.**  The law is well-settled that, in addition to direct notice, "notice by publication is sufficient to satisfy the requirements of the due process clause and Rule 23." *Schneider v. Chipotle Mexican Grill, Inc.*, 2019 WL 1512265, at *2 (N.D. Cal. Apr. 8, 2019).  Indirect notice is aimed at both notifying class members of their rights where they may not be reached through direct notice and providing class members with additional information regarding the claims administration process, including reminders of key deadlines, how to file a claim, and how the process may affect their rights.  As such, the proposed indirect notice efforts are intended to comply with the Court's instructions to prompt Class Members to file claims.  *See* ECF No. 834 *(*December 4, 2025 Hearing Transcript) at 11:18-12:24.

Here, the indirect notice incorporated in the proposed Notice Program is similar to the indirect notice proposal the Court previously approved in connection with the Settlements.  *See id.* (approving the Settlements' notice plan and finding it satisfies the requirements of Rule 23 and due process); *id.* at 15:11-14 (indicating that the notice plan for the Settlements would be a "template" for notice of the Meta verdict).  Notably, this Notice Program modifies the previously-approved forms of indirect notice to focus its impact in California by directing a higher number of impressions per Class Member there to account for the higher value of these individuals' claims.  The proposed channels that will be targeted include the following: (i) press release(s) and print publications in publications such as *The L.A. Times*, *The New York Times*, People Magazine, Women's Health Magazine, Teen Vogue, Vogue, and additional California lifestyle publications; (ii) digital Networks/Websites and Social Media Ads using data-driven targeting strategies, like look-alike audience optimization, and demographic targeting to reach groups most likely to contain Class Members in California across TikTok, Google Display Network, YouTube, Facebook, Instagram, SnapChat, and Pinterest; (iii) banner ads or jewel

5

notices in Flo and Meta apps and websites; (iv) streaming Radio ads and/or display banners on platforms such as Spotify, iHeartRadio, Pandora, or Apple Podcasts; (v) media tours including interviews with Class Counsel across a range of regional and/or nationally media outlets; (vi) outreach in Digital Networks/Websites and Social Media including through television advertisements, influencer marketing, college/university speaking engagements, or other media/marketing efforts, aimed at driving engagement and claims; (vii) jewel notice on Meta's platforms (i.e., Facebook, Instagram) targeting the 1.2 million California Class Members using the emails, IP addresses, device information and other data Covalynt identified, to alert them that they are entitled to receive $5,000 from Meta.

While the Court rejected Plaintiffs' request to use jewel notice on Meta's platforms in connection with the Flo, Google, and Flurry settlements, the circumstances are different here because (i) the forthcoming judgment is against Meta, who should be required to use every tool possible to notify its *own users* that they are entitled to collected money from it, and (ii) notice can be targeted at individual Class Members based on (a) Flo's user data, which Meta has, or (b) the information Covalynt found in its identity resolution processes. *See* Third Joint Report Regarding Progress of Notice, *In re Facebook Biometric Priv. Litig.*, No. 3:15-cv-03747-JD (N.D. Cal.), ECF No. 492 at 2.

The Claims Administrator estimates that these indirect forms of notice will reach approximately 1,088,815 members of the remaining indirect portion of the Class. *See* Parks Decl. ¶ 32. Together, with the direct notice described above approximately 1,462,689 Class Members with at least one form of notice. *Id*.

**B. Proposed Claim Program**

Claims administration processes are appropriate where the processes provide the parties with adequate opportunity to submit, validate, dispute, and process claims. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d, 1121, 1132 (2017) (it is not clear why requiring an administratively feasible way to identify all class members at the certification stage is necessary to protect [defendant's] due process rights" when defendant can challenge individual claims during the claims process); *Victorino v. FCA US LLC*, 2020 WL 2306609, at *4 (S.D. Cal. May 8, 2020) ("[D]istrict courts are in agreement that the determination of class membership and protecting the defendant's due process rights can be done

6

during the claims administration process."); *Brown v. DirecTV, LLC*, 562 F. Supp. 3d 590, 604 (C.D. Cal. 2021) ("[S]o long as the defendant is given a fair opportunity to challenge the claim to class membership and to contest the amount owed each claimant during the claims administration process, its due process rights have been protected."); *Krueger v. Wyeth, Inc.*, 310 F.R.D. 468, 476 (S.D. Cal. 2015) (finding "inability to absolutely confirm" each individual's class membership is not a bar to class certification and does not create due process issues); *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 239 (N.D. Cal. 2014) (explaining that having class members "respond to a general notice and then assert their class membership by attesting to the fact that they [used] the challenged product" does not create due process issues). The proposed Claim Program sets forth the specific procedures for processing claims for compensation from the Meta Judgment. *See* Ex. A. Pursuant to this process, the proposed Claims Administrator, A.B. Data, will be responsible for reviewing all claims received and determining whether such claims are presumptively valid, pursuant to the Court's instructions at the September 30 hearing. Parks Decl. ¶¶ 40-50; ECF No. 792 at 18-20.

The Claim Program starts with the **Claim Form** (Exhibit B). "[C]laim forms must be informative and accurate." *See Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *11 (C.D. Cal. June 15, 2010). Here, Plaintiffs designed the Claim Form, consistent with those used in the Settlements and other cases in this District, to be easy to use and understood by Class Members while collecting information, such as name, home address, and use of the Flo app that will assist the Claims Administrator in validating claimant identities, cross-check membership in the class, and undertake fraud prevention measures. Parks Decl. ¶¶ 40-50; *see Jackson v. Fastenal Co.*, 2021 WL 5755583, at *11 (E.D. Cal. Dec. 3, 2021) (assessing effectiveness of notice based, in part, on whether claim form was "clear, concise, and easy to understand"). This includes adopting the same bold, and underlined language the Court required for the Settlements' claim forms alerting Class Members that they are swearing to the contents under penalty of perjury. *Compare* Ex. B *to* ECF No. 820-4. Courts have consistently approved clear claim forms, like the proposed Claim Form here. *See Barr v. Drizly, LLC*, No. 1:20-cv-11492 (D. Mass.), ECF No. 79; *Hubbard v. Google LLC*, No. 19-cv-07016 (N.D. Cal.), ECF No. 341; *In re Facebook Biometric Priv. Litig.*, No. 3:15-cv-03747-JD (N.D. Cal.), ECF No. 474.

Once Class Members submit their Claim Forms, the Administrator will begin **Claim Review.** Courts routinely appoint third-party claims administrators to review and process claims. ECF No. 792 at 10:10-24 ("typically, the settlement administrator resolves disputes"). Here, Plaintiffs propose A.B. Data, the claims administrator for the Settlement also process claims in the Meta Verdict Claim Program here. *See* ECF No. 834. Using an administrator that is already familiar with the case and nature of the claims will help to increase efficiency, reduce duplication and ultimately the cost of administrator for the Class.

A.B. Data will review each claim in the order it is received and such review will be completed no later than 30 days after the deadline for filing claims. Parks Decl. ¶¶ 40-50; Ex. A ¶¶ 34-37. If a Claim Form contains all requested information, is properly executed, and is not determined to be fraudulent, A.B. Data will deem the claim "Presumptively Valid." Parks Decl. ¶¶ 40-50; Ex. A ¶¶ 34-37. If A.B. Data is unable to validate a Claim Form, it will initiate a deficiency process and attempt to contact the proposed claimant to confirm their intentions and seek the information needed to validate the claim. Parks Decl. ¶¶ 40-50; Ex. A ¶¶ 34-37. Each Claim will also be processed through Covalynt's proprietary anti-fraud technology to identify and remove fraudulent claims, protecting Meta and the Class from potentially losing money by paying unauthorized claimants. *See* Parks Decl. ¶¶ 40-50; Heller Decl. ¶¶ 32-51.

A.B. Data will issue a **Notice of Presumptive Validity** each month to Plaintiffs and Meta. Parks Decl. ¶¶ 38-40. This report will provide Meta with reasonable notice of the claims A.B. Data classifies as Presumptively Valid, allowing it to challenge those claims if warranted.

**Claim Challenges** must be filed within 30 days of receiving each **Notice of Presumptive Validity** from the Claims Administrator. To prevent frivolous challenges given Meta's incentive to contest every possible claim, challenges must be fact-based and reflect either or: (i) an error in the claims processing, such as where it is apparent the Claims Administrator incorrectly deemed a claim Presumptively Valid despite failing to meet the necessary criteria; (ii) evidence that the Claim was filed by someone who is not a Class Member, such as a person other than the one listed on the Claim Form; or (iii) evidence that the information in the Claim Form is incorrect, such as if Claimant misrepresented information in the claim form.

8

Within 45 days of a Claim Challenge, the Claimant or Class Counsel may submit a written response of up to three pages.  A.B. Data will reach a final determination regarding the claim subject to dispute within 75 days of receiving any dispute from Meta.  Upon receiving any determination from the Claims Administrator pursuant to a Claim Challenge, the parties will have thirty days to appeal to the Court.

Plaintiffs' proposed Claim Program is reasonable and consistent with the Court's prior approaches in this case; it provides adequate notice and a meaningful opportunity for all parties to be heard.  For these reasons, Plaintiffs respectfully request that the Court approve the proposed Claim Program.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court approve, order, and implement their proposed Notice Program and Claim Program.

Dated: July 2, 2026

/s/ Carol C. Villegas
Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com

*Co-Lead Counsel*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Counsel*

Diana J. Zinser (*pro hac vice*)
**SPECTOR CALDES & CORRIGAN, P.C.**

9

2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@scc.com

*Co-Lead Counsel*

James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Telephone: 805-543-0990
Facsimile: 805-543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (CA Bar 175650)
ron@consumersadvocates.com
Alexis M. Wood (CA Bar 270200)
alexis@consumersadvocates.com
Kas L. Gallucci (CA Bar 288709)
kas@consumersadvocates.com
**MARRON PC**
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (929) 220-2759
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

10

*Counsel for Plaintiffs Leah Ridgway
and Autumn Meigs*

PLAINTIFFS' MOTION TO ENTER CLAIMS ADMINISTRATION AND NOTICE PROGRAMS
CASE NO. 3:21-CV-00757-JD

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Carol C. Villegas, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: July 2, 2026

/s/ *Carol C. Villegas*
Carol C. Villegas

PLAINTIFFS' MOTION TO ENTER CLAIMS ADMINISTRATION AND NOTICE PROGRAMS
CASE NO. 3:21-CV-00757-JD