James M. Wagstaffe (SBN 95535)
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LP**
P.O. Box 3835
San Louis Obispo, CA 93403
Tel: (805) 543-0990
Fax: (805) 543-0980
wagstaffe@ammcglaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Carol C. Villegas (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel.: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com

*Co-Lead Counsel for Plaintiffs and the Class*

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com

*Co-Lead Counsel for Plaintiffs and the Class*

Diana J. Zinser (*pro hac vice*)
**SPECTOR CALDES & CORRIGAN, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611
dzinser@scc.law

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

ERICA FRASCO, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FLO HEALTH, INC., META PLATFORMS, INC., GOOGLE, LLC, and FLURRY, INC.,
Defendants.

Case No.: 3:21-cv-00757-JD

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ENTRY OF A FINAL JUDGMENT**

Judge: Hon. James Donato
Date: October 29, 2026
Time: 11:00 AM
Courtrm.: 11 – 19th Floor
San Francisco Courthouse

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on October 29, 2026, at 11:00 a.m., or as soon thereafter as counsel may be heard by the above-captioned Court, in Courtroom 10 on the 19th Floor of the San Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable James Donato presiding, Plaintiffs Jennifer Chen, Tesha Gamino), and Sarah Wellman (collectively, "Plaintiffs"), by and through their undersigned counsel of record, will and hereby do move the Court for an order entering final judgment against Meta Platforms, Inc. ("Meta").

The Motion is based on the Declaration of Christian Levis, filed contemporaneously, the Declaration of Bryan Heller (the "Covalynt Declaration") filed at ECF No. 845-8, all evidence adduced at trial, the jury's verdict, the pleadings and papers on file in this Action, and such other evidence and argument as may subsequently be presented to the Court.

Dated: September 14, 2026

*<u>/s/ Christian Levis</u>*
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Co-Lead Class Counsel*

Diana J. Zinser (*pro hac vice*)
Jeffrey J. Corrigan (*pro hac vice*)
**SPECTOR CALDES & CORRIGAN, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@scc.law
jcorrigan@scc.law

*Co-Lead Class Counsel*

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway

New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
dizzo@labaton.com

*Co-Lead Class Counsel*

## INTRODUCTION

Over a year has passed since a jury found Meta liable for violating CIPA § 632 on behalf of the Class. *See* ECF No. 756. In that time, Plaintiffs received Flo's customer records, reflecting the individuals that registered for the Flo app and answered at least one of the onboarding survey questions from which Meta collected health information during the Class Period. *See* ECF Nos. 762-22, 762-23, 762-24, 763-37, 762-38 (Trial Exhibits 604-C, 604-D, 604-E, 611-W, 611-Y reflecting survey questions); *see also* Trial Tr., ECF Nos. 748, 749 at 397:22-399:2, 391:16-23, 399:3-6, 398:8-10, 428:23-437:18 (the mandatory onboarding survey consisting entirely of questions about "menstruation and/or pregnancy information" was mandatory throughout the Class Period, and the answers were recorded by Meta). Working with Covalynt (f/k/a ClaimScore), Plaintiffs have identified 1,210,085 unique California Flo app users in Flo's customer records. *See* Covalynt Decl. ¶ 13.[1] For 222,115 of these individuals Plaintiffs now have precise contact information, including their full name and current physical address. *See id.* ¶ 18. Each of these people are Class Members, presently identifiable, and entitled to $5,000 from Meta, pursuant to CIPA's mandatory damages provisions. There is no reason to delay entering judgment for the full $1,110,575,000 Meta owes these individuals who are presently entitled to receive payment and to accrue post-judgment interest.

The remaining 987,970 California users in Flo's data, including those for whom less contact information is available, will have an opportunity to come forward to request payment pursuant to the process proposed in Plaintiffs' Motion to Enter Claims Administration and Notice Program. *See* ECF No. 845. This process expressly preserves Meta's right to challenge Class Members' claims consistent with this Court's prior guidance and Ninth Circuit law allowing Class Members to identify themselves through a claims process. *See* ECF No. at 845-2 ¶¶ 41-50 (describing process for challenging claims). At the end of the claims process, individuals who pass validation and corresponding cross-checks can either be

[1] Plaintiffs believe there may be even more Class Members because Meta's July 2026 production excluded information about an unknown number of Class Members who were associated with an IP address used by 10-or-more Meta users. This arbitrarily excludes information about anyone who used the Flo app in a number of common circumstances, such as from an office, dorm, large household, or mobile phone. To date, Meta has not agreed to meet-and-confer to address these deficiencies in response to Plaintiffs' requests. Plaintiff will address them in a separate motion if they remain unresolved.

included in the existing judgment or a separate partial final judgment that resolves their claims. This will allow the Court to ensure all Class Members who file claims are fairly compensated while solidifying the relief to those customers already known from Flo's records that should be compensated now.

## ARGUMENT

### I. The Court Should Enter Final Judgment Now for 222,115 Known Flo Users

Under Fed. R. Civ. P. 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Nat. Res. Def. Council v. Cnty. of Los Angeles*, No. CV0801467AHMPLAX, 2010 WL 11519315, at *1 (C.D. Cal. June 9, 2010) (finding there was no just reason for delay where equities weigh in favor of entry of judgment); *In re: Pacific Fertility Ctr. Litig. Re: A.B., C.D., E.D., G.H., & I.J*, No. 18-CV-01586-JSC, 2021 WL 3602266, at *3 (N.D. Cal. Aug. 13, 2021) ("equities weigh decidedly in favor of immediate entry of judgment because it would delay entry of judgment by at least a year and 'deprive [p]laintiffs of the use of their sizable monetary awards'").

When individuals are sufficiently identified by a defendants' customer records, the Court may enter judgment for those individuals without the need for them to file claims. *See Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*, No. 12 C 5105, 2018 WL 6179094, at *2 (N.D. Ill. Nov. 27, 2018), *aff'd,* 950 F.3d 959 (7th Cir. 2020) (entering judgment reflecting the "statutory damages" owed to each class member, as identified in defendant's own "records" that were "not subject to legitimate dispute"); *Id*. at 969 (finding defendants own records "is sufficient on its face" for plaintiffs to "establish[] everything they needed for the court to enter judgment"); *see also Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2017 WL 3206324, at *8 (M.D.N.C. July 27, 2017) (holding that "plaintiffs may move for judgment" on behalf of class members who are "identified fully and consistently in the existing data"); *Bultemeyer v. CenturyLink Inc.,* No. CV-14-02530-PHX-SPL, 2025 WL 2337097, at *2 (D. Ariz. Aug. 13, 2025) (rejecting argument that "judgment is not final . . . until a claims administration process is held to verify that individuals who received class notice in fact are members of the class" in action where "[d]efendant is the party that identified these 56,075 individuals").

Here, there are 222,115 Class Members within Flo's customer record who are completely identified down to their name and current address, that meet these requests and should be paid now. *See* Covalent Decl., ECF No. 845-8 ¶ 18. Entering judgment for these individuals will bring them closer to receiving what they are owed and start the accrual of post-judgment interest if Meta delays payment, further protecting their rights. *Monolithic Power Systems, Inc. v. 02 Micro Intern. Ltd.,* No. C 08–4567 CW, 2012 WL 1577365, at *3 (N.D. Cal. May 3, 2012) ("Courts have interpreted [28 U.S.C. § 1961(a)] to mean that post-judgment interest is calculated from the date of the judgment establishing the right to the award."); *see also U.S. ex rel. Thrower v. Academy Mortgage Corp.*, 172 F.4th 695, 700 (9th Cir. 2026) ("the purpose of post judgment interest: to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by defendant.") (internal citation omitted).

Though the Court has previously expressed reluctance in entering final judgment before the completion of the claims process (April 16, 2026 Hr'g Tr., ECF No. 833 at 25:25-26:1), this was before the Court's April 16, 2026 Order Regarding Class Information (ECF No. 827), and critically before the identity of these 222,115 Class Members was known. *See Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1084 (C.D. Cal. 2025) (entering final judgment based on "new facts" and "exigent circumstances" that may cause harm to Class Members). While Meta will likely claim, as it did in post-trial motions, that due process entitles it to litigate each Class Member's claims individually prior to entry of judgment, this is without merit. *See* ECF No. 776 at 16 (rejecting Meta's argument that it has the right to test each class member's claim on an individualized basis). The Class trial established Meta's liability on a classwide basis for the CIPA Section 632 claim, and the Court's post-trial rulings found each Class Member is entitled to statutory damages of $5,000 for Meta's violation. *See Orr v. Plumb*, 884 F.3d 923, 928-29 (9th Cir. 2018) (explaining when a special verdict is a "full adjudication of the issues" that "[t]here [is] nothing further for the court to do than enter a . . . judgment memorializing the jury's findings."); *see also* ECF No. 776 at 22. For these 222,115 individuals identified in Flo's records, there is nothing left to prove and no legitimate basis to challenge their entitlement to relief: Meta improperly recorded their data, as proven at trial, and now owes $5,000 per Class Member. The Court should enter judgment for the full $1,110,575,000 Meta owes to solidify these rights.

**II. The Claims Process Will Compensate the Remaining 987,970 California Flo Users**

For the remaining Class Members identified within Flo's data those individuals can identify themselves through the claims process to receive compensation. *See Bultemeyer*, 2025 WL 2337097, at *2 (rejecting suggestion that final judgment should be delayed following "jury's finding of liability on a class-wide basis and assessment of statutory damages per class member—until a claims administration process is held to verify that individuals who received class notice in fact are members of the class"); *see also Lyngaas v. Curaden AG*, 436 F. Supp. 3d 1019, 1029 (E.D. Mich. 2020*), aff'd,* 992 F.3d 412 (6th Cir. 2021) (entering final judgment "before the claim forms and affidavits are sent to potential class members"); *Valencia v. HomeDeliveryLink Inc.*, No. 4:18-CV-05034-SMJ, 2019 WL 7819649, at *3 (E.D. Wash. Sept. 23, 2019) (endorsing "post-judgment claims process" to determine "whether a claimant is a qualified member of the class or subclass"). This process expressly provides for Meta's right to challenge claims, to the extent there are legitimate bases to do so, and includes multiple cross-checks to prevent fraud, including the use of Covalynt's Claim Score technology. *See* Covalynt Decl. ¶¶ 20-22.

Once this claim process finishes, any additional Class Members that submit valid claims which pass validation can either be reflected in a separate partial judgment or added to the existing judgment for the 222,115 known Class Members subject to this motion. *See* Fed. R. Civ. P. 60(b); *U.S. v. Motor Vehicle Mfrs. Ass'n*, No. 69-75-JWC, 1982 WL 1919, at *1 (C.D. Cal. Nov. 19, 1982) (modifying final judgment on joint motion by both parties); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (explaining the Court "retains jurisdiction" to "protect the Court's final judgment" including "discovery and motion practice . . . to secure or preserve the fruits and advantages of a judgment or decree rendered therein") (internal citations and quotations omitted); *Tucker v. King Cnty., Washington*, No. 2:24-CV-00002-RAJ, 2025 WL 3496258, at *2 (W.D. Wash. Dec. 5, 2025) (entering final judgment but retaining "continuing and exclusive jurisdiction" over "administration, interpretation, implementation, and enforcement of the Settlement" as well as "distribution" "allocation" and "any request regarding residual funds"); *U.S. v. JDS Uniphase Corp.*, No. CIV. A. C002227TEH., 2000 WL 33115892, at *4 (N.D. Cal. Oct. 3, 2000) (similar).

This allows the Court to ensure that all Class Members identified in Flo's customer records have an opportunity to be compensated, while also guarding against the risk of fraud by requiring those

California Flo users, including those for whom less information is available to identify themselves, subject to legitimate challenges by Meta and cross-checks, through the claims process.

**CONCLUSION**

The Court should enter the attached judgment for 222,115 Class Members identified in Flo's customer records now and give the remaining Class Members an opportunity to submit claims for compensation pursuant to the proposed claims process.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Christian Levis*

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tele: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Jake Bissell-Linsk (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
Gloria J. Medina (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
jbissell-linsk@labaton.com
dizzo@labaton.com
gmedina@labaton.com

Diana J. Zinser (*pro hac vice*)
Jeffrey J. Corrigan (*pro hac vice*)
**SPECTOR CALDES & CORRIGAN, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@scc.law
jcorrigan@scc.law

*Co-Lead Class Counsel*

James M. Wagstaffe (SBN 95535)

**ADAMSKI MOROSKI MADDEN**
**CUMBERLAND & GREEN LLP**
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: (805) 543-0990
Fax: (805) 543-0980
wagstaffe@wvbrlaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamino*

Kent Morgan Williams (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (772) 783-8436
kent.williams@sirillp.com

William Darryl Harris, II (*pro hac vice*)
**HARRIS LEGAL ADVISORS LLC**
3136 Kingsdale Center, Suite 246
Columbus, OH 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*