UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
OCT 08 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**Case Name:** *Frasco, et al. v. Flo Health, Inc., et al.*

**Case No.:** 3:21-cv-00757-JD

# NOTICE OF OBJECTION TO CLASS ACTION SETTLEMENTS

I, **Melanie May Apostol**, am a Settlement Class Member in the above-captioned action. I respectfully submit this written objection to **all three proposed Settlements: the Flurry Settlement, the Google Settlement, and the Flo Settlement**. I also object to the application for attorneys' fees and litigation expenses and, to the extent applicable, any requested service awards.

## 1. OBJECTOR INFORMATION

**Full Name:** Melanie May Apostol

**Current Address:** 128 Townsend Avenue, Staten Island, New York 10304

**Telephone:** (917) 854-8817

**Current Email Address:** Mapostol28@gmail.com

**Email Address Used With the Flo App:** None

## 2. CLASS MEMBERSHIP ATTESTATION AND SCOPE

I attest that I am a member of the Settlement Class. I used the Flo App in the United States during the Class Period, from November 1, 2016 through February 28, 2019, and entered menstruation and/or pregnancy information into the Flo App during that period.

My objection applies to **the entire Settlement Class**, rather than only to me or to a specific subset of the Class.

My objection expressly applies to **all three Settlements—the Flurry Settlement, the Google Settlement, and the Flo Settlement**. My objection also applies to the requested attorneys' fees and litigation expenses and any service awards to the extent those requests are paid from or affect the Settlement Fund or the recovery available to Class Members.

## 3. LEGAL AND FACTUAL GROUNDS FOR OBJECTION

I object to the Settlements on the following legal and factual grounds:

### A. Inadequate Compensation for Severe Privacy Violations

The proposed aggregate **$59.5 million in settlements** is inadequate in light of the highly personal, intimate, and sensitive nature of the reproductive-health, menstruation, fertility, and pregnancy information involved. The litigation concerns alleged disclosure and receipt of information that Class Members reasonably regarded as private and sensitive.

The individual compensation ultimately available to Class Members should be evaluated against the seriousness and scope of the alleged privacy violations and the number of affected users. I believe the proposed recovery does not provide sufficiently meaningful compensation for the privacy interests at stake.

The Court should therefore carefully evaluate whether the three Settlements, considered individually and collectively, provide a fair, reasonable, and adequate recovery to the Settlement Class.

**B. Failure to Provide a Meaningful Deterrent**

I object because the Settlements should provide meaningful accountability and deterrence against future mishandling, disclosure, or receipt of sensitive consumer and reproductive-health information.

The alleged conduct involved information of an unusually private nature. A settlement should create meaningful consequences and encourage companies that collect, process, or receive sensitive health information to maintain rigorous privacy and data-protection practices.

After attorneys' fees, litigation expenses, administrative expenses, and other approved deductions, the amount ultimately available for direct distribution may be substantially less than the $59.5 million aggregate settlement amount. I am concerned that the resulting financial consequence may not provide an adequate deterrent against similar conduct in the future.

The Court should consider whether the monetary and non-monetary relief associated with all three Settlements is sufficient to promote meaningful future privacy protections.

**C. Disproportionate Allocation to Attorneys' Fees and Expenses**

I object to any allocation of the Settlement Fund in which attorneys' fees, litigation expenses, administrative expenses, or other costs materially reduce the relief available to Settlement Class Members.

The approved Notice states that Class Counsel may seek an attorneys' fee award not exceeding 32.5% of the Settlement Fund, with different percentages applicable to the individual settlements, and up to $3.6 million in litigation expenses. The Court should carefully scrutinize those requests in relation to the actual benefit obtained for the Class.

If the Court determines that requested fees, expenses, or other deductions are excessive or unreasonable, I respectfully request that the Court reduce or deny those amounts to the extent permitted and thereby preserve as much of the Settlement Fund as possible for Class Members.

**D. The Court Should Carefully Evaluate the Settlements as a Whole**

The three Settlements collectively resolve claims concerning alleged privacy violations involving the Flo App and highly sensitive user information. Because the settlements collectively affect the rights and recovery of the Class, I respectfully request that the Court evaluate the adequacy of each settlement and the combined effect of all three settlements on Class Members.

I recognize that the approved Notice provides that the Court may approve or reject the Settlements and that an objector may not ask the Court to order different settlements. Accordingly, I respectfully request that the Court **reject approval if it determines that the Settlements are not fair, reasonable, and adequate,** and carefully scrutinize the attorneys' fees, litigation expenses, service awards, allocation methodology, and other terms before deciding whether to approve them.

**4. SUPPORTING DOCUMENTS AND WITNESSES**

I am not submitting additional supporting documents or identifying witnesses with this objection at this time. My objection is based on the settlement terms, the allocation of the settlement funds, the requested attorneys' fees and expenses, and the legal and factual concerns stated in this objection.

**5. ATTORNEYS OR REPRESENTATIVES**

I am appearing **pro se**. I am not represented by an attorney or other authorized representative in connection with this objection.

**6. PRIOR CLASS ACTION SETTLEMENT OBJECTIONS**

Neither I nor an attorney representing me has filed an objection to any proposed class action settlement during the preceding three (3) years.

**7. FINAL APPROVAL HEARING**

I **do not intend to appear at the Final Approval Hearing**, either personally or through counsel, and I do not intend to speak at the hearing. I understand that I am not required to appear for my written objection to be considered.

**8. REQUEST TO THE COURT**

For the reasons stated above, I respectfully request that the Court carefully evaluate whether the Flurry Settlement, Google Settlement, and Flo Settlement are fair, reasonable, and adequate; carefully review the requested attorneys' fees, litigation expenses, administrative expenses, and any service awards; and, if the Court determines that the proposed Settlements do not satisfy the applicable standard for approval, reject approval of the Settlements or take such action as the Court determines is appropriate under the governing settlement procedures.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

**Dated: October 6, 2026**

Melanie May Apostol

Melanie May Apostol 10/06/2026

**Melanie May Apostol**

128 Townsend Avenue

Staten Island, New York 10304

(917) 854-8817

Mapostol28@gmail.com

*HANDWRITTEN SIGNATURE REQUIRED — Sign in ink after printing.*

# Order Details

Flo Cycle & Period Tracker $0.00
FLO HEALTH UK LIMITED
iOS App
iPhone
Nov 20, 2018 1:25 PM

Total $0.00

Order Date
Nov 20, 2018

Order ID
R7BJD9JX3VB

Melanie May Apostol 10/06/2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Case Name:** *Frasco, et al. v. Flo Health, Inc., et al.*

**Case No.:** 3:21-cv-00757-JD

## CERTIFICATE OF SERVICE

I, **Melanie May Apostol**, hereby certify that on **October 6, 2026**, I placed a true and correct copy of my **Notice of Objection to Class Action Settlements**, together with any supporting papers submitted with it, in an envelope properly addressed to the Clerk of the Court and deposited it in the United States Mail with first-class postage prepaid.

**Recipient:**

Clerk of the Court
United States District Court for the Northern District of California
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

The mailing was made from **Staten Island, New York** on October 6, 2026.

I understand that the court-approved Notice requires the written objection to be submitted to the Court and filed no later than October 8, 2026. This Certificate of Service records the actual date and place from which I mailed the objection.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Dated: October 6, 2026**
**Place of Mailing: Staten Island, New York**

Melanie May Apostol 10/06/2026

**Melanie May Apostol**

*HANDWRITTEN SIGNATURE AND DATE REQUIRED — Sign and date in ink after printing.*